IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY UNSELD WASHINGTON, | CIVIL DIVISION |
| Plaintiff, | 3:19-CV-00196 |
| vs. | |
| KANSKY DELISMA, et al | |
| Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO Fed. R. Civ. PROC. 12(b)(6)

AND NOW, comes Defendant, Richard Irwin, by and through his counsel, David M. Chmiel, Esquire and Matis Baum O'Connor, P.C., and brings the following Brief in Support of Motion to Dismiss, and in support thereof, states as follows:

### I. PROCEDURAL HISTORY

Plaintiff commenced the within lawsuit on November 12, 2019. Plaintiff's Complaint was filed on November 14, 2019 at Document 5. Following a Motion to Dismiss and a Brief in Support filed on behalf of Co-Defendants, K. Delisma, Officer Fetterman, Richard Hutchinson, Ellis Kaufmann, Roxanne Playso, and D. Testa (Docs. 33, 34), Plaintiff filed an Amended Complaint on May 29, 2020 (Doc. 43). Accordingly, this Honorable Court directed that the previously filed Motions to Dismiss were moot and that all the Defendants should file a responsive pleading to the Amended Complaint (Doc. 44). However, upon review of the Amended Complaint, it appears that the pleading, as filed, is incomplete, consisting of only thirteen (13) handwritten pages, whereas the original Complaint consisted of forty-three (43)

1

handwritten pages. Regardless, the allegations in the original Complaint provide a framework for understanding the essence of the allegations against Dr. Irwin.

Plaintiff contends in the original Complaint that Dr. Irwin recommended laser surgery on his right eye, but Dr. Hyde did not make necessary arrangements. (Doc. 5, ¶72). Further, Plaintiff contends that Dr. Irwin was deliberately indifferent to serious medical needs, allegedly stating, "you can go blind in both eyes for what I care." (Doc. 5, ¶ 151, 152). Plaintiff contends that Dr. Irwin violated the Equal Protection Claus of the Constitution on or about September 27, 2017, October 18, 2017, and February 19, 2019, by intentionally discriminating against him because of his race and penalizing him for communicating with authorities. (Doc. 5 ¶ 174, 196, 197). Plaintiff also contends that Dr. Irwin violated Plaintiff's right to free speech by threatening him with violence and denying medical care and equal protection; Plaintiff also contends that Dr. Irwin retaliated against him for continuously communicating with authorities, including complaining about Dr. Irwin and filing grievances against him. (Doc. 5 ¶ 213, 262). Finally, Plaintiff contends that Dr. Irwin showed deliberate indifference to Plaintiff's medical needs while wearing dark glasses, as his right eye was discharging pus and blood. (Doc. 5 ¶ 276). Plaintiff contends that Dr. Irwin appeared angry and declared that he had an awful lot to tell authorities. (Doc. 5 ¶ 276). Plaintiff contends that Dr. Irwin was penalizing him for filing grievances and suing him. (Doc. 5, ¶276).

Plaintiff's Amended Complaint specifically includes a Count IV of Deliberate Indifference to Serious Medical Needs. (Doc. 43, ¶ 98 et seq). Also, as the Amended Complaint appears in complete, counsel assumes Plaintiff's Amended Complaint intended to include allegations for violation of the Equal Protection Clause and a violation of Plaintiff's constitutional rights to free speech as set forth in the original Complaint.

Plaintiff specifically acknowledges the pendency of another lawsuit against Dr. Irwin. Indeed, there is already pending a lawsuit filed against Dr. Irwin and others in the United

States District Court for the Western District of Pennsylvania at Docket No. 3:17-cv-00070. This case is pending before Magistrate Judge Lisa Pupo Lenihan and the Honorable Kim R. Gibson. See Exhibit A. (Hereinafter "the prior lawsuit'). Plaintiff's Amended Complaint in the prior lawsuit consisted of fifty (50) handwritten pages and more than four hundred (400) paragraphs. Dr. Irwin is identified as an "optometrist at SCI-Somerset…" (**Exhibit A, ¶ 6**). Plaintiff contends that Dr. Irwin is "legally responsible for medical eye care-n-eye treatment." (**Exhibit A, ¶ 6**). The Amended Complaint contains numerous allegations against Dr. Irwin and others specific to the denial of medical care. (**Exhibit A, ¶ 31, 32**). Plaintiff contends in the prior lawsuit, that Dr. Irwin "responded to Plaintiff['s] pleas for immediate medical care by throwing Plaintiff out, giving Plaintiff the finger, racist rants, mocking, physical threats, etc." (**Exhibit A, ¶ 33**). Plaintiff also contends that Dr. Irwin "violated" Plaintiff['s] rights to Equal Protection under the Fourteenth Amendment…" (**Exhibit A, ¶ 44**). More specifically, the allegations of the Amended Complaint in the prior lawsuit include recommendations by Dr. Irwin for laser eye surgery, but that Co-Defendants did not make necessary arrangements. (**Exhibit A, ¶ 80**). The allegations in the prior lawsuit include deliberate indifference to serious medical needs, violation of Plaintiff's rights under the Equal Protection Clause, and deprivation of Plaintiff's freedom of speech. (**Exhibit A, ¶ 235, 236, 324, 325**).

