COUNT TWO: EQUAL PROTECTION

200. PLAINTIFF ALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1-THROUGH 149

201. PLAINTIFF IS A MEMBER OF A PROTECTED CLASS; A PERSON WHO BENEFIT FROM PROTECTION BY STATUE SUCH AS TITLE VII, OF THE CIVIL RIGHTS ACT OF 1964, WHICH PROHIBITS DISCRIMINATION BASED IN RACE, NATION ORIGIN OR RELIGION.

202. PLAINTIFF ALLEGES TO BE A MEMBER OF A RACE PROTECTED CLASS BASED PLAINTIFF RACE, PLAINTIFF AGE, AND RELIGIOUS BELIEFS. PLAINTIFF A 76 YEAR OLD DARK SKIN BLACK MALE, FOUNDER-N-LEADER OF THE "CHILDREN OF THE SUN CHURCH"; PLAINTIFF THE ACKNOWLEDGE FOUNDER-N-LEADER OF THE CHILDREN OF THE SUN CHURCH, BASKETBALL OFFICIAL SINCE 1965; SOFTBALL UMPIRE SINCE 1956; FOOTBALL AND VOLLEYBALL OFFICIALS UNQUESTIONABLY QUALIFIED; PLAINTIFF ALLEGES TO SUFFERED FROM SOME FORMS OF ADVERSE EMPLOYMENT ACTION, ACCESS TO RELIGIOUS PRACTICE, MEDICAL CARE, AND RETALIATION

203. PER RETALIATION DEFENDANT CONDUCT OCCURRED WHERE OTHER INMATES IN SIMILAR SITUATED WERE PROVIDED SERVICES-N-OPPORTUNITIES, WHOM ARE NOT A PROTECTED CLASS; YOUNGER AND LESS QUALIFIED. PLAINTIFF WAS SINGLED OUT, RETALIATORY ACTIONS WERE INTENTIONAL, IRRATIONAL, AND DONE REGULARLY.

204. ON OR NEAR 11.27.18; 12.13.18; 2.8.19; 4.2.19; 5.30.19; 6.17.19; 8.1.19; 9.5.19; 10.3.19; 11.1.19; 1.28.20; 2.3.20; 2.17.20; 3.16.20; 3.25.20; 5.4.20; SICK CALL, DEFENDANT, K. DELISMA, MEDICAL DIRECTOR, DISCRIMINATED AGAINST PLAINTIFF INTENTIONALLY AND FOR NO RATIONAL REASON; NON MEDICAL REASON; i.e. RETALIATION TO PENALIZE PLAINTIFF FOR COMMUNICATIONS WITH AUTHORITIES. DEFENDANT, DELISMA ACTION VIOLATED PLAINTIFF RIGHTS-N-CONSTITUTE EQUAL PROTECTION PER 14th AMENDMENT SEE:21;35;37-41;71;73

205. SAME EVENTS: DEFENDANT, DELISMA WHILE CONDUCTING THE SAME SICK CALL PROVIDED MEDICAL CARE FOR ALL OTHER INMATES, ESPECIALLY WHITE INMATES, WILLFULLY, BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION PENALTY FOR COMMUNICATIONS WITH AUTHORITIES. DEFENDANT, DELISMA DENIAL OF MEDICAL CARE VIOLATED PLAINTIFF RIGHT OF EQUAL PROTECTION GUARANTEED PER 14th AMENDMENT

206. ON OR NEAR 10.16.17 THROUGH FEBRUARY 2019; DEFENDANT, W.L BOWERS, A-BLOCK UNIT MANAGER, HOUSING, FOR NO RATIONAL REASON, TARGETED, INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF, AND RETALIATED AGAINST PLAINTIFF BASED ON RACE.

207. SAME EVENTS: HOUSING. DEFENDANT, BOWERS ASSIGNED ALL OTHER INMATES, ESPECIALLY WHITE INMATES TO THE CELL OF THEIR CHOICE UPON REQUEST, EVEN WITH FOREKNOWLEDGE OF THE RISK TO PLAINTIFF HEALTH, BASED ON NON PENOLOGICAL INTEREST, i.e. RACE, RETALIATION; PENALTY FOR COMMUNICATIONS WITH AUTHORITIES. DE

208. SAME EVENT: DEFENDANT, BOWERS ACTIONS VIOLATED PLAINTIFF RIGHTS-N-CONSTITUTE EQUAL PROTECTION VIOLATION PER FOURTEENTH AMENDMENT SEE: 302-304;380-383;392;397,398 398;406-408;418;421;422;396

209. ON OR NEAR 12.16.17-THROUGH 12.10.19; RELIGIOUS PRACTICE, DEFENDANT, W.L BOWERS FOR NO RATIONAL REASONS, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF BASED ON RACE-N-RELIGION SEE: 105-113;389;397;398;421;396;3

210. SAME EVENTS: DEFENDANT, BOWERS ON A DAILY BASIS WILLFULLY RECOGNIZED PRIOR COURT APPROVED COURT ORDERS/AND OR SCI-SOMERSET APPROVED EXCEPT-

AC: 3:19-CV-00196

(26)

ION FOR EXTRA PROPERTY INSIDE INMATE CELL, ESPECIALLY WHITE INMATES THEIR RELIGIOUS PROPERTY, BASED ON NON PENOLOGICAL REASONS, i.e. RELIGIOUS BELIEFS, RACE, PENALTY FOR COMMUNICATIONS WITH AUTHORITY, DEFENDANT BOWERS DENIAL OF RELIGIOUS LITERATURE BY USE OF THE MOST RESTRICTIVE MEANS. DEFENDANT BOWERS ACTIONS CONSTITUTE EQUAL PROTECTION VIOLATION PER 14th AMENDMENT, 18 USC 13

211. ON OR NEAR 8.3.17 ONGOING TO DATE, RELIGIOUS PRACTICE, DEFENDANT P. MAUST, CHAPLAIN SUPERVISOR, FOR NO RATIONAL REASONS RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 252, 261-264, 268, 287-290, 390, 392, 396-398, 320, 380-383, 390, 406, 407, 408;

212. SAME EVENT. DEFENDANT MAUST ON A DAILY BASIS SUCCESSFULLY PROVIDED LITERATURE TO ALL OTHER INMATES, ESPECIALLY INMATES OF NON AFRICAN RELIGIOUS BELIEFS, WHICH FAVORED WHITES IN PARTICULAR, BASED ON RACE AND OTHER NON PENOLOGICAL REASONS, i.e. RELIGIOUS BELIEFS, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES. DEFENDANT MAUST DENIED PLAINTIFF RELIGIOUS LITERATURE BY THE USE OF THE MOST RESTRICTIVE MEANS. DEFENDANT MAUST ACTIONS CONSTITUTES EQUAL PROTECTION VIOLATIONS PER 14th AMD.

