IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON | : | CIVIL ACTION |
| V. | : | NO.19-196 |
| KANSKY DELISMA, MD, ET AL. | : | |

BRIEF OF DEFENDANT, LAURENE DONNELLY, CRNP, IN SUPPORT OF
HER MOTION TO DISMISS THE AMENDED COMPLAINT (DOC. 43)
OF PLAINTIFF, HENRY UNSELD WASHINGTON

Defendant, Laurene Donnelly, CRNP ("Donnelly") respectfully request that her Motion to Dismiss the Amended Complaint of Henry Unseld Washington ("Washington"), a pro se inmate, be granted and states in support thereof the following:

I.   INTRODUCTION

Plaintiff, Henry Unseld Washington ("Washington"), has filed an Amended Complaint against Laurene Donnelly, CRNP ("Donnelly").  Washington attempts to state several causes of action against Donnelly.  See Amended Complaint, Exhibit "A". Donnelly contends that the Amended Complaint fails to state a cause of action pursuant to 42 U.S.C. §1983 and any provision of the Constitution of the United States because it does not set forth the factual averments necessary to allege a constitutional claim pursuant to 42 U.S.C. §1983.  See Exhibit "A".

The Amended Complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. The Amended Complaint is a long, confusing jumble of allegations without the necessary proper structure or format.

Washington raised the same claims and against many of the same defendants in Washington v. Barnhart, Civil Action No. 17-cv-0070. A copy of that Complaint is attached as Exhibit "B".  Paragraphs 23 to 83 are essentially the same paragraphs found in Washington v. Barnhart, paragraphs 30 to 101; Count I, paragraphs 99,100,101, 103, 104; and same as to paragraphs 167,168, 169, 170, 171.

Count I of the Amended Complaint attempts to state a claim for deliberate indifference of

cruel and unusual punishment.  It does not indicate the exact individuals involved.

Count I is just the same allegations and alleged injuries found in <u>Washington v. Barnhart</u>. complains about his toenails, Whipples Disease, pain all over his body, dementia, lack of eyesight, urinary issues, penis leaking fluid, etc. Count I contains conclusory averments and has unrelated subject matter. Donnelly requests that these allegations and the Amended Complaint be dismissed.

Count II is a claim for Equal Protection. The same count and claim can be found in <u>Washington v. Barnhart</u>. In fact the same language and accusations appear in each with just the names changed, for example paragraphs 215 and 216 are identical to paragraphs 269 and 270 in Barnhart. The Count is filled with unrelated events and declarations. Most of the Count II deals with being passed over for officiating at sports events.  In the same Count, he alleges that Donnelly discriminated against him because he was black and treated white inmates differently. The rest of the Count attempts to state a claim for free speech and exercise of religion. Donnelly is not involved in these allegations and have never violated Washington's religious rights. It does not set forth the relevant factual averments.

The only paragraph indicating contact between Washington and Donnelly is paragraph 114 which states that he was seen in sick call on July 2, 2019 by Donnelly and she would not address his pain but told him he had "Obama Care". Exhibit "A", paragraph 114. This is a standard allegation against each of the medical providers.

II.     ISSUES PRESENTED

1.     Does the Amended Complaint state a cause of action against Donnelly based on deliberate indifference to a serious medical need when an examination of the Amended Complaint shows a complete absence of any such averments to support such a claim?

2.     Does the Amended Complaint satisfy the requirements of Federal Rule of Civil Procedure 8 because it is a long, jumble of allegations in an incompressible format?

3.     Does the Amended Complaint state a claim for any constitutional violation when

it fails to allege "but for" causation?

4. Does Washington's fail to state a valid cause of action when he has filed the same allegations and injuries in other cases?

5. Does the Amended Complaint show a cause of action based on freedom of religion or freedom of speech when no such averments that support such a claim appear anywhere in the complaint, even in a conclusory forum, let alone with the specific factual requirements mandated by the courts of the United States?

