**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HENRY UNSELD WASHINGTON,　　　　　} | No. 3:19-cv-00196-LPL |
| 　　　　　　　　　　　　　　　　　　} | |
| 　　　　　　　　Plaintiff,　　　　　} | Magistrate Judge Lenihan |
| 　　　　　　　　　　　　　　　　　　} | |
| 　　　vs.　　　　　　　　　　　　　} | |
| 　　　　　　　　　　　　　　　　　　} | |
| KANSKY DELISMA, WILLIAM L. BOWERS,　} | |
| PHILLIP MAUST, HEIDI SROKA, ROBERT　} | |
| SNYDER, R. PESCHOCK, J. GIRONE, ELLIS　} | |
| KAUFFMAN, RICHARD IRWIN, ROXANNE　} | |
| PLAYSO, LARENE DONNELLY, JAMES　　} | |
| FETTERMAN, RICHARD HUTCHINSON,　　} | |
| DAKOTA TESTA, ERIC TICE and BRIAN P. HYDE,　} | |
| 　　　　　　　　　　　　　　　　　　} | *Electronically Filed.* |
| 　　　　　　　　Defendants.　　　　　} | |

## ANSWER TO AMENDED COMPLAINT

AND NOW, come the defendants, Bowers, Snyder, Tice and Hyde, by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, Chief, Litigation Section, and file the within Answer to Plaintiff's Amended Complaint [ECF 43, 60, 61, 62] as filed in this case and, in support thereof, aver as follows:

## FIRST AFFIRMATIVE DEFENSE

The Answering Defendants respond to Plaintiff's factual allegations as follows:

*AMENDED COMPLAINT [ECF 43]*

## I.  JURISDICTION AND VENUE

1.  Paragraph 1 contains conclusions of law regarding this Court's jurisdiction over the present suit, to which no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 1 are denied and strict proof is demanded.

2.  Paragraph 2 contains conclusions of law with regard to venue in this Court, to which no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 2 are denied and strict proof is demanded.

## II.  PLAINTIFF

3.  Paragraph 3 is admitted.

## III.  DEFENDANTS

4.  Paragraph 4 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 4 are denied and strict proof is demanded.

5.  Paragraph 5 is denied as stated; however, it is admitted that Defendant Bowers was a Unit Manager at SCI-Somerset.  All other facts alleged in this paragraph are denied and strict proof is demanded.

6.  Paragraph 6 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 6 are denied and strict proof is demanded.

7.  Paragraph 7 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 7 are denied and strict proof is demanded.

8.  Paragraph 8 is denied as stated; however, it is admitted that Defendant Snyder is a Security Captain at SCI-Somerset.  All other facts alleged in this paragraph are denied and strict proof is demanded.

9.   Paragraph 9 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 9 are denied and strict proof is demanded.

10.  Paragraph 10 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 10 are denied and strict proof is demanded.

11.  Paragraph 11 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 11 are denied and strict proof is demanded.

12.  Paragraph 12 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 12 are denied and strict proof is demanded.

13.  Paragraph 13 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 13 are denied and strict proof is demanded.

14.  Paragraph 14 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 14 are denied and strict proof is demanded.

15.  Paragraph 15 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 15 are denied and strict proof is demanded.

16.  Paragraph 16 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 16 are denied and strict proof is demanded.

17.  Paragraph 17 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 17 are denied and strict proof is demanded.

18.  Paragraph 18 is denied as stated; however, it is admitted that Defendant Tice was Superintendent at SCI-Somerset.  All other facts alleged in this paragraph are denied and strict proof is demanded.

19.  Paragraph 19 is denied as stated; however, it is admitted that Defendant Hyde is the Corrections Health Care Coordinator at SCI-Somerset.  All other facts alleged in this paragraph are denied and strict proof is demanded.

20.  Paragraph 20 is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 20 are denied and strict proof is demanded.

20a.  Paragraph 20a is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 4 are denied and strict proof is demanded.

## IV. FACTS

21.-92.  To the extent any allegations of fact within these Paragraphs are directed to the Answering Defendants, they are denied and strict proof is demanded.[1]

---

[1] In the Memorandum Opinion on Defendants' Motions to Dismiss [ECF 109], the Court observed that in this section "Plaintiff lists the chronic ailments 'on going for years' - and continuing to be the basis of his allegations of deliberate indifference…" Id., at 6-7.  The Court

## V.  EXHAUSTION OF LEGAL REMEDIES

93.   Paragraph 93 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 93 are denied and strict proof is demanded.

94.-95.   To the extent any allegations of fact in these Paragraphs are directed to the Answering Defendants, they are denied and strict proof is demanded.

96.   Paragraph 96 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 96 are denied and strict proof is demanded.

97.  To the extent any allegations of fact in this Paragraph are directed to the Answering Defendants, they are denied and strict proof is demanded.

