IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON, PLAINTIFF

v.

KANSKY DELISMA Defendants et al

NO. 3:19-CV-00196
JUDGE LENIHAN
BRIEF IN SUPPORT OF MOTION IN OBJECTION TO MAGIST JUDGE DECISION TO DISMISS PLAINTIFF CLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO LR 72

I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE CAPTION.

1. PLAINTIFF MOVES THIS COURT WITH A MOTION IN OBJECTION TO MAGISTRATE JUDGE DECISION TO DISMISS PLAINTIFF CLAIMS FOR FAILURE TO STATE A CLAIM; BRIEF IN SUPPORT; PURSUANT TO LR 72

2. CONCERNING THE WHETHER THE DISMISSAL OF ECF NO. 79①②; ECF NO. 91, P.2; ARE MADE WITH OR WITHOUT PREJUDICE; NOTHING IN THE MEMORANDUM OPINION, AND ORDER, DOCS# 109, 110 ANSWER/ADDRESSES THIS QUESTION

3. CONCERNING THE COURT'S REFERENCE TO PLAINTIFF AS A AFRICAN AMERICAN, PLAINTIFF RESPONSE IS; PLAINTIFF IS A 'DARK SKIN' BLACK MALE. THIS IS NOT AN ATTEMPT OF SCOLD THE COURT, HOWEVER, THIS IS FAR GREATER THAN SEMANTICS, MAYBE THIS COURT IS NOT AWARE THAT MORE OFTEN THAN NOT BLACKS EXPERIENCE RACIAL PREJUDICE-N-RACISM, THAN THE AFRICAN AMERICAN ALTHOUGH BOTH ARE TARGETS, THE RESENTMENT TO BLACKS ARE FAR MORE INTENSED, THE PURPOSE OF PLAINTIFF BRINGING THIS TO THE COURT ATTENTION IS THE MERE FACT OF PLAINTIFF BEING A DARK SKIN BLACK MALE TRANSLATES INTO PLAINTIFF BEING A READY-N-UNPROTECTED TARGET; THIS MIGHT HELP THE COURT TO UNDERSTAND WHY SO MANY DOC STAFF, AND MEDICAL PROFESSIONALS, EVEN WHEN NOT BIOLOGICAL RELATIVES SEE THEMSELVES AS FAMILY-N-PLAINTIFF, A DARK SKIN BLACK MALE AS THEIR ENEMY. THIS MAY EXPLAINS THE COMMENTS DIRECTED AT PLAINTIFF, EVEN BY THE CHAPLAIN, PLAINTIFF BEG THIS COURT TO CONSIDER THE DIFFERENCE, Doc# 109, PASSIM

4. Doc# 109, P.4; THE COURT EXPOSED, PLAINTIFF'S APPARENT INABILITY TO ACCEPT THE GOVERNING FACTS DISPITE THE COURT (AND THE CORRECTIONAL INSTITUTIONS) NUMEROUS ATTEMPTS TO ADDRESS HIS COMPLAINTS AND EXPLAIN MEDICAL AND LEGAL GUIDELINES/CONSTRINTS TO HIM OVER SEVERAL DECADES AND ACTIONS, WHILL REGRETTABLE, DOES NOT ALTER THE BOUNDS OF EITHER MEDICAL SCIENCE OR CORRECTIONAL LIABILITY.

PLAINTIFF RESPONSE: THE DEFENDANTS IN THE WASHINGTON V. KLEM, SETTLEMENT AGREEMENT, AGREED TO FOREGO PRISON POLICY-N-CONCERNS FOR FIRE HAZARDS-N-SAFETY. SEE, DOCS 60-62, AT 248-275, 418, 287-290, 41

THE THIRD CIRCUIT DECIDED THAT DOC POLICY DOES INDEED IMPOSED A SUB-

B-LR 72; 3:19-CV-00196    (1)

STANTIAL BURDEN ON THE PRACTICE, PLAINTIFF RELIGION. WASHINGTON V. KLEM 497 F.3d 272,

DEFENDANTS SUCCESSFULLY PROVIDED CARE TO WHITE INMATE REGARDLESS OF AGE HAVING THE SAME OR VERY SIMILAR HEALTH PROBLEMS, GUIDE LINES-N-RESTRAINTS DOES NOT PREVENT DEFENDANTS FROM PROVIDING WHITE INMATE CARE, DECLARED PRIOR TO-N-AFTERWARD A REFUSAL TO PROVIDE PLAINTIFF CARE, AND EVEN CONFERRING WITH OTHER DEFENDANT-N-AGREEING TO DENY PLAINTIFF CARE WHILE PLAINTIFF IN NON STOP PAIN-N-DISCOMFORT, AND DENYING PLAINTIFF ACCESS TO SICK CALL, BUT PROVIDING SICK CALL TO ALL OTHER INMATE EACH TIME THAT SUBMIT A SICK CALL REQUEST; DENYING PLAINTIFF MULTIPLE SICK CALL REQUEST DOCS #60-62 AT 33; 35,39; 114,120,122; 124-128; 131-136; 137-140; 152-155; 201-245; 381-383; 391-393; 410; 412-414; 422.

DEFENDANTS OPENLY DECLARED-N-FOLLOWED UP THEIR THREATS WITH ACTION; NO ATTEMPTS TO DATE! WERE MADE TO PROVIDE PLAINTIFF CARE. PLAINTIFF DEPLORABLE HEALTH WAS NOT CAUSED OR IS DUE TO PLAINTIFF AGE, BUT DUE TO DEFENDANTS DENIAL OF CARE AS A MEANS TO PENALIZE PLAINTIFF.

