IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON : CIVIL ACTION

 V. : NO.19-196

KANSKY DELISMA, MD, ET AL. :

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, KANSKY DELISMA, MD,
DAKOTA TESTA, PA, ELLIS KAUFMAN, PA, JAMES FETTERMAN, PA,
RICHARD HUTCHINSON, PA, AND ROXANNE PLAYSO,
TO PLAINTIFF, HENRY UNSELD WASHINGTON'S AMENDED COMPLAINT (DOC. 43)

 Defendants, Kansky Delisma, MD ("Dr. Delisma"), Dakota Testa, PA ("Testa"), Ellis

Kaufman, PA ("Kaufman"), James Fetterman, PA ("Fetterman"), Richard Hutchinson, PA

("Hutchinson") and Roxanne Playso, PA ("Playso") (collectively "Medical Defendants")

respectfully files this Answer and Affirmative Defenses to Henry Unseld Washington's

("Washington"), Amended Complaint in compliance withe the Court's March 31, 2021 Order

(Doc. 110) and states as follows:

 I. <u>JURISDICTION AND VENUE</u>

 1. Denied as stated. Jurisdiction is a conclusion of law to which no responsive

pleading is required. Strict proof thereof is demanded at trial if relevant. Washington is not

entitled to injunctive or declaratory relief.

 2. Admitted. The events that give rise to this action took place at SCI-Somerset.

 II. <u>PLAINTIFF</u>

 3. Admitted.

 III. <u>DEFENDANTS</u>

 4. Admitted in part, Denied in part. It is admitted that Dr. Delisma is a physician at

SCI-Somerset. All other allegations are denied as a conclusion of law to which no responsive

pleading is required. Strict proof thereof is demanded at trial if relevant.

 5. Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is

denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict

proof thereof is demanded at trial if relevant.

6.      Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

7.      Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

8.      Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

9.      Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

10.      Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

11.      Admitted in part, Denied in part. It is admitted that Kaufman is a physician's assistant at SCI-Somerset. All other allegations are denied as a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

12.      Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

13.      Admitted in part, Denied in part. It is admitted that Playso is a physician's assistant at SCI-Somerset. All other allegations are denied as a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

14.      Denied. Donnelly has been dismissed from this action.

2

15.     Admitted in part, Denied in part. It is admitted that Fetterman is a physician's assistant at SCI-Somerset. All other allegations are denied as a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

16.     Admitted in part, Denied in part. It is admitted that Hutchinson is a physician's assistant at SCI-Somerset. All other allegations are denied as a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

17.     Admitted in part, Denied in part. It is admitted that Testa is a physician's assistant at SCI-Somerset. All other allegations are denied as a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

18.     Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

19.     Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

20.     Denied. The Medical Defendants are not employees of the Department of Corrections.

20a. Denied. This paragraph is not directed to a Medical Defendant.  Therefore, it is denied. This assertion is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

IV.     FACTS:

21.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

22.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

23.     Denied. This is a conclusion of law to which no responsive pleading is required.

3

Strict proof thereof is demanded at trial if relevant.

24.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

25.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

26.     Denied. At no time did the Medical Defendants deny Washington proper medical care or give him the middle finger, engage in racist rants, mocked Washington or physically threatened him. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

27.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

28.     Denied. The Medical Defendants were not associated with Washington's weight 20 years ago.

29.     Denied. At no time did the Medical Defendants deny Washington proper medical care. Washington's statements are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

30.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

31.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

32.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict

proof thereof is demanded at trial if relevant.

33.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

34.     Denied as stated. Sick call is at different times based on where a inmate may be housed, generally sick call will be in the morning.

35.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

36.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

37.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

38.     Denied. At no time were the Medical Defendants state actors/agents. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

39.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

40.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

41.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

5

42.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

43.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

44.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

45.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

46.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

47.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

48.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

49.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

50.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

51.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

52.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

53.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

54.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

55.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

56.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

57.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

58.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

59.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

60.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

61.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

62.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

63.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

64.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

65.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

66.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

67.     Denied. At no time did the Medical Defendants deny Washington proper medical

care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

68.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

69.     Denied as stated. There is no reference as to what dates are being referred to.

70.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

71.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

72.     Denied. At no time did the Medical Defendants deny Washington proper medical care. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

73.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

74.     Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

75.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

76.     Denied as stated. There is no reference as to what dates are being referred to. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant. Washington received proper medical care while in prison.

