IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON,  ) No. 3:19-CV-00196
~~PLAINTIFF~~ ) JUDGE LENIHAN
 ) MOTION FOR RECONSIDERATION OF COURT OR-
v. ) DER, DOC #109 DATED 3.31.21; MEMORANDUM OPINION
KANSKY DELISMA ) ON DEFENDANTS MOTIONS TO DISMISS
Defendants, et al. )

FILED APR 22 2021 CLERK U.S. DISTRICT COURT WEST. DIST. OF PENNSYLVANIA

I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE CAPTIONED.

1. PLAINTIFF MOVES THIS COURT WITH A MOTION FOR RECONSIDERATION OF COURT ORDER, DOC #109 DATED 3.31.21; MEMORANDUM OPINION ON DEFENDANTS MOTIONS TO DISMISS

2. DOC #109, P.6 NOTE 3. PLAINTIFF WRITES IN "PUSKAR" BETWEEN LINES AT #22 IN LISTING DEFENDANTS WHO ASSERTEDLY VIOLATED HIS 8th AMENDMENT RIGHTS AND AT #37 IN LISTING DEFENDANTS WHO ASSERTEDLY VIOLATED HIS 14th AMENDMENT RIGHTS. PUSKAR IS NOT A DEFENDANT IN THE AMENDED COMPLAINT IN THIS ACTION — WHICH PLAINTIFF WAS AFFORDED NO LESS THAN FOUR (4) OPPORTUNITIES TO FILE, BECAUSE PUSKAR WAS ~~eithr~~ NOT NAMED/IDENTIFIED BY PLAINTIFF DESPITE THIS COURT'S REITERATED AND EXPRESS CAUTIONS THAT CLAIMS NOT INCLUDED WOULD BE WAIVED, PUSKAR IS NOT — NOR CAN HE NOW BE ADDED AS — A DEFENDANT. SEE ECF NKS. 34, 41
  . . . PLAINTIFF RESPONSE: PLAINTIFF ON FIVE SEPARATE OCCASIONS SUBMITTED A COPY OF THE COMPLAINT-N-A U.S. MARSHAL FORM TO THE CLERK OFFICE; UNITED STATES DISTRICT COURT, 700 GRANT STREET, RM. 3110; PITTSBURGH PA. 15219; FIRST CLASS MAIL. IN RESPONSE PLAINTIFF WAS PROVIDED THE ATTACHED NOTICE FROM DANIELLE PINDEL, CRIMINAL PROGRAM SPECIALIST, DATED 1.13.21; CONCERNING "YOUR SERVICE HAS BEEN COMPLETED", I SEPARTIES THAT WERE SERVED IN THIS CASE. . . THE NOTICE WAS FROM THE MAILING ADDRESS: UNITED STATES MARSHAL SERVICE; 700 GRANT STREET, SUITE 2360; PITTSBURGH, PA. 15219
IN THE PASS THIS COURT HAS CONTIOUSLY RECOGNIZED WHAT PLAINTIFF HAS WRITTEN BEWEEN THE LINES.
N.B. SEE DOC #43; 60-62 AT P.2, SECTION III, AT 20A (DEFENDANTS) G. PUSKAR, AT ALL TIMES RELEVANT TO THIS COMPLAINT IS NURSE SUPERVISOR, AT SCI-SOMERSET DOC, HE IS LEGALLY RESPONSIBLE FOR INMATE ACCESS TO MEDICAL CARE, AND ACT AS ASST HEALTH CARE ADMINISTRATOR.    WHICH DEMONSTRATES PLAINTIFF INDEED DID COMPLY TO COURT INSTRUCTIONS

3. DOC #109, P.27 CONCERNING DONNELLY DISMISSAL FOR FAILURE TO STATE A CLAIM. PLAINTIFF RESPONSE: THE ALLEGATIONS ASSERTED AGAINST DEFENDANT, DONNELLY CLOSELY MIRROR, IF NOT EXACTLY MIRROR THE ALLEGATIONS MADE BY OTHER MEDICAL PROFESSIONALS WHICH THE COURT RULED AS HAVING STATED A CLAIM. SEE DOCS. 60-62, (DELISMA) 122; 143; 158; 160; (KAUFFMAN) 141; (FETTERMAN) 131--136; (TESTA) 146; 147; 26; 70; 71; 75; OF 114
PLAINTIFF ALLEGED DEFENDANT DONNELLY WAS DELIBERATE INDIFFERENT TO PLAINTIFF "PAIN" -N- DISCOMFORT TO SUCH DEGREE PLAINTIFF WAS UNABLE TO SIT UPRIGHT, EXPERIENCED DIFFICULTY SPEAKING CAUSED BY INTESTINAL GRIPE. DEFENDANT LEAVES PLAINTIFF PRESENCE-N-

R: 3:19-CV-00196                (1)

