IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY UNSELD WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:19-cv-00196 |
| | ) | |
| KANSKY DELISMA, WILLIAM L. BOWERS, PHILLIP MAUST, HEIDI SROKA, ROBERT SNYDER, R. PESCHOCK, J. GIRONE, ELLIS KAUFFMAN, RICHARD IRWIN, ROXANNE PLAYSO, LARENE DONNELLY, JAMES FETTERMAN, RICHARD HUTCHINSON, DAKOTA TESTA, ERIC TICE, and BRIAN P. HYDE | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Lisa Pupo Lenihan

ECF No. 117 |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 31, 2021 the court ruled on five (5) motions to dismiss Plaintiff's Amended Complaint, denying in part and granting in part. ECF Nos.  109, 110. Plaintiff filed oppositions to all of the motions. ECF Nos. 87, 88, 101. He now raises, in a motion for reconsideration, the same arguments he raised in his briefs in opposition.

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation marks omitted).  Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration.  *Harsco Corp.*, 779 F.2d at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980)).   Therefore,

motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in controlling law; [or] (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assurance Ass'n*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (quoting *Fed. Deposit Ins. Corp. v. Parkway Exec. Office Ctr.*, Nos. Civ. A. 96-121, Civ. A. 96-122, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)) (citations omitted) (internal quotation marks omitted). "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Phila., Inc.*, No. Civ. A. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999) (citing *Vaidya v. Xerox Corp.*, No. Civ. A. 97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)).

In the case at bar, Plaintiff asks the Court to reconsider the Memorandum Opinion and Order on the third ground—to correct both errors of law and fact and to prevent manifest injustice. A litigant who bases his motion to reconsider upon that ground is cautioned to evaluate whether the perceived clear error of law is in reality just a point of disagreement between the court and the litigant. *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n. 3 (M.D. Pa. 1994) (citation omitted).

Plaintiff was allowed to amend his complaint, in effect in two parts, following the initial motions to dismiss. He was then allowed time to respond to all of the motions to dismiss. In this Motion, he does not raise any arguments or fact not presented in his prior Amended

Complaint(s) or in his prior responses. This is a classic case of a disagreement with the Court's rulings. No manifest error of law or manifest injustice has been identified. Therefore,

This 26th day of April, 2021, **IT IS HEREBY ORDERED** that the Motion for Reconsideration filed at ECF No. 117 is **DENIED.**

BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:  Henry Unseld Washington
AM-3086
S.C.I. Somerset
1600 Walters Mill Rd
Somerset, PA 15510