IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAN 21 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

HENRY UNSELD WASHINGTON, PLAINTIFF

v.

KANSKY DELISMA, Defendants et al

NO. 3:19-CV-00196
JUDGE LENIHAN
PLAINTIFF RESPONSE TO CORRECTIONS DEFENDANTS
CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS,
DOC#152, DATED 10.20.21

I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE CAPTION,

PLAINTIFF MOVES THIS COURT WITH PLAINTIFF RESPONSE TO CORRECTIONS DEFENDANTS CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS, DOC#152; DATED 10.20.21

PLAINTIFF'S MEDICAL ISSUES

1. OBJECT: DEFENDANTS REFERENCE TO EXHIBIT THAT ARE SUPER HARD TO LOCATE AND NEVER WHERE THEY ARE SAID TO BE LOCATED, CONSIST OF ASSERTION-N-ALLEGATIOS; PROCLAIM EVENTS THAT NEVER TOOK PLACE

2. OBJECTION: WHY IS CORRECTIONS DEFENDANTS CONCERN ABOUT MEDICAL ISSUE, ONCE DEFENDANTS ARE DECEIVING THE COURT. PLAINTIFF "RIGHT EYE" NOT THE LEFT EYE, PERTINENT TO THE INSTANT LEGAL ACTION WAS NOT PROVIDE CARE BY OPHTHALMOLOGIST, NOT SEEN BY ONTOLARYNGOLOGIST (ENT), GASTROLOGIST, UROLOGIST, PODIATRIST, CARDIOLOGIST. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

3. OBJECTION, NO CLAIMS ALLEGED CONCERNING A DINAL OF CARE FOR WHIPPLES' DISEASE, ALL PLAINTIP COMPLAINT WERE EXPLAINED IN DETAIL. MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

4. OBJECTION: REFERENCE TO EXH 5, AT P. 102, A SELF-SERVING DOCUMENT CONTAINING HEARSAY, PROCLAIM EVENTS THAT NEVER TOOK PLACE, SEE DOC# 127 AT 15; DOC#60-62 AT 137 DEFENDANTS HAVE DUTY AS MOVANT TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

5. OBJECTION: DENIAL IS NOT SUFFICIENT TO SUPPORT MOTION FOR SUMMARY. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

6. OBJECTION: EXHIB 5 IN ITS ENTIRETY CONTAIN DENIALS, HEARSAY, SELF-SERVING COMMENTS-N-PROCLAIM EVENTS THAT DID NOT OCCUR. MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED; DOC#127 AT 15, 6; EXH 55 AT 18

7. OBJECTION: DENIAL-N-ALLEGATIONS ARE INSUFFICIENT SUPPORT FOR MOTION FOR SUMMARY JUDGMENT, DOC#S 60-62 AT 143; DOC#127 AT 6, 17; EXH: 55 AT 34; 3-8, EXH: 5 IN ITS ENTIRETY IS A SELF SERVING DOCUMENT. MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

8. OBJECTION: EXH 5, CONTAIN HEARSAY, AND PROCLAIM EVENTS THAT NEVER OCCURRED. NO CLAIM ALLEGE AGAINST DEFENDANT, DELISMA ON 2.20.19. MOVANTS HAVE A DUTY

PROC. SUM F: 3:19-CV-00196

(1)

TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

9. OBJECTION: NO CLAIM ALLEGED CONCERNIN WHIPPLE DISEASE, MOVANT, DEFENDANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

10. OBJECTION: EXH 5 IS A SELF SERVING DOCUMENT, CONTAIN HEARSAY, ASSERTIONS-N-PRO-CLAIM ACTS THAT DID NOT OCCUR. DOC#127 AT 9-12; EXH 55 AT 6,12,13. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

11. OBJECTION: EXH 5, SELF SERVING DOCUMENT, PROCLAIM ACT THAT NEVER OCCURED, ACCORDING TO THE PERSON ON THE SCREEN, WHEN ASKED, SAID HE WAS NOT A DOCTOR, HE WAS CONDUCTING AN INVESTIGATION FOR CENTRAL OFFICE CONCERNING A GRIEVANCE PLAINTIFF FILED. IT WASN'T UNTIL THE SUMMARY JUDGMENT STAGE DID PLAINTIFF DISCOVER THE PERSON WAS A DERMATOLOGIST. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

12. OBJECTION: EXH 5, A SELF SERVING DOCUMENT, PROCLAIM ACTS THAT DID NOT OCCUR. (DOC# 60-62)(DOC#127 AT 6,13,20; DOCS 60-62 AT 146,147  EXH 55 AT 3-8;15,19 DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

13. OBJECTION: EXH 5, A SELF SERVING DOCUMENT CONTAIN CLAIMS OF EVENT THAT DID NOT OCCUR. (DOCS 60-62 AT 148-150) DOC#127 AT 6,9-20;84;86-89;10;111;116; EXH 55 AT 3-8; 34-41 DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. EXH 56 AT I-IX

14. OBJECTION: EXH 5, A SELF SERVING DOCUMENT, CONTAIN ACT THAT DID NOT OCCUR. NO CLAIM ALLEGED FOR WHIPPLE CARE. (DOCS 60-62 AT 151; DOC#127 AT 6;9-12;38;39; 41-43;84;110;111  EXH 55 AT 3-8;12;13;23;37-41; EXH 56 AT I-IX. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