After Dr. Irwin filed a Motion to Dismiss the prior lawsuit, this Honorable Court issued a Report and Recommendation which was subsequently adopted by Judge Gibson which permits Plaintiff to proceed against Dr. Irwin under the first two counts, but dismisses the count for violation of Plaintiff's First Amendment rights. (**Exhibit B, Exhibit C**).

The allegations of the within lawsuit are virtually identical to those in the prior lawsuit, and at most, extend the timeline through 2019. Dr. Irwin is already defending these allegations in the prior lawsuit and to force him to do so in a second case is a waste of time and resources.

## II. ISSUES

Whether the within lawsuit against Dr. Irwin should be dismissed due to the pendency of the prior lawsuit.

Proposed Answer: Yes.

### III. ARGUMENT

It is well established that duplicative litigation is to be avoided in the Federal Court system:

> The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Distr. v. United States*, 424 U.S. 800, 817 (1976). A district court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See Green v. Quarterman*, No. Civ. A. H.-08-553., 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008) (citing Remington Rand Corp.-Delaware v. Bus. Sys. Inc., 830 F. 2d 1274, 1275-75 (3rd Cir. 1987)) (and Supreme Court cases cited therein); *Chrysler Credit Corp. v. Marino*, 63 F. 3d 574, 578 (7th Cir. 1995) (quoting *Serling v. Arthur Andersen & Co.,* 3 F. 3d 221, 223 (7th Cir. 1993)) ("A federal suit may be dismissed for 'reasons of wise judicial administration…whenever it is duplicative of a parallel action already pending in another federal court.'").

*Abdel-Bachir v. U.S. Attorney General*, 2017 WL 8219530 (U.S.D.C., S.D. Ohio, Western Division 10/24/17), adopted at 2018 WL 1256366 (U.S.D.C., S.D. Ohio, Western Division 03-12-2018). In the Order adopting the Report and Recommendation, no certificate of appealability was issued as "'jurists of reason' will not find it debatable whether the Court is correct in its procedural ruling." *Abdel-Bachir*, 2018 WL 1256366.

Similarly, there is no question that to permit Plaintiff to continue to pursue this second action against Dr. Irwin is a waste of judicial resources. Accordingly, Dr. Irwin respectfully requests this Honorable Court utilize its "inherent power" to dismiss this lawsuit against him. *Abdel-Bachir*, 2017 WL 8219530.

### IV. CONCLUSION

For the foregoing reason, it is abundantly clear that Dr. Irwin should not be forced to defend the same allegations in two separate lawsuits. Accordingly, the within Motion to Dismiss must be granted, and the within lawsuit dismissed as to Dr. Irwin without prejudice for Plaintiff's pursuit of the already pending prior lawsuit.

MATIS BAUM O'CONNOR

By: /s/ David M. Chmiel
    David M. Chmiel, Esquire
    PA I.D. 076464
    Attorney for Richard Irwin, Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

        MATIS BAUM O'CONNOR

        By: /s/ David M. Chmiel
            David M. Chmiel, Esquire
            PA I.D. 076464
            Attorney for Richard Irwin, Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am this day serving a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO Fed. R. Civ. PROC. 12(B)(6)** upon the persons listed below by United States, First-class mail, postage prepaid, this ___ day of June, 2020.

>Henry Unseld Washington
>Inmate No. AM-3086
>S.C.I. Somerset
>P.O. Box 33028
>St. Petersburg, FL 33733
>
>**By Electronic Filing:**
>Timothy Mazzocca, Esquire
>Office of Attorney General
>1251 Waterfront Place
>Mezzanine Level
>Pittsburgh, PA  15222
>tmazzocca@attorneygeneral.gov
>
>
>Alexander Ferrante, Esquire
>Gold & Ferrante, PC
>716 North Bethlehem Pike, Suite 208
>Lower Gwynedd, PA  19002
>arf@goldferrantelaw.com

>MATIS BAUM O'CONNOR
>
>
>By: _/s/ David M. Chmiel_
>    David M. Chmiel, Esquire
>    PA I.D. 076464
>    Attorney for Richard Irwin, Defendant
>
>912 Fort Duquesne Blvd
>Pittsburgh, PA 15222
>(412) 338-4750