213. ON OR NEAR 7.16.15 ONGOING UNTIL REASSIGNMENT, DENIAL OF DC-ADM 804, INMATE GRIEVANCE SYSTEM, DEFENDANT, SROKA, GRIEVANCE COORDINATOR FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF

214. SAME EVENTS: SROKA PROCESSED THE TIMELY SUBMITTED GRIEVANCES OF ALL OTHER INMATES SUCCESSFULLY, BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, DEFENDANT SROKA DID NOT PROCESSED NUMEROUS OF PLAINTIFF TIMELY SUBMITTED GRIEVANCE. N.B. ALL REQUESTED MONETARY RELIEF. DEFENDANT SROKA ACTIONS CONSTITUTE EQUAL PROTECTION VIOLATION PER 14th AMENDMENT

215. ON OR NEAR 4.8.17, ONGOING UNTIL REASSIGNED, DEFENDANT, R. SNYDER, SECURITY CAPTAIN/MAJOR, FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 284-286; 420, 396, 418; 380-383; 390, 392, 406, 407, 422

216. SAME EVENTS: DEFENDANT, SNYDER SUCCESSFULLY THROUGHOUT THIS COURSE OF TENURE ON A DAILY BASIS PROVIDED SAFETY FOR ALL OTHER INMATES, ESPECIALLY WHITE INMATES, BASED ON NON PENOLOGICAL, i.e. RACE, RELIGIOUS BELIEFS, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, DEFENDANT SNYDER AIDED-N-ABETTED TWO-YOUNG "WHITE INMATES" TO SUCCESSFULLY STEAL PLAINTIFF RELIGIOUS BOOKS. DEFENDANT SNYDER ACTIONS CONSTITUTE EQUAL PROTECTION VIOLATION PER 14th AMENDMENT. SEE 21/7, 73;

217. DURING THE 2019 FOOTBALL SEASON, DEFENDANT, R. PESCHOCK ACTIVITIES SPECIALIST, EMPLOYMENT, FOR NO RATIONAL REASONS INTENTIONALLY TARGETED, RETALIATED, DISCRIMINATED AGAINST PLAINTIFF SEE: 307, 308, 380-385, 400-404, 406, 407, 418, 422

218. SAME EVENTS: DURING MORE THAN CONFIDENTIAL INTERVIEW DEFENDANT, PESCHOCK, ANGRY BECAUSE PLAINTIFF SUED HER, PLAINTIFF A DARK SKIN BLACK MALE ALWAYS HAVING SO MUCH TO SAY TO AUTHORITIES, AND PLAINTIFF AGE, DEFENDANT, PESCHOCK ASSIGNED PLAINTIFF TO THE MOST UNDESIRABLE JOB ROLE, BY PASS PLAINTIFF TO

AC: 3:19-CV-00196                    (27)

ASSIGN LESS SKILLED OFFICIAL, OR YOUNGER OFFICIAL FOR EXTRA WORK HOURS; EVEN CONCOCTED A JOB REPORT WHICH PORTRAYED PLAINTIFF AS A DIMWITTED ANTIQUE, OR A "RETART". DEFENDANT, PESCHOCK ACTION BASED ON RACE, NON PENOLOGICAL REASONS, i.e. AGE, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, RETALIATIONS VIOLATED PLAINTIFF RIGHT OF EQUAL PROTECTION GUARANTEED BY 14th AMENDMENT. SEE: 307, 308; 380-383; 400-404; 406; 407; 418; 422

219. ON OR NEAR 4.11.18 ON GOING TO DATE, EMPLOYMENT- DEFENDANT, R. PESCHOCK, ACTIVITIES SPECIALIST FOR NO RATIONAL REASONS INTENTIONALLY TARGETED, RETALIATED, DISCRIMINATED AGAINST PLAINTIFF. SEE: 392; 400-404; 21; 36; 37-41; 71; 78; 401; 406; 407.

220. SAME EVENT: DURING MORE THAN ONE CONFIDENTIAL INTERVIEW, DEFENDANT, PESCHOCK DECLARED "SHE CANNOT STAND THE GAME OF BASKETBALL"; "SHE DOESN'T WATCH THE GAMES PLAYED UNDER HER OWN SUPERVISION"; "SHE'S NOT CONCERN ABOUT HOW EFFICIENT THE BASKETBALL OFFICIAL PERFORMS THEIR DUTIES ON THE FLOOR"; SHE ASSIGNED PLAINTIFF TO THE LEAST MEANINGFUL ROLE DUE TO PLAINTIFF AGE, AND TO PENALIZE PLAINTIFF FOR SUING HER. SEE: 21; 26; 36; 40-60; 62; 64; 217-219; 221-223;

221. SAME EVENTS: DEFENDANT, PESCHOCK CONSISTENTLY BY PASSED PLAINTIFF BASED ON NON PENOLOGICAL REASONS, i.e. AGE, CLICKS FOUNDED ON GANGS, RELIGIOUS-N-GEOGRAPHICAL AFFILIATION, DEFENDANT, PESCHOCK ASSIGNED PLAINTIFF TO MENIAL ROLES, i.e. SWEEPING THE FLOOR, CHASING LOOSE BASKETBALLS, FOLDING JERSEYS; WHILE ASSIGNING INMATES WITH LESS THAN HALF THE EXPERIENCE THAT PLAINTIFF HAS, LESS FOOT SPEED, OFTEN LAZY; TO CENTRAL ROLES, i.e. OFFICIATING THE GAME. SEE: 27; 40; 59; 217-220;

222. SAME EVENTS: DEFENDANT, PESCHOCK READILY ADMITTED, THAT DURING THE LIMITED OFFICIATING PLAINTIFF WAS ASSIGNED NOT ONCE WAS THE GAME STOPPED OR DELAYED DUE TO PLAINTIFF BEING EXHAUSTED, OR UNABLE TO KEEP UP. DEFENDANT, PESCHOCK CONSISTENTLY ASSIGNED INMATES WHO STOOD IN ONE SPOT INSTEAD OF MOVING WITH THE FLOW OF THE GAME, WHO CONSISTENTLY-N-CONSTANTLY ENGAGED IN VERBAL SPARRING WITH THE PLAYERS DURING THE GAME, INSTRUCTING PLAYERS-N-COACHES ON HOW TO SUCCESSFULLY WIN THE GAME; OPENLY CRITICIZED FELLOW OFFICIALS DURING THE COURSE OF THE GAME. SEE: 217-221; 223

223. SAME EVENTS: PLAINTIFF REPEATEDLY REQUESTED TO BE ASSIGNED TO OFFICIATE THE GAME DURING EACH CONFIDENTIAL INTERVIEW; DEFENDANT, PESCHOCK REFUSED TO DO SO BASED ON NON PENOLOGICAL REASONS, WHICH CONTINUE TO DATE. FOSTER, AND AIDED -N-ABETTED THE STILL AFFECTS OF A CLICK, WITTINGLY OR UNWITTINGLY. DEFENDANT, PESCHOCK ACTIONS CONSTITUTE VIOLATIONS OF PLAINTIFF EQUAL PROTECTION PER 14th AMENDMENT. SEE: 307; 308; 380-383; 392; 400-404; 406; 407; 418; 422

224. ON OR NEAR 1.15.18, SICK CALL, DEFENDANT, J. GIRONE, MEDICAL DIRECTOR, FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF. SEE: 292; 309; 380-383; 389; 391; 395; 406; 407; 409; 422; 423

225. SAME EVENT: DEFENDANT, GIRONE WHILE CONDUCTING THE SAME SICK CALL SUCCESSFULLY FOR ALL OTHER INMATES, ESPECIALLY WHITE INMATES; BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATION WITH AUTHORITIES, DEFENDANT, GIRONE DENIED PLAINTIFF CARE. DEFENDANT, GIRONE ACTIONS CONSTITUTED VIOLATIONS OF PLAINTIFF EQUAL PROTECTION RIGHTS PER 14th AMENDMENT.