6. Does the Amended Complaint contain the necessary elements to file an action based on retaliation?

III. STATEMENT OF FACTS[1]

All of Washington's claims in the Amended Complaint arose at the State Correctional Institution at Somerset ("SCI-Somerset"). It was there that the alleged violation of his constitutional rights occurred. Exhibit "A". This is the same location and the same alleged violations that appear in Washington v. Dr. Stramat. Exhibit "B".

The Amended Complaint is virtually impossible to read. It is 44 pages of small print with 374 paragraphs with no spacing between them. It also has an additional Declaration attached of 11 pages bringing the total paragraphs to 423. The Amended Complaint shifts between events, allegations and people frequently. It also requires the reader to refer back to different allegations and events and tie them together, while referencing paragraph numbers. The Amended Complaint presents a long and confusing narrative jumping from factual situation to factual situations without explanation on topics. Exhibit "A". It is done in a stream of conscious, with referrals to other sections and paragraphs.

---

[1] In submitting this Brief Donnelly relies on the Amended Complaint submitted by Washington only to the extent set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which indicated that the district court in determining a motion to dismiss must accept all well pled facts as true. Donnelly reserve the right to contest any of the facts in the Amended Complaint if the Court denies any portion of her Motion to Dismiss.

Washington contends that he has been retaliated against for his prior lawsuits. Exhibit "A", paragraphs 291, 293, 295,297,298 and 299. He fails to set forth any of the elements of retaliation. Washington filed many sick call slips.  He contends that no one ever came to provide him treatment.

Washington does not include Donnelly as violating his Religious freedom.

> III.     ARGUMENT
>
> A.     Standard To Be Utilized In Determining Whether to Grant a Motion to Dismiss a Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief," and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 233 (citing Twombly, 550 U.S. at 556,  n. 3).  "[A] complaint must allege facts suggestive of [the proscribed] conduct," and the "[f]actual allegations

must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 550 U.S. at 555-56, 563 n. 8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009) the Supreme Court of the United States stated that its discussion of pleading requirements for a complaint in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) applies to all civil actions filed in the United States District Court. The Supreme Court set forth a further explanation of its approach to pleading a cause of action pursuant to Federal Rule of Civil Procedure 8. The Court indicated:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation". Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

Id. at 678-9.

According to the Supreme Court,

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Ashcroft, supra, 556 U.S. at 679.

The Court indicated that where the well pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Ashcroft, supra, at 679.

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) the United States Court of Appeals for the Third Circuit considered how to apply the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) to a motion to dismiss a complaint. The United States Court of Appeals for the Third Circuit began its consideration of the motion for dismissal for failure to state a claim with an extensive discussion of the recent changes in pleading standards. The Court of Appeals observed that after Iqbal:

> [I]t is clear that conclusory or 'bare bone' allegations will no longer survive a motion to dismiss. 'Threadbare' recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

578 F.3d at 210.

According to the Court of Appeals, in order to prevent dismissal all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The key, according to the Court of Appeals, is that the complaint must show that the allegations are plausible.

The Court of Appeals provided specific instructions to this Court as to the standard for consideration of a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

578 F.3d at 210-11.

The Court must then:

> ...determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'.

578 F.3d at 211.

In determining plausibility, the Court should consider the claim in context and draw on its

more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Ashcroft, supra, at 679.

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) the United States Court of Appeals for the Third Circuit considered how to apply the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) to a motion to dismiss a complaint. The United States Court of Appeals for the Third Circuit began its consideration of the motion for dismissal for failure to state a claim with an extensive discussion of the recent changes in pleading standards. The Court of Appeals observed that after Iqbal:

> [I]t is clear that conclusory or 'bare bone' allegations will no longer survive a motion to dismiss. 'Threadbare' recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

578 F.3d at 210.

According to the Court of Appeals, in order to prevent dismissal all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The key, according to the Court of Appeals, is that the complaint must show that the allegations are plausible.

The Court of Appeals provided specific instructions to this Court as to the standard for consideration of a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

578 F.3d at 210-11.

The Court must then:

> ...determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'.

578 F.3d at 211.

In determining plausibility, the Court should consider the claim in context and draw on its

judicial experience and common sense. Washington's Amended Complaint fails to meet this test.