## VI.  LEGAL CLAIMS

### COUNT ONE—Deliberate Indifference and Cruel-N-Unusual Punishment

98.   Paragraph 98 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 98 are denied and strict proof is demanded.

99.-104.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

105.   Paragraph 105 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 105 are denied and strict proof is demanded.

---

then identified what it believed to be the material allegations in the Amended Complaint made against each defendant.  Id., at 9-18.

106.  Paragraph 106 is denied as stated; however it is admitted that Plaintiff was housed in a General Population Housing Unit at SCI-Somerset in Cell AB-2064 from October 3, 2017 until February 19, 2019, at which time he was moved to Cell AB-2034.  All other facts alleged in this paragraph are denied and strict proof is demanded.

107.  Paragraph 107 is denied as stated; however it is admitted that Plaintiff was housed in a General Population Housing Unit at SCI-Somerset in Cell AB-2064 from October 3, 2017 until February 19, 2019, at which time he was moved to Cell AB-2034.  All other facts alleged in this paragraph are denied and strict proof is demanded.

108.   Paragraph 108 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 108 are denied and strict proof is demanded.

109.  Paragraph 109 is denied and strict proof is demanded.

110.  Paragraph 110 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 110 are denied and strict proof is demanded.

111.  Paragraph 111 is denied and strict proof is demanded.

112.   Paragraph 112 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 112 are denied and strict proof is demanded.

113.   Paragraph 113 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 113 are denied and strict proof is demanded.

114.-115.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

116.  Paragraph 116 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 116 are denied and strict proof is demanded.

117.  Paragraph 117 is denied and strict proof is demanded.

118.  Paragraph 118 is denied and strict proof is demanded.

119.  Paragraph 119 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 119 are denied and strict proof is demanded.

120.-125.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

***SUPPLEMENT [ECF 60]***

126.-128.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

129.  Paragraph 129 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 129 are denied and strict proof is demanded.

130.   Paragraph 130 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 130 are denied and strict proof is demanded.

131.-138.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

139.   Paragraph 139 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 139 are denied and strict proof is demanded.

140.   Paragraph 140 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 140 are denied and strict proof is demanded.

141.-151.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

152.   Paragraph 152 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 152 are denied and strict proof is demanded.

153.   To the extent directed to the Answering Defendants, Paragraph 153 is denied and strict proof is demanded.

154. To the extent directed to the Answering Defendants, Paragraph 154 is denied and strict proof is demanded.

155.   Paragraph 155 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 155 are denied and strict proof is demanded.

156.-166.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

167.   Paragraph 167 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 167 are denied and strict proof is demanded.

168.-177.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

178.   Paragraph 178 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 178 are denied and strict proof is demanded.

179.-181.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

182.   Paragraph 182 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 182 are denied and strict proof is demanded.

183.   Paragraph 183 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 183 are denied and strict proof is demanded.

184.-185.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

186.   Paragraph 186 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 186 are denied and strict proof is demanded.

187.   To the extent directed to the Answering Defendants, Paragraph 187 is denied and strict proof is demanded.

188.   Paragraph 188 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 188 are denied and strict proof is demanded.

189.   To the extent directed to the Answering Defendants, Paragraph 189 is denied and strict proof is demanded.

190.   To the extent directed to the Answering Defendants, Paragraph 190 is denied and strict proof is demanded.

191.-199. These Paragraphs are not directed to the Answering Defendants, therefore no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

*SUPPLEMENT [ECF 61]*

## COUNT TWO—Equal Protection

200.   Paragraph 200 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 200 are denied and strict proof is demanded.

201.-205.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

206.   Paragraph 206 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 206 are denied and strict proof is demanded.

207.  Paragraph 207 is denied and strict proof is demanded.

208.   Paragraph 208 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 208 are denied and strict proof is demanded.

209.  To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 209 is denied and strict proof is demanded.

210.  To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 210 is denied and strict proof is demanded.

211.-214.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

215.   Paragraph 215 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 215 are denied and strict proof is demanded.

216.   Paragraph 216 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 216 are denied and strict proof is demanded.

217.-239.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

240.   Paragraph 240 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 240 are denied and strict proof is demanded.

241.   Paragraph 241 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 241 are denied and strict proof is demanded.

242.   Paragraph 242 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 242 are denied and strict proof is demanded.

243.   Paragraph 243 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 243 are denied and strict proof is demanded.

244.-245.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

### COUNT THREE—Free Speech

246.  Paragraph 246 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 246 are denied and strict proof is demanded.

247.-252.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

253.  Paragraph 253 is denied and strict proof is demanded.

254.  To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 254 is denied and strict proof is demanded.

255.-267.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

268.  To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 268 is denied and strict proof is demanded.

269.-279.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

280.  To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 280 is denied and strict proof is demanded.

281. To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 281 is denied and strict proof is demanded.

282. To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 282 is denied and strict proof is demanded.

283. To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 283 is denied and strict proof is demanded.

284. To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 284 is denied and strict proof is demanded.

285. To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 285 is denied and strict proof is demanded.

286. To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 286 is denied and strict proof is demanded.

287.-297. These Paragraphs are not directed to the Answering Defendants, therefore no response is required. However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