5. CONCERNING DOC #109, P.6, ECF NOS. 60-62, SAID SUPPLEMENTS WERE FILED ON JULY 10-N- JULY 15, 2020; NOTE #3, PUSKAR IS NOT A DEFENDANT IN THE AMENDED COMPLAINT IN THIS ACTION - WHICH PLAINT WAS AFFORDED NO LESS THAN FOUR (4) OPPORTUNITIES TO FILE, BECAUSE PUSKAR WAS NOT NAMED/IDENTIFIED BY PLAINTIFF DESPITE THIS COURT REPEATED AND EXPRESS CAUTIONS THAT CLAIMS NOT INCLUDED WOULD BE WAIVED, PUSKAR IS NOT-NOR CAN HE NOW BE ADDED AS A DEFENDANT. PLAINTIFF RESPONSE: PLAINTIFF PLACED THE COMPLETE AMENDED DOCUMENT, PP 1-55; 5 PAGES PER ENVELOPE; IN THE MAIL BOX ON THE SAME DAY, 7.9.20; ONCE THE PLAINTIFF DEPOSIT THE MAIL IN THE BOX IT IS CONSIDERED FILED, AND OUT OF PLAINTIFF'S CONTROL; THIS WAS FIRST CLASS MAIL, HOUSTON V. LACK 487 U.S. 266, 271, 108 S.CT. 2378, 2382 (U.S. TENN 1988). THE PRO SE PRISONER HAS NO CHOICE BUT TO ENTRUST THE FOREWARNING OF HIS NOTICE OF APPEAL TO PRISON AUTHORITIES HE CAN NEVER BE SURE THAT IT WILL ULTIMATELY GET STAMPED "FILED" ON TIME, SPENCER V. BEARD, 351 F.APP 589, 590 (3rd CIR 2009) (TIMELY FILED UNDER THE "MAIL BOX RULE", THE DATE OF FILING OCCURS WHEN A PRISONER TRANSMIT TO PRISON AUTHORITIES FOR MAILING); LONGENETI V. KRUSING, 322 F.3d 758, 761 (3RD CIR 2003) BASED ON THE MAIL BOX RULE PLAINTIFF AMENDED COMPLAINT WAS SUBMITTED ON OR NEAR 7.9.20, BURNS V. MORTON, 134 F.3d 109, 112 (3RD CIR 1998); SMITH V. EVANS 853 F.2d 155, 161-162 (3RD CIR 1988) (PRO SE PRISONERS NOTICE ARE FILED AT THE MOMENT OF DELIVERY TO PRISON AUTHORITIES FOR MAILING TO THE DISTRICT COURT)

EACH TIME PLAINTIFF WAS CONTACTED BY THE CLERK OF COURT CONCERNING ADDING DEFENDANT G. PUSKAR TO THE LIST OF DEFENDANTS IN WASHINGTON V. KANSKY 3:19-CV-00196, PLAINTIFF DID SO IMMEDIATELY PER INSTRUCTION BY THE COURT. PLAINTIFF DID INDEED ADD GERALD PUSKAR TO THE LIST OF DEFENDANTS, AND IDENTIFIED GERALD PUSKAR AS NURSE SUPERVISOR AT SCI-SOMERSET, DOC; HE IS B:LR728; 3:19-CV-00196

(2)

LEGALLY RESPONSIBLE FOR INMATE ACCESS TO MEDICAL CARE, AND ACT AS ASST. HEALTH CARE AD-MINISTRATOR. SEE AMENDED COMPLAINT, DATED 7.9.20, DOCS 60-62 AT 20.

6. CONCERNING DOC#109, P.7 AT NOTE #6. INTER ALIA, "PLAINTIFF HAS NOT MADE ALLEGATIONS MEETING EITHER FORCED CHOICE OR PRESSURED VIOLATION", "THERE IS A COMPELLING GOVERNMENT INTEREST IN LIMITING THE AMOUNT OF PROPERTY THAT ANY ONE INMATE CAN RETAIN IN HIS CELL", "AS THE ALLEGATION OF PLAINTIFF AMENDED COMPLAINT FAIL TO STATE OR SUGGEST A CLAIM UNDER RLUIPA"

PLAINTIFF RESPONSE: PLAINTIFF ALLEGED DEFENDANTS ACTIONS FORCED PLAINTIFF TO VIOLATE THE MANDATES OF PLAINTIFF RELIGIOUS BELIEFS, SEE DOCS# 60-62 AT 248 (DAILY RITUAL)(DICTATE A DAILY READING FOUR DIFFERENT SPIRITUAL INSPIRED AFRO-KENTRIK BOOKS OR LITERATURE ON A DAILY BASIS) AT 250, 258, 261, 262, 270, 275, 282-283, 390; 497 F.3d AT NOTE 1; DOCS# 60-62 AT 396, 418, 287, 272.

DOC POLICY HAS ALREADY BEEN ADDRESSED BY THE THIRD CIRCUIT, WASHINGTON V. KLEM, 497 F.3. 272, 273 (3rd AUGUST 2, 2007)(DOC POLICY WAS NOT LEAST RESTRICTIVE MEANS FOR ACHIEVING SAFETY-N-HEALTH INTEREST) DOCS# 60-62 AT 264, 272.