77.     Denied. No such evidence appears in the medical chart. In addition, this is a

conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant. Washington received proper medical care while in prison.

78.     Denied. Washington does not have such a diagnosis. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

79.     Denied. Defendants do not know what tests and the date of these tests that Washington is referring to, therefore the paragraph is denied.

80.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

81.     Denied. There is no full statement in this paragraph, therefore it is denied.

82.     Denied as stated. Washington does not have Whipples disease. He received proper care at all times.

83.     Denied. Washington does not have Whipples disease.  He received proper care at all times.

84.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

85.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

86.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

87.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which

9

no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

88.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

89.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

90.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

91.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

92.     Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

V.     EXHAUSTION OF LEGAL REMEDIES:

93.     Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

94.     Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

95.     Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

96.     Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

97.     Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

10

VI.    <u>LEGAL CLAIMS</u>:

<u>COUNT ONE - DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT</u>

98.    Medical Defendants answers to paragraphs 1-97 are incorporated as if fully stated herein.

99.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

100.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

101.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

102.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

103.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

104.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

105.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

106.    Denied. This is not addressed to the Medical Defendants. After reasonable

investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

107.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

108.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

109.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

110.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

111.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

112.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

113.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

114.    Denied. Donnelly has been dismissed from this action.

115.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which

no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

116.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

117.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

118.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

119.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

120.   Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

121.   Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

122.   Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

123.   Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

124.   Denied. At no time did the Medical Defendants deny Washington proper medical

care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

125.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

126.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

127.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

128.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

129.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

130.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

131.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

132.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

14

133.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

134.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

135.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

136.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

137.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

138.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

139.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

140.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

141.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which

no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

142.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

143.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

144.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

145.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

146.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

147.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

148.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

149.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

150.    Denied. At no time did the Medical Defendants deny Washington proper medical

care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

151.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

152.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

153.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

154.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

155.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

156.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

157.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

158.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

159.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

160.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

161.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

162.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

163.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

164.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

165.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

166.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

167.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or

falsity of this averment.

168.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

169.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

170.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

171.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

172.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

173.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

174.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

175.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

176.    Denied. At no time did the Medical Defendants deny Washington proper medical

care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

177.   Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

178.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

179.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

180.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

181.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

182.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

183.   Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

184.   Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

185.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

186.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

187.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

188.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

189.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

190.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

191.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

192.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

193.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which

no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

194.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

195.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

196.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

197.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

198.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

199.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

<u>COUNT II EQUAL PROTECTION</u>

200.    The Medical Defendants incorporate their responses to paragraphs 1-199, as if fully stated herein.

201.    Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

202.    Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

203.    Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

204.    Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

205.    Denied. This a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

206.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

207.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

208.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

209.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

210.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

211.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

212.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or

falsity of this averment.

213. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

214. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

215. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

216. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

217. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

218. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

219. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

220. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

221. Denied. This is not addressed to the Medical Defendants. After reasonable

investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

222.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

223.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

224.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

225.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

226.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

227.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

228.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

229.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

230.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

231.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

232.     Denied. Donnelly has been dismissed from this action.

233.     Denied. Donnelly has been dismissed from this action.

234.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

235.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

236.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

237.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

238.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

239.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

240.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

241.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

242.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

243.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

244.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

245.     Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

## COUNT THREE, FREE SPEECH

246.     The Medical Defendants incorporate their responses to paragraphs 1-245 as if fully stated herein.

247.     Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

248.     Denied.  After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

27

249.    Denied.  After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

250.    Denied.  After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

251.    Denied.  After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

252.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

253.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

254.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

255.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

256.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

257.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

258.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

259.    Denied. This is not addressed to the Medical Defendants. After reasonable

investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

260.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

261.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

262.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

263.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

264.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

265.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

266.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

267.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

268.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

269.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

270.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

271.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

272.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

273.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

274.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

275.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

276.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or

falsity of this averment.