GOES TO A COWORKER IN THE ROOM NEXT DOOR PLAINTIFF HEARD A DISCUSSION CONCERNING WHETHER TO PROVIDE CARE TO PLAINTIFF, DEFENDANT, DONNELLY RETURN THEN IN A DISMISSIVE TONE-N-MANNER (GAVE A DIRECT ORDER) "LEAVE RIGHT AWAY" HAVING NEVER TOUCH PLAINTIFF PHYSICALLY TOLD PLAINTIFF HE HAD OBAMA CARE, NOT EVEN A CURSORY EXAM. PLAINTIFF REQUEST MEDICINE FOR PAIN THREE TIMES WERE DENIED. THIS CONSTITUTES CRUEL-N-UNUSUAL PUNISHMENT. DEFENDANT DONNELLY-N-THIS COWORKER AGREED PLAINTIFF WAS NOT TO BE PROVIDED CARE, AND TO TELL PLAINTIFF TO LEAVE. . . . DEFENDANT DONNELLY SUCCESSFULLY PROVIDED WHITE INMATES CARE, YET ON NON MEDICAL REASONS (PLAINTIFF WAS DENIED) i.e. RETALIATION, RACE, PENALTY FOR COMMUNICATIONS WITH AUTHORITIES, FOR SUING, FILING GRIEVANCES, CONCERNING DEFENDANT, AND DEFENDANT DONNELLY'S COWORKERS, FRIENDS, FAMILY, etc. Docs.#60-62 AT 114, 232, 233, 296, 313; THE CONDUCT ALLEGED AGAINST DONNELLY ARE VERY MUCH LIKENED UNTO, IF NOT EXACTLY AS THOSE ALLEGED AGAINST OTHER MEDICAL PROFESSIONAL WHO WERE NOT DISMISSED. WHITNEY V. ALBERS, 475 U.S. 312, 319 (1986) (UNNECESSARY AND WANTON INFLICTION OF PAIN CONSTITUTES CRUEL-N-UNUSUAL PUNISHMENT FORBIDDEN BY 8th AMENDMENT); FARMER V. BRENNEN, 511 U.S. 825, 832 (1994) (DUTY OF HUMANE PRISON); ESTELLE V. GAMBLE, 429 U.S. 97, 104 (1976) (UNDER 8th AMENDMENT, PRISON OFFICIALS ARE PROHIBITED FROM EXHIBITED FROM DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF INMATES. PLAINTIFF ALLEGED SERIOUS MEDICAL NEEDS, Docs.#60-62 AT 23; DEFENDANT DONNELLY LIKEN TO OTHER MEDICAL PROFESSIONALS DENIED PLAINTIFF CARE FOR SERIOUS MEDICAL NEEDS, Docs.#60-62 AT 114; ROUSE V. PLANTIER, 182 F.3d 192, 197 (3rd CIR 1999) (PLAINTIFF MUST ALLEGE (1) SERIOUS MEDICAL NEED AND (2) ACTS OR OMISSIONS BY PRISON OFFICIALS THAT INDICATE DELIBERATE INDIFFERENCE TO THAT NEED) ESTELLE, AT 104 A PHYSICIAN ARE REQUIRING TREATMENT OR ONE THAT IS SO OBVIOUS THAT A LAY PERSON WOULD EASILY RECOGNIZE THE NECESSITY FOR A DOCTOR'S ATTENTION. MONMOUTH CNTY. CORR INST. INMATES V. LANZARO, 834 F.2d 326, 347 (3rd CIR 1987). PLAINTIFF PAIN WAS SO INTENSED PLAINTIFF WAS UNABLE TO SIT UPRIGHT-N-SPEAKING WAS DIFFICULT, Docs #60-62 AT 114, WITHOUT PROVIDING CARE, MOCKED PLAINTIFF, TOLD PLAINTIFF IN A DISSMISSIVE-TONE-N-MANNER, TO LEAVE; PLAINTIFF BEGGED FOR MEDICINE FOR PAIN. AFTER HAVING AGREED WITH A COWORKER, DEFENDANT DONNELLY DENY CARE, AND TELL PLAINTIFF TO LEAVE. LANZARO, 834 F.2d AT 347 (UNNECESSARY AND WANTON INFLICTION OF PAIN RESULTS AS A CONSEQUENCE OF DENIAL OR DELAY IN THE PROVISON OF ADEQUATE CARE) FOR THE SAKE OF CLARITY: EACH OF THE HEALTH PROBLEMS PLAINTIFF IS SEEKING MEDICAL CARE FOR MORE THAN ONE DOCTOR IN THE PA. DOC. AND SPECIALIST (SCI-GREENE 1994-1997; MAHANOY; RETREAT, ALBION; DALLAS, 2009; HUNTINGDON; FAYETTE; GREENE 2009-2015) DIAGNOSED ALREADY; WHICH DEFENDANTS, NOW DEFENDANT DONNELLY REFUSAL TO PRESCRIBE MEDICINE OR CARE BY SPECIALISTS IS WHAT CAUSE THESE HEALTH PROBLEM TO GET WORST, NOT PLAINTIFF AGE; BUT DENIAL; ACCORDING TO DEFENDANT, DONNELLY, IS TO PENALIZE PLAINTIFF. DOCS #60-62 AT 26-29; 35; 36; 39; 40; 45-52; 56-66; 75-84; N.B. PLAINTIFF BEG THIS COURT TO FOLLOW UP ON THE INFORMATION REFERENCED AT NOTE # 4 OF DOC.#109 FOR INFORMATION CONCERNING AFFECTS OF WHIPPLES DISEASE. Docs #60-62 AT 381-383, 422; HEALTH PROB-

R: 3:19-CV-00196

(2)