15. OBJECTION: NO CLAIM ALLEGED FOR ACTION ON 4.22.19 (SAME #16)

17. OBJECTION: EXH 5, SELF SERVING DOCUMENT CONTAIN ACT THAT DID NOT OCCUR. (DOC# 127 AT 6;15,20;84  EXH! 55 AT 3-8;14;18;37-41; MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

18. OBJECT: N.B. WHY ARE CORRECTION DEFENDANTS SO CONCERN ABOUT MEDICAL ISSUES? EXH 5 AT PP 59, A SELF SERVING DOCUMENT, PROCLAIM ACT THAT DID NOT OCCUR. (DOCS 60-62 AT 158;159; DOC#127 AT 6;13;14;20;84; EXH 55 AT 3-8;14;23;37-41) ON MORE THAN ONE OCCASION MEDICAL PROFESSIONAL PHOTO COPIED THE SICK CALL REQUEST PLAINTIFF SUBMITTED INSTRUCTED PLAINTIFF TO RESUBMIT THE SAME SICK CALL REQUEST. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL AND FAILED

19. OBJECTION: EXH 5, SELF SERVING DOCUMENT, CLAIM ACT THAT DID NOT OCCUR. PLAINTIFF AILMENT DO NOT CALL FOR COLONOSCOPY, NO CLAIM ALLEGED FOR ACTIONS ON 6.27.19

20. OBJECTION: EXH 5 AT PP.56,57; SELF SERVING DOCUMENT, MAKE CLAIM OF ACTS THAT DID NOT OCCUR. DOC#127 AT 6;13;15;17;19;20;84;110;111;116; EXH 55;3-8;14;18;19;20;34-41. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MAT-

ERIAL FACT, AND FAILED

21. OBJECTION: NO CLAIM ALLEGED FOR ACTION ON ~~8.27.19~~ 8.27.19

22. PLAINTIFF ALLEGES AND INCORPORATES BY REFERENCE PLAINTIFF BRIEF IN OPPOSITION TO MEDICAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT; PLAINTIFF BRIEF IN OPPOSITION TO CORRECTIONS DEFENDANTS MOTION FOR SUMMARY JUDGMENT; PLAINTIFF RESPONSE TO STATEMENT OF UNCONTESTED FACTS; EXH 5, SELF SERVING DOCUMENT, CLAIMS ACT THAT DID NOT OCCUR, NO CLAIM ALLEGED FOR CARE PROVIDED

23. N.B. THROUGHOUT THIS BRIEF (MEDICAL-N-CORRECTION, DOCS# 139-141; 151; 153) DEFENDANTS HAVE REPEATEDLY STATED ASSERTIVELY THAT PLAINTIFF WAS TESTED FOR THIS DISEASE, THAT DISEASE; SEEN BY SPECIALIST; THIS YET ANOTHER INSTANCE WHERE DEFENDANT HAS CHOSE TO DECEIVE THIS COURT FOR THE SAKE OF BEING GRANTED THE MOTION FOR SUMMARY JUDGMENT (DOCS# 60-62 AT 406; DOC# 127 AT 91-93; 102; EXH: 55 AT 14, 23, 26; 36-40) e.g. CHECK THE REFERENCE DEFENDANTS MADE FOR THIS PARTICULAR CLAIM (EXH 2) LOCATED AT DOC# 153-2, PP 1; 2; FIRST AND FOREMOST PLAINTIFF HAS NEVER SPOKEN WITH A DR. GREGORY PETER, THIS WAS DONE BY LACKAWANNA MOBILE X-RAY INC., "DIGITAL RADIOLOGY SERVICE", AT THE BOTTOM IS CITED THE WORK THEY SPECIALIZE IN, GASTROENTEROLOGY IS NOT LISTED; NOW GO TO PAGE 2 JAMES ZIMMERMAN, "BOARD CERTIFIED" RADIOLOGIST. PLAINTIFF IS ASKING WHERE ARE THE SIGNED CONSENT FORMS, DEFENDANTS HAVE NOT, AND CANNOT PROVIDE CONSENT FOR FOR TESTING BY A GI SPECIALIST FOR WHIPPLES. WHICH MEANS AGAIN DEFENDANTS HAVE LIED TO THIS COURT. WHICH EXPLAINS WHY CORRECTIONS DEFENDANTS ARE SO CONCERN ABOUT MEDICAL ISSUES. EXH: 2, LIKEN TO EXH 5, IS SELF SERVING, AND USED TO PROCLAIM ACT THAT DID NOT OCCUR, DEFENDANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT, AND FAILED. N.B. THE EXACT SAME TWO DOCUMENTS FIRST SUBMITTED IN WASHINGTON V. BARNHART 3:~~ ~~ CV-007, TO SUPPORT A DIFFERENT THEORY. THIS IS JUST ONE SEVERAL DOCUMENTS DEFENDANTS ALSO SUBMITTED FOR SECOND TIME IN WASHINGTON V. DELISMA, (SEE DOC# 223-1, PP 550; 551; 557; 558 IN WASHINGTON, 3:17-CV-0870. OBJECTION

24. OBJECTION, EXH 1, P. 52 LIKEN TO THE TYPICAL DOCUMENT SUBMITTED BY DEFENDANTS, SELF SERVING, MISLEADING, PROCLAIM ACT THAT DID NOT OCCUR. NO CLAIM IS ALLEGED FOR WHIPPLES' DISEASE CARE, DOCS# 60-62 AT 166. DEFENDANT, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