AC: 3:19-CV-00196     (28)

226. ON OR NEAR 6.11.18; 6.18.17; 20.18; 12.7.18; 2.7.19; 1.2.20; 1.28.20; 1.29.20; DEFENDANT E. KAUFFMAN, SICK CALL, PAC FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 120; 121; 124; 125; 141; 142; 168-170; 175-177; 391-393; 395; 409-418

227. SAME EVENTS: DEFENDANT, KAUFFMAN WHILE CONDUCTING THE SAME SICK CALL SUCCESSFULLY PROVIDED MEDICAL CARE FOR ALL OTHER INMATES, ESPECIALLY WHITE INMATES, BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES DEFENDANT, KAUFFMAN DENIED PLAINTIFF MEDICAL CARE, DEFENDANT, KAUFFMAN ACTIONS VIOLATED PLAINTIFF EQUAL PROTECTION RIGHTS PER 14th AMENDMENT SEE: 292; 293; 310; 380-383; 389; 406; 407; 422; 423

228. ON OR NEAR 2.19.19; EYE EXAMINATION, DEFENDANT, R. IRWIN, OPTOMETRIST TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF FOR NO RATIONAL REASONS, i.e. RACE, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES SEE: 21; 35; 37-41; 71; 73

229. SAME EVENT: DEFENDANT, IRWIN WHILE CONDUCTING THE SAME SESSION OF EYE EXAMINATION SUCCESSFULLY PROVIDED ALL OTHER INMATES, ESPECIALLY WHITE INMATES EYE CARE, TARGETED PLAINTIFF TO DENY MEDICAL CARE/EYE CARE BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, DEFENDANT, IRWIN ACTIONS CONSTITUTED A VIOLATION OF PLAINTIFF EQUAL PROTECTION RIGHTS PER 14th AMENDMENT SEE 144; 148; 391-393; 409-418; 68; 72; 294; 311; 380-383

230. ON OR NEAR 12.24.18; 3.22.19; 12.20.18; 1.28.20 SICK CALL, DEFENDANT R. PLAYSO, PAC SUCCESSFULLY FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 131; 132; 134; 135; 147; 178; 391-393; 409-418; 406; 407; 422; 423

231. SAME EVENT: DEFENDANT, PLAYSO WHILE CONDUCTING THE SAME SICK CALL SUCCESSFULLY PROVIDED MEDICAL CARE TO ALL OTHER INMATES, ESPECIALLY WHITE INMATES, DENIED PLAINTIFF MEDICAL CARE BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, DEFENDANT, PLAYSO ACTIONS CONSTITUTE A VIOLATION OF PLAINTIFF EQUAL PROTECTION PER 14th AMENDMENT SEE: 31; 35; 37-41; 71; 73

232. ON OR NEAR 7.2.18, SICK CALL, DEFENDANT, L. DONNELLY, NP FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 21; 35; 37-41

233. SAME EVENT: DEFENDANT, DONNELLY SUCCESSFULLY PROVIDE MEDICAL CARE FOR ALL OTHER INMATES, ESPECIALLY WHITE INMATES, DENIED PLAINTIFF BASED ON NON MEDICAL REASONS, i.e. RETALIATION, RACE, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES DEFENDANT, DONNELLY ACTIONS CONSTITUTE A VIOLATION OF PLAINTIFF RIGHT OF EQUAL PROTECTION PER 14th AMENDMENT SEE: 114; 116; 296; 313; 380-383; 395; 406; 407; 409-417; 422; 423;

234. ON OR NEAR 12.20.18; 12.24.18; SICK CALL, DEFENDANT, J. FETTERMAN, CNA FOR NO RATIONAL REASONS RETALIATED, TARGETED, INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 131-136; 297; 314; 380-383; 395; 406; 407; 409-417; 422; 423

235. SAME EVENTS: DEFENDANT, FETTERMAN WHILE CONDUCTING THE SAME SICK CALL SUCCESSFULLY PROVIDED CARE TO ALL OTHER INMATES, ESPECIALLY WHITE INMATES, BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, DENIED PLAINTIFF CARE, DEFENDANT, FETTERMAN ACTIONS CONSTITUTE VIOLATION OF PLAINTIFF EQUAL PROTECTION PER 14th AMENDMENT SEE: 21; 35; 37-41; 71; 73;

AC: 3:19-CV-00196 (29)

236. ON OR NEAR 1.18.19; SICK CALL; DEFENDANT, R. HUTCHINSON, PAC FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF

237. SAME EVENT: DEFENDANT, HUTCHINSON, WHILE SUCCESSFULLY CONDUCTING THE SAME SICK CALL TO ALL OTHER INMATES, ESPECIALLY WHITE INMATES; DENIED PLAINTIFF BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES. DEFENDANT, HUTCHINSON ACTIONS CONSTITUTE A VIOLATIONS OF PLAINTIFF EQUAL PROTECTION PER 14th AMENDMENT SEE: 137, 138, 298, 315, 380-383, 391-393, 406, 407, 409-418

238. ON OR NEAR 3.22.19; 4.12.19; 6.17.19; SICK CALL, DEFENDANT, D. TESTA, PAC FOR NO RATIONAL REASONS TARGETED RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 146, 147, 151, 154, 299, 316, 380-383, 391-393, 395, 406, 407, 409-418, 422, 423, 21, 23-30, 33, 35, 36, 52, 63-73, 75-89

239. SAME EVENT: DEFENDANT, TESTA SUCCESSFULLY CONDUCTING THE SAME SICK CALL PROVIDED CARE TO ALL OTHER INMATES, ESPECIALLY WHITE INMATES, DENIED PLAINTIFF CARE BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES. DEFENDANT, TESTA ACTIONS CONSTITUTE VIOLATIONS OF PLAINTIFF EQUAL PROTECTION RIGHTS PER 14th AMENDMENT SEE: 21, 35, 37-41

240. ON OR NEAR 11.7.18; 12.19.18; JANUARY 2019; CONFIDENTIAL INTERVIEWS: DEFENDANT, E. TICE, WARDEN FOR NO RATIONAL REASONS RETALIATED/INTENTIONALLY DISCRIMINATED-N-TARGETED PLAINTIFF SEE: 116-119, 129, 130, 264, 280, 281, 268, 300, 317, 380-383, 392-393, 384, 397, 398, 418, 422, 423

241. SAME EVENT: DEFENDANT TICE WHO SUCCESSFULLY INTERVENE-N-CORRECTED MISTREATMENT OF ALL OTHER INMATES, ESPECIALLY WHITE INMATES, BASED ON NON PENALOGICAL REASONS ENCOURAGED MEDICAL PROFESSIONALS-N-DOC STAFF TO MISTREAT PLAINTIFF, AND DEFENDANT TICE ALSO TOOK PART IN THE MISTREATMENT. DEFENDANT, TICE ACTIONS CONSTITUTE VIOLATIONS OF PLAINTIFF EQUAL PROTECTION PER 14th AMEND.