> B.  The Amended Complaint Should be Stricken for Failure to Meet the Requirements of Rule 8 or, in the Alternative, Washington Should be Required to submit an Amended Complaint which is a Short and Plain Statement of his Claims.

While *pro se* prisoners are held to less stringent standards of pleading than lawyers, they must still satisfy basic pleading requirements. See Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir.2008). Thus, when a complainant does "not even try to submit a 'short and plain statement' of his claims" and submits a complaint "of an unwieldy length, but [it is] also largely unintelligible" a complaint may be dismissed under Rule 8 without prejudice. See, Stephanatos v. Cohen, 236 F.App'x 785, 787 (3d Cir.2007).

Washington has not met this basic requirement. The Amended Complaint is 44 pages, single spaced, small print, encompassing 373 paragraph. In addition there is an eleven page Declaration bringing the total paragraphs to 423. It is against multiple medical and Department of Corrections Defendants. It spans from stomach pain to being denied religious maternal because he is the self proclaimed leader of a religious group to retaliation because of racial issues. All of the medical claims have appeared in a prior lawsuit involving Washington which has been dismissed, Washington v. Jin, USDC WD of Pa, Civil Action No. 2:15-CV-01031. There is a current action pending, Washington v. Dr. Barnhart, USDC WD of Pa, No. 17-70, Exhibit "B". The same allegations and medical complaints appear in the Barnhart case. There are also many of the same medical defendants in each case.

In the Amended Complaint, Washington pleads allegations and then attempts to relate them back to earlier paragraphs without success. His attempt is confusing and beyond that contemplated by Rule 8. Donnelly should not have to go elaborate measures to determine the allegations and claims against her. The Amended Complaint requires a clear, short and legible complaint so that an appropriate response could be provided. This Amended Complaint does not satisfy Rule 8. Defendants should not have to crisscross back and forth to different sections and paragraphs to understand the allegation against her.

      C.    Washington's Claims are Duplicative and Repetitious and Should Therefore be Dismissed.

Washington's claims are virtually identical to those found in <u>Washington v. Dr. Barnhart</u>, Exhibit "B". Washington's instant Amended Complaint contains the same deliberate indifference, violation of Equal Protection and retaliation claims. The only difference is that he added Dr. Delisma, PA Fetterman and Donnelly to this lawsuit. The location of the alleged violation remains the same, SCI-Somerset. The alleged injuries remain the same, the requested treatment remains the same.

The Court in <u>Banks v. County of Allegheny</u>, 568 F. Supp. 2d 579 (2008) indicated that repetitious litigation of virtually identical causes of action may be dismissed under §1915 as frivolous or malicious. <u>Banks</u>, p. 589, 590.

Since these are the same claims, this Court has the authority to dismiss the case. <u>Abdel-Bachir v. U.S. Attorney General</u>, 2017 WL 8219530 (S.D. Ohio, Western Division 2017), adopted at 2018 WL 1256366 (S.D. Ohio, Western Division 2018).

>    D.   Washington Attempts, Without Success, in Count I of his
>         Amended Complaint to State a Cause of Action Against Donnelly
>         for Deliberate Indifference.

The Amended Complaint fails to state a cause of action based on deliberate indifference to a serious medical need because it fails to allege a serious medical need and fails to allege deliberate indifference. The Amended Complaint is difficult to read and follow. Washington has alleged several different causes of action against numerous Defendants.

In order to state a cause of action based on deliberate indifference to a serious medical need pursuant to 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution, Washington must plead deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994). The United States Supreme Court has defined the deliberate indifference standard in its opinion in Farmer v. Brennan. According to the Supreme Court, deliberate indifference requires a showing that prison medical staff were "subjectively" aware of a substantial risk of harm to the prisoner. Justice Souter, writing for the Court, stated:

> We reject [the] invitation to adopt an objective test for deliberate indifference. We hold...that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837. (Emphasis added).

No such averments appears in the Amended Complaint. Washington has failed to plead deliberate indifference.