### SUPPLEMENT [ECF 62]

298.-299. These Paragraphs are not directed to the Answering Defendants, therefore no response is required. However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

300. Paragraph 300 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 300 are denied and strict proof is demanded.

14

301.   Paragraph 301 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 301 are denied and strict proof is demanded.

302.   Paragraph 302 is denied and strict proof is demanded.

303.   Paragraph 303 is denied and strict proof is demanded.

304.   Paragraph 304 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 304 are denied and strict proof is demanded.

305.   Paragraph 305 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 305 are denied and strict proof is demanded.

306.-316.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

317.   Paragraph 317 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 317 are denied and strict proof is demanded.

318.   Paragraph 318 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 318 are denied and strict proof is demanded.

319.-320.   These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

321.   Paragraph 321 contains conclusions of law, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 321 are denied and strict proof is demanded.

## VII.  INJURY

322.   Paragraph 322 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 322 are denied and strict proof is demanded.

323.-325.   To the extent any allegations of fact in these Paragraphs are directed to the Answering Defendants, they are denied and strict proof is demanded.

326.   To the extent that the claim or claims upon which this allegation is based have not been dismissed, Paragraph 326 is denied and strict proof is demanded.

327.-342.   To the extent any allegations of fact in these Paragraphs are directed to the Answering Defendants, they are denied and strict proof is demanded.

## VIII.  PRAYER FOR RELIEF

343.   Paragraph 343 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 343 are denied and strict proof is demanded.

344.-373.   To the extent these Paragraphs are directed to the Answering Defendants, they are enumerated requests for the relief sought by Plaintiff in this matter, to which no response is required.   However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

## IX.  DECLARATION OF HENRY UNSELD WASHINGTON

374.  Paragraph 374 is a statement of incorporation, to which no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 374 are denied and strict proof is demanded.

375.   Paragraph 375 does not allege any facts, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 375 are denied and strict proof is demanded.

376.  Paragraph 376 is admitted.

377.-383.  To the extent any allegations of fact in these Paragraphs are related to the claims directed to the Answering Defendants, they are denied and strict proof is demanded.

384.-387.  To the extent directed to the Answering Defendants, these Paragraphs contain conclusions of law, to which no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

388.-392.  To the extent any allegations of fact in these Paragraphs are related to the claims directed to the Answering Defendants, they are denied and strict proof is demanded.

393.  This Paragraph is not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in this Paragraph are denied and strict proof is demanded.

394.  Paragraph 394 is denied and strict proof is demanded.

395.-419.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

420.  To the extent directed to the Answering Defendants, Paragraph 420 is denied and strict proof is demanded.

421.  To the extent directed to the Answering Defendants, Paragraph 421 is denied and strict proof is demanded.

422.-423.  These Paragraphs are not directed to the Answering Defendants, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in these Paragraphs are denied and strict proof is demanded.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims may be barred by the applicable statute of limitations, they must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies as to the Answering Defendants and/or as to any or all matters complained of in his Amended Complaint, Plaintiff's claims against the Answering Defendants are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## FOURTH AFFIRMATIVE DEFENSE

The Answering Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury, and the limitation on attorneys' fees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

The Corrections Defendants assert all available privileges and immunities for their conduct insofar as it is material to the allegations made in this case, including but not limited to the defenses of sovereign immunity and qualified immunity under Pennsylvania law.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did the Answering Defendants deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C. § 1983 or any other state or federally protected right or privilege.

## EIGHTH AFFIRMATIVE DEFENSE

At no time did the Answering Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At no time did the Answering Defendants demonstrate any indifference, deliberate or otherwise, toward any risk of harm to the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which the Answering Defendants had no control or duty to control.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against the Answering Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1983.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants raise the defense of qualified immunity to the extent it may be deemed to apply.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is foreclosed from seeking monetary damages, as he has failed to exhaust his administrative remedies through DC-ADM 804 for any monetary relief he may seek in this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants reserve the right to amend their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

Respectfully submitted,

JOSH SHAPIRO
Attorney General


    s/ Scott A. Bradley_____

Office of Attorney General          Scott A. Bradley
Litigation Section                  Senior Deputy Attorney General
1521 Waterfront Place               Attorney I.D. No. 44627
Mezzanine Level
Pittsburgh, PA 15222                Karen M. Romano
                                    Chief Deputy Attorney General
Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  April 14, 2021