THE PROBLEM WITH DEFENDANTS CLAIM THAT BY PROVIDING PLAINTIFF WITH SUFFICIENT RELIGIOUS PROPERTY INSIDE OF PLAINTIFF CELL TO ENABLE PLAINTIFF TO PERFORM PLAINTIFF RELIGIOUS BELIEFS WILL CAUSE A SAFETY-N-HEALTY HAZARD IS UNDERMINED BY THE DOC SETTLEMENT AGREEMENT, WASHINGTON V. KLEM; ALREADY ENFORCED IN FOUR DIFFERENT PRISONS FOR 108 STRAIGHT MONTHS; DEFENDANTS, PERSONALLY ENFORCED THE SETTLEMENT AGREEMENT (DOCS# 60-62 AT 248, 255, 265, 267, 268) FOR APPROXIMATELY 17 STRAIGHT AND ONLY DISCONTINUED WHEN PLAINTIFF ANGERED DEFENDANTS. ON OR NEAR 12.31.19, DEFENDANT, TICE HAD A CHANGE OF MIND. THOSE THINGS DEMONSTRATE DEFENDANTS CLAIM OF SAFETY IS NOT COMPELLING INTEREST ESPECIALLY IN LIGHT OF HAVING ENFORCED THE SETTLEMENT AGREEMENT, i.e. NINE BOXES OF RELIGIOUS LITERATURE INSIDE PLAINTIFF CELL FOR 17 STRAIGHT MONTHS; THEN DENY THE EXACT SAME RELIGIOUS LITERATURE BASED ON FIRE, SAFETY-N-HEALTH HAZARD FOR APPROXIMATELY 34 STRAIGHT MONTHS; NOW RETURN THE EXACT SAME PROPERTY; IS EVIDENCE THAT DEFENDANTS ACTIONS WERE NOT DONE IN THE INTEREST OF A COMPELLING GOVERNMENT INTEREST, AND WAS NOT THE LEAST RESTRICTIVE MEANS, HOLT V. HOBBS, 574 U.S. 352; 135 S. CT 853 HEAD-NOTE #8 (INSTITUTIONALIZED PERSONS-RELIGION-STANDARD OF PROOF: THE LEAST-RESTRICTIVE MEANS STANDARDS OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000, 42 U.S.C. 2000 et SEQ. IS EXCEPTIONALLY DEMANDING, AND IT REQUIRES THE GOVERNMENT TO SHOW THAT IT LACKS OTHER MEANS OF ACHIEVING IT DESIRED GOAL WITHOUT IMPOSING A SUBTANTIAL BURDEN ON THE EXERCISE OF RELIGION BY THE OBJECTING PARTY, IF A LESS RESTRICTIVE MEANS IS AVAILABLE FOR THE GOVERNMENT TO ACHIEVE ITS GOALS, THE GOVERNMENT MUST USE IT), WASHINGTON V. KLEM 497 F.3d 272, 284 (3rd CIR AUGUST 2, 2007)(THE SUPREME COURT HAS SUGGESTED THAT THE GOVERNMENT CONSIDER AND REJECT OTHER MEANS BEFORE IT CAN CONCLUDE THAT THE POLICY CHOSEN IS THE LEAST RESTRICTIVE MEANS). DEFENDANTS USE OF THE

R. LR 72: 3:19-CV-00196      (3)

WASHINGTON V. KLEM SETTLEMENT AGREEMENT, i.e., NINE BOXES OF RELIGIOUS PROPERTY INSIDE OF PLAINTIFF CELL.

THE WASHINGTON V. KLEM, SETTLEMENT AGREEMENT WAS SIGNED WHEN THE THIRD CIRCUIT DECIDED DEFENDANTS ACTION PLACED A SUBSTANTIAL BURDEN ON PLAINTIFF RELIGIOUS EXERCISE, WASHINGTON V. KLEM, 497 F.3d, AT 274, 286; DOCS# 60-62 AT 272; THE THIRD CIRCUIT STATES PLAINTIFF HAS SINCERE RELIGIOUS BELIEFS, 497 F.3d AT 276; AND OTHER THIRD CIRCUIT OPINION, HALL V. KLEMM, 2017 U.S. DIST. LEXIS 14767 (3rd CIR. FEB. 1, 2017)(SINCERELY HELD RELIGIOUS BELIEFS MAY BE CONSTITUTIONALLY PROTECTED IRRESPECTIVE OF THE FACT THAT IT IS OUTSIDE OF THE MAINSTREAM OF A PARTICULAR RELIGION, SEE e.g. HOLT V. HOBBS, 574 U.S. 352, 354, 135 S. CT. 853, 862, 863 (2015) (A CLAIM UNDER THE RLUIPA AND NOTING THAT THE PROTECTION OF RLUIPA NO LESS THAN THE GUARANTEE OF THE FREE EXERCISE CLAUSE, IS NOT LIMITED TO BELIEFS WHICH ARE SHARED BY ALL OF THE MEMBERS OF A RELIGIOUS SECT)

THE FOREMENTIONED DEMONSTRATE. (1) PLAINTIFF HAS A SINCERE RELIGION, (2) PLAINTIFF ALLEGED DEFENDANTS ACTIONS PREVENTED PLAINTIFF FROM UPHOLDING PLAINTIFF RELIGIOUS BELIEFS, (3) PLAINTIFF ALLEGED DEFENDANTS ACTION WAS NOT THE LEAST RESTRICTIVE MEANS, (4) THE THIRD CIRCUIT RULED THAT DEFENDANTS ACTIONS WERE A SUBSTANTIAL BURDEN ON PLAINTIFF RELIGIOUS EXERCISE, THEREFORE DEFENDANTS, TICE, E.; P. MAUST, H. SKOKA, R. SNYDER, W. BOWERS VIOLATED PLAINTIFF RLUIPA DOC# 60-62 AT 272. ALL OF THE ALLEGATIONS OF RLUIPA VIOLATIONS WERE ALLEGED TO HAVE TAKEN PLACE AFTER 2017; NO CLAIMS OF RLUIPA IN WASHINGTON V. DELISMA, ARE THE EXACT SAME ACT THAT OCCURRED PRIOR TO 2017; THAT WERE ALLEGED IN WASHINGTON V. BARNHART 3:17-CV-0070

7. CONCERNING DOC# 109, PP. 27-28, IN REFERENCE TO DONNELLY, INTER ALIA, "THE COURT NOTES THAT PLAINTIFF LENGHTY AND FREQUENT HISTORY OF ABDOMINAL/INTESTINAL PAIN AND DISCOMFORT OF THIS DEGREE, AND THE FREQUENT OF HIS SICK CALL REGISTRATION OF THOSE COMPLAINTS" "THE ALLEGATION DOES NOT SUGGEST CIRCUMSTANCE WHICH WOULD GIVE RISE TO AN 8th AMENDMENT VIOLATION BY DONNELLY" PLAINTIFF RESPONSE: PLAINTIFF ALLEGED THAT DEFENDANT, DONNELLY WAS DELIBERAT INDIFFERENT TO PLAINTIFF DISCOMFORT-N-PAIN, INABILITY TO SIT UPRIGT, AND EXPERIENCED DIFFICULTY SPEAKING CAUSED BY INTESTINAL GRIPE, WHERE DEFENDANT DONNELLY WALK AWAY-N-CONFERRED WITH THE MEDICAL PROFESSIONAL IN THE NEXT ROOM, BOTH AGREED THAT DEFENDANT, DONNELLY WAS TO SEND PLAINTIFF AWAY IN PAIN, UNTOUCHED WHILE BEGGING FOR PAIN MEDICINE, AS DEFENDANT DONNELLY MOCKED PLAINTIFF MOCKED, TELLING PLAINTIFF TO LEAVE. WHITE INMATES WERE PROVIDED CARE; YET BASED ON NON-MEDICAL REASONS, i.e. RETALIATION, RACE, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, FOR SUING DEFENDANT, DONNELLY, AND FOR FILING GRIEVANCES CONCERNING DEFENDANT DONNELLY CO WORKERS-N-FRIENDS, FAMILY, etc. DOCS 60-62 AT 114; 232, 233; 294, 296, 313; THE CONDUCT ALLEGED AGAINST DEFENDANT, DONNELLY ARE VERY MUCH LIKE IF NOT THE SAME AS THOSE ALLEGED AGAIEST MEDICAL PROFESSIONAL WHO WERE