277.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

278.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

279.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

280.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

281.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

282.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

283.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

284.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

285.    Denied. This is not addressed to the Medical Defendants. After reasonable

investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

286. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

287. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

288. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

289. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

290. Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

291. Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

292. Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

293. Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

294.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

295.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

296.    Denied. Donnelly has been dismissed from this action.

297.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

298.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

299.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

300.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

301.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

302.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

303.    Denied. This is not addressed to the Medical Defendants. After reasonable

investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

304.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

305.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

306.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

307.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

308.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

309.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

310.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

311.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

312.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

313.    Denied. Donnelly has been dismissed from this matter.

314.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

315.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

316.    Denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, this is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

317.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

318.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

319.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

320.    Denied. This is not addressed to the Medical Defendants. After reasonable investigation they lacks sufficient information or knowledge to form a belief as to the truth or falsity of this averment.

321.    Denied. This is a conclusion of law to which no responsive pleading is required.

Strict proof thereof is demanded at trial if relevant.

VII.   <u>INJURY</u>

322.   The Medical Defendants incorporate their responses to paragraphs 1-321 as if fully stated herein.

323.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

324.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

325.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

326.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

327.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

328.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

329.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

330.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

331.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

332.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

333.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

334.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

335.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

336.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

337.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

338.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

339.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

340.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

341.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

342.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

VIII.    PRAYER FOR RELIEF:

343.    The Medical Defendants incorporate their responses to paragraphs 1-342 as if fully stated herein.

344.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

345.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

346.    Denied. This is a conclusion of law to which no responsive pleading is required.

Strict proof thereof is demanded at trial if relevant.

347.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

348.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

349.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

350.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

351.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

352.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

353.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

354.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

355.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

356.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

357.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

358.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

359.    Denied. This is a conclusion of law to which no responsive pleading is required.

Strict proof thereof is demanded at trial if relevant.

360.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

361.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

362.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

363.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

364.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

365.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

366.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

367.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

368.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

369.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

370.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

371.    Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

372.    Denied. This is a conclusion of law to which no responsive pleading is required.

Strict proof thereof is demanded at trial if relevant.

373.   Denied. This is a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

IX. Washington then has what he refers to as a Declaration.

374-423. Denied. These paragraphs are basically a running monologue. The paragraphs are not part of the Amended Complaint. If it is considered part of the Amended Complaint, then all of the paragraphs are denied. At no time did the Medical Defendants deny Washington proper medical care. These statements by Washington are false. In addition, these are conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial if relevant.

WHEREFORE, the Medical Defendants, demand Judgment in their favor together with all costs and attorneys' fees and whatever other recovery amount the Court finds just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The applicable statute of limitations bars the Amended Complaint .

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint  fails to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Washington resulted from the conduct of third parties other than the Medical Defendants, over whom answering Medical Defendants have no right of control or duty to control, whether or not parties to this action.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times the Medical Defendants provided treatment in accordance with the applicable standards of medical care at the time and place of treatment.

### FIFTH AFFIRMATIVE DEFENSE

No act or omission of the Medical Defendants were the proximate cause of any of

40

Washington's alleged injuries.

SIXTH AFFIRMATIVE DEFENSE

The Medical Defendants breached no duty which was allegedly owed to Washington.

SEVENTH AFFIRMATIVE DEFENSE

The Medical Defendants fulfilled each and every duty which was owed to Washington.

EIGHTH AFFIRMATIVE DEFENSE

The Medical Defendants reserve the right to assert any additional defenses which may appear during the course of investigation and discovery of this matter

NINTH AFFIRMATIVE DEFENSE

Washington has failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a) and Department of Corrections Policy DC-ADM804 and/or any other applicable policies.

TENTH AFFIRMATIVE DEFENSE

Washington has failed to properly allege a physical harm caused by the Medical Defendants. Consequently, 42 U.S.C. §1997e bars his claim.