LPNS NOT SELF DIAGNOSED. DEFENDANT, DONNELLY SUCCESSFULLY PROVIDED OTHER INMATES, ESPECIALLY WHITE INMATES. N.B. AGE SHOULD DICTATE THAT PLAINTIFF WOULD BE PROVIDED CARE AT ONCE... STILL PLAINTIFF AGE IS NOT A PREREQUISITE FOR MEDICAL PROFESSIONALS TO IGNORE PAIN-N-DISCOMFORT. MEDICAL RECORDS ARE SOLELY COMPILED BY DEFENDANTS WHOM HAVE A DRIVEN AGENDA, THEREFORE, MEDICAL RECORDS ARE UNRELIABLE.
.... DEFENDANT, DONNELLY LIKENED UNTO OTHER MEDICAL PROFESSIONALS, IGNORED THE RISK, MOCKED. Docs # 60-62 AT 26, 381-383, 393, 407, 412-415. FARMER V. BRENNEN, 511 U.S. 825, 847 (1974) (KNEW THE RISK OF SERIOUS HARM; DISREGARDED THE RISK); DEFENDANT, DONNELLY ACT WAS INTENTIONAL, AND FOR NON MEDICAL REASONS, PERSON, 850 F.3d AT 534, 537, 538 (DENIAL OR DELAY MOTIVATED BY NON-MEDICAL FACTOR) ① PRISON AUTHORITIES DENY REASONABLE REQUEST FOR MEDICAL TREATMENT, ② KNOWLEDGE OF THE NEED FOR CARE IS ACCOMPANIED BY THE INTENTIONAL REFUSAL TO PROVIDE IT, ③ NECESSARY MEDICAL TREATMENT IS DELAYED FOR NON MEDICAL REASONS, AND ④ PRISON AUTHORITIES PREVENT AN INMATE FROM RECEIVING RECOMMENDED TREATMENT FOR SERIOUS MEDICAL NEEDS) LANZARO, 834 F.2d AT 347; DRUMMER V. O'CARROLL, 991 F.2d 64, 68 (3rd CIR 1993)
DEFENDANT, DONNELLY LIKENED UNTO MEDICAL DEFENDANTS WHO ARE NOT DISMISSED, DEFENDANT DONNELLY WAS ALLEGED TO INTENTIONALLY PROVIDED WHITE CARE DIFFERENT FROM THE WAY DEFENDANT, DONNELLY TREATED PLAINTIFF. Docs # 60-62 AT 232, 233, 21, 73, 406, 392, 201-203 McCLESKY V. KEMP, 481 U.S. 279, 292 (1987) (ALLEGES AN EQUAL PROTECTION VIOLATION HAS THE BURDEN OF PROVING THE EXISTENCE OF PURPOSEFUL DISCRIMINATION'), PLYLER V. DOE, 457 U.S. 202, 217 (1982) (STRICT SCRUTINY APPLIES TO HIS FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIMS; NOT PRECISELY TAILORED TO SERVE A COMPELLING GOVERNMENT INTEREST) Docs # 60-62 AT 71 (N.B. NOT UNLIKE OTHERS Docs # 60-62 AT 203-231, 234-245, 37, 39;
PLAINTIFF ALLEGED THAT DEFENDANT, DONNELLY ACTIONS WERE DONE TO PENALIZE PLAINTIFF; ALLEGED THAT DEFENDANTS WHOM WERE NOT DISMISSED WHERE PLAINTIFF MADE MADE THE EXACT SAME ALLEGATIONS AGAINST FOR RETALIATIONS. Docs # 60-62, 296, 114, 40-52, 395 DIAZ-CRUZ V. SYMONS, 2016 WL 6248025 *16 (M.D. PA. OCTOBER 26, 2016) (DENIAL OF MEDICAL CARE CAN CONSTITUTE AN ADVERSE ACTION FOR THE PURPOSE OF A RETALIATION CLAIM); HUGHES V. SMITH NO. 3-2535, 2005 WL 435226 *4 (3rd CIR FEBRUARY 24, 2005) FANTONE V. LATINI, 780 F.3d 184, 191 (3rd CIR. 2013); RAUSER V. HORN, 241 F.3d 330, 333 (3rd CIR 2001) (ALLEGED THAT PLAINTIFF SUFFERED ADVERSE ACTIONS BY PRISON OFFICIAL 'SUFFICIENT' TO DETER A PERSON OF ORDINARY FIRMNESS FROM EXERCISING HIS CONSTITUTIONAL RIGHTS) CORLESSA V. CITY OF CHESTER, 04-01039, 2005 WL 2789178 *7 (3rd CIR OCTOBER 26, 2005) (DENYING MOTION TO DISMISS RETALIATION CLAIM WHERE PLAINTIFF ALLEGED THAT HE WAS DENIED ADEQUATE MEDICAL ASSISTANCE BY PRISON OFFICIALS IN RETALIATION FOR ATTEMPTING TO FILE GRIEVANCES)
PLAINTIFF ALLEGED THAT DEFENDANT, DONNELLY WENT TO HER COWORKER, BOTH WERE HEARD BY PLAINTIFF, THEY AGREED THAT DEFENDANT, DONNELLY SHOULD NOT PROVIDE PLAINTIFF CARE, AND TO TELL PLAINTIFF TO LEAVE, SO DEFENDANT, DONNELLY IN A DISMISSIVE TONE-N-MANNER TOLD PLAINTIFF TO LEAVE, HAVING NOT PROVIDED PLAINTIFF CARE WHICH
R: 3:19-CV-00196                          ③

IS EVIDENCE OF A MEETING OF THE MINDS, THIS CONSTITUTES A CLAIM OF CONSPIRACY, Docs# 60-62, AT 114; 313; 35; 26; 21; 40-62; 381-383; 407; 422. TALLEY V. VARNER, 2018 U.S. DIST. LEXIS 208729 *21; 22 (3Rd CIR 2018) ① ALLEGATIONS THAT ADDRESS THE PERIOD OF THE CONSPIRACY, ② OBJECT OF THE CONSPIRACY ③ THE CERTAIN ACTIONS ALLEGED CONSPIRATOR TAKE TO ACHEIVE THAT PURPOSE); JONES V. McKOY, 2019 U.S. DIST. LEXIS 31770 *226 (3Rd CIR FEBRUARY 26, 2019) (TO STATE A CLAIM FOR CONSPIRACY UNDER 42 U.S.C. 1983, A PLAINTIFF ALLEGE THAT THE PERSON ACTING UNDER THE COLOR OF LAW CONSPIRED TO DEPRIVE PLAINTIFF OF A FEDERALLY PROTECTED RIGHT). PLAINTIFF 1st, 8th, AND 14th AMENDMENTS

SHEARIN V. E.F. HUTTON GRP, INC., 885 F.2d 1162, 1163 (3Rd CIR 1989) PLAINTIFF ALLEGED THE DATE OF DEFENDANT, DONNELLY CONDUCT WAS COMMITTED ALLEGEDLY ② THE ALLEGED OBJECT OF THE CONSPIRACY WAS TO PENALIZE PLAINTIFF ③ ALLEGED DEFENDANT, DONNELLY DENIED PLAINTIFF MEDICAL CARE, FREE SPEECH PER RETALIATION, AND EQUAL PROTECTION, COMMITTED TO PENALIZE PLAINTIFF BASED ON NON MEDICAL REASONS.

IN THIS INSTANCE, THE FACTUAL BASIS OF PENALIZING PLAINTIFF IS ENOUGH TO SURVIVE FRCP 12(B)(6) DISMISSAL. CAPOGROSSO V. SUPREME CT. OF N.J., 588 F.3d 180, 184 (3Rd CIR 2009); YOUNG V. KANN, 926 F.2d 1396, 1405, N.16 (3Rd CIR. 1991); RIDGEWOOD BOARD OF EDUCATION V. N.E. EX REL M.E., 172 F.3d 238, 254 (3Rd CIR 1999) (A CIVIL RIGHTS OF CONSPIRACY MUST SHOW A UNDERSTANDING OR MEETING OF THE MINDS WITH FACTS DEMONSTRATING AGREEMENT AND CONCERTED ACTION); DECK V LEFTRIDGE, 771 F.2d 1168, 1170 (8th CIR 1985); D.R. BY L.R. V. MIDDLE BUCKS AREA VOCATIONAL TECHNICAL SCH. 972 F.2d 1364, 1377 (3Rd CIR 1992) (AGREEMENT OR CONCERTED ACTION BETWEEN INDIVIDUAL, TO DEPRIVE PLAINTIFF OF A PROTECTED RIGHT); STARTZELL V. CITY OF PHILA., 533 F.3d 183, 205 (3Rd CIR FEBRUARY 11, 2008) (IF THERE IS A DIRECT EVIDENCE, AN AGREEMENT OR MEETING OF THE MINDS MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE, SUCH AS BY INDENTIFYING INTER ACTION BETWEEN THE CONSPIRATORS, THE APPROXIMATE TIMING OF THE AGREEMENT, THE PARTIES IN AGREEMENT, AND THE PERIOD OR OBJECT OF THE CONSPIRACY).