25. OBJECTION, EXH 1, P. 49, A SELF SERVING DOCUMENT, PROCLAIM ACTS THAT DID NOT OCCUR. (DOCS# 60-62 AT 167; DOC# 127 AT 14, 94-96; 53; 6; 28; EXH 55 AT 4; 5; 37-41) DEFENDANTS, MOVANT, HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

26. OBJECTION, EXH 1, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. NO CLAIM IS ALLEGED FOR ACTS ON 12.19.2019; DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

27. OBJECTION: EXH 1, PP 44 AND 45, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR, NO CLAIM ALLEGED FOR ACTION ON 12.19.19, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE

ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

28. OBJECTION: EXH: 1, pp. 38-40, DEFENDANT, KAUFFMAN ADMITTED TO BEING ANGRY WITH PLAINTIFF FOR HAVING SUED DEFENDANT, KAUFFMAN, WHO DRAFTED THIS DOCUMENT WHICH CONTAIN SELF SERVING, AND CLAIM ACTS THAT DID NOT OCCUR. (Doc#60-62 AT 168, 169; Doc#127 AT 6, 13, 20, 17; EXH: 55 AT 3-9, 14, 23, 34; 37   EXH 56 AT I-IX) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

29. OBJECTION: PLAINTIFF, IN SPITE OF WHAT EXH: 1, PP. 8, 11, 16, 17, 17, 57, A SELF SERVING DOCUMENT THAT PROCLAIMS ACT THAT NEVER OCCURRED, READS, PROVIDED INFORMATION IN DETAIL-N-SPECIFIC CONCERNING EACH AILMENT (Doc# 127 AT 6, 13, 61, EXH 55 AT 15, 16, Doc# 47 AT 51, 102). DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT AND FAILED

30. OBJECTION: NO CLAIM IS ALLEGED FOR THE CARE PROVIDED. CLAIM ALLEGED FOR CARE DEFENDANTS DENIED. DEFENDANTS HAVE A DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT

31. OBJECTION: EXH: 1, PP. 16, 17, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. (Docs#60-62 AT 184, 391, 411, 413 Doc#127 AT 6, 20, 63, 64, 87, 95, Doc# 60-62 AT 414, 415, 417, 421, 422, 423 EXH 55 AT 3-8, 37-41) DEFENDANTS, MOVANT HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED (Docs# 60-62 AT 21

32. OBJECTION: EXH 1, pp. 11-13, 17, 40, 70, 84, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. FIRST-N-FOREMOST, NO CLAIM ALLEGED FOR DENIAL OF CARE FOR WHEAPLES, HOWEVER, EVIDENCE (Docs# 60-62 AT 63, 64, 65, 76-84; Doc# 127 AT 6, 13, 20, 93; EXH 55 AT 15, 16, Doc# 127 AT 61, 52, 102) (@ EXH: 55 AT 3-8) IMPLY THAT WHEAPLES DISEASE, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

33. OBJECTION: EXH: 1, P.8, SELF SERVING, MAKE CLAIMS THAT DID NOT OCCUR. (Docs# 60-62 AT 21, 191, 192, 184, 391, 411, 413-415, 417, 421-423;   Doc# 127 AT 6, 13, 20, 93, 84, 87, 95 EXH: 55 AT 3-18, 14, 37-41) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

34. OBJECTION: ALL EXHIBITS, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. (Docs# 60-62 AT 67, 71, 395 ; Doc#127 AT 5) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACTS, AND FAILED

35. OBJECTION: EXH: 1, pt. 5, SELF SERVING, PROCLAIM ACTS THAT DID NOT OCCUR. (Docs 127 AT 93, 95, 84) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISHED THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT, AND FAILED

36. OBJECTION: EXH 1, p.5, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. (Doc# 127 AT 6, 20; EXH 55 AT 3-8, 37-41; Doc#127 AT 84, 95) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

37. OBJECTION: EXH 1 P.4, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. PLAINTIFF HAS CONSISTENTLY SAID THE EXHIBITS USED TO SUPPORT DEFENDANTS MOTION FOR SUMMARY JUDGEMENT CONTAIN ACTS THAT SIMPLY DID NOT OCCUR. IN THE MOST POLITE TERM, WHAT WAS ALLEGED IN Doc# 152 35, 36, HERE AT 37, 38, SIMPLY DID NOT OCCUR. NO CLAIM ALLEGED FOR ACTS ON 2, 20, 20. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF

GENUINE ISSUE OF MATERIAL FACT, AND FAILED

38. OBJECTION: THIS APPEARS TO BE DEFENDANTS CONSTRUCTING A RED HERRING, NOT WANTING THIS COURT TO SEE DOC# 60-62 AT 122; 134; 135; 139; 140; 152-155; 167; 178; 182; 183; 186; 172; 173-175; 178; 184; 188-199; 301; 318; 380-383; 391; 392; 394; 395; 406; 407; 422; 423; . EXH 1-100 ARE SELF SERVING, CONTAIN CLAIMS OF ACTS THAT DID NOT OCCUR. DEFENDANTS ARE NON-MEDICAL STAFF YET HAVE THIS PASSIONATE INTEREST IN DEFENDING THE NON CONDUCT, AND/OR CONDUCT OF MEDICAL DEFENDANTS. CORRECTIONS DEFENDANTS, MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

39. OBJECTION: YET, ANOTHER ATTEMPT TO CREATE A RED HERRING. NO CLAIM ALLEGED FOR MEDICINES PRESCRIBED. MOVANTS, HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE OF MATERIAL FACT, AND FAILED