242. ON OR NEAR 12.24.18; 1.17.19; 5.6.19-5.8.19; 12.5.19; 9.27.19; 1.24.20; 2.10.20; 3.25.20; ACCESS TO CARE, DEFENDANT B.B. HYDE, HEALTH CARE ADMINISTRATOR FOR NO RATIONAL REASONS TARGETED, RETALIATED/INTENTIONALLY DISCRIMINATED AGAINST PLAINTIFF SEE: 134, 135, 139, 140, 151-165, 167, 178, 182-183, 186, 195, 301, 318, 380-383, 391, 393, 394, 395, 406, 407, 422, 423

243. SAME EVENT: DEFENDANT, HYDE WHILE SUCCESSFULLY PROVIDING ALL OTHER INMATES ESPECIALLY WHITE INMATES ACCESS TO SICK CALL, AND THOSE RECOMMENDED TO SPECIALIST ESPECIALLY WHITE INMATES, BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES DEFENDANT HYDE DENIED PLAINTIFF CARE. DEFENDANT, HYDE ACTIONS CONSTITUTE VIOLATIONS OF PLAINTIFF EQUAL PROTECTION PER 14th AMENDMENT. SEE: 21, 23-30, 33, 35, 36, 52, 63-71, 73, 75-89

244. ON OR NEAR 12.30.19; 12.24.19; 12.3.19; 1.24.20; 2.7.20; MOCKERY-N-DENIAL OF ACCESS, DEFENDANT, G. PUSKAR, NURSE SUPERVISOR FOR NO RATIONAL REASON RETALIATED/INTENTIONALLY DISCRIMINATED-N-TARGETED PLAINTIFF SEE: 21, 36, 66, 84, 85, 89, 166, 179-181, 185,

245. SAME EVENT: DEFENDANT, PUSKAR SUCCESSFULLY SECURED ACCESS TO CARE FOR ALL OTHER INMATES, ESPECIALLY WHITE INMATES, DENIED PLAINTIFF ACCESS BASED ON NON MEDICAL REASONS, i.e. RACE, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES. DEFENDANT, PUSKAR ACTIONS CONSTITUTE VIOLATIONS OF PLAINTIFF EQUAL PROTECTION PER 14th AMENDMENT SEE: 389, 391

AC: 3:19-CV-00196

(30)

COUNT THREE: FREE SPEECH

246. PLAINTIFF ALLEGES AND INCORPORATES PARAGRAPHS 1-245

247. DEFENDANT BY THREATENING PLAINTIFF WITH VIOLENCE, OR DENIAL OF MEDICAL CARE-N-EQUAL PROTECTION, AND/OR DENIAL OF RELIGIOUS PRACTICE, AND OR RLUIPA RIGHTS, RIGHT TO PETITION THE COURT TO REDRESS GRIEVANCE, USE THE DC-ADM 804 GRIEVANCE SYSTEM FOR INMATES  SEE: 268; 30; 35; 41; 118;

248. IN A PRIOR SETTLEMENT AGREEMENT, WASHINGTON V. KLEM, THE DOC AGREED TO PROVIDE PLAINTIFF WITH ALL RELIGIOUS LITERATURE NEEDED TO CONDUCT THE DAILY RITUALS OF PLAINTIFF RELIGIOUS BELIEFS  SEE: 268; 323; 326; 330; 270-272; 258; 274

249. DEFENDANT DENIED PLAINTIFF RELIGIOUS PRACTICE-N-RLUIPA RIGHTS, STILL ONGOING TO DATE!  SEE: 268

250. PLAINTIFF IS FOUNDER AND LEADER OF THE "CHILDREN OF THE SUN CHURCH", THEIR BELIEFS DICTATES A DAILY READING OF FOUR DIFFERENT SPIRITUALLY INSPIRED AFRO-KENTRIK BOOKS OR LITERATURE ON A DAILY BASIS. TO DATE! DEFENDANT CONTINUE TO DENY PLAINTIFF RELIGIOUS LITERATURE, AND OR DENIED PLAINTIFF RELIGIOUS BOOKS FROM 1.15.17 - THROUGH FEBRUARY 10, 2020 WHICH PREVENTED PLAINTIFF FROM CONDUCTING DAILY RITUALS FOR APPROX 37 STRAIGHT MONTHS OR APPROX 1100 STRAIGHT DAYS.

251. DEFENDANT DENIED PLAINTIFF ACCESS TO RELIGIOUS BOOKS FOR 1100 STRAIGHT DAYS AND CONTINUE DENY PLAINTIFF LOOSE LEAF PRINTED LITERATURE TO DATE! BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RETALIATION, RELIGIOUS BELIEFS, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES  SEE: 268

252. DEFENDANT, P. MAUST, ON-GOING TO DATE! CHAPLAIN SUPERVISOR, BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RETALIATION, RELIGIOUS BELIEFS, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES DENY PLAINTIFF RELIGIOUS LOOSE LEAF LITERATURE  SEE: 262-264; 287-290

253. DEFENDANT, W.L. BOWERS, ABLOCK UNIT MANAGER, CONTINUED UNTIL 12.10.19 BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RETALIATION, RELIGIOUS BELIEFS, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES  SEE: 268; 105-113; 283; 390; 396

254. DEFENDANT, E. TICE, WARDEN CONTINUED UNTIL 2.10.20 DENIED PLAINTIFF RELIGIOUS BOOKS; AND ON GOING TO DATE! DENYING LOOSE LEAF RELIGIOUS LITERATURE (i.e. NEWSLETTERS, ESSAYS, COMMENTARY, PAMPHLET, FLYER, etc) BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RETALIATION, RELIGIOUS BELIEFS, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES  SEE: 268; 118; 130; 390

255. DESPITE RLUIPA MANDATE TO ENFORCE THE LEAST RESTRICTIVE MEANS CONCERNING PROVIDING PLAINTIFF RELIGIOUS NEEDS, DEFENDANT REPEATEDLY DENIED PLAINTIFF ACCESS TO PLAINTIFF OWN RELIGIOUS LITERATURE, ALREADY APPROVED BY SCI-SOMERSET N.B. PLAINTIFF IS STILL BEING DENIED LOOSE LEAF LITERATURE, i.e. ESSAYS, NEWSLETTER, COMMENTARY, PAMPHLET, FLYERS, etc., WHICH MAKES IT IMPOSSIBLE FOR PLAINTIFF TO PRACTICE PLAINTIFF RELIGIOUS BELIEFS.

256. PLAINTIFF RIGHT TO PRACTICE PLAINTIFF RELIGIOUS BELIEFS IS GUARANTEED BY 1st AMENDMENT

AC: 3:19-CV-00196          (31)

257. DEFENDANT OPENLY PROFESSED SEVERAL TIMES THAT PLAINTIFF HAVING SUED DEFENDANT PERSONALLY, AND SCI-GREENE AND SCI-SOMERSET DOC STAFF OR MEDICAL PROFESSIONALS OR THEIR FAMILY MEMBER, AND GRIEVANCES FILED AGAINST DEFENDANT PERSONALLY, AND PLAINTIFF CONTINUOUS COMMUNICATION WITH AUTHORITIES IS WHY DEFENDANT CONTINUES TO DENY PLAINTIFF TO PRACTICE PLAINTIFF RELIGIOUS BELIEFS

258. PLAINTIFF, THE FOUNDER-N-LEADER OF THE "CHILDREN OF THE SUN" CHURCH WHO'S BELIEFS MANDATES THAT PLAINTIFF READ FROM FOUR DIFFERENT BOOKS PER DAY BY FOUR DIFFERENT AUTHORS THAN THOSE READ WITHIN THE PAST FOUR DAY CONCERNING SUBJECT DIFFERENT FROM THOSE READ ABOUT IN THE PAST FOUR DAYS, DEFENDANT, BRAGGED-N-BOASTED ABOUT DEPRIVING PLAINTIFF ACCESS TO PLAINTIFF AFROKENTRIK LITERATURE CAUSING IT TO BE IMPOSSIBLE TO PRACTICE THE "DAILY" RITUAL OF PLAINTIFF RELIGIOUS BELIEFS SEE: 323, 326, 330, 270, 289