Washington also fails to allege a serious medical need. A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity of a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, if unnecessary or wanton infliction of pain results as a consequence of denied or delayed necessary medical care, the medical need would be of the serious nature contemplated by the Eighth

Amendment. Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003).

An examination of the Amended Complaint does not contain the necessary averments to establish a serious medical need.

> E. Washington Fails to Plead a Cause of Action Against Donnelly Because He Has Not Set Forth the Elements of "But For" Causation.

To plead deliberate indifference pursuant to 42 U.S.C. §1983, Washington must allege averments which meet the plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009) as it relates to causation. He must show that the alleged constitutional violations of the Medical Defendants each constituted the "but for" cause of his injury. He must show that the alleged unconstitutional conduct of Donnelly caused his injury by themselves and independent of any other conduct.

The conduct of Donnelly must be the "but for" the cause of Washington's injury. Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9, 2009) (Vanaskie, J.); Texter v. Merlina, 2008 U.S. Dist. LEXIS 14442 (M.D. Pa. Feb. 26, 2008)(Conner, J.)

Consequently, all of the allegations of the Amended Complaint should be dismissed as to Donnelly. These are the same alleged injuries he complained about in Washington v. Jin, USDC WD of Pa, No. 2:15-CV-01031 and Washington v. Dr. Barnhart, Exhibit "B". If those injuries occurred in those cases, they could not have been caused by Donnelly in the current case.

> F. Washington Has Failed to Overcome the Presumption that a Prison Doctor Acted on His or Her Professional Judgment.

In determining the validity of a Motion to Dismiss the judgment of prison doctors is presumed valid unless the inmate provides evidence that the decision was such a substantial departure from accepted professional judgment, practices or standards as to demonstrate that the person responsible actually did not base the decision on such judgment. White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990). Washington has to show that decisions of Donnelly were "so far outside the realm of professional judgment as to demonstrate that he was not exercising professional judgment at all." Id.

Washington fails to meet this standard in his Amended Complaint. He submits no averments which show that Donnelly acted so far outside of her professional judgment as to demonstrate that they did not exercise her professional judgment.

The second half of the Count deals with allegations that Donnelly retaliated against him because he filed grievances and prior lawsuits.

Because retaliation claims can be easily fabricated, courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. Dockery v. Legget, 2012 U.S. Dist. LEXIS 96733, 45-46 (W.D. Pa. May 22, 2012), aff'd 509 Fed. Appx. 107 (3d Cir. 2013)(non precedential). Such is the case with Washington's claims against Donnelly.

To state a cause of action for retaliation Washington must plead that (1) the conduct giving rise to the retaliation was protected by the First Amendment to the United States Constitution; (2) he suffered some "adverse action" at the hand of the medical defendants; and (3) a causal link, demonstrating that the exercise of his constitutional rights was a substantial and motivating factor in the defendant's adverse action taken against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). While use of the grievance system may qualify as protected conduct. Washington's Amended Complaint with regard to Donnelly's failure to satisfy the other necessary prongs. Donnelly did not take adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003). Washington has not established that Donnelly retaliated against him and it rose to the level of a violation of the First Amendment to the United States Constitution.

To meet the second prong of the test for retaliation, Donnelly must engage in adverse action that is sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

In this matter, Washington was never deterred from exercising his rights. He continued to file grievances and filed this action. Washington has presented no evidence that he was

prevented somehow from exercising his First Amendment rights. Huertas v. Sobina, 476 Fed. Appx. 981, 984 (3d Cir. 2012)(non precedential)(interfering with inmate's personal mail, confiscating his photographs, and interfering with his receipt of funds was not sufficiently adverse to deter a person of ordinary firmness from pursuing grievances).

The Amended Complaint is clear that he was seen and treated an extraordinary amount of times. The Amended Complaint is full of dates when he saw a medical provider. Based on the Amended Complaint, there are times when he was treated several times a week. The shear number of sick call visits confirms that Washington was not being deterred from exercising his First Amendment rights, Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003).