B.LR 72: 3:19-CV-00196          (4)

NOT DISMISSED, e.g. (KAUFFMAN) DOCS #60-62 AT 141; (OPLISMA) 122; 143; 158-160 (FETTERMAN) 131-136; (TESTA) 146; 147; 26; 70; 71; 75

WHITNEY V. ALBERS, 475 U.S. 312, 319 (1986) (UNNECESSARY AND WANTON INFLICTION OF PAIN CONSTITUTES CRUEL-N-UNUSUAL PUNISHMENT FORBIDDEN BY 8th AMENDMENT), FARMER V BRENNAN 511 U.S. 825, 832 (1994) (DUTY OF HUMANE PRISON); ESTELLE V. GAMBLE, 429 U.S. 97, 104 (1976) (UNDER 8th AMENDMENT, PRISON OFFICIALS ARE PROHIBITED FROM EXHIBITING DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF INMATES.

PLAINTIFF ALLEGED SERIOUS MEDICAL NEEDS, DOCS #60-62 AT 23; DEFENDANT DONNELLY LIKENED TO OTHER MEDICAL PROFESSIONALS DENIED PLAINTIFF CARE, DOCS #60-62 AT 114. ROUSE V. PLANTIER, 182 F.3d 192, 197 (3rd CIR 1999) (PLAINTIFF MUST ALLEGE (1) SERIOUS MEDICAL NEED AND (2) ACTS OR OMISSIONS BY PRISON OFFICIALS THAT INDICATE DELIBERATE INDIFFERENCE TO THAT NEED) ESTELLE AT 104

SERIOUS FOR EIGHTH AMENDMENT PURPOSES, IF IT IS ONE THAT HAS BEEN DIAGNOSED BY A PHYSICIAN ARE REQUIRING TREATMENT OR ONE THAT IS SO OBVIOUS THAT A LAY PERSON WOULD EASILY RECOGNIZE THE NECESSITY FOR A DOCTOR'S ATTENTION, MONMOUTH CNTY. CORR. INST. INMATES V. LANZARO, 834 F.2d 326, 347 (3rd CIR 1987), PLAINTIFF PAIN WAS SO INTENSED PLAINTIFF WAS UNABLE TO SIT UPRIGHT-N-SPEAKING WAS DIFFICULT, DOCS #60-62 AT 114, WITHOU PROVIDING CARE, MOCKED PLAINTIFF, TOLD PLAINTIFF TO LEAVE; BEGGING FOR PAIN MEDICINE; AFTER HAVING CONSPIRED WITH COWORKER. LANZARO, 834 F.2d AT 347 (UNNECESSARY AND WANTON INFLICTION OF PAIN RESULTS AS A CONSEQUENCE OF DENIAL OR DELAY IN THE PROVISON OF ADEQUATE CARE)

FOR THE SAKE OF CLARITY: EACH OF THE HEALTH PROBLEMS PLAINTIFF IS SEEKING MEDICAL CARE FOR A DOCTOR WITHIN THE PA. DOC DIAGNOSED (SCI-GREENE 1994-1997; MAHANOY; RETREAT; ALBION; DALLAS, 2009; HUNTINGDON, FAYETTE, GREENE WHILE ON ATA 2016; GEISINGER MEDICAL CENTER; SCI-GREENE, 2009-2015), DEFENDANTS REFUSAL TO PRESCRIBE MEDICINE OR CARE BY SPECIALISTS IS WILL-AT CAUSE THESE HEALTH PROBLEM TO GET WORST, NOT PLAINTIFF AGE; DENIAL, ACCORDING TO DEFENDANTS IS TO PENALIZE PLAINTIFF, DOCS #60-62 AT 26-29; 35; 36; 39; 40; 45-52; 56-66; 75; 76-84. N.B. PLAINTIFF BEG THIS COURT TO FOLLOW UP ON THE INFORMATION PROVIDED AT DOC #109 NOTE 4, CONCERNING THE AFFECTS OF WHIPPLES, DOCS #60-62 AT 381-383, 422; NOT PLAINTIFF SELF DIAGNOSIS, DEFENDANTS HAVE NO DIFFICULTY PROVIDING CARE FOR THE OTHER ELDERLY INMATES, ESPECIALLY WHITE INMATES, ... AGE WOULD DICTATE THAT PLAINTIFF WOULD BE PROVIDED CARE, STILL PLAINTIFF AGE IS NOT A PREREQUISITE FOR MEDICAL PROFESSIONALS TO IGNORE PAIN-N-DISCOMFORT. MEDICAL RECORDS ARE SOLELY COMPILED BY DEFENDANTS WHOM HAVE A DRIVEN AGENDA, THEREFORE, THEY'RE UNRELIABLE

DEFENDANT, DONNELLY, LIKEN TO THE OTHER MEDICAL PROFESSIONALS, IGNORED THE RISK, MOCKED, DOCS #60-62 AT 26, 381-383; 392; 407; 412-415 FARMER V. BRENNEN, 511 U.S. 825, 847 (1994) (KNEW THE RISK OF SERIOUS HARM-N-DISREGARDED THE RISK), DEFENDANT, DONNELLY ACT WAS INTENTIONAL, AND FOR NON MEDICAL REASONS. PERSON 850 F.3d AT 534, 537, 538 (DENIAL OR DELAY MOTIVATED BY NON-MEDICAL FACTOR)