ELEVENTH AFFIRMATIVE DEFENSE

The Medical Defendants incorporate all of the limitations on attorneys' fees and damages set forth in 42 U.S.C. §1997e as defenses against the claims of Washington against them.

TWELFTH AFFIRMATIVE DEFENSE

Washington has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since the Medical Defendants have engaged in no conduct which constitutes deliberate indifference to a serious medical need, and since Medical Defendants had no subjective knowledge that their actions presented a substantial risk of harm to Washington.

THIRTEEN AFFIRMATIVE DEFENSE

Washington has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since he failed to suffer from a serious medical need to which he alleges the Medical Defendants were

deliberately indifferent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Washington has failed to identify a serious medical need.

## FIFTEENTH AFFIRMATIVE DEFENSE

Washington has failed to state a cause of action pursuant to 42 U.S.C. §1983 since at all times the Medical Defendants acted in good faith without subjective appreciation that its alleged actions deprived

## SIXTEENTH AFFIRMATIVE DEFENSE

The Medical Defendants at all times reasonably believed that they had not violated clearly established law concerning Washington's constitutional rights.  Medical Defendants have a qualified immunity which protects them from liability under 42 U.S.C. §1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Medical Defendants did not have a custom or policy of allowing personnel to withhold appropriate medical care and services.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Medical Defendants violated no duty care owed to Washington.

## NINETEENTH AFFIRMATIVE DEFENSE

The Medical Defendants' care and treatment was not negligent and at all times met the standard of care.

## TWENTIETH  AFFIRMATIVE DEFENSE

The Medical Defendants did not retaliate against Washington.

## TWENTY FIRST AFFIRMATIVE DEFENSE

At all times, Medical Defendants used their own appropriate medical opinion in determining what treatment Washington required for injuries.

## TWENTY SECOND AFFIRMATIVE DEFENSE

At no time did the Medical Defendants conspired with anyone concerning any issue

involving Washington's care and treatment, grievances or on any issue raised in the Amended Complaint .

### TWENTY THIRD AFFIRMATIVE DEFENSE

There are insufficient facts alleged for a claim for punitive damages or compensatory damages. In addition, no action rose to the level to warrant punitive damages against the Medical Defendants and such damages are not applicable against the moving Medical Defendants.

WHEREFORE, Defendants, Kansky Delisma, MD, Dakota Testa, PA, Ellis Kaufman, PA, James Fetterman, PA, Richard Hutchinson, PA and Roxanne Playso, PA, demand Judgment in their favor together with all costs  and attorney fees and whatever other recovery amount the Court finds just and proper.

GOLD & FERRANTE, PC


BY:   /S/ ALEXANDER R. FERRANTE
　　　ALEXANDER R. FERRANTE
　　　Attorney for Defendants,
　　　Kansky Delisma, MD, Dakota Testa, PA,
　　　Ellis Kaufman, PA, James Fetterman, PA,
　　　Richard Hutchinson, PA and Roxanne Playso, PA

　　　716 N. Bethlehem Pike, Suite 208
　　　Lower Gwynedd, PA 19002
　　　(215)885-1118 x 1
　　　email: arf@goldferrantelaw.com

CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of the Medical Defendants Answer and Affirmative Defenses to the Amended Complaint of the Plaintiff via US First Class Regular Mail and ECF Filing (noted below) on this date to the following individuals:

HENRY UNSELD WASHINGTON
AM-3086
S.C.I. Somerset
1600 Walters Mill Rd
Somerset, PA 15510
US First Class Mail

Timothy Mazzocca
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Email: tmazzocca@attorneygeneral.gov

Aaron S. Jayman, Esquire
PA ID # 85651
111 N. Front Street
Harrisburg, PA 17101
(717) 775-3307
Email: ajayman@grsm.com

David M. Chmiel, Esquire
PA I.D. 076464
912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

            /s/ ALEXANDER R. FERRANTE
            ALEXANDER R. FERRANTE

DATE: April 21, 2021