WHERE DEFENDANTS RECITED PLAINTIFF ON GOING, AND PAST-N-PRESENT LAW SUIT, AND GRIEVANCE NAMES, DOCKET-N-GRIEVANCE NUMBERS; MAKING THE SAME THREATS, MAKING THE SAME VOWS WORD FOR WORD TO PENALIZE PLAINTIFF ARE EVIDENCE OF A MEETING OF THE MINDS, OR A PLAN, TO DEPRIVE PLAINTIFF OF PLAINTIFF 1st, OR 8th, OR 14th AMENDMENT, OR RLUIPA RIGHTS; DEMONSTRATE CONSPIRACY, AND THE FACTS SURPASS CONCLUSORY BLANKET STATEMENT STAGE ① DOCS# 60-62 AT 129; 130; 207; 210; 212; 214; 216; 218; 241; 252-254; 257; 263; 286; 290; 300; 302; 304; 305; 317; 328; 381-383; 400; 407; 420; 422; 27; 31; 38; 40; 52; 56; 57-60; 97; ② BOTH WARDEN AT 388 ③ ALL CONCERNING GRIEVANCE-LAWSUITS-COMMUNICATIONS WITH AUTHORITIES; PLAINTIFF DID MAKE DEFENDANTS AWARE OF THIS INFORMATION; IT IS OBVIOUS THAT DEFENDANTS SHARED THIS INFORMATION AMONG THEMSELVES, A MEETING OF THE MINDS; DOCS# 60-62 AT 382; 27; 56; 60; WHERE DEFENDANTS BRAGGED PRIOR TO -N- AFTER THE ALLEGED CONDUCT; THESE DEMONSTRATE A PLAN, ACTS IN CONCERT, AGREEMENT, AND A MEETING OF THE MINDS; DENYING PLAINTIFF 1st, 8th, 14th AMENDMENTS; AND RLUIPA RIGHTS; STARTZELL V. CITY OF PHILA. 533 F.3d 183, 205 (3Rd CIR. FEBRUARY 11, 2008); D.R. BY L.R. V. MIDDLE BUCKS AREA VOCATIONAL TECHNICAL SCH., 972 F.2d 1364; 1377 (3Rd CIR 1992)

R: 3:19-CV-00196                                    ④

Rose v. Bartle, 871 F.2d 331, 366 (3rd Cir. 1989)(an agreement or concerted between individuals; particularity facts showing purported conspirators reached some understanding or agreement or plotted, planned, conspired together to deprive plaintiff of a protected federal right) if there is a lack of direct evidence, an agreement or meetings of the minds may be established by circumstantial evidence, such as identifying interaction between the conspirors, the approximate timing of the agreement, the parties in agreement, and the period or object of the conspiracy) in this instance defendants, Sroka, Peschock, Snyder, Bowers, Tice, Hyde-n-Maust are ② all eat in same chow hall, ③ defendant, Sroka, assistant to the warden whom visited each defendants worksites daily ④ penalizing plaintiff was their object, ⑤ defendant, Snyder-n-Bowers taunted plaintiff as they stood together on A-block; defendant, Maust-and Sroka discussed not providing plaintiff religious literature ⑥ all, i.e. Peschock, Maust, Sroka, Snyder, Bowers, Hyde-n-Tice were angry that plaintiff didn't sign off on grievance #659236; those alleged facts are sufficient to plausiably suggest a meeting of the minds, agreement or plan between defendants.

4. Doc #109. Plaintiff additional factual allegations in this action are contrary to his claim of retaliatory or discriminatory motive, as he attests that Peschock was motivated "solely by favoritism for another inmate and "willing or unwillingly" advanced the interest of a clique of which plaintiff was not a member.

Plaintiff response: N.B. FRCP 8e(2) inter alia: A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defense. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defense as the party has regardless of consistency ~~~~~~~ and whether based on legal, equitable or maritime grounds.

FRCP 8 F: All pleading shall be construed as to do substantial justice, Dluhos v. Strasberg, 321 F.3d 365, 369 (3. Cir. 2003)(the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged).

The allegations made in plaintiff pleadings begins with a caveat, i.e. "ongoing until re-assigned", which means the alleged violation are concerning conduct which occurred ~~~~ after all alleged actions that are alleged in Washington, 3:17-cv-0070; no claims for conspiracy are alleged against defendant, Peschock in 3:17-cv-0070; therefore, it is not possible for a conspiracy claim to be redundant, and any-n-all claims of equal protection's made against defendant Peschock, are alleged for actions that took place separate to, and after all equal protection claims against defendant, Peschock in 3:17-cv-0070.

Plaintiff allege that defendant, Peschock act were based age, docs. 60-62, at 280;
R: 3:19-cv-00196                    ⑤