40. OBJECTION: EXH 1, PP. 8, 11. SELF SERVING; PROCLAIM ACTS THAT DID NOT OCCUR. PLAINTIFF EXPLAINED IN DETAIL THE SORCES OF PAIN-N-DISCOMFORT. Doc#127 AT 6; 13; 18; 44; 20; 50; 52; 58; 59; 61; 63; 84; 86; 88; 93-98; 110; 111; 116; EXH: 55 AT 3-8; 23; 26; 36-41. DEFENDANT, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, THE MOTION FOR SUMMARY SHOULD BE DENIED EXH: 56 AT I-IX

41. OBJECTION: EXH 1, P. 1; SELF SERVING; MAKE CLAIMS TO ACT THAT DID NOT OCCUR. ATTENDING A SCHEDULED SICK CALL OUT IS NOT MANDATORY FOR ALL INMATES. WHEN A INMATE REFUSE TO ATTEND A SCHEDULED SICK CALL THAT INMATE IS GIVEN A MISCONDUCT REPORT; SEE DOC#54. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED. WHAT IS THE MISCONDUCT NUMBER?

42. OBJECTION: DENIAL IS NOT SUFFICIENT EVIDENCE TO SUPPORT A MOTION FOR SUMMARY JUDGMENT. Doc#127 AT 6; 8-20; 82; 95; 44 EXH 55 AT: 3-9; 12-14; 18; 23; 26; 34-41; DOCS#60-62 AT 24; 29; 411. WHAT IS MOTIVATING CORRECTIONS DEFENDANTS TO CONCOCT SUCH A SCHEME TO BLAME PLAINTIFF FOR MEDICAL DEFENDANTS ALLEGED MISCONDUCT. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT, AND FAILED. MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

43. OBJECTION: NO CLAIM ALLEGED FOR CARE PROVIDED. CLAIMS ALLEGED FOR CARE DENIED.

44. OBJECTION: EXH. 1, PP. 8, 9, 17, 18, 35, 36, 47-58 SELSERVING; CLAIMS OF ACTS THAT DID NOT OCCUR. DOC#127 AT 6; 15; 84; EXH# 55 AT 3-8; 14; 37-41. THE MOTION FOR JUDGMENT SHOULD BE DENIED, DEFENDANT, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

45. OBJECTION: EXHS 1-3, SELF SERVING-N-CLAIMS ACTS THAT DID NOT EVER OCCUR, SEE DOC# 127 AT 6; 12; 15; 17-19; 63; 110; 84; 86; 87; 93; 111; 95; EXH: 55 AT 3-9; 12; 13; 14; 18; 34-35; & DEFENDANTS MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

46. OBJECTION: EXH 1, IS SELF SERVING, CLAIM EVENT THAT DID NOT OCCUR. DENIAL IS INSUFFICIENT SUPPORT FOR SUMMARY JUDGMENT. Doc#127 AT 14; 96; 58; EXH:55 AT 4; 5. DEFENDANTS, MOVANTS, HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF

PRCDCSUMF #3:19-CV-00196               (5)

MATERIAL FACT, AND FAILED. DOC #60-62, AT 393

47. OBJECTION, EXH 1, SELF SERVING, CLAIMS EVENTS THAT DID NOT OCCUR. DENIAL IS NOT SUFFICIENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT. (DOC #127 AT 6, 9-12, 15-20, 38, 46, 48-63, 84, 87, 88, 94, 95, 98, 100, 101, 110, 111, 116      EXH 5 AT 4-8, 10-14, 18, 23, 26, 34-41.  ) DOCS #60-62 AT 422, 423, 381-385, 421, 394, 395, 414-415, 417, 36, 66, 84-88  DEFENDANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT AND FAILED.

48. OBJECTION: EXH 1, P. 4 SELF SERVING, PROFESS CLAIMS OF ACTION THAT DID NOT OCCUR. DOC # AT 75. DOC #127 AT 20     DEFENDANT'S USE OF HEARSAY, CORRECTION DEFENDANT RELYING ON THE WORD OF MEDICAL PROFESSIONALS, IS INSUFFICIENT EVIDENCE TO SUPPORT MOTION FOR SUMMARY JUDGMENT. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

49. OBJECTION: EXH 1, P.5; SELF SERVING, CONTAIN REFERENCE TO ACTS THAT DID NOT OCCUR. NONE OF PLAINTIFF HEALTH PROBLEMS, ACCORDING TO MEDICAL DEFENDANTS OWN MANUAL OF MEDICAL PRACTICE RECOMMEDED THE TREATMENT SUGGESTED. N.B. NO CLAIM IS ALLEGED DUE TO THE DENY OF CARE FOR WHIPPLES. (DOC #127 AT 81, 110) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACT, AND FAILED.

50. OBJECTION: THIS ENTRY IS THE FIRST TO CONCERN A CORRECTIONS DEFENDANT, AND IMMEDIATELY DEFENDANTS ATTEMPT TO CREATE A RED HERRING, e.g.  FEBRUARY 2019 PLAINTIFF WAS MOVED TO A DIFFERENT LOCATION, SO THE REFERENCE TO 10.2.19 - 3.6.2020 IS NOTHING MORE THAN A DISTRACTION. IT CAN BE CONSTRUED THAT DEFENDANTS AGREE THAT PRIOR TO 10.2.19 THERE ARE INDICATION THROUGHOUT PLAINTIFF'S MEDICAL RECORD THAT PLAINTIFF SHOULD BE PLACED IN A DIFFERENT CELL. N.B. THE CLAIM ALLEGED CONCERNING PSYCHOLOGICAL AFFECT OF CELL LOCATION DO NOT EXTENT BEYOND FEBRUARY 2019. DEFENDANTS REFERENCE EXH 1, A DOCUMENT CONTAINING SELF SERVING COMMENTS, HEARSAY, ASSERTIONS, CLAIMS OF ACTS THAT DID NOT OCCUR. DEFENDANT, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT AND FAILED.