259. DEFENDANT DECLARED, "THERE'S NOTHING ABOUT AFRIKAN TO WORSHIP", "AFRIKAN HAS NO GOD", "CHILDREN OF THE SUN WHO THE HELL ARE THEY", "THE CHILDREN OF THE SUN CHURCH" FOUNDER-N-ALL FOLLOWERS ARE UNDESERVING TO BE GRANTED ACCESS TO THEIR RELIGIOUS LITERATURE", "CHILDREN OF THE SUN CHURCH IS NOT A RELIGION", WHILE PROVIDING ACCESS TO RELIGIOUS LITERATURE TO ALL OTHER INMATES, ESPECIALLY WHITE INMATES AND OR NON CHILDREN OF THE SUN CHURCH BELIEVERS, DEFENDANT TO DATE! CONTINUE TO DENY PLAINTIFF ACCESS TO LOOSE LEAF RELIGIOUS LITERATURE BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RETALIATIONS, RELIGIOUS BELIEFS, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, WHILE PROVIDING OTHERS, ESPECIALLY FOR WHITES

260. ANGERED BY PLAINTIFF HAVING SUED THEM PERSONALLY, REQUEST TO STAFF, AND GRIEVANCES, DEFENDANT DENIED PLAINTIFF POSSESSION OF HIS RELIGIOUS LITERATURE WHICH MADE IT IMPOSSIBLE FOR PLAINTIFF TO PRACTICE HIS RELIGIOUS BELIEFS TO DATE! WHEREBY DEFENDANT NON COMPLIANCE TO RLUIPA (AND FREEDOM OF RELIGION) MANDATE OF THE LEAST RESTRICTIVE MEANS SEE 288, 268

261. ON OR NEAR 8.2.17, DEFENDANT, P. MAUST, CHAPLAIN SUPERVISOR, ACCESS TO RELIGIOUS LITERATURE; DEFENDANT MAUST DENIED PLAINTIFF RELIGIOUS LITERATURE NEEDED TO PRACTICE PLAINTIFF RELIGIOUS BELIEFS; SPOKE TO PLAINTIFF IN GESTURE OF CONTEMPT-N-AS IF HAVING WANT TO PHYSICALLY STRIKE PLAINTIFF USING WORDS LADENED WITH RACIST OVERTONES CAUSING PLAINTIFF TO FEAR FOR HIS LIFE SEE: 252, 287-290, 390, 392, 396-398, 268, 462-464

262. SAME EVENT; CONTINUING TO DATE! DEFENDANT, MAUST DENIAL OF PLAINTIFF RELIGIOUS LITERATURE FOR THE PAST APPROX 2555 DAYS STRAIGHT, TO DATE! DEFENDANT, MAUST CONTINUOUSLY CAUSE PLAINTIFF THE INABILITY TO PRACTICE HIS "DAILY" RELIGIOUS BELIEFS. DEFENDANT, MAUST ACTION VIOLATED PLAINTIFF FREEDOM OF RELIGION, AND RLUIPA RIGHTS TO LEAST RESTRICTIVE MEANS BASED ON NON PENOLOGICAL REASON, PER 42 USC 2000cc1-5, 18 USC 1342, 1st AMENDMENT SEE: 30, 35, 41

263. SAME EVENT: DEFENDANT, MAUST NON COMPLIANCE TO RLUIPA MANDATE OF LEAST RESTRICTIVE MEANS, BASED ON NON PENOLOGICAL REASONS, i.e. RACE, RELIGIOUS BELIEFS, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, DENIED PLAINTIFF 2500 STRAIGHT DAYS, ON GOING TO DATE! OF "DAILY" RELIGIOUS PRACTICE. DEFEND-

AC: 3:19-CV-00196        (32)

ANT, MAUST ACTIONS CONSTITUTES FREE SPEECH-N-RLUIPA VIOLATIONS PER 42 USC 2000-cc1-5; 18 USC 13:247; 1st AMENDMENT

264. SAME EVENT: ANSWERED BY PLAINTIFF HAVING SUBMITTED REQUEST TO STAFF AND FILED GRIEVANCE AGAINST DEFENDANT, MAUST PERSONALLY. DEFENDANT, MAUST CONTINUED TO DENY PLAINTIFF LITERATURE, WHICH MAKES IT IMPOSSIBLE FOR PLAINTIFF TO PRACTICE HIS RELIGIOUS BELIEFS TO DATE! WHEREBY DEFENDANT, MAUST IS NON COMPLIANT TO RLUIPA MANDATE OF THE LEAST RESTRICTIVE MEANS. DEFENDANT, MAUST ACTIONS CONSTITUTE RELIGIOUS FREE SPEECH-N-RLUIPA VIOLATIONS PER 42 USC 2000cc1-5; 18 USC 13§§ 247; 1st AMENDMENT. SEE: 268

265. ON OR NEAR 12.3.08; WHILE HOUSED IN THE RHU OF SCI-HUNTINGDON, HAVING FOUR BOXES OF RELIGIOUS-N-LEGAL PROPERTY IN PLAINTIFF CELL, AND SEVEN BOXES OF RELIGIOUS-N-LEGAL PROPERTY IN STORAGE IN SCI-HUNTINGDON RHU STORAGE ROOM, PLAINTIFF-N-DOC ENJOINED IN THE WASHINGTON V. KLEM SETTLEMENT AGREEMENT WHEREIN PLAINTIFF AND DOC DRAFTED THESE WORDS INTO THE SETTLEMENT N.B. "MR. WASHINGTON MAY RETAIN ONE FOOT LOCKER AND THREE OF HIS SEVEN RECORD CENTER BOXES IN HIS CELL WHILE HOUSED IN THE GENERAL POPULATION." SEE: 268

266. SAME EVENT: TO ENSURE THAT PLAINTIFF WOULD HAVE NINE BOXES OF PROPERTY WHEN PLAINTIFF WAS RELEASED FROM THE RHU. TO CONSOLIDATE WHAT PLAINTIFF-N-DOC HAD ALREADY AGREED TO, i.e. MR. WASHINGTON WILL BE PERMITTED TO POSSESS THE NINE STORAGE BOXES OR EQUIVALENT; IN LIGHT OF SCI-HUNTINGDON WANTING TO WITHHOLD FIVE BOXES OF PLAINTIFF PROPERTY BECAUSE PLAINTIFF ALREADY HAD FOUR BOXES INSIDE OF PLAINTIFF CELL; LEAVING TWO IN THE PROPERTY ROOM. SEE: 268

267. ALL OF THE DICTATES OF WASHINGTON V. KLEM SETTLEMENT AGREEMENT, WAS FULLY ENFORCED BY STAFF, INCLUDING SCI-SOMERSET RHU STAFF FOR 99-STRAIGHT MONTHS AT THAT TIME; THEN, BASED ON NON PENOLOGICAL INTEREST, i.e. RACE, RELIGIOUS BELIEFS, RETALIATION; PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, PLAINTIFF WOULD NOT SIGN OFF ON GRIEVANCE, DEFENDANT DISREGARDED-N-REINTERPRETED THE SETTLEMENT AGREEMENT FOR THE SAKE OF DENYING PLAINTIFF HIS RELIGIOUS-N-LEGAL PROPERTY "ALREADY APPROVED" BY THE SOMERSET ADMINISTRATION.

268. N.B. ON OR NEAR 12.31.19, REVERSAL OF GRIEVANCE DECISION ON REMANDED INITIAL REVIEW RESPONSE GRN#817817, BY DEFENDANT E. TICE, WARDEN, WHICH VERIFIED THAT DEFENDANT INDEED IN NON COMPLIANCE TO COURT ORDER, WASHINGTON V. KLEM, SETTLEMENT AGREEMENT, AND SCI-SOMERSET 'OWN' APPROVAL RESULTED/WAS TANTAMOUNT TO A DENIAL PLAINTIFF RELIGIOUS PRACTICE, AND RLUIPA RIGHTS WHICH CONSTITUTE A VIOLATION OF PLAINTIFF RIGHT TO A FREEDOM OF RELIGION, RLUIPA GUARANTEED BY 1st AMENDMENT, & 42 USC 2000cc1-5; 18 USC 13 §§ 247, ALSO NOT THE LEAST RESTRICTIVE MEANS.