Donnelly's alleged adverse conduct did not discouraged Washington from exercising his First Amendment rights. He continued to express his views. He has produced no evidence to the contrary. This demonstrates that any alleged retaliatory conduct that occurred was insufficient to deter Washington's exercise of First Amendment rights. Consequently, his retaliation claim must fail. See Hardwick v. Packer, 2013 U.S. App. LEXIS 22887, *9-*10 (3d Cir. Nov. 13, 2013) (non-precedential) (inmate's retaliation claim properly dismissed where he "did not allege that he was deterred from filing those grievances").

There is no evidence of a causal link, demonstrating that Donnelly prohibited Washington from exercising his constitutional rights and the Medical Defendants were motivated to deprived him of those rights. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

The United States Court of Appeals for the Third Circuit has affirmed the granting of a Motion to Dismiss a retaliation claim based on similar facts as in Washington's Amended Complaint. In Glenn v. Barua, 252 Fed. Appx. 493 (3d Cir. 2007) (non-precedential), the plaintiff inmate contended that he was threatened with disciplinary action and given inadequate medical care in retaliation for filing grievances and otherwise expressing dissatisfaction with the medical care he was receiving. The court observed that although the plaintiff arguably engaged in conduct protected by the First Amendment by filing grievances, his complaint was deficient in

linking his activities with adverse action likely to prevent or otherwise discourage a person of ordinary firmness from engaging in the protected conduct. The Court explained: "While he alleges that one day at sick call Tretinik entered the examination room and threatened to send him to disciplinary confinement, there is no indication as to what precipitated this alleged threat or whether it was made for the purpose of discouraging him from exercising a constitutional right. ... [W]e cannot reasonably infer from the allegations in complaint that Glenn's criticisms caused him to receive inadequate medical care. The Complaint fails to suggest any nexus between Glenn's expressive conduct and the quality of the treatment he received." 252 Fed. Appx. at 499. Similarly, in Baumgardner v. Ebbert, 535 Fed. Appx. 72 (3d Cir. 2013)(non precedential), the inmate alleged that the defendants withheld physical therapy as punishment and as a means to discourage complaints about inadequate medical treatment. The Court found these allegations were vague, nonspecific statements that could not withstand a motion to dismiss and it would be futile to give the plaintiff a further opportunity to amend his complaint. The same is true for Washington's claims of violation of his First Amendment rights.

       Washington also attempt to argue a non-existent cause of action called "Conspiracy Retaliation". There is no separate such cause of action. Therefore all claims of Conspiracy Retaliation should be dismissed.

IV. <u>CONCLUSION</u>

In the light of the foregoing defendant, Laurene Donnelly, CRNP, respectfully request that her Motion to Dismiss the Amended Complaint of plaintiff, Henry Unseld Washington, be granted and that the Amended Complaint be dismissed with prejudice.

                GOLD & FERRANTE, P.C.

      BY:     /S/ ALEXANDER R. FERRANTE
               ALEXANDER R. FERRANTE
               Attorney for Defendants, Kansky Delisma, MD, Dakota Testa, PA, Ellis Kaufman, PA, James Fetterman, PA, Richard Hutchinson, PA, Roxanne Playso, PA and Laurene Donnelly, CRNP

716 N. Bethlehem Pike, Suite 208
Lower Gwynedd, PA 19002
(215)885-1118
email: arf@goldferrantelaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have sent a true and correct copy of Defendant, Laurene Donnelly, CRNP's Brief in support of her Motion to Dismiss the Amended Complaint of the Plaintiff via US First Class Regular Mail and ECF Filing (noted below) on this date to the following individuals:

HENRY UNSELD WASHINGTON
AM-3086
S.C.I. Somerset
1600 Walters Mill Rd
Somerset, PA 15510
US First Class Mail

Timothy Mazzocca
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Email: tmazzocca@attorneygeneral.gov

Aaron S. Jayman, Esquire
PA ID # 85651
111 N. Front Street
Harrisburg, PA 17101
(717) 775-3307
Email: ajayman@grsm.com

David M. Chmiel, Esquire
PA I.D. 076464
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

                          /s/ ALEXANDER R. FERRANTE
                          ALEXANDER R. FERRANTE

DATE: October 28, 2020