B; LR 72: 3:19-CV-00196

(5)

(1) PRISON AUTHORITIE DENY REASONABLE REQUESTS FOR MEDICAL TREATMENT (2) KNOWLEDGE OF THE NEED FOR MEDICAL CARE IS ACCOMPANIED BY THE INTENTIONAL REFUSAL TO PROVIDE IT; (3) NECESSARY MEDICAL TREATMENT IS DELAYED FOR NON-MEDICAL REASONS, AND (4) PRISON AUTHORITIES PREVENT AN INMATE FROM RECEIVING RECOMMENDED TREATMENT FOR SERIOUS MEDICAL NEEDS) LANZARO, 834 F.2d AT 347; DRUMMER V. O'CARROLL, 991 F.2d 64, 68 (3rd CIR 1993)

DEFENDANT, DONNELLY LIKED TO DEFENDANTS WHOM WERE NOT DISMISSED, DEFENDANT, DONNELLY WAS ALLEGED TO INTENTIONALLY TREAT WHITES DIFFERENT FROM THE WAY DEFENDANT, DONNELLY TREAT PLAINTIFF. Docs #60-62 AT 232; 233; 21; 73; 406; 393; 201-203; McCLESKY V. KEMP, 481 U.S. 279, 292 (1987) (ALLEGES AN EQUAL PROTECTION VIOLATION HAS THE BURDEN OF PROVING THE EXISTENCE OF PURPOSFUL DISCRIMINATION); PLYLER V. DOE, 457 U.S. 202, 217 (1982) (STRICT SCRUTINY APPLIES TO HIS FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIMS; NOT PRECISELY TAILORED TO SERVE A COMPELLING GOVERNMENT INTEREST) Docs #60-62 AT 71 (N.B. LIKENED TO OTHERS, Docs #60-62 AT 203-231; 234-245; 37; 39; PLAINTIFF ALLEGED THAT DEFENDANT, DONNELLY ACTIONS WERE DONE TO PENALIZE PLAINTIFF; THE DEFENDANTS WHOM WERE NOT DISMISSED WERE PLAINTIFF MADE THE EXACT SAME RETALIATIONS AGAINST, Docs #60-62, 296; 114; 40-52; 56-62; 395 DIAZ-CRUZ V. SYMONS, 2016 WL 6248025 *16 (M.D. PA. OCTOBER 26, 2016) (DENIAL OF MEDICAL CARE CAN CONSTITUTE AN ADVERSE ACTION FOR THE PURPOSES OF A RETALIATION CLAIM); HUGHES V. SMITH, NO. 3-05235, 2005 WL 435226 *4 (3Rd CIR FEBRUARY 14, 2005); FANTONE V. LATINI, 780 F.3d 184, 191 (3Rd 2015); RAUSER V. HORN, 241 F.3d 330, 333 (3Rd CIR 2001) (ALLEGED THAT PLAINTIFF SUFFERED ADVERSE ACTIONS BY PRISON OFFICIALS "SUFFICIENT TO DETER A PERSON OF ORDINARY FIRMNESS FROM EXERCISING HIS CONSTITUTIONAL RIGHTS) CORLESSA V. CITY OF CHESTER, 04-01039, 2005 WL 278978 *7 (3Rd CIR OCTOBER 24, 2005) (DENYING MOTION TO DISMISS RETALIATION CLAIM WHERE PLAINTIFF ALLEGED THAT HE WAS DENIED ADEQUATE MEDICAL ASSISTANCE BY PRISON OFFICIALS IN RETALIATION FO ATTEMPTING TO FILE GRIEVANCES)

PLAINTIFF ALLEGED THAT BY DEFENDANT, DONNELLY WENT TO HER COWORKER, BOTH CAME TO AN AGREEMENT TO TELL PLAINTIFF TO LEAVE WITHOUT HAVING RECEIVED CARE WHICH DEMONSTRATES A MEETINGS OF THE MINDS, THIS CONSTITUTES A CLAIM OF CONSPIRACY. Docs #60-62, AT 114; 313; 35; 26; 21; 40-62; 381-383; 407; 422 TALLEY V. VARNER, 2018 U.S. DIST. LEXIS 208729 *21, 22 (3Rd CIR 2018) (1) ALLEGATIONS THAT ADDRESS THE PERIOD OF THE CONSPIRACY (2) OBJECT OF THE CONSPIRACY (3) THE CERTAIN ACTIONS ALLEGED CONSPIRATOR TAKEN TO ACHIEVE THAT PURPOSE); JONES V. McKOY, 2019 U.S. DIST. LEXIS 31770 *26 (3Rd CIR FEBRUARY 26, 2019) (TO STATE A CLAIM FOR CONSPIRACY UNDER 42 U.S.C. 1983 A PLAINTIFF MUST ALLEGE THAT THE PERSON ACTING UNDER THE COLOR OF LAW CONSPIRED TO DEPRIVE PLAINTIFF OF A FEDERALLY PROTECTED RIGHT) PLAINTIFF 1st, 8th, AND 14th AMENDMENTS SHEARIN V. E.F. HUTTON GRP., INC., 885 F.2d 1162, 1163 (3Rd CIR 1989) PLAINTIFF ALLEGED THE DATE DEFENDANT, DONNELLY CONDUCT WAS COMMITTED ALLEGELY (2) THE ALLEGED OBJECT OF THE CONSPIRACY WAS TO PENALIZE PLAINTIFF (3) ALLEGED DEFENDANT,
B. LR72:3: 19-CV-00196

(6)