221; FAVORITISM IS NOT WHAT PLAINTIFF IS ALLEGING THAT VIOLATED HIS EQUAL PROTECTION OR 1st AMENDMENT. PLAINTIFF IS ALLEGING THAT DEFENDANT PESCHOCK RETALIATED AGAINST PLAINTIFF FOR, HAVING SUED DEFENDANT, PESCHOCK HERSELF IN 3:17-CV-0070; COWORKERS, GRIEVANCES, COMMUNICATIONS WITH AUTHORITIES; AND ASSIGNING PLAINTIFF TO UNDESIRABLE-N-MENIAL ROLES, WHICH CONTINUED IN 2019 ONCE DEFENDANT, PESCHOCK RETURNED TO SCI-SOMERSET, BYPASSING PLAINTIFF FOR OTHER ATHLETIC GAMES, AND GIVING PLAINTIFF A NEGATIVE JOB REPORT WAS DEFENDANT, PESCHOCK MEANS OF CARRYING OUT THE RETALIATION, THE OBJECTIVE WAS TO PENALIZE PLAINTIFF FOR THE REASONS MENTIONED ABOVE; PLAINTIFF DISCRIPTION OF THE REMAINDER OF THE OFFICIATING CREW WAS NOT MADE TO IMPLY FAVORTISM, BUT TO DEMONSTRATE THAT PLAINTIFF WAS INTENTIONAL TREATED DIFFERENT BASED ON PLAINTIFF AGE -N- RELIGION, THIS WAS DEFENDANT, PESCHOCK MEANS OF PENALIZING PLAINTIFF. N.B. PLAINTIFF DID NOT TELL DEFENDANTS PESCHOCK ABOUT PLAINTIFF EXPERIENCES AT SCI-GREENE, ONGOING GRIEVANCES, AND LAW SUIT CONCERNING DEFENDANT, PESCHOCK'S COWORKER, FRIENDS, INLAWS, NEIGHBORS, RELATIVES, etc., THEREFORE DEFENDANTS MADE DEFENDANT, PESCHOCK AWARE OF THOSE FACTS, i.e. A MEETING OF THE MINDS. NO, PLAINTIFF IS NOT ALLEGING RETALIATION SOLELY BECAUSE DEFENDANT, PESCHOCK FAVORTISM, DEFENDANT, PESCHOCK USE THE MEMBERS OF THAT CLIQUE TO PENALIZE PLAINTIFF. YES, MEMBERS OF THE CLIQUE REVELLED IN IT, SINCE PLAINTIFF WAS NOT A MEMBER OF THEIR CLIQUE. YES, MEMBERS OF THE CLIQUE EXPLOITED DEFENDANT, PESCHOCK EAGERNESS TO PENALIZE PLAINTIFF; NOT DUE TO FAVORTISM. THUS EXPLAINS WHY PLAINTIFF ALLEGED WILLINGLY OR UNWILLINGLY DEFENDANT, PESCHOCK ACTS OF RETALIATION AID-N-ABETTED THE A CLIQUE, Docs 60-62 AT 401; 403, 407; 318; 220; 221; 307; 308; CONSIDER FRCP 8 e (2) CONCERNING DOCS, 60-62 AT 400, AND THE LIKES THEIROF.

N.B. NO EQUAL PROTECTION, RETALIATION -N- CONSPIRACY CLAIMS THAT WERE ALLEGED IN WASHINGTON, 3:17-CV-0070; ARE ALLEGED AGAINST DEFENDANT, PESCHOCK IN 3:19-CV-00196; ALL EQUAL PROTECTION, RETALIATION; N- CONSPIRACY CLAIMS ALLEGED IN 3:19-CV-00196 TOOK PLACE AFTER 3:17-CV-0070 WAS ASSIGNED A DOCKET NUMBER. N.B. PLAINTIFF HAS NO MEANS TO CONTROL WHAT DEFENDANT SAY WHILE COMMITTING ALLEGED 1st, 8th, 14th AMENDMENT, AND RLUIPA VIOLATIONS, WHEN DEFENDANTS REPEAT THE SAME THREATS WHILE COMMITING THE SAME 1st, 8th, 14th AMENDMENT RIGHTS, AND RLUIPA RIGHT DEFENDANTS ALLEGEDLY COMMITTED YEARS EARLIER. NONE OF THE ACTS ALLEGED IN 3:19-CV-00196 ARE BEING DECIDED IN SUMMARY JUDGMENT OF 3:17-CV-0070. . . COURTS IN THIS CIRCUIT HAVE DECIDED THAT A PLAINTIFF MUST FILE A NEW CLAIM, EATER V. CONNECTION CORR HEALTH CARE SERVICES, 2019 U.S. DIST. LEXIS 2916 *4 (JANUARY 7, 2019, 3rd CIR) THE PRISON LITIGATION REFORM ACT OF 1995 (PLRA), WHICH SUBSTANTIALLY CHANGED THE JUDICAL TREATMENT OF CIVIL RIGHTS ACTIONS BY THE STATES AND FEDERAL PRISONERS, ALSO COMPELS COMPLIANCE WITH FRCP 20, SPECIALLY UNDER THE PLRA THE FULL FILING FEES MUST ULTIMATELY BE PAID IN A NON HABEUS ACTION. ALLOWING A PRISONER TO INCLUDE A PLETHORA SEPARTE, INDEPENDANT CLAIMS WOULD CIRCUMVENT THE FILING FEE REQUIREMENT OF THE PLRA.

R: 3:19-CV-00196

(6)

GEORGE V. SMITH, 507 F.3d 605, 607 ("THE UNRELATED CLAIMS AGAINST DIFFERENT DEFENDANTS BELONG IN A DIFFERENT SUIT, NOT ONLY TO PREVENT THE SORT OF MORASS THAT THESE MULTICLAIMS, MULTI DEFENDANT SUIT PRODUCE BUT ALSO ENSURE THAT PRISONERS PAY THE REQUIRED FILING FEES"), 507 F.3d 605, 607 (3rd CIR 2008); MINCY V. KLEM, 2007 U.S. DIST. LEXIS 39034 *7 (3rd CIR MAY 20, 2007)

TO THE EXTENT THAT PLAINTIFF BELIEVES THAT HE HAS BEEN SUBJECTED TO MORE THAN ONE VIOLATION OF HIS RIGHTS, AND TO THE EXTENT THAT THE VIOLATIONS ARE UNRELATED TO EACH OTHER, HE SHOULD FILE SEPARATE COMPLAINT ADDRESSING EACH VIOLATION ALONG WITH SEPARATE MOTION TO PROCEED IN FORMAL PAUPERI, IT MUST BE A NEW PLEADING WHICH STANDS BY ITSELF AS AN ADEQUATE COMPLAINT WITHOUT REFERENCES TO THE COMPLAINT ALREADY FILED" YOUNG V. KEOHANE, 809 F. SUPP. 1185, 1189 (3RD CIR M.D. 1993) DOCS #60-62 AT 51, 52, 62, 383, 421, PLAINTIFF SHOULD NOT BE DENIED A CLAIM BECAUSE DEFENDANTS ALLEGED ACTS THAT WERE ALLEGED MORE THAN A YEAR EARLIER WHILE REPEATED WORD FOR WORD THAT WERE SPOKEN DURING THE ALLEGED CONDUCT IN THE PASS, STILL ONGOING TO DATE!