51. OBJECTION. AGAIN, EXH 5, PP. 158, 159, AN ATTEMPT TO CREATE A RED HERRING, i.e. WITH THE EXCEPTION OF PAGES 158, 159, EXH 5 CONSIST OF NON PSYCHOLOGICAL REPORT. DEFENDANTS USE THE DATES 7.2.18 - 10.2.19, THEN FAILED TO PROVIDE A PSYCHOLOGICAL REPORT WITHIN THAT TIME SPAN. THE REMAINDER OF EXH 5 CONCERN PLAINTIFF PHYSICAL HEALTH PROBLEMS WHICH NO CLAIM IS ALLEGED THAT CORRECTION DEFENDANTS IN WASHINGTON V. DELISMA, CAUSED PLAINTIFF PHYSICAL HEALTH PROBLEM DUE TO CELL LOCATION. YES PLAINTIFF WORD ARE CITED, THAT'S WHY IT IS A REPORT. NO CLAIMS ALLEGED FOR BEING DENIED OUT OF CELL ACTIVITIES. DEFENDANTS, MOVANT, HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

52. OBJECTION: EXHS 1, 5 CONSIST OF ONLY TWO PAGES OF PLAINTIFF MENTAL HEALTH, FOR OBVIOUS REASONS DEFENDANTS SELECTED. IT IS NOT AN ANALYSIS. BUT PLAINTIFF WORDS DO INFER A NEED TO BE MOVED TO ANOTHER CELL. MEDICAL STAFF DO NOT PROVIDE MENTAL HEALTH

M.C. DeSum F: 3:19-CV-00196

(6)

ANALYSIS. EXHS 4,5, ONLY CREATE A RED HERRING. DEFENDANTS (SEE Doc#127 AT 21,22,26, 27-32, 34, 63, 75-80, 86, 89, 97, 98; EXH 55 AT 9,14, 23, 26, 28, 30, 36-41) THE MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

53. OBJECTION: EXHS 6, 7; DEFENDANTS WOULD LIKE THIS COURT TO BELIEVE THAT THE CAUSE OF ACTION THAT ALLEGED TO HAVE OCCURRED ON 10.7.17 WAS ALLEGED IN WASHINGTON V. BARNHART, NOT! SO, BECAUSE EACH ACT OF RETALIATION IS A DISCRETE CAUSE OF ACTION WISNIEWSKI V. FISHER, 857 Fd 152, 158 (3d cir 2017); AND IN THE ALTERNATIVE, THE CLAIMS ALLEGED IN WASHINGTON V. DELISMA, ARE A PART OF CONTINUING VIOLATION SOWELL V. PALMER TWP, THEREFORE IN BOTH VIEWS, CLAIMS ALLEGED IN WASHINGTON V. DELISMA ARE NOT THE SAME CLAIMS ALLEGED IN WASHINGTON V. BARNHART. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH GENUINE ISSUE OF MATERIAL FACT, AND FAILED

54. OBJECTION: BASED ON DEFENDANT OWN ACTIONS A REASONABLE FACT FINDER, WHILE VIEWING THE EVIDENCE IN PLAINTIFF FAVOR CAN BELIEVE DEFENDANT ACTIONS WERE MOTIVATED BY RACE (Docs#60-62 AT 27, 30, 31, 38-41, 56, 57-62, 70, 73, 108, 111, 109, 112, 113, 206-210, 373, 431, 397  EXH 55 AT 210, 230, 37-41;  Doc#127 AT 33, 39, 40, 97, 98, 76  DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

55. OBJECTION: EXH 8, SELF SERVING, CLAIM ACTS THAT NEVER TOOK PLACE, ALL INMATES THROUGHOUT THE PA. DOC WHO ARE ASSIGNED TO THE RTU IS ASSIGNED TO THE RTU TO FACILITATE THAT INMATE MENTAL HEALTH ISSUES. PLAINTIFF WAS TREATED NO DIFFERENT. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