269. DEFENDANT USED UNTIL 2.10.20; 1100 STRAIGHT DAYS CONCERNING RELIGIOUS BOOKS, AND CONTINUE TO DATE! MORE THAN 2,555 STRAIGHT DAYS DENY PLAINTIFF LOOSE LEAF LITERATURE; BY DEFENDANT ENFORCEMENT OF THE MOST RESTRICTIVE MEANS; AND TO DENY PLAINTIFF RELIGIOUS PRACTICE BASED ON NON PENOLOGICAL IN-

AC: 3:19-CV-00196        (33)

TEREST, i.e. RACE, RELIGIOUS BELIEFS, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, CAUSING PLAINTIFF TO CONTINUOUSLY LOSE REWARDS IN THE AFTERLIFE, DUE TO INABILITY TO WORSHIP-N-PRAISE; PRACTICE HIS RELIGIOUS BELIEFS. SEE: 323; 326; 330; 275; 274

270. WITHOUT THE RELIGIOUS LITERATURE PLAINTIFF CANNOT PRACTICE HIS RELIGIOUS BELIEFS, i.e. READING FROM FOUR DIFFERENT BOOKS BY FOUR DIFFERENT AUTHORS THAN PLAINTIFF READ WITHIN THE PAST FOUR DAYS CONCERNING SUBJECT MATTERS, EVENTS, KINGDOMS, EMPIRES, PERSONALITIES, etc. THAN THOSE READ ABOUT IN THE PAST FOUR DAYS PLAINTIFF NEEDS TO PRAY OVER THE RELIGIOUS LITERATURE BEFORE AND AFTER READING; AND WHEN ALLOWED PLAINTIFF SPRINKLE THE RELIGIOUS LITERATURE WITH WATER THAT WAS EXPOSED TO THE RAYS OF THE RISING SUN; AND ALLOW, WHEN POSSIBLE, ALLOW THE RELIGIOUS LITERATURE TO BE USED IN THE RITUAL OF THE DAY TO SIT IN THE RAYS OF THE RISING SUN. SEE: 258; 260-264; 271; 272

271. PLAINTIFF RELIGIOUS LITERATURE-N-THE RITUAL ARE ONE-N-THE SAME

272. DEFENDANT DENIAL OF THE LEAST RESTRICTIVE MEANS IS A VIOLATION OF RLUIPA, 42 USC 2000 cc, 1-5; 18 USC 13 §§ 247; FIRST AMENDMENT, WHICH TO DATE! HAS CONTINUED TO PLACE A BURDEN ON PLAINTIFF RELIGIOUS BELIEFS, EVEN IF THE BURDEN RESULTS FROM A RULE OF GENERAL APPLICABILITY

273. 42 USC 2000, cc-3; MANDATES THE ACT SHALL BE CONSTRUED IN FAVOR OF A BROAD PROTECTION OF RELIGIOUS EXERCISE, TO THE MAXIMUM EXTENT PERMITTED BY THE TERMS OF THIS ACT AND CONSTITUTION

274. PLAINTIFF FOUNDER AND LEADER OF THE CHILDREN OF THE SUN CHURCH, WHERE BOOKS ARE NEEDED TO FULFILL PLAINTIFF MISSIONARY WORK

275. DEFENDANT ACTIONS INFLICTED IRREPARABLE HARM TO PLAINTIFF TO DATE! CONTINUES TO SUFFER ON GOING CONCERNING THE LOSS OF REWARDS IN THE AFTERLIFE

276. DEFENDANT; SAME EVENT, SERIES OF EVENTS, CONCERNING THE SAME LAWS, RETALIATIONS AGAINST PLAINTIFF UNLAWFULLY, IN VIOLATIONS OF PLAINTIFF RIGHTS UNDER 1st AMENDMENT, THE ALLEGED ACTS ARE ALLEGE TO HAVE CAUSED PLAINTIFF INJURY TO PLAINTIFF 1st AMENDMENTS AND RLUIPA RIGHTS

277. BY DEFENDANT WITNESSING-N-BEING ACUTELY AWARE OF THE MISCONDUCT OF OTHER DEFENDANT, AND ENCOURAGED THE CONTINUATION OF THAT MISCONDUCT DEFENDANT IS ALSO VIOLATING PLAINTIFF RIGHTS UNDER 1st AMENDMENT, THE ALLEGED ACTS ARE ALLEGED TO HAVE CAUSED PLAINTIFF INJURY TO PLAINTIFF FREE SPEECH-N-RLUIPA GUARANTEE BY 42 USC 2000cc, 1-5; 18 USC 13 §§24; 1st AMENDMENT

278. DEFENDANT, H. SROKA, GRIEVANCE COORDINATOR, REGULARLY-N-CONSISTENTLY REFUSED TO RESPOND TO PLAINTIFF TIMELY SUBMITTED GRIEVANCES THAT REQUESTED RELIEF OF MONETARY DAMAGES-N-REQUEST TO STAFF; HINDERED, STYMIED, PREVENTED-N-DENIED PLAINTIFF THE DUE PROCESS OF EXERCISING HIS RIGHTS TO SEEK REDRESS FROM DEFENDANT THROUGH USE OF THE INMATE GRIEVANCE SYSTEM, DC-ADM 804 POLICY DEFENDANT, SROKA ACTIONS UNLAWFULLY IN VIOLATION OF PLAINTIFF FIRST AMENDMENT RIGHT OF FREE SPEECH, THESE ILLEGAL ACTIONS CAUSED PLAINTIFF INJURY TO PLAINTIFF FREE SPEECH RIGHTS GUARANTEED BY THE 1st AMENDMENT; AND CONSTITUTE RETALIATION

279. ON OR NEAR 10.14.15; 2.10.16; 8.22.16; DURING CONFIDENTIAL INTERVIEWS DEFENDANT, H. SROKA, DECLARED WHEN PLAINTIFF REQUESTED WHY DEFENDANT SROKA WAS NOT RESPONDING TO HIS MANY TIMELY SUBMITTED GRIEVANCES, DEFENDANT SROKA SPOKE AS IF SCOLDING PLAINTIFF "ABSOLUTELY NO FAULTS OR SHORTCOMING WERE DISCOVERED IN ANY OF PLAINTIFF ORIGINAL GRIEVANCES PLAINTIFF FILED; OTHERWISE SHE WOULD HAVE REJECTED EACH-N-EVERY ONE OF THEM." PLAINTIFF ASKED WHY DIDN'T SHE RESPOND TO ANY OF THE MANY GRIEVANCES WHERE PLAINTIFF REQUESTED MONETARY RELIEF, DEFENDANT SROKA DECLARED "THERE WAS NO NEED FOR PLAINTIFF TO MAKE SUCH A REQUEST" "BY PLAINTIFF DOING SO ONLY CREATES ANIMOSITY BETWEEN STAFF AND INMATES" AND "IN THE FUTURE SHE WOULD NOT RESPOND TO EVERY GRIEVANCE REQUESTING MONETARY RELIEF." NONE OF PLAINTIFF REQUEST TO HER CONCERNING HER NOT RESPONDING TO PLAINTIFF GRIEVANCES, DEFENDANT SROKA ACTIONS CONSTITUTE FREE SPEECH VIOLATIONS GUARANTEED BY THE 1st AMENDMENTS.