DONNELLY DENIED PLAINTIFF MEDICAL CARE, FREE SPEECH PER RETALIATION, AND EQUAL PROTECTION, COMMITTED TO PENALIZE PLAINTIFF FOR NON MEDICAL REASONS, IN THIS INSTANCE, THE FACTUAL BASIS OF PENALIZING PLAINTIFF IS ENOUGH TO SURVIVE FRCP 12(B)(6) DISMISSAL. CAPOGROSSO V. SUPREME CT. OF N.J. 588 F.3d 180, 184 (3rd CIR 2009); YOUNG V. KANN, 926 F.2d 1396, 1405 N. 16 (3rd 1991); RIDGEWOOD BOARD OF EDUCATION V. N.E. EX REL. M.E. 172 F.3d 238, 254 (3rd CIR 1999) (A CIVIL RIGHTS OF CONSPIRACY MUST SHOW A UNDERSTANDING OR "MEETING OF THE MINDS" WITH FACTS DEMONSTRATING AGREEMENT AND CONCERTED ACTION) DECK V. LEFTRIDGE, 771 F.2d 1168, 1170 (8th CIR 1985); D.R. BY L.R. V. MIDDLE BUCKS AREA VOCATIONAL TECHNICAL SCH., 972 F.2d 1364, 1377 (3rd CIR. 1992) (AGREEMENT OR CONCERTED ACTION BETWEEN INDIVIDUAL, TO DEPRIVE PLAINTIFF OF A PROTECTED RIGHT); STARTZELL V. CITY OF PHILA., 533 F.3d 183, 205 (3rd CIR. FEBRUARY 11, 2008) (IF THERE IS A DIRECT EVIDENCE, AN AGREEMENT OR MEETING OF THE MINDS MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE, SUCH AS BY IDENTIFYING INTERACTION BETWEEN THE CONSPIRATORS, THE APPROXIMATE TIMING OF THE AGREEMENT, THE PARTIES IN AGREEMENT, AND THE PERIOD OR OBJECT OF THE CONSPIRACY) N.B.

8. DOC #109, PP 28, 29 AT C INTER ALIA, "A PLAINTIFF MUST THEREFORE ALLEGE WITH PARTICULARITY AND PRESENT MATERIAL FACTS WHICH SHOW THAT THE PURPORTED CONSPIRATORS REACHED SOME UNDERSTANDING OR AGREEMENT OR PLOTTED, PLANNED AND CONSPIRED TOGETHER TO DEPRIVE PLAINTIFF OF A FEDERAL RIGHT

PLAINTIFF RESPONSE: WHERE DEFENDANTS RECITED THE NAMES OF PRESENT-N-PAST LAW SUITS, NUMBER GRIEVANCES, MAKING THE SAME TREATS, VOWING TO PENALIZE PLAINTIFF WORD FOR WORD ARE EVIDENCE OF A MEETING OF THE MINDS; OR PLAN TO DEPRIVE PLAINTIFF OF PLAINTIFF 1st, OR 8th, OR 14th AMENDMENT, OR RLUIPA; DEMONSTRATE CONSPIRACY, AND MEET FACTS THAT SURPASS CONCLUSORY BLANKET STAGE STATEMENTS; DOCS #60-62 AT 129; 130; 207; 210; 213; 214; 216; 218; 241; 252-254; 257; 263; 286; 290; 300; 302; 304; 305; 317; 320; 381-383; BOTH WARDENS AT 388; 400; 407; 420; 422; 27; 31; 38; 40; 52; 56; 57-60; 97; ALL CONCERNING GRIEVANCE-LAW SUIT-COMMUNICATIONS WITH AUTHORITIES, PLAINTIFF DID MAKE DEFENDANTS AWARE OF THIS INFORMATION; IT IS OBVIOUS THE DEFENDANTS SHARED THIS INFORMATION AMONG THEMSELVES; A MEETING OF THE MIND; DOCS #60-62 AT 382; 27; 56; 60; WHERE DEFENDANTS BRAGGED PRIOR TO-N-AFTER THE ALLEGED MISCONDUCT; THESE ARE DEMONSTRATING A PLAN, ACTS IN CONCERT, AGREEMENT, AND A MEETING OF THE MINDS; DENYING PLAINTIFF 1st, 8th, 14th, AND RLUIPA RIGHTS STARTZELL V. CITY OF PHILA., 533 F.3d 183, 205 (3rd CIR. FEBRUARY 11, 2008); D.R. BY L.R. V. MIDDLE BUCKS AREA VOCATIONAL TECHNICAL SCH., 972 F.2d 1364, 1377 (3rd CIR 1992); ROSE V. BARTLE, 871 F.2d 331, 366 (3rd CIR 1989) (AN AGREEMENT OR CONCERTED BETWEEN INDIVIDUALS; PARTICULARITY FACTS SHOWING PURPORTED CONSPIRATORS REACHED SOME UNDERSTANDING OR AGREEMENT OR PLOTTED, PLANNED CONSPIRED TOGETHER TO DEPRIVE PLAINTIFF OF A PROTECTED FEDERAL RIGHT) IF THERE IS A LACK OF DIRECT EVIDENCE, AN AGREEMENT OR MEETING OF THE MINDS MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE, SUCH

B: LR 72: 3:19-CV-00196         (7)

As by identifying interaction between the conspirators, the approximate timing of the agreement, the parties in agreement, and the period or object of the conspiracy) In this instance Defendants Sroka, Peschock, Snyder, Bowers, Tice-N-Hyde, and Maust are all DOC staff; ② All eat in same chow hall ③ Defendant, Sroka was the assistant warden whom went to each defendant work site daily, penalizing plaintiff was their object; ⑤ Defendant, Snyder-N-Bowers taunted plaintiff on A-Block as the two stood together; Defendant Maust and Sroka discussed not providing plaintiff religious literature. ⑥ All, i.e. Peschock, Maust, Sroka, Snyder, Bowers, Hyde-N-Tice were angry that plaintiff didn't sign off on grievance #659236; those alleged facts are sufficient to plausiably suggest a meeting of the minds, agreement or plan between defendant.

9. Doc #109, P. 32, The court reference to plaintiff as what appears to be hypochondria. -- Plaintiff response. Plaintiff has been evaluated by psychiatrist-n-psychologist on two separate DOC psychiatric centers; regularly while housed at SCI-Somerset (2015 - to date!) NOT ONCE has plaintiff been diagnosed as hypochondria. Via grievance response plaintiff is order to continue submitting sick call request.