UN LIKE THE PLAINTIFF IN JAY V. DENNISON, 2020 U.S. DIST. LEXIS 76921 (3RD CIR MAY 1, 2020) THE ALLEGED CLAIMS AGAINST DEFENDANTS, PESCHOCK, MAUST, SROKA, IRWIN, OCCURED AT LATER DATES THAN THOSE ALLEGED IN THE SUMMARY JUDGMENT, WASHINGTON, 3:17-CV-0070, ARUANNO V. SMITH, 2011 U.S. DIST. LEXIS 69529 *28 (3RD CIR. JUNE 27, 2011) THE CLAIMS ALLEGED HAVE NOT ALREADY BEEN DECIDED BY THE COURT; BELL V. CITY OF HARRISBURG, 2010 U.S. DIST. LEXIS 139238 *71 (3RD CIR. JUNE 28, 2010) NO CLAIMS MADE AGAINST AN ALLEGED DEFENDANTS FOR ALLEGATION IN TWO SEPARATE OFFICIAL CAPACITIES; COLLINS V. MAYOR OF HARRISBURG, 2009 U.S. DIST. LEXIS 58927 *9 (3RD CIR JULY 10, 2009) PIERCE V. WABBA, 2008 U.S. DIST. LEXIS 97516 *13 (3RD CIR. NOVEMBER 25, 2008) NOT PENING IN SUMMARY JUDGMENT IN 3:17-CV-0070; UNITED STATES V. SYME, 276 F.3d 131, 137 (3RD CIR JULY 31, 2001) NOT SAME CLAIMS, SAME OCCURRANCES

PLAINTIFF DID NOT ALLEGE CLAIMS CONCERNING DEFENDANTS ON THE SAME DATES THAT HAS ALREADY BEEN RULED THE COURT

THE COURT RULING IMPLY THAT ONCE AN INDIVIDUAL IS ALLEGED TO VIOLATE A 1st, 8th, 14th AMENDMENTS-N- RLUIPA RIGHTS, THEN THAT PERSON WHO RIGHTS WERE VIOLATED CANNOT ALLEGE A 1st, 8th, OR 14th AMENDMENTS, OR RLUIPA RIGHTS AGAIN IN LIFE, EVEN IF THE ALLEGED CONDUCT IS ALLEGED TO HAVE 6-8 MONTHS, OR MORE THAN TWO YEARS LATER THAN THE PRIOR ALLEGED CONDUCT; IN THIS INSTANCE LATER THAN 3:17-CV-0070

THE ISSUES RAISED IN THIS SECTION OF THIS MOTION ARE PERTINENT TO DEFENDANT, BIRONE CONCERNING RETALIATIONS-N-CONSPIRACY IN 3:17-CV-0070; AND PERTINENT TO DEFENDANTS PESCHOCK, SROKA, MAUST CONCERNING 1st, 8th, AND 14th AMENDMENTS-N-RLUIPA RIGHTS; DEFENDANT, IRWIN CONCERNING ACT ALLEGED ON 2.19.19

5- DOC #109, P. 8 NOTE #6, INTER ALIA: PLAINTIFF HAS NOT MADE ALLEGATIONS MEETING EITHER FORCED CHOICE OR PRESSURED VIOLATION, THERE IS A COMPELLING GOVERNMENTAL INTEREST IN LIMITING THE AMOUNT OF PROPERTY THAT ANYONE INMATE CAN RETAIN IN HIS CELL, AS THE ALLEGATION OF PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE OR SUGGEST A CLAIM UNDER RLUIPA R:3:19-CV-00196

(7)

ANY INTENDED CLAIM AGAINST DEFENDANTS FOR VIOLATION OF RLUIPA WILL BE DISMISSED, UNSUBSTANTIATED ASSERTION OF RLUIPA, PENDING ON SUMMARY JUDGMENT WHERE DEFENTS ELECTED TO FOREGO FILING A MOTION TO DISMISS)

PLAINTIFF RESPONSE. PURSUANT UNTO 42 U.S.C. 2000(3) RLUIPA PROVIDES THAT NO GOVERNMENT SHALL IMPOSE A SUBSTANTIAL BURDEN ON RELIGIOUS EXERCISE OF A PERSON RESIDING IN OR CONFINED TO INSTITUTION... EVEN IF THE BURDEN RESULTS FROM A RULE OF GENERAL APPLICABILITY, UNLESS THE GOVERNMENT DEMONSTRATES THAT IMPOSITION OF THE BURDEN ON THE THAT PERSON (1) IS IN FURTHERANCE OF COMPELLING GOVERNMENTAL INTEREST AND (2) IS THE LEAST RESTRICTIVE MEANS OF FURTHERING THAT COMPELLING GOVERNMENTAL INTEREST. HOLT V. HOBBS, 135 S.CT. 853, 860, 574 U.S. 352 (2015); DOCS 60-62 AT 255.

IN THIS INSTANCE DEFENDANTS HAVE DECIDED WHAT IS THE LEAST RESTRICTIVE MEANS, WHICH IS THE WASHINGTON V. KLEM SETTLEMENT AGREEMENT, WHICH THE PA. DOC ENFORCED FOR MORE THAN 72 STRAIGHT MONTHS; AND DEFENDANTS THEMSELVES ENFORCED THE WASHINGTON V. KLEM SETTLEMENT AGREEMENT FOR MORE THAN 15 STRAIGHT MONTH. DOCS 60-62 AT 248; 265; 267; 269; 272; 282.

N.B. THE WARDEN NOW BELIEVE PLAINTIFF RLUIP RIGHTS WERE VIOLATED AND/OR THE WASHINGTON V. KLEM SETTLEMENT AGREEMENT IS INDEED THE LEAST RESTRICTIVE MEANS. DOCS 60-62, AT 268.