56. OBJECTION: EXH 8, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. EVERY INMATE THAT REFUSE TO PARTICIPATE IN - AND WAS DISRUPTIVE, PROGRAMMING; THAT INMATE WOULD BE GIVEN WARNING, WRITTEN WARNINGS, INCIDENT REPORT, AND/OR A MISCONDUCT, WHERE ARE WRITTEN WARNINGS - INCIDENT REPORT, AND MISCONDUCT NUMBER - MISCONDUCT OR INCIDENT REPORT HEARING DATES, DATES-N-SANCTIONED PUNISHMENT. ADDITIONALLY, IN TWO SEPARATE DECLARATIONS (ONE IS ATTACHED TO BRIEF IN OPPOSITION) (AND DOCUMENT 153-10 AT PP. 183, 184) AND INITIAL REVIEW RESPONSE GRN. 830855 DO NOT! STATE THAT PLAINTIFF WAS DISRUPTIVE, OR REFUSED TO PARTICIPATE IN RTU PROGRAMS. NO INCIDENT REPORT, WRITTEN WARNINGS (IT IS NOT UNHEARD OF FOR AN INMATE TO RECEIVE MULTIPLE WRITTEN WARNINGS, AND/OR MORE THAN TWO MISCONDUCT, STILL REMAIN ON THE RTU) SEE, DEFENDANT BOWERS DECLARATION IN WASHINGTON V. BARNHART, BELOW AT LINE 6; DOES THAT SOUND AS IF PLAINTIFF WAS REMOVED CAUSE OF REFUSING TO PARTICIPATE OR DISRUPTIVE. NO WARNING-INCIDENT REPORT-MISCONDUCTS, DEFENDANT HAVE NOT PROVIDED THESE PARTICULARS, AND DEFENDANTS CANNOT PROVIDED THOSE PARTICULARS, BECAUSE LIKE MANY ACTS DEFENDANTS PURPORTED SIMPLY DID NOT OCCUR. ALLEGATIONS ARE INSUFFICIENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, AND WHEN A REASONABLE FACTFINDER AFTER ALL INFERENCES ARE DRAWN IN PLAINTIFF FAVOR CAN BELIEVE DEFENDANT BOWERS RETALIATED AGAINST PLAINTIFF HAVING PLAINTIFF REMOVE FROM THE RTU. DEFENDANTS, MOVANTS HAVE

FR: OBJ SUMM F: 3:19-CV-00196      (7)

A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

57. OBJECTION. EXH 8, A SELF SERVING DOCUMENT, CONTAIN CLAIMS OF ACTS THAT DID NOT OCCUR. THE PREMISE OF PLAINTIFF BEING NOTED OFF THE RTU DUE TO REFUSUAL TO PARTICIPATE IN AND WAS DISRUPTIVE OF THE PROGRAMMING IN THE RTU (Doc#127 AT 43; 42; 75; 76; 78 EXH 55 AT 10; 14; 28; 37-41), IS NOT ACCURATE, CONCOCTED TO COVER RETALIATION. WHEN THIS ALLEGATION WITH THE INFERENCE ARE VIEWED IN PLAINTIFF FAVOR, THE NON MOVANT A REASONABLE FACTFINDER CAN BELIEVE THE ALLEGATION TO BE MATERIAL FACT. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

58. OBJECTION: EXH 8, SELF SERVING, CLAIM ACTS THAT NEVER OCURRED. FIRST-N-FOREMOST, NO CLAIM ALLEGED FOR BEING DENIED USE OF GYM FACILITIES. N.B. RTU HAS A UNIVERSAL WEIGHT LIFTING SET IS LOCATED ON THE AB POD WHICH PLAINTIFF, AS WELL AS 'ALL' OTHER INMATES WERE FREE TO USE. AFTER DEFEDANT, BOWERS, RECEIVED THE U.S. MARSHALL FORMS-N-THE COMPLAINT, DEFENDANT, BOWERS NOT LONG AFTER LOTS OF BRAGGING TAUNTING, MOVED PLAINTIFF TO A MOST IN CUNDUCIVE ENVIRON-MENT TO PLAINTIFF MENTAL-N-PHYSICAL HEALTH. WHEN THE EVIDENCE IS VIEWED IN FAVOR OF PLAINTIFF A REASONABLE FACTFINDER CAN BELIEVE THE REMOVAL FROM RTU TO BE MATERIAL TO RETALIATION. N.B. PLAINTIFF REMAINED ON THE RTU FOR MONTHS AFTER PLAINTIFF D-CODE WAS REMOVED, LIKE MANY OTHER INMATES, MOST WHITE INMATES, UNTIL DEFNDANT, BOWERS RECEIVED THE U.S. MARSHAL FORMS-N-COMPLAINT. NOT TOO LONG AFTER, WHILE TAUNTING BRAGGING, DEFENDANT, BOWER MOVED PLAINTIFF AWAY WHILE ALLOWING WHITE INMATES TO REMAIN. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH A ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

59. OBJECTION. EXH 8, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR. NO CLAIM ALLEGED FOR DENIAL OF GYM OR FOR BEING REMOVED FROM THE RTU. DEFENDANT, BOWER BRAGGED-N-TAUNTED, THEN ACTED ON HIS THREAT (Docs#60-62 AT 21; 30; 31; 35; 37; 40-62; 210; 302-304; 253; 381-383; 397; 398; 406-407; 421-422; 42; 43; 46; 88; 89; 97; 98; 100; 101 LOCATED AT Doc#127) (EXH 55: 10; 14; 26; 28; 36-41) DENIAL IS NOT SUFFICIENT TO SUPPORT MOTION FOR SUMMARY JUDGMENT. WHEN THE ALLEGED ACT IS EXAMINED WHILE DRAWING ALL JUSTIFIABLE INFERENCES IN FAVOR OF PLAINTIFF, NON MOVANT A REASONABLE FACT FINDER CAN FIND THAT DEFENDANT, BOWERS REMOVING PLAINTIFF FROM THE RTU, AND FORCING PLAINTIFF TO REMAIN IN CELL LOCATED IN A AREA DEFENDANT, BOWERS KNEW WOULD DEFINITELY CAUSE PLAINTIFF PSYCHOLOGICAL DAMAGE. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

60. OBJECTION: CORRECTION, PLAINTIFF AND THE PA. DOC ENTERED A SETTLEMENT AGREEMENT AT CASE NUMBER 497 F.3d 272 (3d CR. 2007)