280. ON OR NEAR 11.7.18; 12.19.18; 7.19.19; CONFIDENTIAL INTERVIEWS, DEFENDANT, E. TICE, WARDEN, WHEN PLAINTIFF MADE HIM AWARE THAT PLAINTIFF WAS BEING DENIED THE LEAST RESTRICTIVE MEANS, DEFENDANT TICE OPENLY PROFESSED <u>WASHINGTON V. KLEM</u> SETTLEMENT ONLY SAYS THAT ON PAPER; JUDGES RUNS HIS COURT, BUT DEFENDANT TICE RUNS THIS PRISON, BECAUSE NO JUDGE CAN EVER GIVE A BLACK MAN RIGHTS A WHITE MAN WILL RESPECT, AND HE WAS NOT ABOUT TO COMPLY TO <u>WASHINGTON V. KLEM</u> SETTLEMENT, WHICH MANDATES THE ENFORCEMENT OF THE LEAST RESTRICTIVE MEANS, SEE 268

281. SAME EVENTS: DEFENDANT, TICE, WARDEN, DECLARED HE WAS AWARE OF THE DICTATES OF <u>WASHINGTON V. KLEM</u> SETTLEMENT, PP. 5, 7-8, WHICH PROVIDES PLAINTIFF IS ALLOWED EXCESS PERSONAL PROPERTY, ACCORDING TO DEFENDANT TICE, HE WAS PENALIZING PLAINTIFF FOR ALWAYS FILING GRIEVANCES, BEING DISRESPECTFUL IN REFUSING TO SIGN OFF A GRIEVANCE, PLAINTIFF RELIGIOUS BELIEFS, RACE, AND ONGOING COMMUNICATIONS WITH AUTHORITIES, I.E. BASED ON NON PENOLOGICAL INTEREST, DEFENDANT, TICE ACTIONS CONSTITUTE FREE SPEECH -N- RLUIPA VIOLATIONS GUARANTEED BY 1st AMENDMENT, 42 USC 2000cc,1-5; 18 USC 1332247 SEE: 268

282. ON OR NEAR 1.9.18 ON GOING UNTIL 12.10.19, APPROX. 700 STRAIGHT DAYS, DEFENDANT, W.L. BOWERS, UNIT MANAGER OF A BLOCK, DENIAL OF THE LEAST RESTRICTIVE MEANS HAS MADE PLAINTIFF DAILY PRACTICE OF PLAINTIFF RELIGIOUS BELIEFS IMPOSSIBLE, PLAINTIFF RELIGION AND RELIGIOUS LITERATURE ARE ONE AND THE SAME, THEREFORE DEFENDANT, BOWERS DENIED PLAINTIFF POSSESSION OF HIS RELIGIOUS LITERATURE, DEFENDANT BOWERS ALSO DENIED PLAINTIFF THE "DAILY" PRACTICE OF HIS RELIGIOUS BELIEFS. SEE 268

283. SAME EVENT: DEFENDANT, BOWERS, DENIAL OF THE LEAST RESTRICTIVE MEANS DID NOT MERELY DENY PLAINTIFF ONE OR TWO DAYS OF PLAINTIFF RELIGIOUS PRACTICE OF HIS RELIGIOUS BELIEFS, DEFENDANT, BOWERS DENIED PLAINTIFF 700 STRAIGHT DAYS OF WORSHIP -N- PRACTICE OF HIS RELIGIOUS BELIEFS. THIS COULD HAVE EASILY BEEN AVOIDED WITH COMPLIANCE OF THE "LEAST RESTRICTIVE MEANS", PER RLUIPA, ACCORDING TO DEFENDANT BOWERS, DENIAL OF RELIGIOUS LITERATURE WAS DUE TO PLAINTIFF FILING GRIEVANCES AGAINST DEFENDANT BOWERS, I.E. NON PENOLOGICAL INTEREST, DEFENDANT BOWERS ACTIONS CONSTITUTE FREE SPEECH -N- RLUIPA RIGHTS VIOLATIONS GUARANT-

AC: 3:19-cv-00196 (35)

EED BY 42 USC 2000cc, 1-5; 18 USC 1382247; 1st AMENDMENT

284. ON OR NEAR 4.8.17, FAILURE TO ACT, DEFENDANT, R. SNYDER, CAPTAIN OF SECURITY AIDED-N-ABETTED TWO WHITE INMATES TO SUCCESSFULLY STEAL-N-TRADE PLAINTIFF RELIGIOUS BOOKS FOR DRUGS. PLAINTIFF REPEATEDLY MADE DEFENDANT, SNYDER AWARE SEVERAL TIMES VIA CONFIDENTIAL INTERVIEWS-N-REQUEST TO STAFF. DEFENDANT, SNYDER FOR SEVERAL WEEKS, RESPONDED, "SURE, THE WHITE MAN STOLE YOUR RELIGIOUS BOOKS", "BLACKS ALWAYS CLAIM WHITES ROBBED THEM".

285. SAME EVENT: DEFENDANT, SNYDER, HAVING BEEN MADE AWARE SEVERAL TIMES OVER. DEFENDANT SNYDER NOT ACTING FOR 30-DAYS OR MORE ALLOWED THE TWO ALLEGED WHITE MALES, ALREADY IDENTIFIED, WHO HAD ALREADY ADMITTED THEY STOLE PLAINTIFF BOOKS, TO HIDE PLAINTIFF BOOKS WITH THEIR FRIENDS, THEN EXCHANGE THE BOOKS FOR DRUGS.

286. SAME EVENT: DEFENDANT, SNYDER RESPONDED IMMEDIATE TO PROVIDE SAFETY-N-PROTECTION TO OTHER INMATES, ESPECIALLY WHITE INMATES, BASED ON NON PENOLOGICAL INTEREST, I.E. RACE, RELIGIOUS BELIEF, RETALIATION, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, NOT SIGNING OFF ON GRIEVANCE #659236. THE LOSS OF RELIGIOUS BOOKS PLACED A BURDEN ON PLAINTIFF RELIGIOUS PRACTICE OF HIS RELIGIOUS BELIEFS. DEFENDANT, SNYDER ACTION-N- NON ACTION CONSTITUTE FREE SPEECH, RLUIPA, CRUEL AND UNUSUAL PUNISHMENT VIOLATIONS, ALSO EQUAL PROTECTION VIOLATIONS GUARANTEED BY 42 USC 2000cc, 1-5; 18 USC 1382247; 1st, 8th, AND 14th AMENDMENTS

287. ON OR NEAR 8.5.17 - STILL ONGOING TO DATE! RELIGIOUS LITERATURE, DEFENDANT, P. MAUST, CHAPLAIN SUPERVISOR PROVIDED ALL OTHER INMATES, ESPECIALLY WHITE INMATES, AND/OR NON CHILDREN OF THE "SUN" CHURCH BELIEVERS, WITH PROVISIONS "FREE OF CHARGE" IRRESPECT OF THE AMOUNT OF RELIGIOUS LITERATURE CONCERNING THEIR RELIGIOUS BELIEFS, IRRESPECT OF AVAILABILITY IN THE MAIN LIBRARY, BASED ON NON PENOLOGICAL INTEREST. DEFENDANT, MAUST DENIED PLAINTIFF REQUEST FOR RELIGIOUS LITERATURE READILY AVAILABLE, CONCERNING PLAINTIFF RELIGIOUS BELIEFS, I.E. PERTAINING TO AFRIKAN PEOPLE-N-AFRIKA

288. SAME EVENTS: DEFENDANT P. MAUST, DENIED PLAINTIFF, A INDIGENT INMATE FOR THE 54 MONTHS IN SCI-SOMERSET, RELIGIOUS LITERATURE NOT IN MAIN LIBRARY, CONTINUING TO DATE! ACCORDING TO DEFENDANT, P. MAUST, BECAUSE THE RELIGIOUS LITERATURE PLAINTIFF REQUESTED CONCERNED HISTORICAL FACTS ABOUT AFRIKA-N-AFRIKAN PEOPLE, IT IS NOT RELIGIOUS LITERATURE, THEREFORE, DEFENDANT, MAUST DECLARED HE DIDN'T HAVE TO PROVIDE PLAINTIFF WITH SUCH LITERATURE.