10. Doc #109, pp 30; 31: Plaintiff asserts that defendant refused to provide constitutionally adequate medical care to penalize plaintiff for filing complaints, in various forms against defendants, personally, as well as other medical and correctional officer. . . . Plaintiff response: Plaintiff did not share information concerning legal actions, grievances, or outgoing mail yet defendants, Sroka, Snyder, Maust, Peschock, Bowers, Tice-N-Hyde routinely recite this information accurately, Docs #60-62 at 57; 422; which further evidence plausiable suggestion of a meeting of the minds.

11. Doc #109, P. 32, Lower bunk claustrophobia, heart attack symptoms such as chest pains, respiratory difficulties, periphera numbness . . . Plaintiff response: Every cell has a top bunk, and a lower bunk. For the sake of clarity, there is a difference in a top tier, and the bottom tier, i.e. located on the floor; The top tier is far warmer than bottom tier. Plaintiff has poor circulation which causes a struggle to keep warm which causes plaintiff to experience heart attack symptoms. The warmth of the top tier plaintiff allows plaintiff to exist without the experience of heart attack symptoms, not claustrophobia.

12. Doc #109, P. 33. As plaintiff himself repeatedly acknowledges, the restorative scope of medical treatment for many of his condition - related to his age and general health. . . Plaintiff response: Plaintiff words somehow have been misinterpreted. Defendant are successful in providing adequate care to other elderly inmates, especially white inmates. To DATE! Defendants, refused to provide care for plaintiff, to stand by intentionally allowing

BLR72:3:19-CV-00196    ⑧

PLAINTIFF MINOR HEALTH PROBLEMS, i.e. SERIOUS HEALTH PROBLEMS WERE IN THEIR EARLY STAGES, TO EVOLVE INTO A STAGE THAT CAN ONLY BE CORRECTED VIA SURGERY, OR LONG TERM PRESCRIBED MEDICINES, e.g. EYE SIGHT; HEARING WAS NOT EVEN TOUCHED; MY SWOLLEN RIGHT LEG STILL BEING IGNORED; INABILITY TO SPEAK ALOUD-N-URETHRAL STRICTURE WAS CAUSED BY STAFF ASSAULTS, MEDICAL RECORD WON'T TELL YOU THAT, AND NO ATTEMPT HAS BEEN MADE TO CORRECT THOSE INJURIES; PLAINTIFF FEET ARE IN RUINS, AND HAS ADVANC- UP PLAINTIFF LEG, IGNORED TO DATE! THE DIGESTIVE PROBLEMS ALREADY DIAGNOSED, PLAINTIFF WAS DENIED MEDICINES-N-DIET SUPPLEMENT, NO MEDICAL RECORD WILL TELL YOU THIS, N.B. MEDICAL RECORDS ARE COMPILED SOLELY BY THOSE WITH AN AGENDA

13. DOC #109, P. 41, AT , ECF NOS. 69;71;79;91, DEFENDANTS, GIRONE AND IRWIN, RESPECTIVELY, GRANTED AS THE ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT ARE REDUNDANT WITH PLAINTIFF'S CLAIMS AGAINST THOSE DEFENDANTS CURRENTLY PENDING ON MOTION FOR SUMMARY JUDGMENT BEFORE THE COURT IN WASHINGTON V. BARNHART, NO. 3:17-CV-00070 (THE 2017 SCI-SOMERSET ACTION) PLAINTIFF RESPONSE: NO CLAIMS OF RETALIATION, AND CONSPIRACY ARE MADE AGAINST DEFENDANT, GIRONE IN WASHINGTON 3:17-CV-0070; RETALIATION, AND CONSPIRACY CLAIMS ARE ALLEGED AGAINST DEFENDANT, GIRONE IN WASHINGTON 3:19-CV-00196 AT 292;309;... NO CLAIM FOR DELIBERATE INDIFFERENCE ON FEBRUARY 19, 2019; NO CLAIM FOR EQUAL PROTECTION ON 2.19.19; NO RETALIATION, AND CONSPIRACY ARE ALLEGED AGAINST DEFENDANT, IRWIN, IN WASHINGTON 3:17-CV-00070; THE ALLEGED DATES OF DELIBERATE INDIFFERENCE CITED IN 3:17-CV-00070, ARE 10.27.15; 5.24.16; 6.1.16; 8.16.16; 10.25.16; 12.27.16; 9.27.17; 10.18.17; AND NONE OF THOSE DATES ARE ALLEGED FOR DELIBERATE INDIFFERENCE OR EQUAL PROTECTION AGAINST DEFENDANT IRWIN IN 3:19-CV-00196. THE ONLY CLAIM ALLEGED AGAINST DEFENDANT, IRWIN FOR DELIBERATE INDIFFERENCE IS ON OR NEAR 2.19.19, WHICH IS THE ALLEGED DATE OF THE ALLEGED CONDUCT TOOK PLACE. THE RETALIATION-N-CONSPIRACY CLAIMS ALLEGED AGAINST DEFENDANT, IRWIN IN 3:19-CV-00196 ARE LOCATED AT DOCS #60-62 AT , 294;311; EQUAL PROTECTION, DOCS #60-62 AT 228;229 THE CLAIMS OF 3:19-CV-00196 ARE NOT! PENDING ON MOTION FOR SUMMARY JUDGMENT BEFORE COURT IN WASHINGTON V. BARNHART, 3:17-CV-00070;

PLAINTIFF RESPONSE TO ECF. 79 CONCERNING DEFENDANTS, MAUST, SROKA-N-PESCHOCK AS BEING REDUNDANT WITH THOSE PENDING SUMMARY JUDGMENT IN 3:17-CV-0070; NO CLAIMS ARE ALLEGED IN 3:17-CV-00070 FOR RETALIATION, AND CONSPIRACY AGAINST DEFENDANTS, MAUST, SROKA-N-PESCHOCK...
THE EQUAL PROTECTION CLAIMS ALLEGED WITH A CAVEAT AGAINST, DEFENDANT, MAUST, SROKA-N-PESCHOCK, WHICH GIVE THE DATE THE VIOLATIONS BEGIN THEN STATES ON GOING TO DATE! i.e. 7.9.20, THE DATE THE AMENDED COMPLAINT WAS FILED. THEREFORE THE CLAIMS ALLEGED IN 3:19-CV-00196 ARE NOT RELEVANT TO DATES PRIOR TO 7.22.13 (MAUST); 11.22.16 (SROKA); 5.23.19, (PESCHOCK) 3:19-CV-00196; THE CLAIMS ALLEGED FOR EQUAL PROTECTION BLR 72: 3:19-CV-00196