THE REASON THERE IS A SETTLEMENT AGREEMENT IS BECAUSE THE THIRD CIRCUIT RULED THAT DOC PLACED A SUBSTANTIAL BURDEN ON PLAINTIFF RELIGIOUS EXERCISE WITH DOC. POLICY, WASHINGTON V. KLEM, 497 F.3d 272, 277, 286 (3RD CIR. AUGUST 2, 2007) (DETERMINE WHETHER THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS (DOC'S) RESTRICTIONS ON INMATES THAT THEY POSSESS IN THEIR CELL ONLY TEN BOOKS AT A TIME SUBSTANTIALLY BURDENS INMATE HENRY UNSELD WASHINGTON'S RELIGIOUS EXERCISE. "WE HOLD THAT IT DOES". WE DO HOLD THAT THE APPLICATION IN THIS CASE HAS SUBSTANTIALLY BURDEN THE EXERCISE OF WASHINGTON RELIGIOUS BELIEFS". THEREFORE, QUESTION OF SUBSTANTIAL BURDEN HAS ALREADY BEEN ANSWERED, HAVING ALREADY OBTAINED THE RULING OF THE THIRD CIRCUIT, i.e. THE DOC POLICY PLACED A SUBSTANTIAL BURDEN ON PLAINTIFF RELIGIOUS EXERCISE. WHAT FOLLOWS IS PLAINTIFF HAS ALLEGED -N- PROVEN THE FIRST STEP. (1) PLAINTIFF ALLEGED DEFENDANTS PUT A SUBSTANTIAL BURDEN ON PLAINTIFF RELIGIOUS EXERCER DOCS 60-62 AT 272; 286; 289. WASHINGTON 497 F3d AT 277-278 (A PLAINTIFF-INMATE BEARS THE BURDEN TO SHOW THAT A PRISON INSTITUTIONS POLICY OR OFFICIAL PRACTICE HAS SUBSTANTIALLY BURDENED THE PRACT OF THAT INMATE'S RELIGION) DOCS 60-62 AT 248; 250-252; 255; 258; 260-261; 271; 274; 282 EXPLAINS WHAT THE ESSENCE OF THE LITERATE IS; AND THE MISSION OF THE CHURCH, WASHINGTON, 497 F3d AT 276 (THE CHILDREN OF THE SUN CHURCH SUPPORTS THE DEVELOPMENT OF "PAN-AFRIKANISM" WHEREBY ADHERENT TO THE RELIGION STRESS THAT "ONLY THROUGH PAN-AFRIKANISM CAN AFRIKAN PEOPLE WORLDWIDE, BE ABLE TO CHANGE THE CONDITION OF AFRIKAN PEOPLE IN THE DIASPORA AND THE MOTHER-LAND". "FOR EVERY AFRIKAN'S EYES YOU OPEN WITH HIS TEACHINGS YOU WILL GAIN REWARDS IN THE LIFE EVERAFTER". ONE OF THE RITUALS REQUIRES A PRACTITIONER TO READ FOUR DIFFERENT AFROKENTRIK BOOKS

R: 3:19-CV-00196 (8)

PER DAY. THIS RITUAL IS AIMED AT EDUCATING THE ADHERENT TO DOCTRINE, SO THAT HE IS ABLE TO TEACH OTHERS MORE EFFECTIVELY. WASHINGTON VIEWS THIS RITUAL AS NECESSARY TO HIS CHURCHS PROSELYTIZATION REQUIREMENT, SO THAT BOOKS "ARE IN ESSENCE THE RELIGION ITSELF" ALSO SEE 497 F.3d AT NOTE #1.

PLAINTIFF ALLEGED THAT DEFENDANTS DENIAL OF RELIGIOUS LITERATURE, WHERE THE LITERATURE AND THE RELIGION ARE ONE AND THE SAME; THE DENIAL MADE IT IMPOSSIBLE FOR PLAINTIFF PRACTICE PLAINTIFF RELIGIOUS BELIEF. Docs# 60-62 AT 255, 258, 261, 269-271, 274, 275, 282, 289. WASHINGTON, 497 F.3d AT 273, (SINCE PRISONER COULD NOT PRACTICE HIS RELIGIOUS IN ABSENCE OF READING 4 BOOKS PER DAY ABOUT AFRIKA AND AFRIKAN PEOPLE, AND THEN PROSELYTIZING ABOUT WHAT HE HAD READ) ID. AT 282 (WASHINGTON BELIEFS ARE SINCERELY HELD RELIGIOUS BELIEFS AND THAT BOOKS ARE NECESSARY TO ENABLE HIM TO FULFILL HIS RELIGIOUS MISSIONARY WORK". "WASHINGTON'S RELIGION CONTAINS TWO INTERRELATED COMPONENTS - READING FOUR BOOKS PER DAY ABOUT AFRIKA AND AFRIKAN PEOPLE, AND THEN PROSELYTIZING ABOUT WHAT HE HAS READ. THE RECORD AMPLY SUPPORTS THE PROPOSITION THAT WASHINGTON CANNOT PRACTICE HIS RELIGION IN ABSENCE OF READING THE BOOKS. WASHINGTON IS THEREFORE CORRECT IN HIS ASSERTION THAT "HIS BOOKS AND HIS RELIGION ARE 'ONE AND THE SAME'; HIS RELIGION IS DESTROYED IN THE ABSENCE OF HIS RELIGIOUS BOOKS". ID. AT 282-283, COUPLING WASHINGTON'S SINCERELY OF RELIGIOUS BELIEF WITH THE INSEPARABILITY OF THE FOUR BOOK REQUIRMENT FROM THE EXERCISE OF HIS RELIGION LEADS US TO THE CONCLUSION THAT THE PENNSYLVANIA DOC'S TEN BOOK LIMITATION SUBSTANTIALLY BURDENS THE PRACTICE OF WASHINGTON'S RELIGION".

PLAINTIFF ALLEGED THAT DEFENDANTS DENIAL OF RELIGIOUS LITERATURE, WAS INTENTIONALLY DONE, PRESSURED PLAINTIFF MODIFY BEHAVIOR AND TO VIOLATE PLAINTIFF BELIEFS. PLAINTIFF HAD TO FORFEITING THE BENEFITS OF PLAINTIFF RELIGIOUS EXERCISE, i.e. RAWARDS IN THE AFTERLIFE (Docs# 60-62 AT 269, 275, 323, 390. WASHINGTON 497 F.3d AT 275 . . . PLAINTIFF WAS LEFTED WITH NO MEANS TO PRAISE, WHERE OTHER INMATES ESPECIALLY ON CHILDREN OF THE SUN BELIEVERS WERE UNHINDERED. Docs# 60-62 AT 257, 259, 261, 262, 274, 271, 272, 283, 290, 326, 390. WASHINGTON, 497 F.3d AT 280 (FORCED TO CHOOSE BETWEEN FOLLOWING THE PRECEPTS OF HIS RELIGION AND FORFEITING BENEFITS OTHERWISE GENERALLY AVAILABLE TO OTHER INMATES. VERSUS ABANDONING ONE OF THE PRECEPTS OF HIS RELIGIONS IN ORDER TO BENEFIT)

N.B. PLAINTIFF BEG THIS COURT TO REMEMBER THE THIRD CIRCUIT HAS ALREADY RESOLVED THIS ISSUE, AND EVEN DEFENDANT, TICE ADMITS WITHHOLDING PLAINTIFF RELIGIOUS WAS WRONG, Docs# 60-62, AT 268