61. OBJECTION: DEFENDANTS SELECTED PORTION OF THE SETTLEMENT IS MISLEADING, BY EXCLUDING THE CLAUSE AT P. 7; 8 WHERE IT STATES "TO THE EXTENT THAT MR WASHINGTON NEEDS TO POSSESS INSIDE HIS CELL MORE THAN THE AMOUNT OF PROPERTY

PRCDCSUMF: 3:19-CV-00196         (8)

ALLOWED BY THIS AGREEMENT BECAUSE OF ACTIVE LITIGATION, HE MAY PETITION THE SUPERINTENDENT FOR PERMISSION TO POSSESS EXCESS LEGAL MATERIAL. Doc#127 AT 7; EXH 49, PP. 7, 8

62. OBJECTION: THE PREMISE OF PLAINTIFF WAS PROVIDED ADDITION PROPERTY PER DICTATES OF THE SETTLEMENT IS INACCURATE Doc#127 A; 8; 33-35; 38, 39; 41-44; 114; 115; EXH: 55 AT 20; 21. WHEN THE FACTS ARE CONSIDERED IN THE LIGHT FAVORABLE TO PLAINTIFF, THE NONMOVANT, A REASONABLE FACTFINDER CAN BELIEVE PLAINTIFF HAS A GENUINE ISSUE. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACTS, AND FAILED. EXH 49, PP. 7, 8

63. OBJECTION: EXH 11, SELF-SERVING, CLAIMING ACT THAT DID NOT OCCUR. ALLEGATIONS IS INSUFFICIENT TO SUPPORT MOTION FOR SUMMARY JUDGMENT. EACH TIME DOC STAFF REMOVE PROPERTY FROM A IMATE'S CELL FOR ANY REASON THAT STAFF MEMBER "MUST" PROVIDE THAT INMATE WITH A CIR (CONFISCATED ITEMS RECEIPT). THIS INCLUDES PROPERTY STORED IN THE R-N-D. PLAINTIFF IS DECLARING DEFENDANTS CLAIMS OF REMOVING PROPERTY FROM PLAINTIFF CELL DUE TO FIRE-N-SAFETY HAZARD PREVENTION DID NOT HAPPEN. DEFENDANTS DID NOT, AND CANNOT PROVIDE THIS COURT WITH A COPY OF THE C.I.R. CONCERNING HAVING REMOVED PROPERTY FROM PLAINTIFF CELL, BECAUSE IT DID NOT OCCUR. WHEN THE INFERENCES ARE DRAWN IN A LIGHT FAVORABLE TO PLAINTIFF, THE NON MOVANT A REASONABLE FACTFINDER CAN BELIEVE HAS A VALID ISSUE. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

64. OBJECTION: EXH 11, SELF SERVING, CLAIMIN ACTS THAT DID NOT OCCUR. THE PREMISE OF PROPERTY BEING REMOVED FROM PLAINTIFF CELL DUE FIRE-N-SAFETY CONCERN, PLACED IN R-N-D, AND IS SAFELY-N-SECURELY KEPT IN R-N-D IS AN ASSERTION, ASSERTION IS NOT FACT. AGAIN, NO PROPERTY WAS EVER REMOVED FROM PLAINTIFF CELL. DEFENDANTS VERSION OF THE EVENT CONFLICTS WITH PLAINTIFF VERSION. BIG APPLE BMW INC, 974 F.2d AT 1363. PLAINTIFF, NON MOVANT VERSION "MUST" BE TAKEN AS TRUE. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

65. OBJECTION: EXH 11, SELF SERVING, CLAIM ACTS THAT DID NOT OCCUR, TO DATE! ONGOING FOR MORE THAN 10-STRAIGHT WEEKS THE R-N-D SERGEANT, R.L. YACHERE, HAS ESSENTIALLY DENIED PLAINTIFF ACCESS TO THE PROPERTY BEING KEPT IN R-N-D BY DEMANDING THAT PLAINTIFF 77-PLUS YEARS OF AGE RISK INJURY BY ENTERING A AREA OFF LIMITS TO "ALL" OTHER INMATES IN THE DOC; LIFT HEAVY BOXES-N-FOOT LOCKER, WHILE THE INMATES LESS THAN 40 YEARS OF AGE WHO ARE PAID TO DO THIS WORK; NO OTHER INMATE IS ASK TO DO THIS. R-N-D SERGEANT, R.L. YACHERE, WHO HAS CONTINUOUSLY USED TALK IN RACIST OVERTONE, ABANDON WHAT HAS DONE TO PROVIDE PLAINTIFF TO PROPERTY N-EXCHANGE, WHICH EXISTED FOR 676 STRAIGHT WEEKS. DEFENDANT, TICE IS CURRENTLY REFUSING TO RESPOND TO PLAINTIFF GRN #954634, CONCERNS R-N-D SGT. R.L. YACHERE DENYING PLAINTIFF HIS PROPERTY EXCHANGE. DEFENDANT, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

66. OBJECTION: DEFENDANT, TICE HAS ADMITTED UNAMBIGUOUSLY DECLARED THAT DEFENDANT, TICE MADE A MISTAKE IN ~~~~ NO LONGER APPROVALS PLAINTIFF TO POSSESS

ARCDC SUMF: 3:19-CV-00196  (9)