289. SAME EVENT: CONTINUING TO DATE! DEFENDANT, MAUST DENIED PLAINTIFF RELIGIOUS LITERATURE FOR 1,022 STRAIGHT DAYS TO DATE!, WHICH DEFENDANT, MAUST HAS READILY AVAILABLE ACCESS TO AN INEXHAUSTIBLE SUPPLY OF RELIGIOUS LITERATURE. DEFENDANT MAUST DID NOT USE THE LEAST RESTRICTIVE MEANS. DEFENDANT, MAUST DENIAL OF RELIGIOUS LITERATURE PLACED A BURDEN ON THE "DAILY" PRACTICE OF PLAINTIFF RELIGIOUS BELIEF. DEFENDANT, MAUST ACTIONS CONSTITUTE FREE SPEECH, RLUIPA, AND EQUAL PROTECTION VIOLATIONS OF PLAINTIFF RIGHTS GUARANTEED BY 42 USC 2000cc, 1-5; 18 USC 1382 247; 1st, 14th AMENDMENTS

AC: 3:19-CV-00196

290. SAME EVENT: ON GOING TO DATE, DEFENDANT, MAUST DECLARED, IF PLAINTIFF HAD NOT SUED ALL SCI-GREENE STAFF, ALSO SUED DEFENDANT, MAUST, REFUSED TO SIGN OF ON BRN #659836, AND CONTINUOUSLY COMMUNICATED WITH AUTHORITIES, DEFENDANT, MAUST WOULD PROVIDE PLAINTIFF WITH RELIGIOUS LITERATURE UPON REQUEST, DEFENDANT, MAUST ACTIONS CONSTITUTE FREE SPEECH-N-RLUIPA VIOLATIONS PER 42 USC 2000cc, 1-5; 18 USC 1387, 247; 1st AMENDMENT SEE: 266; 252; 261-264; 277; 287-289; 390; 392; 396-398; 27; 40; 52; 56; 57; 59; 62;

291. DEFENDANT, K. DELISMA, MEDICAL DIRECTOR, SICK CALL; RATIONALE FOR HIS DELIBERATE INDIFFERENCE TO PLAINTIFF'S CHRONIC AILMENTS, WAS THE PENALTY FOR PLAINTIFF HAVING FILED GRIEVANCE AGAINST DEFENDANT, DELISMA; HAVING SUED DEFENDANT, DELISMA AND SCI-SOMERSET MEDICAL STAFF UNDER DEFENDANT, DELISMA SUPERVISION, AND COMMUNICATIONS WITH AUTHORITIES, DEFENDANT, DELISMA ACTIONS CONSTITUTES FREE SPEECH, CONSPIRACY, RETALIATION VIOLATIONS PER 1st AMENDMENTS , DEFENDANT, K. DELISMA SICK OCCURRED ON OR NEAR 11.27.18; 12.13.18; 2.8.19; 4.8.19; 5.30.19; 6.12.19; 8.7.19; 9.5.19; 10.2.19; 11.1.19; 1.28.20; 2.3.20; 2.17.20; 3.16.20; 5.4.30; PER 42 SEE: 122, 149; 163; 164; 21; 26; 35; 40-60; 62; 64; 27; 40; 52; 56; 57; 59; 62

292. DEFENDANT, J. BIRONE, SICK CALL, MEDICAL DIRECTOR PROFESSED PENALIZING PLAINTIFF FOR HAVING SUED MEMBERS OF SCI-SOMERSET MEDICAL STAFF UNDER HIS SUPERVISION, FILING GRIEVANCES, CONTINUOUS COMMUNICATION WITH AUTHORITIES, DEFENDANT, BIRONE ACTION CONSTITUTES CONSPIRACY, RETALIATION-N-FREE SPEECH VIOLATIONS PER 42 USC 1985; 1st AMENDMENT SEE: 369; 380-383; 389; 391; 395; 406; 407; 409; 422; 423; 27; 40; 52; 56; 57; 59; 62; 21; 26; 35; 40-60; 62; 64;

293. ACCORDING TO DEFENDANT, E. KAUFFMAN, PAC, SICK CALL; PUNISHING PLAINTIFF FOR FILING GRIEVANCE AGAINST DEFENDANT, KAUFFMAN, AND SUED HIM, AND COMMUNICATIONS WITH AUTHORITIES. DEFENDANT KAUFFMAN ACTIONS RETALIATION, CONSPIRACY-N-FREE SPEECH CONSTITUTE VIOLATION GUARANTEED BY 1st AMENDMENT; 42 USC 1985 SEE: 310; 380-383; 393; 406; 407; 422; 423; 124

294. DEFENDANT, A. IRWIN, OPTOMETRIST, EYE EXAM; RETALIATION-N-CONSPIRACY, ACCORDING TO DEFENDANT IRWIN THE DENIAL OF CARE WAS DUE TO PLAINTIFF HAVING FILED GRIEVANCES-N-LAWSUITS AGAINST DEFENDANT IRWIN, AND SCI-SOMERSET MEDICAL STAFF CONTINUOUS COMMUNICATIONS WITH AUTHORITIES, DEFENDANT, IRWIN ACTIONS CONSTITUTE CONSPIRACY-N-RETALIATION VIOLATION OF PLAINTIFF FREE SPEECH PER 1st AMENDMENT, 42 USC 1985 SEE: 68; 72; 144; 391-393; 395; 380-383; 406; 407; 422; 423; 311; 21; 26; 27; 35; 40-60; 62; 64;

295. DEFENDANT, R. PLAYSO, PAC, SICK CALL; ALLEGED CONSPIRACY-N-RETALIATION TO PENALIZE PLAINTIFF FOR SUING DEFENDANT, PLAYSO - FILING GRIEVANCES-N-SUING AGAINST DEFENDANT PLAYSO AND SCI-SOMERSET MEDICAL STAFF, CONTINUOUS COMMUNICATIONS WITH AUTHORITIES, DEFENDANT PLAYSO ACTIONS VIOLATED PLAINTIFF FREE SPEECH RIGHT PER 1st AMENDMENT; 42 USC 1985 SEE: 132; 134; 135; 32; 380-383; 393; 395; 406; 407; 422; 423; 27; 40; 52-62; 64

296. DEFENDANT, L. DONNELLY, PACS, SICK CALL; ALLEGED CONSPIRACY-N-RETALIATION AS PENALTY TO PLAINTIFF FOR FILING GRIEVANCES, HAVING SUED DEFENDANT, DONNELLY AND SCI-SOMERSET MEDICAL STAFF, CONTINUOUS COMMUNICATIONS WITH AUTHORITIES, DEFENDANT, DONNELLY ACTIONS CONSTITUTES FREE SPEECH VIOLATIONS PER 1st AMENDMENT; 42 USC 1985 SEE: 114; 116; 313; 21; 26; 35; 40-62; 64

297. DEFENDANT, J. FETTERMAN, PAC, SICK CALL, CONSPIRACY-N-RETALIATION, TO PEN-