(9)

DOCS #60-62 AT 211-214 (MAUST, SROKA), 217-223 (PESCHOCK). ALLEGED CLAIMS FOR RETALIATION AGAINST DEFENDANTS, (MAUST, SROKA-N-PESCHOCK) ARE NOT ALLEGED IN 3:17-CV-0070; NO CLAIM OF CONSPIRACY ARE ALLEGED AGAINST DEFENDANTS, MAUST, SROKA-N-PESCHOCK IN 3:17-CV-0070; THEREFORE THE ALLEGED CLAIMS OF RETALIATION, AND CONSPIRACY CANNOT BE PENDING IN SUMMARY JUDGMENT IN 3:17-CV-0070, SEE DOCS #60-62 AT 287-290; 319, 320; 307, 308, ... PLEASE OBSERVE THE DATE OF THE CLAIMS ALLEGED AGAINST, DEFENDANT, IN 3:17-CV-0070, ,

PLAINTIFF RESPONSE TO ECF. NO. 91 WAS CITED ABOVE

PLAINTIFF QUESTION TO THE COURT IS, IF SOMEONE VIOLATES YOUR RIGHTS IN 2017 WHILE MAKING COMMENTS; YEARS LATER THE SAME PERSON VIOLATES THE SAME RIGHTS WHILE MAKING THE EXACT SAME COMMENT DOES THAT MEAN THAT PERSON CANNOT BE HELD RESPONSIBLE FOR THE CONDUCT COMMITTED YEARS LATER BECAUSE THE COURT IS STILL DECIDING THEIR FIRST ACT? WHY SHOULD THE PLAINTIFF BE DENIED HIS CLAIMS FOR ALLEGING THE SPOKEN WORDS WHICH WAS THE EXACT SAME IN THE FIRST ACT

PLAINTIFF BEG THIS COURT TO PONDER WHAT THIS DECISION IMPLIES THAT YOUR RIGHTS VIOLATED TODAY WHILE THE PERSON MAKE COMMENT; NOW, THAT SAME PERSON VIOLATES THE SAME RIGHTS WHILE MAKING THE EXACT SAME COMMENTS; REPORTED AS SO; THIS DECISION SAY THAT PERSON WILL NOT BE HELD RESPONSIBLE

N.B. PLAINTIFF RESPOSE TO NOTE #9, DOC #109, P.9; THIS NOT AN ATTEMPT BY PLAINTIFF TO BLAME THE COURT. HAVING FILED SEVERAL LAW SUIT DOES MAKE ONE A GOOD LITIGATOR. PLAINTIFF HAS DEMENTIA, EVERYTHING IS A STRUGGLE. PLAINTIFF HAS BEGGED THIS COURT REPEATEDLY TO PROVIDE APPOINTED COUNCIL DUE TO PLAINTIFF MENTAL STATE-N-INCAPABILITY. PLAINTIFF IS DOING PLAINTIFF BEST TO COMPLY, ANY SHORTCOMING IS NOT! INTENTIONALLY COMMITTED. PLEASE CONSIDER DOCS #60-62, AT 396-398; 408; 411 ... IN LIGHT OF THE COURT REMARK IN DOC #109, PP. 21, 22, AT "A", PLAINTIFF DECLARE; PLAINTIFF HAS DONE THE BEST HE POSSIBLY COULD. THE COURT REMARKS HAS THE TENOR OF A PRECURSOR TO DISMISSING PLAINTIFF CLAIM NOW PENDING SUMMARY JUDGMENT, 3:17-CV-0070, PLEASE HAVE MERCY, IS PLAINTIFF WORDS. WHEN CONSIDERING PRO SE PLEADINGS, A COURT MUST EMPLOY LESS STRINGENT STANDARDS THAN WHEN JUDGING THE WORK PRODUCT OF AN ATTORNEY. HAINES V. KERNER, 404 U.S. 519, 520 (1972) WHEN PRESENTED WITH A PRO SE COMPLAINT, THE COURT SHOULD CONSTRUE THE COMPLAINT LIBERALLY AND DRAW FAIR INFERENCES FROM WHAT IS NOT ALLEGED AS WELL AS FROM WHAT IS ALLEGED. DLUHOS V. STRASBERG, 321 F.3d 365, 369 (3rd CIR 2003) IN A 42 U.S.C. 1983 CIVIL RIGHT ACTION, THE COURT MUST APPLY THE APPLICABLE LAW IRRESPECTIVE OF WHETHER THE PRO SE LITIGANT HAS MENTIONED IT BY NAME. HIGGINS V. BEYER, 293 F.3d 683, 688 (3rd CIR 2002) NAMI V. FAUVER, 82 F.3d 63, 65 (3rd 1996) SINCE THIS IS A 1983 ACTION, THE PRO PLAINTIFFS ARE ENTITLED TO RELIEF IF THEIR COMPLAINT SUFFICIENTLY ALLEGES DEPRIVATION OF ANY RIGHT SECURED BY THE CONSTITUTION.

## VERIFICATION

I HAVE READ THE FOREGOING BRIEF IN OBJECTION TO MAGISTRATE JUDGE DECISON TO DISMISS PLAINTIFF CLAIMS FOR FAILURE TO STATE A CLAIM, AND HEREBY VERIFY THAT THE RESPONSES THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEFS AND AS TO THOSE, I BELIEVE THEM TO BE TRUE.

PURSUANT TO 28 USC § 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, EXECUTED THIS 9th DAY OF APRIL 2020, AT SCI-SOMERSET, SOMERSET, PA.

**FILED**
APR 15 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

DATED: 4.9.21

BLR 72: 3:19-CV-00196

(10)

"RESPECTFULLY SUBMITTED"
S/ Henry Unseld Washington
HENRY UNSELD WASHINGTON
AM-3086; PRO SE