PLAINTIFF ALLEGE THAT EVEN WHEN THERE IS A COMPELLING GOVERNMENT INTEREST, GOVERNMENT MUST USE THE LEAST RESTRICTIVE MEANS. WASHINGTON, 497 F.3d AT 284 (EVEN ASSUMING THAT THE DOC HAS SHOWN THAT ITS TEN BOOK LIMITATION SERVES A COMPELLING GOVERNMENT INTEREST, IT FALLS SHORT OF SATISFYING ITS BURDEN THAT THIS DOC POLICY IS THE LEAST RESTRICTIVE MEANS FOR ACHIEVING THIS INTEREST, Docs# 60-62 AT 210, 212, 257, 260, 262-264, 268, 272, 280, 282, 283. IN THIS ISTANCE THE DEFENDANTS HAVE ALREADY AGREED -N- ESTABLISH WHAT IS THE LEAST RESTRICTIVE MEANS, i.e, WASHINGTON V. KLEM, SETTLEMENT AGREEMENT. HOLT V. HOBBS, 574 U.S. 352, NOTE #8 (THE LEAST-

RESTRICTIVE-MEANS STANDARD OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000, 42 U.S.C. § 2000cc et seq., IS EXCEPTIONALLY DEMANDING, AND IT REQUIRES THE GOVERNMENT TO SHOW THAT IT LACKS OTHER MEANS OF ACHIEVING ITS DESIRED GOAL WITHOUT IMPOSING A SUBSTANTIAL BURDEN ON THE EXERCISE OF RELIGION BY THE OBJECTING PARTY. IF A LESS RESTRICTIVE MEANS IS AVAILABLE FOR THE GOVERNMENT TO ACHIEVE ITS GOAL, THE GOVERNMENT "MUST USE IT".

RLUIPA, LIKE RFRA, CONTEMPLATES A "MORE FOCUSED" INQUIRY AND "REQUIRES THE GOVERNMENT TO DEMONSTRATE THAT THE COMPELLING INTEREST TEST IS SATISFIED THROUGH APPLICATION OF THE CHALLENGED LAW 'TO THE PERSON' – THE PARTICULAR CLAIMANT WHOSE SINCERE EXERCISE OF RELIGION IS BEING SUBSTANTIALLY BURDENED". HOLT, 574 U.S. 362, 364 WASHINGTON, 497 F.3d AT 283 (42 USC § 2000cc-2(B)) IN FURTHERANCE OF A COMPELLING GOVERNMENT INTEREST AND IS THE LEAST RESTRICTIVE MEANS OF FURTHERING THIS INTEREST. 42 USC § 2000cc-1(a). "THE MERE ASSERTION OF SECURITY OR HEALTH REASONS IS NOT, BY ITSELF, ENOUGH FOR GOVERNMENT TO SATISFY THE COMPELLING GOVERNMENT INTEREST REQUIREMENT".

6. N.B. PLAINTIFF RESPONSE TO DOC #109, P.9, NOTE #9. THIS IS NOT AN ATTEMPT BY PLAINTIFF TO BLAME THE COURT. HAVING FILED SEVERAL LAW SUITS DOES MAKE SOMEONE A GOOD LITIGATOR. PLAINTIFF HAS DEMENTIA, EVERYTHING IS A STRUGGLE. IN THE PASS PLAINTIFF HAS BEGGED THIS COURT REPEATEDLY TO APPOINT PLAINTIFF WITH A LEGAL COUNSEL DUE TO PLAINTIFF MENTAL STATE-N-INCAPABILITY. PLAINTIFF IS DOING PLAINTIFF BEST TO COMPLY, ANY SHORTCOMINGS IS NOT! INTENTIONALLY COMMITTED. PLEASE CONSIDER WHAT PLAINTIFF HAS EXPERIENCED, DOCS #60-62 AT 396-398; 408; 411... IN LIGHT OF THE COURT REMARKS OF THE COURT REMARKS, DOC #109, PP. 21, 22 AT "A". PLAINTIFF DECLARES PLAINTIFF HAS DONE PLAINTIFF BEST PLAINTIFF COULD. THE COURT REMARKS HAS THE TENOR OF A PRECURSOR TO DISMISSING PLAINTIFF CLAIM NOW PENDING SUMMARY JUDGMENT, 3:17-cv-0070. PLAINTIFF BEG, PLEASE HAVE MERCY ON THE PLAINTIFF WHEN CONSIDERING PRO SE PLEADINGS, A COURT MUST EMPLOY LESS STRINGENT STANDARDS THAN WHEN JUDGING THE WORK PRODUCT OF AN ATTORNEY, HAINES v. KERNER, 404 U.S. 519, 520 (1972). WHEN PRESENTED WITH A PRO SE COMPLAINT, THE COURT SHOULD CONSTRUE THE COMPLAINT LIBERALLY AND DRAW FAIR INFERENCE FROM WHAT IS NOT ALLEGED AS WELL AS FROM WHAT IS ALLEGED. DLUHOS v. STRASBERG, 321 F.3d 365, 369 (3RD CIR. 2003). IN A 42 USC 1983 CIVIL RIGHTS COMPLAINT THE COURT "MUST" APPLY THE APPLICABLE LAW IRRESPECTIVE OF WHETHER THE PRO SE LITIGANT HAS MENTIONED IT BY NAME, HIGGINS v. BEYER, 293 F.3d 683, 688 (3RD CIR. 2002), NAMI v. FAUVER, 82 F.3d 63, 65 (3RD CIR. 1996) SINCE THIS IS A 1983 ACTION, THE PRO SE PLAINTIFF ARE ENTITLED TO RELIEF IF THEIR COMPLAINT SUFFICIENTLY ALLEGES DEPRIVATION OF ANY RIGHT SECURED BY THE CONSTITUTION.

VERIFICATION

I HAVE READ THE FOREGOING MOTION FOR RECONSTRUCTION AND HEREBY VERIFY THAT THE RESPONSES THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEFS, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE.
PURSUANT TO 28 USC § 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS ___ DAY OF APRIL 2020, AT SCI-SOMERSET, SOMERSET, PA.

"RESPECTFULLY SUBMITTED"
s/ Henry Unseld Washington
HENRY UNSELD WASHINGTON
AM-3086
PRO SE

DATED: 4/11/21

R: 3:19-cv-00196

(10)