PLAINTIFF IN DEFENDANTS CELL (DOCS 60-62 AT 268; DOC #127 AT 36, 109, 115 EXH 55 AT 2) WHEN THE EVIDENCE IS INFERRED IN THE PLAINTIFF FAVOR A REASONABLE FACTFINDER CAN BELIEVE DEFENDANTS DENIAL OF NINE BOXES OF PROPERTY INSIDE OF PLAINTIFF CELL VIOLATED THE SETTLEMENT AGREEMENT EXH: 49 PP 7, 8. DEFENDANT, MOVANTS, HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

67. AGREE.

68. AGREE: N.B. ONE OF THE CLAIMS PLAINTIFF ALLEGED WAS BEING DENIED ACCESS TO THE INMATE GRIEVANCE SYSTEM, DC-ADM 804 DOCS# 60-62 AT 30, 31, 74, 89, 90-134, 213, 214, 386-388, 387, 385, 399, # 419

69. AGREE: SEE ABOVE AT 68.

70. OBJECTION: EXH 10 AT P.3 (11B) ON TELL A SMALL PART OF THE STORY. PRISON OFFICIALS CAN EXCUSE AN INMATE'S FAILURE TO IDENTIFY THE PERSON THE GRIEVANCE WAS FILED AGAINST. SPURILL V. GILLIS, 372 F.3d 218, 234 (3d Cr. JANUARY 13, 2004)

71. OBJECTION: EXH 10 P.5; A SELECTED PORTION, MISLEADS, AND ONLY TELL PART OF THE FACTUAL CONCLUSION. PRR POLICY (DC-ADM 804, SEC. 2-APPEALS B.1@ "THE DECISION FROM THE APPEAL TO FACILITY MANAGER/DESIGNEE MUST BE RECEIVED BY THE INMATE BEFORE AN APPEAL TO FINAL REVIEW CAN BE SOUGHT"; SAME WHEN APPEALING TO FACILITY MANAGER, DC-ADM 804 SEC.2 A 1(a); SEE PP 15, 18; DOC #153-14 ROSS V. BLAKE, 136 S. CT. 1850, 1856, 1859 (2016) (AVAILABLE, NOT AVAILABLE. ADMINISTRATIVE REMEDY, ALTHOUGH OFFICIALLY ON THE BOOKS IS NOT "AVAILABLE BECAUSE IT IS "NOT CAPABLE OF USE TO OBTAIN RELIEF") DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

72. OBJECTION: EXH 6 AT PP. 133-147, DEFENDANTS ATTEMPT TO CREATE A RED HERRING, THIS DOES NOT DEMONSTRATE A ABSENCE OF GENUINE MATERIAL FACT, THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED, BECAUSE DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

73. OBJECTION: DEFENDANTS ATTEMPTING TO CREATE A RED HERRING, DEFENDANTS ABANDON THEIR DUTY, AS THE MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

74. OBJECTION: THIS IS A RED HERRING AND DO NOT DEMONSTRATE A LACK OF MATERIAL FACT, NOT REQUESTING MONETARY DAMAGE IN A GRIEVANCE IS NOT A FAILURE TO EXHAUST, BROWN V. CROAK, 312 F.3d 109, 113 (3rd Cr. 2002) (MISLEADING INSTRUCTIONS) DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH A ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

75. OBJECTION: ONCE AGAIN, A RED HERRING. DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

76. OBJECTION: A RED HERRING. DEFENDANTS, MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

77. OBJECTION: A RED HERRING. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

78. OBJECTION: A RED HERRING. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTAB-

LISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

79. OBJECTION: RED HERRING, SEE ABOVE AT 70. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

80. OBJECTION: EXH 13, MISLEADS, MAKE CLAIMS THAT IS FLAT OUT 'FALSE'. (DOCS #60-62 AT 248; DOC #127 AT 36/109; EXHS #48, 55 AT 12. DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

81. OBJECTION: RED HERRING, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

82. OBJECTION: RED HERRING, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

83. OBJECTION, RED HERRING, DEFENDANTS, MOVANT HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

84. OBJECTIONS: RED HERRING, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

85. OBJECTION: RED HERRING, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

86. OBJECTION: RED HERRING, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

87. A RED HERRING; YES PLAINTIFF OBJECT, DEFENDANTS, MOVANTS HAVE A DUTY TO ESTABLISH A ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

88. N.B. PLAINTIFF ALLEGES AND INCORPORATES BY REFERENCE THE ENTIRE PLEADINGS OF PLAINTIFF BRIEF IN OPPOSITION TO MEDICAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT (DOC #139-141); PLAINTIFF RESPONSE TO STATEMENT UNCONTESTED FACT OF DEFENDANTS; PLAINTIFF [illegible strikethrough text] OPPOSITION TO CORRECTIONS DEFENDANTS MOTION FOR JUDGMENT, DOC #151

## VERIFICATION

I HAVE READ THE FOREGOING PLAINTIFF RESPONSE TO CORRECTIONS DEFENDANTS CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS, AND HEREBY VERIFY THAT THE RESPONSES THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEFS, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE

PURSUANT TO 28 U.S.C. §§ 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, EXECUTED THIS 17 DAY OF JANUARY 2022, AT SCI-SOMERSET, SOMERSET, PA.

DATE: 1-17-22

"RESPECTFULLY SUBMITTED"
S/ Henry Unseld Washington
HENRY UNSELD WASHINGTON
AM 3286   PRO SE

PRCDCSUMF: 3:19-CV-00196

(11)