FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAN 21 2022

HENRY UNSELD WASHINGTON
PLAINTIFF

V.

KANSKY DELISMA Defendants, et al.

No. 3:19-CV-00196
JUDGE LENIHAN

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PLAINTIFF BRIEF IN OPPOSITION TO MEDICAL DE-
FENDANTS MOTION FOR SUMMARY JUDGMENT, Doc#
139-141

## I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE CAPTION

1. PLAINTIFF MOVES THIS COURT WITH PLAINTIFF BRIEF IN OPPOSITION TO MEDICAL DEFEND-
ANTS MOTION FOR SUMMARY JUDGMENT, Doc# 139-141

2. N.B. PLAINTIFF RECEIVED A COPY OF MEDICAL DEFENDANTS BRIEF IN SUPPORT OF MOT-
ION FOR SUMMARY JUDGMENT, ON OR NEAR 11.5.21, WHICH HAS AT LEAST TWO UNREAD-
ABLE, i.e. PP 12, 13; THE STATEMENT OF UNCONTESTED FACTS, Doc# 141, WITHOUT CITES, REFER-
ENCES TO EXHIBITS THAT DOES NOT EXIST, OR HAS NOTHING TO DO WITH THE ISSUE BE-
ING DISCUSSED, e.g. 441-442; 455-456; 438-440; 433-434; 430-432; 414-415; AND THROUGHOUT
THIS BRIEF, Doc# 141, PP. 1-8, HOW CAN PLAINTIFF SCRUTINIZE MEDICAL DEFENDANTS DOC-
UMENT WHEN REFERENCES CANNOT BE LOCATED, AND THE ISSUE IS NOT CITED ON THE REFERR-
ED PAGE.

3. LEGAL STANDARD:
THE REVIEWING COURT MAY CONSIDER ANY MATERIAL IN THE RECORD IN DETERMINING WH-
ETHER THERE EXIST A GENUINE ISSUE OF MATERIAL FACT. FRCP 56 (C)(3)
GALLI V. NEW JERSEY MEADOWLANDS COMM'N, 490 F. 3d 265, 270 (3rd Cir. 2007)(FRCP
56 E, WHILE THE EVIDENCE OF THE NON MOVING PARTY MAY EITHER DIRECT THE EVI-
DENCE OF THE NON MOVING PARTY MAY EITHER DIRECT OR CIRCUMSTANTIAL AND NEED
NOT BE BE AS DIRECT AS A PREPONDERANCE, THE EVIDENCE MUST BE MORE
THAN A SCINTILLA.
THE NON MOVING PARTY IS REQUIRED TO GO BEYOND THE PLEADING AND BY AFFIDAVITS OR
"DEPOSITIONS, ANSWERS TO INTERROGATORIES AND ADMISSION ON FILE, DESIGNATE SPECI-
FIC FACT SHOWING THAT THERE IS A GENUINE ISSUE FOR TRIAL." CELOTEX CORP V. CAT-
RETT 477 U.S. 317, 324, 106 S. CT. 2548 (1986)
IN ISSUE OF FACT IS "GENUINE ONLY IF A REASONABLE JURY CONSIDERING THE EVIDENCE
PRESENTED, COULD FIND FOR THE NON MOVING PARTY" CHILDERS V. JOSEPH, 842 F. 3d 689, 69-
694 (3rd Cir. 1988), ANDERSON V. LIBERTY LOBBY INC., 477 U.S. 242, 249, 106 S. CT. 2505 (1986)
IN DETERMINING THE EXISTENCE OF MATERIAL FACT, THE REVIEWING COURT MUST
CONSIDER THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE NON MOVING PARTY
MILLER V. KELLNER, 2013 U.S. DIST. LEXIS 128391, (3rd CIR SEPTEMBER 16, 2013); WHITE V.
WESTINGHOUSE ELECTRIC CO., 862 F.2d 56, 59 (3rd CIR 1935); AS SUCH, THE COURT MUST AC-
CEPT THE NON MOVING PARTY'S ALLEGATIONS AS TRUE AND RESOLVE ANY CONFLICTS IN HIS OR
HER FAVOR. ID. GANS V. MUNDY, 762 F. 2d 338, 340 (3d CIR 1985), GOODMAN V. MEAD JOHN-
SON + CO. 534 F. 2d 566, 573 (3d Cir. 1976)
OPP: SJ 3:19-CV-00196

(1)

IN THIS INSTANCE PLAINTIFF PROVIDED DOCUMENTS, MANY DRAFTED-N-SIGNED BY DOC STAFF AND/OR MEDICAL DEFENDANT SUPPORTIVE TO PLAINTIFF DECLARATIONS, PROVIDING FAR MORE THAN SUFFICIENT EVIDENCE TO SUPPORT A JURY VERDICT IN PLAINTIFF FAVOR, WHICH DEMON-STRATES PLAINTIFF THEREFORE SURVIVE SUMMARY JUDGMENT, EXPERT TESTIMONY NOT NEED-ED

4. PLAINTIFF OBJECTION TO PP 5-7, PLAINTIFF HAS successfully DEFEATED THE MOTION FOR SUMMARY JUDGMENT OF MEDICAL DEFENDANT BECAUSE PLAINTIFF HAS SUFFICIENT EVI-DENCE TO SUPPORT A JURY VERDICT ON THE ISSUE ESTABLISHING A SERIOUS MEDICAL NEED. N.B. FOR THE SAKE OF CLARITY, HYPOCHONDRIA IS A PSYCHOLOGICAL TEAM-N-DIAGNOSIS WHICH CAN ONLY BE DIAGNOSED BY PSYCHOLOGISTS, PLAINTIFF HAS UNDERGONE MORE THAN ONE PSYCHIATRIC EVALUATION, NOT ONCE DID THEIR FINDINGS DIAGNOSE HYPOCHONDRIA. IT IS NOT SOUND JUDGMENT THE COURT IN WASHINGTON V. GILMORE 18CV-1031, Doc#166 AT 14,14 TO ACCEPT AS FACT THE CLAIM OF SOMEONE WHO FOUND PLAINTIFF SEXUALLY ATTRACT-IVE, AND BECAUSE PLAINTIFF REFUSE THAT DEFENDANT CONTINUOUS SEXUAL REQUEST THAT DEFENDANT LABELLED PLAINTIFF AS A HYPOCHONDRIA. NO EVIDENCE HAS EVER BEEN PRESENTED TO THIS COURT WHERE A PSYCHOLOGIST DIAGNOSED PLAIN-TIFF TO BE A HYPOCHONDRIA

NOT ALL OF THE SERIOUS NEEDS HAS EXISTED FOR MANY YEARS, AND THESE HAVE THE MEDICAL DEFENDANTS IN THIS INSTANT LEGAL ACTION REFUSAL TO PROVIDE CARE FOR HAS CAUSED THESE LONG TERM MEDICAL NEEDS TO EVOLVE INTO A STAGE WHICH MORE THAN ONE SURGICAL PROCEDURE IS NEEDED, OR LONG TERM MEDICINE, AND/OR THERAPY IS REQUIRED, e.g. INABILITY TO SPEAK ALOUD, UREATHRAL STRICTURE, NON STOP PAIN-N-EXTREME DISCOMFORT THROUGHOUT THE DIGESTIVE TRACT, SUDDEN LOSS OF WEIGHT, DEM-ENTIA, MEMORY LOSS EXTREME DRY SKIN, DEFORMED FINGERS, MUSSLE WEAKNESS, NEAR BLINDNESS IN RIGHT EYE . HELLING V. MCKINNEY, 509 U.S. 25, 113 S.Ct. 2475 (1993)(WE HAVE DIFFICULTY AGREEING THAT PRISON AUTHORITIES MAY NOT BE DELIBERATE INDIFFER-ENCE TO AN INMATES CURRENT HEALTH PROBLEMS BUT MAY IGNORE A CONDITION OF CON-FINEMENT THAT IS SURE OR VERY LIKELY TO CAUSE SERIOUS ILLNESS AND ENDLESS SUFFERING THE NEXT WEEK OR MONTH OR YEAR) PLAINTIFF FACTS Doc#127 AT,

HOWEVER, COMPLAINTS ALSO CONSIST OF HEALTH PROBLEMS THAT EITHER EVOLVED FROM NO CARE, OR FIRST TIME OCCURRENCE, e.g. SEVERAL WEEKS OF CONTINUOUS DISCHARGE OF YEL-LOW GREASE FROM A OIL FROM RECTUM, RIGHT LEG SWOLLEN FAR BEYON NORMAL SIZE AND TO SUCH EXTENT PLAINTIFF DRAGGED HIS RIGHT LEG A PLAINTIFF WALKED, NEED OF LASER SURG-ERY, HEART VALVE DISEASE, IRREVERSIBLE FOOT FUNGUS, CONTINUOUS NOSE BLEEDS -N-FATIGUE Doc#127 AT 6,9-12, 15-17, 19, 97, 110

SLOW HEART RATE, LOW RED-N-WHITE BLOOD CELLS CELLS, COVID SYMPTOMS, OPEN SORES ON FEET-N-LEGS, FEET ENCASED IN CALLUSES, EYES IS DISCHARGING PUS-N-BLOOD, TOE NAILS DIS-CHARGING PUS-N-BLOOD, DIFFICULTY REMAINING AWAKE-N-CONCENTRATING

A SERIOUS HEALTH PROBLEM DOES NOT BECOME LESS SERIOUS AS UNTREATED HEALTH PROB-LEM AS TIME PAST, BUT THOSE HEALTH PROBLEMS EVOLVED TO BE AN EVEN GREATER SER-IOUS HEALTH PROBLEM , AND THE NEED FOR CARE IS EVEN MORE URGENT, ID, 509

OPP:SJ 3:19 CV-00196

U.S. 25 . <u>MONMOUTH CNTY CORR. INST. INMATES</u> V. <u>LANZARO</u>, 834 F.2d 326, 347 (3d cr. 1987) ("IF IT IS" ONE THAT HAS BEEN DIAGNOSED BY A PHYSICIAN ARE REQUIRING TREATMENT OR ONE THAT IS SO OBVIOUS THAT A LAY PERSON WOULD EASILY RECOGNIZE THE NECESSITY FOR A DOCTOR'S ATTENT-ION"); <u>ESTELLE</u> V. <u>GAMBLE</u>, 429 U.S, 97, 104, 97 S. CT 285 (1976) (DELIBERATE INDIFFEREN-CE TO SERIOUS MEDICAL NEEDS OF A PRISONER CONSTITUTES UNNECESSARY-N-WANTON OF PAIN PRESCRIBED BY THE EIGHTH AMENDMENT); <u>ROUSE</u> V. <u>PLANTIER</u>, 182 F.3d 192, 197 (3rd cr. 1999) (KN-OWS OF PRISONER'S NEEDS FOR MEDICAL TREATMENT BUT INTERNATIONALLY REFUSE TO PRO-VIDE IT; DELAYS NECESSARY MEDICAL TREATMENT BASED ON NON MEDICAL REASONS; ARE VENT A PRISONER FROM RECEIVING NEED OR RECOMMENDED MEDICAL TREATMENT)

MEDICAL DEFENDANTS, ALL WHOM HAVE VOWED TO PENALIZE PLAINTIFF, ONE, DEFEN-DANT, PLAYSO PHYSICALLY ASSAULTED PLAINTIFF, BY WAY OF EXH D; I; REFERENCED TO ALLEG-ED ACTS AGAINST MEDICAL DEFENDANTS, WHICH ARE SELF SERVING DECLARATIONS, THE ALLE-GATION CONTAINED THEREIN ARE NOT FACTS.

N. B. FIRST-N-FOREMOST, THE LATEST CLAIM ALLEGED AGAINST MEDICAL DEFENDANTS WAS FILED IN PLAINTIFF AMENDED COMPLAINT DATED 5.22.20; WHAT FOLLOWS IS ALL-N-ANY PURPORTED TREATMENT PRIOR TO 5.22.20; WOULD BE INACCURATE AND MAYBE SUCH AN ASSERTION WOULD BE MADE FOR THE PURPOSES OF CREATING A RED HERRING. FOR MEDICAL DEFENDANT TO PRESENT DOCUMENTS SAYING PLAINTIFF WAS PROVIDE TREAMENT BY A CARDIOLOGIST, ONTOLARYNGOLOGIST, GASTROENTEROLOGIST, LASER SURG-ERY ON RIGHT EYE, UROLOGIST, PODIATRIST,

THIS COURT SHOULD REQUIRE THAT A CONSENT FORM SIGNED BY PLAINTIFF, BECAUSE ANY SUCH CLAIMS ARE FALSE,

ANY-N-ALL CLAIMS OF HAVING PROVIDED TREATMENT BY A CARDIOLOGIST, ONTOLARYN-GOLOGIST, GASTROENTEROLOGIST, LASER SURGERY ON RIGHT EYE, UROLOGIST, PODIATRIST

AFTER 5.22.21, FALLS OUTSIDE THE PARAMETER OF <u>WASHINGTON</u> V. <u>DELISMA</u>, ANY DOCU-MENT MAKING SUCH CLAIM LIKEN TO EXH D AT 11, 12; SHOULD BE STRIKEN FROM THE RECORD, AND THE SAME FOR PATTERN DRAFTED DECLARATION, i.e. EXAS D-I, ELSE IT IS INEVITABLE SUCH DOCUMENT WILL BECOME A RED HERRING.

MANY ALLEGATIONS MADE IN EXHS D-I ARE NOT FACTS,

N. B. WHIPPLES DISEASE, AND CELIAC DISEASE ARE NOT ONE AND THE SAME, AND TO DO A BIOPSY FOR CELIAC IS NOT TANTAMOUNT TO CONDUCTING A BIOPSY FOR WHIPPLES DISEASE TOO, NOR DR LANASA MAKE SUCH A CLAIM, AND WHEN PLAINTIFF ASKED DR LANASA TOLD PL-AINTIFF THE THE TWO ARE DISTINCTIVELY DIFFERENT  PLUS THE REPORT DOES NOT STATE THE BIOPSY WAS BEING DONE FOR WHIPPLES DISEASE. IT WAS FOR CELIAC DISEASE. MEDICAL DEFENDANT ALLEGATIONS ARE NOT FACTS, PLAINTIFF HAS FOR THE MOST PART, STAND ON PLAINTIFF MOTION-N-UNDISPUTED STATEME NT OF FACTS, DOCS #126, 127, BOTH DOCUMENTS AND EXHIBITS ARE INCORPORATED HEREIN BY REFERENCE IF SET FORT IN FULL (BELOW AT P. 35) PLAINTIFF VERSION IS NOW IN CONFLICT WITH, <u>B.MW. INC</u> V. <u>BMW OF NORTH AMERI-CA, INC</u> 974 F.2d 1358, 1363 (3d cr 1992) (IN ADJUDICATING THE MOTION THE COURT MUST VIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE NON MOVING PARTY).
OPP: SJ 3:19-CV-00196

③

WHERE THE NON MOVING PARTY'S EVIDENCE CONTRADICTS THE MOVANT THEN THE NON MOVANT MUST BE TAKEN AS TRUE. ANDERSON V. LIBERTY LOBBY, INC. 477 U.S. 242 255, 106 SCT. 2505 (1986) (THE EVIDENCE OF THE NON MOVANT TO BE BELIEVED AND ALL JUSTIFIABLE INFERENCES ARE TO BE DRAWN IN IT'S FAVOR)

5. Doc #139 AT 'C' PP. 7-10. CONCERNING DEFENDANTS ISSUE OF "BUT FOR" CAUSATION, IN MEDICAL PROFESSIONAL/DEFENDANTS BRIEF IN SUPPORT FOR SUMMARY JUDGMENT Doc #139; SAME AS IN WASHINGTON V. BARNHART, 3:17-0070; AND ONCE EARLIER IN THIS ACTION

N.B. AILMENTS, INJURIES, OR. DISEASES AND SYMPTOMS CAUSING PAIN-N (MEDICAL DEFENDANTS CONCEDED IN THEIR BRIEF IN SUPPORT FOR SUMMARY JUDGMENT PLAINTIFF AILMENTS ARE SERIOUS MEDICAL NEEDS) DISCOMFORT THAT WERE NOT CAUSED BY MEDICAL DEFENDANTS DOES NOT GIVE MEDICAL DEFENDANTS CARTE BLANCHE TO BE DELIBERATE INDIFFERENT TO PLAINTIFF MEDICAL NEEDS. ONZINT V. MONROE COUNTY, 2015 U.S. DIST. LEXIS 115669 (ED CR. AUGUST 31, 2015) (AS A MATTER OF LAW, IT IS NOT CLEAR THAT A BUT FOR CAUSAL RELATIONSHIP IS NECESSARY FO PLAINTIFF TO PREVAIL IN THIS CASE AND THE COURT DECLINE TO ADOPT SUCH A STANDARD); HEATH V. SHANNON, 442 F.APP'x 712, 715 (3d CR. 2011) (CAUSAL RELATIONSHIP THEORY RELIED UPON MEDICAL DEFENDANTS SUMMARY JUDGMENT MOTION WAS BASED ON TWO NON PRESEDENTIAL DISTRICT COURT CASES; WALTHOUR; AND MISZLER . . . . . IN THIS INSTANT LEGAL CASE ALL OF PLAINTIFF CLAIMS AGAINST MEDICAL DEFENDANTS ARE SO OBVIOUS EVEN A LAY PERSON WOULD READILY RECOGNIZE THE NEED OF A DOCTOR'S CARE; HAVING NO NEED OF EXPERT TESTIMONY. NONE OF THE ALLEGED CLAIMS AGAINST MEDICAL DEFENDANTS IN THIS LEGAL ACTION REQUIRE EXPERT TESTIMONY. NO CLAIM IS ALLEGED INVOLVES SOPHISTICATED MEDICAL CONDITION . . PLAINTIFF IN THEE CASES CITED BY MEDICAL DEFENDANTS ARE ALLEGED TO HAVE CAUSED PLAINTIFF INJURY, NOT SO IN THE IN THE INSTANT LEGAL ACTION, PLAINTIFF CHRONIC AILMENTS, AND THE TREATMENT ARE NOT CONCERNING SERIOUS MEDICAL NEEDS WHICH A LAY PERSON WOULD NOT READILY UNDERSTAND, THE MOVANT USE OF HYPERBOLE DOES NOT CONSTITUTE A REQUIREMENT FOR EXPERT TESTIMONY

6. Doc #139 AT 'D' N.B. SEE ABOVE AT 2.
MEDICAL DEFENDANT, EXACTLY AS IN WASHINGTON V. BARNHART 3:17-CV-0070, DURING A EARLIER STAGE IN THIS LEGAL ACTION, MEDICA DEFENDANTS AGAIN INFERS THAT A JURY OF LAY PERSONS LACK THE INTELIGENCE TO DECIDE WHAT IS DELIBERATE INDIFFERENCE WITHOUT THE AID OF EXPERT WITNESS . . . MEDICAL DEFENDANTS FAILED TO SHOW A JURY OF LAY PERSON COULD NOT DECIDE THAT TURNING PLAINTIFF AWAY WHILE HAVING EXHIBITED SIGNS OF COVID-19 SYMPTOMS, NEED TO BE PHYSICALLY ASSISTED IN -N- OUT OF THE MEDICAL DEFENDANTS OFFICE; WHILE PUS-N-BLOOD IS DISCHARGING FROM PLAINTIFF EYE, PUS-N-BLOOD OOZING FROM TOE NAILS; ALL TOE NAILS TOTALLY BLACK, FEET-N-LEGS HAVING OPEN SORES -N- COVERED IN- BLOOD; UNABLE TO SEE OUT OF RIGHT EYE; INABILITY TO SPEAK ALOUD, SEMEN FLOWING NO STOP TO SUCH A DEGREE PLAINTIFF PANTLEG WAS SOAKED WITH SEMEN, etc EXPERIENCING NON STOP PAIN -N- DISCOMFORT TO SUCH EXTENT PLAINTIFF IS BEGGING FOR MEDICINE FOR PAIN; IS A ACT OF DELIBERATE INDIFFER-

DPP-SJ 3:19-CV-00196

(4)

ENCE N.B. PLAINTIFF DOES CONCEDE TO HAVING RECEIVED MEDICAL CARE, PLAINTIFF IS NOT ALLEGING DELIBERATE INDIFFERENCE CONCERNING THE CARE RECEIVED, YES, PLAINTIFF DOES ALLEGE DELIBERATE INDIFFERENCE DUE TO THE COMPLETE DENIAL OF MEDICAL CARE BY MEDICAL DEFENDANT, IN SOME INSTANCES DENIAL OF CARE FOR AILMENTS PLAINTIFF REQUESTED CARE FOR AND BASED ON MEDICAL DEFENDANTS OWN WORDS, THEIR DENIAL OF CARE WAS TO PENALIZE PLAINTIFF FOR HAVING PURSUED LEGAL ACTION, AND/OR SUBMITTED A GRIEVANCE AGAINST MEDICAL DEFENDANTS PERSONALLY OR CO WORKER, FAMILY MEMBER, NEIGHBOR, etc, MEDICAL DEFENDANTS PROVIDING THIS COURT WITH SELF SERVING DECLARATIONS, (N.B. SOME APPEAR THE EVERY SIMILAR TO DECLARATION FILED IN WASHINGTON V. BARNHART) ALL MANTA HOW PLAINTIFF RECEIVED EXTRA ORDINARY AMOUNT OF CARE DOES NOT CONTRAVENT INTO A REQUIREMENT OF EXPERT TESTIMONY. A LAY PERSON COULD DECIDE A VERDICT OF DELIBERATE INDIFFERENCE AGAINST MEDICAL DEFENDANTS

ACCORDING TO THE THIRD CIRCUIT, THERE ARE EXCEPTIONS TO THE NEED OF EXPERT TESTIMONY, WARREN V. PRIME CARE MED, INC. 2019 U.S. DIST. LEXIS 230290 * NOTE! 147 (3RD CIR DECEMBER 31, 2019) ESTATE OF KEMPE V. WASHINGTON COUNTY, 2018 U.S. DIST. LEXIS 153233 *34 (3D CIR SEPTEMBER 12, 2018), ESTATE OF THOMAS V. FAYETTE COUNTY, 194 SUPP 2d 358, NOTE 8 (3d CIR JULY 8, 2017) (IF A JURY WOULD NOT BE ABLE TO DECIDE WHETHER A PLAINTIFF MEDICAL CONDITION IS SERIOUS ENOUGH TO IMPLICATE THE EIGHT AMENDMENT, IT IS NOT THE ABSENCE OF EXPERT THAT IS FATAL TO PLAINTIFF CLAIMS IT IS INSTEAD THE ABSENCE OF ANY TYPE OF RECORD EVIDENCE FROM WHICH THE COURT CAN CONCLUDE THAT A JURY COULD DRAW REASONABLE INFERENCE IN PLAINTIFF FAVOR, MAKING THAT A TRIAL NECESSARY TO RESOLVE ISSUE OF MATERIAL FACT) McCABE V. PRISON HEALTH SERVICES 117 F. SUPP 2d 443, 452 (3rd CIR NOVEMBER 13, 1997) (PRISONER NEED NOT PRESENT EXPERT TESTIMONY REGARDING THE SERIOUS NESS OF A MEDICAL CONDITION WHERE THE MEDICAL SEVERITY IS ACKNOWLEDGED BY PRISON DOCTORS OR WOULD BE APPARENT TO A LAY PERSON) THERE IS NO GENERAL REQUIREMENT IN THE THIRD CIRCUIT THAT A PLAINTIFF PRESENT EXPERT TESTIMONY IN EIGHT AMENDMENT DELIBERATE INDIFFERENCE CASES, ID. AT 452

ROYSTER V BENNION, 2015 U.S. DIST LEXIS 128016 * 31 (3d CIR SEPTEMBER 2015) (UNDER PENNSYLVANIA LAW, THE ONLY EXCEPTION TO THE REQUIREMENT OF EXPERT WITNESS TESTIMONY IN MEDICAL MALPRACTICE CASES IS WHERE THE MATTER IS SO SIMPLE, AND LACK OF SKILL OR WANT OF CARE SO OBVIOUS, AS TO BE IN THE RANGE OF ORDINARY EXPERIENCE AND COMPREHENSION OF EVEN A NON PROFESSIONAL PERSON), GREEN V. FISHER, 2014 U.S. DIST LEXIS 1164 * 39 (3d CIR JANUARY 8, 2014), McCOOL V. DEPART. OF CORRECTION 984 A. 2d 565, 570 (PA. Com. Ct. 2009), HIGHTOWER-WARREN V. SILK, 548, 698 A. 2d 52, 54 NOTE! 1 (PA. 1997), LAMBERT V. SOLTIS, 442 PA 304, 221 A.2d 173, 176, (MALPRACTICE CASES THAT DO NOT REQUIRE EXPERT TESTIMONY GENERALLY INVOLVES GROSS INCOMPETENCE)

YES, MEDICAL DEFENDANTS DID WITHHOLD MEDICAL CARE FOR NON MEDICAL REASONS, MEDICAL DEFENDANTS INDEED WERE AWARE PLAINTIFF NEEDED MEDICAL TREATMENT BUT INTENTIONALLY REFUSED TO PROVIDE IT, AND YES, MEDICAL DEFENDANTS, INDEED DID PREVENT PLAINTIFF FROM RECEIVING NEEDED OR RECOMMENDED MEDICAL TREATMENT, EXH: 55 AT 3-14, '23

OPP: SJ 3:19-CV-00196

(5)

35, 39; PLAINTIFF PROS, DOC #27 AT 6, 9-20, 41-46, 48-64, 84-87, 91-96, 103, 110; EXH 50, A-L-IX

ESTELLE V. GAMBLE, 429 U.S. 97, 103-104, 97 S.CT. 285 (1976) (THE ELEMENTARY PRINCIPLES ESTABLISH THE GOVERNMENTS OBLIGATION TO PROVIDE MEDICAL CARE FOR THOSE WHOM IT IS PUNISHING BY IN CARCERATION, AN INMATE MUST RELY ON PRISON AUTHORITIES TO TREAT HIS MEDICAL NEEDS, IF THE AUTHORITIES FAIL TO DO SO THOSE NEEDS WILL NOT BE MET, IN THE WORST CASE DENIAL OF MEDICAL CARE MAY RESULT IN PAIN AND SUFFERING WHICH NO ONE SUGGEST WOULD SERVE ANY PENOLOGICAL PURPOSES, THE INFLICTION OF SUCH UNNECESSARY SUFFERING IS INCONSISTENT CONTEMPORARY STANDARDS OF DECENCY) ROUSE V. PLANTIERS, 182 F3d 192, 197 (3rd Cir)

AN EXAMINATION OF THE MEDICAL RECORD ALONE ONLY PROVIDES SELF SERVING EVIDENCE, IT ONLY GIVES THE MEDICAL DEFENDANTS VERSION, THE MERE FACT THAT A MEDICAL PROFESSIONAL SIGNED OFF ON NOTATION IN PLAINTIFF MEDICAL RECORD DOESN'T MEAN PLAINTIFF WAS ACTUALLY SEEN BY A MEDICAL PROFESSIONAL OR BY THE PERSON WHOSE NAME IS AFFIXED BY THE STAMP ON THE PARTICULAR MEDICAL NOTE, BECAUSE THE COURT SEE A DOCTOR'S NAME ON A MEDICAL NOTATION AND/OR ON A DOCTOR'S ORDERS FORMS DOES NOT MEAN THAT PLAINTIFF ACTUALLY VISITED THE DOCTOR, OR WAS PROVIDED TREATMENT, THE DOCTOR MAY HAVE MERELY REVIEWED PLAINTIFF CHART OR SICK CALL REQUEST OR JUST SIGNED OFF ON PLAINTIFF PRE-EXISTING SICK CALL REQUEST, MANY IF NOT ALL OF THE NOTATIONS IN PLAINTIFF MEDICAL RECORDS WERE DRAFTED SHOW PLAINTIFF WAS SEEN BY MEDICAL PERSONNELL, WHEN IN ACTUALLY MANY, IF NOT ALL OF THOSE NOTATIONS WERE MADE WITHOUT ACTUAL EXAMINATION OR FACE TO FACE CONTACT WITH PLAINTIFF, HOUSER V. FOLINO, 2014 U.S. DIST LEXIS 101095 23 (3d Cir. JUNE 24th 2014), PEARSON V. PRISON HEALTH SERVICES, 519 F APP'X 79, 84 (3d Cir FEBRUARY 15, 2013) (THE NUMBER OF ENTRIES IN THE MEDICAL RECORDS DOES NOT NECESSARILY DEMONSTRATE THAT HE RECEIVED CONSTITUTIONALLY SUFFICIENT MEDICAL CARE"

THE MEDICAL RECORD DOES NOT MAKE IT CLEAR WHETHER PLAINTIFF RECEIVED MEDICAL ATTENTION AND CARE FOR "EACH" OF THE AILMENTS AND SERIOUS MEDICAL CONDITION WHICH PLAINTIFF SOUGHT TREATMENT AND CARE (Docs #27 AT 6, 9-20, 41-46, 48-64, 84-87, 91-96, 103, 110, EXH: 50, A-IX SE AT 3-79, 23, 35, 39) WHETHER IT WAS CONSTITUTIONALLY ADEQUATE, HOUSER, LEXIS 101095 AT 19

N.B. THE DOCUMENTS SUBMITTED BY MEDICAL DEFENDANTS SHOULD BE VALIDATED BY SIGNATURE, CONSENT FORMS, etc. MEDICAL DEFENDANTS, THE MOVANTS DOES NOT HAVE THE RIGHT TO OBTAIN SUMMARY JUDGMENT BY THE ADMISSION OF DOCUMENT CITING OCCURRENCES THAT NEVER TOOK PLACE, THE NOTATION IN PLAINTIFF MEDICAL RECORD SHOULD BE SCRUTINED, FIRST-N-FOREMOST THE INDIVIDUAL WHO DRAFTED THESE NOTATION ARE THE SAME INDIVIDUAL WHO VOWED TO PENALIZE PLAINTIFF BY DENYING MEDICAL CARE (DOC #27 AT 39, 42-46, 49, 49, 53, 54, 57-63, EXH: 5 EN 27, 14, 15, 17, 22, 32, 34, 38, DOC #27 AT 85, 86, 88, 91, 92, 102, 111) SAYING THAT PLAINTIFF UNDERWENT A TEST FOR A CERTAIN DISEASE IF THE NOTATION IS NOT STAMPED BY PLAINTIFF THE CHANCES ARE EXTREMELY HIGH THE PROCEDURE NEVER OCCURRED, i.e. THE EGD TEST WHICH DEFENDANT ASSERT REVEALED THAT PLAINTIFF HAS GASTRITIS

N.B. DURING A TEMPORARY TRANSFER TO SCI-GREENE, LATE OCTOBER OF 2016, DOCTORS OPP SJ 3:19-CV-00196

LAWRANCE LYONS, AND   SANTOS, DIAGNOSED PLAINTIFF WITH WHIPPLES DISEASE; AN PRE-
SCRIBED A MEDICAL TREATMENT FOR WHIPPLES-N-RECOMMENDED THAT PLAINTIFF BE SEEN BY A DIEITI-
ION TO DESIGN A PERMANENT SUPPLEMENTARY DIET FOR PLAINTIFF; THIS OCCURRED DURING TH-
REE-FOUR SEPARATE SICK CALL VISITS. THIS IS MOST TELLING THAT PLAINTIFF WAS PROVID-
ED THE TREATMENT FOR WHIPPLES DURING THIS TEMPORARY TRANSFER, WHICH MEDICAL DE-
FENDANTS HAD REFUSED TO PROVIDE AT SCI-SOMERSET  SEE DOC #127 AT 6; 13; 61; 103; 52
EXH: 55 AT 6; 15; 16

HOUSER V. FOLINO, 2014 U.S. DIST. LEXIS 101095 *4/5 (3RD CR. 2014); VARNER V. BYUNGHAK
JIN, 2014 U.S. DIST LEXIS 7526 *6,7 (3D CR. JANUARY 22, 2014) (TREATMENT AFTER BEING TRANS-
FERRED)

N.B. MEDICAL DEFENDANTS DID NOT TOUCH PLAINTIFF PHYSICALLY; THEREFORE, MANY
OF THE ALLEGATIONS ASSERTED IN MEDICAL DEFENDANTS EXHS D-I DID NOT OCCURRED
WHEN... MEDICAL DEFENDANTS DECLARATIONS ARE SELF SERVING, THESE ARE ALLEG-
ATIONS ARE NOT FACTS, BRNT V. VARANO, 2016 U.S. DIST. LEXIS 37127 (3D CR MARCH 2016)
(THE COURT MUST CONSIDER ALL REFERENCE IN THE LIGHT MOST FAVORABLE TO THE
PARTY OPPOSING THE MOTION)
EXPERT TESTIMONY IS NOT NEEDED

7. DOC #139 AT E. DEFENDANTS USING THE SAME ISSUES ALREADY SUBMITTED IN
WASHINGTON V. BARNHART 3:17-CV-0070.
   SUMMARY JUDGMENT MUST ALSO BE GRANTED TO PLAINTIFF BECAUSE THERE IS
NO NEED FOR EXPERT TESTIMONY ON THE ISSUE OF A SERIOUS MEDICAL NEED.
SEE DOC #127 AT 6; 84; 44; 20; 110; 87      EXH: 55 AT 5-7; 19; EXH: 56 AT I-IX
MONMOUTH COUNTY CORR. INST, INMATES V. LANZARO, 834 F.2D 326, 347 (3D CR 1987)(SER-
IOUS MEDICAL NEEDS)

MEDICAL DEFENDANTS THREATEN TO ACT, AND FOLLOWED UP THEIR THREATS WITH
ACTION, THEREFORE MEDICAL DEFENDANTS KNEW THE RISK-N-IGNORED THE DANG-
ER. DOC #127 AT 41-44; 46-51; 53; 57-63; 66; 84; 85; 94-97; 101; 110; 111
   EXH: 55 AT 9-11; 14; 23; 26; 35; 38; 41; EXH: 56 AT I-IX
FARMER V. BRENNAN, 511 U.S. 825, 842, 114 S.CT. 1970 (1994), HEARY V. FOLINO, 2018 U.S.
DIST. LEXIS *7066 *14 (3RD CR. 2018) ("A CULPABLE STATE OF MIND CAN BE FOUND WHERE AN
OFFICIAL ACTED OR FAILED TO ACT DESPITE HIS KNOWLEDGE OF A SUBSTANTIAL RISK OF SER-
IOUS RISK). PRISON OFFICIALS WHO CONTINUE A COURSE OF TREATMENT THEY KNOW IS PAINFUL,
INEFFECTIVE, OR ENTAILS A SUBSTANTIAL RISK OF SERIOUS HARM ACT
WITH DELIBERATE INDIFFERENCE. WHOOTEN V. BUSSANICH, 278 FED APPX 324, 326,
327 (3D CR. 2007). ... PRISON OFFICIAL WHO CONTINUE A COURSE OF TREATMENT THEY
KNOW IS PAINFUL, INEFFECTIVE, OR ENTAILS A SUBSTANTIAL RISK OF SERIOUS MEDICAL HARM
ACT WITH DELIBERATE INDIFFERENCE. ROUSE V. PLANTIER, 182 F.3D 192, 197 (3RD CIR 199)
WHITE V. NAPOLEON, 897 F.2D 103, 109 (3D CR 1990)... THERE IS EVIDENCE THAT ① THE
DEFENDANT KNOWS WHAT A PRISONER NEEDS FOR MEDICAL TREATMENT BUT INTENTIONALLY RE-
FUSE TO PROVIDE IT ② THE DEFENDANTS DELAYS NECESSARY MEDICAL TREATMENT BASED ON
A NON-MEDICAL REASONS ③ THE DEFENDANTS PREVENTS A PRISONER FROM
OPP: S.J. 3:19-CV-00196                  ⑦

RECEIVING NEEDED OR RECOMMENDED MEDICAL TREATMENT
8, Doc# ~~53~~ AT 7. PLAINTIFF HAS MET THE REQUIREMENT TO ESTABLISH RETALIATION TO DEFEAT SUMMARY JUDGMENT, Doc#39

N.B. PLAINTIFF ALLEGED RETALIATORY CLAIMS DO NOT CONCERN DISCIPLINARY ACTIONS
THE ALLEGED RETALIATION CLAIMS ARE PERTINENT TO PLAINTIFF FILING LAW SUITS-N-
GRIEVANCES, AND CONTINUOUS COMMUNICATIONS WITH AUTHORITIES.
MEDICAL DEFENDANTS ALLEGED MISCONDUCT WAS NOT PART OF A GOVERNMENT COM-
PELLING INTEREST. PLAINTIFF EXPERIENCED ADVERSE ACTIONS, THE DENIAL OF MEDICAL
CARE WILL DETER A PERSON WITH ORDINARY FIRMNESS FROM EXERCISING THEIR CONSTITUT-
IONAL RIGHTS, PLAINTIFF PROTECTED ACTIVITY WAS SUBSTANTIAL OR THE MOTIVATING FACT-
OR IN MEDICAL DEFENDANTS DECISION TO TAKE ACTION AGAINST PLAINTIFF
MEDICAL DEFENDANTS IN THE BRIEF IN SUPPORT OF SUMMARY JUDGMENT, Doc#151, LIT ATI
ONLY CITE PART OF WHAT PLAINTIFF ALLEGED. PLAINTIFF ALLEGED THAT MEDICAL DE-
FENDANTS CITED THE NAMES-N-DOCKET NUMBER, AND GRIEVANCE TRACKING NUMBER
TO THE LAW SUITS-N-GRIEVANCE CONCERNING SCI-GREENE, THE PLAINTIFF CITED MORE
THAN ONE OF THE MEDICAL DEFENDANTS IN WASHINGTON V. BARNHART, 3:17-CV-0070
AND FILED GRIEVANCES AGAINST MEDICAL DEFENDANTS PERSONALLY,
SEE Doc#27 AT 6,9,11-20,38,39, 41-44,48,51,57,60,62,63,82,84,88,110,111
EXHS: 55 AT 9,10,14,23,26,35-41
IN WASHINGTON V. BARNHART 3:17-CV-0070, DEFENDANTS, R. PLAYSO, E. KAUFFMAN, AND
R. HUTCHINSON, VERIFICATS AT EXHS F,G,H; CONCERNING MEDICAL DEFENDANTS STATE-
MENT OF UNCONTESTED FACTS. SEE EXH F, BY R. HUTCHINSON DATED 8,28,20, AT 8,9,
EXH G BY E. KAUFFMAN; SIGNED 8,26,20; AGAIN AT 9,18; EXH H; BY R. PLAYSO; DATED; 8,25,20
AT 16,7; ALL THREE SPEAKING CONCERT. ALSO SEE INITIAL REVIEW RESPONSE TO GRN# 638207
DATED: 8,17,16, 652393 DATE: 11,16,16, 653812 DATED 11,21,16, 681830 DATED 6,19,17, 683723
DATE: 6,22,17, 687454; DATE: 7,19,17, 6910/8, DATE: 8,9,17, 698803, DATED 9,27,17

SEE GRNS # 730068; DATED 4,3,18, 770810; DATED 11:14,18, 17
DR. K. DELISIMA ① GRS 782152; DATE: 1,18,19, ② GRN 220 DATED 5,7,19, ③ 804704; DATED 6,3,19, 806418/
D. TESTA: ① 807334; DATED 6,17,19

DR. DELISIMA (CONTINUED) DATED 29,16,19; ⑤ ~~~~~~~ 847694; DATED: 1,29,20

PLAINTIFF PURPOSES FOR CITED THE FOREMENTIONED GRIEVANCES-N-VERIFICATION CON-
CERNING WASHINGTON V. BARNHART, 3:17-CV-0070, IS TO ILLUSTRATE THE FOLLOWING ①
FIRST-N-FOREMOST EACH MEDICAL DEFENDANTS ARE SERVED WITH MARSHAL FORMS, AND A
COPY OF THE COMPLAINT, WHICH ALSO CITES THE NAME OF OTHER MEDICAL DEFENDANTS, WH-
AT FOLLOWS IS PRIOR TO EACH MEDICAL DEFENDANT DRAFTING-N-SIGNING CARBON COPY
VERIFICATIONS IT IS LIKE THEY WERE AWARE. ② WASHINGTON V. BARNHART 3:17-
CV-0070, DOCKET 5, 16,17, AS NOTED ABOVE, ALL PERTINENT VERIFICATION WERE SIGN-
OPP: SJ  3:19-CV-00196
⑧

ED PRIOR TO SEPTEMBER 2020, AND MORE THAN THREE YEARS AFTER MEDICAL DEFENDANTS WERE SERVED WITH BOTH THE COMPLAINT-N- MARSHALL FORMS, SO IT IS OBVIOUS THE MEDICAL DEFENDANT WERE AWARE THAT EACH DEFENDANT, AND THEIR FELLOW MEDICAL DEFENDANTS WERE BEING SUED.

N.B, AS CITED ABOVE ON MORE THAN A FEW OCCASIONS MEDICAL DEFENDANTS WERE RESPONDANTS TO GRIEVANCES FILED BY PLAINTIFF THEREFORE, FOR MEDICAL DEFENDANT'S TO ASSERT IN THEIR VERIFICATION IN WASHINGTON V. BARNHART, 3:17-CV-0070, AND USING DUPLICATE-N- REPITIVE VERIFICATIONS MEDICAL DEFENDANTS ARE AGAIN ASSERTING TO HAVE NO KNOWLEDGE OF PLAINTIFF SUING THESE MEDICAL DEFENDANTS INDIVIDUALLY, THEIR CO-WORKERS, FRIENDS, FAMILY MEMBERS, AND/OR GRIEVANCECES, IN THE REPETIVE -N- DUPLICATE VERIFICATIONS-N- REPETIVITE -N- DUPLICATE BRIEFS IN SUPPORT FOR SUMMARY JUDGMEN, AND STATEMENT OF UNCONTESTED FACTS, IN WASHINGTON V. DELISMA, 3:19-CV-0096 ; ARE NOT FACTUAL, AND UNSUBSTANTIATED ALLEGATIONS

N.B, MEDICAL DEFENDANTS VERIFICATIONS EXHS D-I, THE DOCUMENTS REFFERED TO IN MEDICAL DEFENDANTS BRIEF IN SUPPORN - STATEMENT OF UNCONTESTED FACTS, WHICH CONTAIN UNSUBSTANTIATED ALLEGATIONS, ALLEGATIONS ARE NOT FACTS. ANDERSON 477 U.S. 249, 255 (EVIDENCE OF NON MOUNT TO BE BELIEVED)

MEDICAL DEFENDANTS ALLEGED ACTION THAT ENFORCED THEIR THREATS WOULD CONSTITUTE RETALIATION. PLAINTIFF, DOC #127 AT 41-43, 57, 60, 63, 84, 88, 97, 100, 101, 110-111, 116, 38

EXHS: 55 AT 10, 14, 23, 26, 34-36, 38, 40-41, EXH: 56 AT I-IX

CHESTNUT V. SMITH 2019 U.S. DIST LEXIS 9010 *4 (3d CR, JANUARY 18, 2019) (THREATS REINFORCING ACT ACCOMPANYING THEM, RETALIATION)

9. DOC #139 AT @ PP 17, 18, THIRD CIRCUIT CASE LAW DOES NOT DICTATE THAT A PLAINTIFF MUST COMPLETELY STOP EXERCISING HIS RIGHT. THE SECOND PRONG OF THE TEST FOR RETALIATION, ENTER ALIA: "ADVERSE ACTION THAT IS SUFFICIENT TO DETER A PERSON OF "ORDINARY" FIRMNESS FROM EXERCISING HIS FIRTAMENDMENTRIGHTS, ALLAH V. SEIVERLING 229 F.3d 220, 225 (3d CR, 2000) THAT SUCCINTLY STATES "ORDINARY", "DETER". PLAINTIFF MAY PROBABLY BE A PERSON WITH MORE THAN JUST A ORDINARY FIRM" PLAINTIFF DID NOT ALLEGE PLAINTIFF WAS "STOPPED" FROM FILING, OR NEVER FILING AGAIN A LAW SUIT OR A GRIEVANCE, NOR COMMUNICATING WITH AUTHORITIES THEN PLAINTIFF HAS SUCCESSFULY MADE A RETALIATION CLAIM

10. DOC #139 AT PP 18-19, PLAINTIFF CAN ESTABLISH A PRIMA FACIE CASE OF CAUSATION WITH EVIDENCE OF (1) AN UNUSUAL SUGGESTING TEMPORAL PROXIMITY BETWEEN THE PROTECTED ACTIVITY AND THE RETALIATORY ACTION. (2) A PATTERN OF ANTAGONISM COUPLED WITH TIMING TO ESTABISH A CAUSAL LINK, BRANT V. VARANO, 717 FED APP'X 146, 150 (3d CR MARCH 17, 2017), WATSON V. ROZUM, 843 F.3d 417, 424 (3d CR AUGUST 23, 2016) (THE TIMING OF THE ALLEGED RETALIATORY ACTION MUST BE UNUSUALLY SUBJECTIVE OF RETALIATORY MOTIVE BEFORE A CAUSA LINK WILL BE INFERRED. MORE CAUSATION LIKE ANY OTHER FACT CAN BE CAN BE ESTABLISHED FROM THE EVIDENCE GLEANED FROM OPP: SJ 3:19-CV-00196

(PLAINTIFF FACTS AT 38,41-43;48,51,57,60,62,63; 88,97, 130-101, 111       EXH: 56 AT I-IX
EXH: 55 AT 3-6, 9,10; 14,13 26 34-41)                                                )

THE RECORD AS A WHOLE, ... IN MOST INSTANCES, PLAINTIFF ALLEGED MEDICAL DE-
FENDANTS RETALIATORY CONDUCT DURING SICK CALL VISIT IN RESPONSE TO PLAINTIFF
COMMUNICATION WITH AUTHORITIES WHICH SLOWED BUT CONTINUED. MORE TIMES
THAN NOT, THE DOC STAFF WHO CONDUCTED THE INVESTIGATION OF THE INITIAL GRIEV-
ANCE REVIEW WAS CORRECTION DEFENDANT- B.P. HYDE, THE HEALTH CARE ADMINISTRATOR
WHICH ENTAILED INPUT FROM MEDICAL DEFENDANTS. WHAT FOLLOWED IS THE NEXT
TIME PLAINTIFF WAS ALLOWED TO VISIT MEDICAL IN NEED OF MEDICAL CARE. NO
MATTER WHICH MEDICAL DEFENDANTS, WHETHER THE NEXT DAY, TWO WEEKS OR A MO-
NTH THE RETALIATORY ACT WAS CONDUCTED, MEDICAL DEFENDANTS ANNOUNCED PRIOR
TO AND FOLLOW THE ACTS OF RETALIATION, WHY PLAINTIFF WAS BEING DENIED CARE.
ID.! WHER THE TEMPORAL PROXIMITY IS NOT SO CLOSE AS TO BE UNDUBLY SUGGESTIVE,
THE APPROPRIATE TEST IS TIMING PLUS OTHER EVIDENCE. STATEMENTS SATISFY ANY REQUIRE-
MENT FOR OTHER EVIDENCE CONSTITUTIONALLY PROTECTED CONDUCT WAS A SUBSTANTIAL
OR MOTIVATING FACTOR, BECAUSE MOTIVATION IS ALMOST NEVER SUBJECT TO ~~DIRECT~~
PROOF BY DIRECT EVIDENCE, PLAINTIFF MUST RELY ON CIRCUM-
STANTIAL EVIDENCE TO PROVE A RETALIATORY MOTIVE, HE CAN SATISFY HIS BURDEN WITH
EVIDENCE OF EITHER A UNUSUALLY SUGGESTIVE TEMPORAL PROXITY BETWEEN THE PRO-
TECTED ACTIVITY AND THE ALLEGED RETALIATORY ACTION OR A PATTERN OF ANTAGONISM ~~COU-~~
COUPLED WITH TIMING THAT SUGGESTS A CAUSAL LINK.
MEDICAL DEFENDANTS REFERENCED WASHINGTON V. GILMORE 15:2-CV-1031, AND SCI-
GREENE, NOT ONLY DID MEDICAL DEFENDANTS KNOW THE DOCKET NUMBER-N- THE NAME
OF THE TITLE OF THE LAWSUIT, AND NAMES OF THE DEFENDANTS; N.B. WASHINGTON
V. GILMORE, WAS FILED WHILE PLAINTIFF WAS HOUSED AT SCI-SOMERSET AND AFTER
SCI-SOMERSET MEDICAL DEFENDANTS HAD VOWED TO PENALIZE PLAINTIFF.
MEDICAL DEFENDANTS, AS MENTIONED ABOVE PARTICIPATED IN ALL INVESTIGATIONS
TO GRIEVANCES CONCERNING MEDICAL DEFENDANTS, ALL OF THE ALLEGED CONDUCT BE-
GAN WITHIN DAY-WEEKS, AND MONTHS, AND WENT ON NON STOP; THEREFORE, ALLEGED
ALL OCCURRED INSIDE THE SPAN OF MONTHS, NOT YEARS, WHEN THESE ARE REVIEW-
ED BY VIEWING THE EVIDENCE AND ALL JUSTIFIABLE INFERENCES TO BE DRAWN THERE-
FROM IN THE LIGHT MOST FAVORABLE TO THE NON MOVING PARTY, i.e. PLAINTIFF, BIG AP-
PLE BMW, 974 F.2d AT 1363, WHERE THE NON MOVING PARTY'S EVIDENCE CONTRADICTS THE
MOVANTS, THEN THE NON MOVANTS MUST BE TAKEN AS TRUE, ID.! THE COURT MUST DE-
TERMINE IF THE RECORD, VIEWED IN THIS LIGHT, CONTAINS A GENUINE DISPUTE OF MATER-
IAL FACT AS TO WHETHER PLAINTIFF WAS PENALIZED FOR EXERCISING PROTECTED CONDUCT.
THE THIRD CIRCUIT HAS ACKNOWLEDGED ACT WHICH ARE DEMINIMIS INDIVIDUALLY MAY BE SUF-
FICIENTLY ACTIONABLE WHEN VIEWED AS A WHOLE SUPPAN 203 F.3d AT 235, SCHIRRV. DERN
610 F. SUPP 2d 450, 464-465 (W, D.PA 2009)
THE SUPREME COURT NOTED THAT FAILING TO HOLD A BIRTHDAY PARTY FOR A PUBLIC EMPLOYEE
AS A PUNISHMENT FOR EXERCISING PROTECTED SPEECH COULD BE CONSIDERED A RETALIATORY
ACT FOR PURPOSE OF SATISFYING THE SECOND PRONG.
OPP3 SJ - 3:19-CV-00196                    (10)

11 MEDICAL DEFENDANTS BRIEF IN SUPPORT OF SUMMARY JUDGMENT, DOC#139, P.20 AT 4

FIRST-N-FOREMOST PLAINTIFF DID NOT ALLEGE A DENIAL OF INADEQUATE CARE, PLAINTIFF ALLEGED CLAIMS AGAINST MEDICAL (CARE PLAINTIFF WAS DENIED) DEFENDANTS FOR THE CARE MEDICAL DEFENDANTS DID NOT PROVIDE; NOT FOR THE CARE MEDICAL DEFENDANT DID PROVIDE. DOC#127 AT 45, 49-51, 53-57, 62, 84

EXH: 55 AT 5, 7, 14, EXH 56 AT I-IX

NO CLAIMS ARE ALLEGED FOR A DENIAL OF CARE FOR WHIPPLES DISEASE.

EXPLAINING WHAT OTHER MEDICAL PROFESSIONALS IN THE DOC DIAGNOSED IS NOT ALLEGING MEDICAL DEFENDANTS DENIED PLAINTIFF MEDICAL CARE FOR WHIPPLE'S DISEASE, PLAINTIFF ALSO EXPLAINED THAT THE ONGOING SYMPTONS EXHIBITED -N- THE FINDING OF LABATORY TEST, THOSE SYMPTOMS IMPLY THAT PLAINTIFF HAS WHIPPLES DISEASE, AGAIN, PLAINTIFF DID NOT ALLEGE A DENIAL OF CARE FOR WHIPPLES DISEASE.

N.B. MEDICAL DEFENDANTS CO WORKER, MEDICAL PROFESSIONALS AT OTHER PRISON, A GASTROENTEROLOGIST, MEDICAL DEFENDANTS OWN LABATORY TEST, THE SYMPTOMS PLAINTIFF; AND PLAINTIFF FAMILY HISTORY ALL IMPLY THAT THE CHANES ARE PLAINTIFF HAS WHIPPLES DISEASE, THEN, PLAINTIFF SHOULD NOT BE PENALIZED FOR REPEATING THOSE FINDINGS   PLAINTIFF FACTS, DOC#127 AT 13, 52, 61, 16, 93, 102   EXH 55 AT 15, 16

N.B. NO CLAIMS ARE ALLEGED FOR DENIAL OF CARE FOR WHIPPLES

PLAINTIFF HAS MEET THE BURDEN VIA PLAINTIFF UNDISPUTED STATEMENT OF FACTS, DOC#127 AND EXHIBITS: 1-56.

THERE WAS NO NEED TO SHOW MEDICAL DEFENDANT DID NOT PROVIDE MEDICAL CARE BASED ON A CLAIM NOT ALLEGED

A VISIT TO MEDICAL DEFENDANTS FREQUENTLY, OR TO IMPLY THAT PLAINTIFF RECEIVED AN EXTRAORDINARY AMOUNT OF CARE BASED ON A MEDICAL DEFENDANTS DRAFTED MEDICAL RECORD CONCERNING PLAINTIFF FOR SEVERAL SERIOUS HEALTH PROBLEMS THEREFORE, MEDICAL DEFENDANT CANNOT BE FOUND TO HAVE BEEN DELIBERATE INDIFFERENT TO PLAINTIFF SERIOUS MEDICAL NEEDS, THERE IS NOTHING IN THE RECORD TO SUBSTANTIATE THIS SUBJECTIVE ASSESSMENT, IN LIGHT OF PLAINTIFF HAVING MANY SERIOUS MEDICAL NEEDS, i.e. UNABLE TO RAISE VOICE ABOVE A WHISPER, HEART VALUE DISEASE, URETHRAL STRICTURE, DRIPPING SEMEN, RIGHT LEG SWOLLEN BEYOND NORMAL SIZE, BOTH FEET ENCASED IN CALLUSES-N-OPEN SORES, ALL TOE NAILS TOTALLY BLACK OFTEN DISCHARGING PUS -N-BLOOD BROUGHT ON BY A FOOT FUNGUS THAT HAS ADVANCE UP PLAINTIFF LEGS ABOVE THE KNEES, NEAR BLINDNESS RIGHT EYE THAT AT TIMES DISCHARGED PUS-N-BLOOD, etc. WHICH PLAINTIFF FREQUENTLY SOUGHT MEDICAL CARE FOR, . . IT IS QUESTIONABLE WHETHER PLAINTIFF RECEIVED MEDICAL ATTENTION AND CARE FOR EACH OF THOSE SERIOUS MEDICAL CONDITIONS, WHICH SHOULD INCLUDE COVID-19 SYMPTOMS, WHICH PLAINTIFF SOUGHT TREATMENT THROUGHOUT THE PERIOD PERTINENT TO THIS LEGAL ACTION, AND FOR THOSE SERIOUS MEDICAL NEEDS FOR WHICH PLAINTIFF ALLEGEDLY DID RECEIVE CARE AND TREATMENT, WHETHER IT WAS CONSTITUTIONALLY ADEQUATE

SIMPLY TO SUPPLY SOME, OR EVEN FREQUENT CARE TO A PRISONER DOES NOT, OR IT—

SELF INSULATE PRISON OFFICIALS AND RESPONSIBLE MEDICAL PERSONNELL FROM LIABILITY UNDER 42 USC 1983 FOR DELIBERATE INDIFFERENCE TO A PRISONER'S SERIOUS MEDICAL NEEDS, HOUSER V. FOLINO 2014 U.S. DIST. LEXIS 101095 *51, 52 (3d CR. JUNE 24, 2014) PEARSON V. PRISON HEALTH SERVICES, 526, 519 FED 79, 84 (3d CR. MARCH 11, 2013) (INMATE WAS SUBJECT OF 33 PHYSICIANS ORDERS AND 72 PROGRESSIVE NOTES, BUT THE NUMBER OF ENTRIES IN THE MEDICAL RECORD DOES NOT NECESSARILY DEMONSTRATES THAT HE RECEIVED CONSTITUTIONALLY SUFFICIENT CARE) ID 791 F.2d AT 68 N. 9 (DIAGNOSIS IS NOT EQUIVALENT TO TREATMENT, A DEFENDANT MIGHT BE DELIBERATE INDIFFERENT TO A PRISONS SPECIFIC MEDICAL NEEDS REGARDLESS OF HOW MANY DOCTORS HE SENDS HIM TO FOR DIAGNOSIS) VARNER V. JIN 2014 U.S. DIST. LEXIS 7526 *3 (3rd CR 2014) (FACT THAT PRISONER WAS SEEN ON 33 OCCASIONS DURING THE PERIOD IN QUESTION DOES NOT NECESSARILY DEMONSTRATE THAT HE RECEIVED CONSTITUTIONALLY ADEQUATE MEDICAL CARE) CASE AND POINT PLAINTIFF WAS SEEN OCCASIONALLY FOR BLOOD PRESSURE, WEIGHT CHECK, LABATORY WORK, AND REFERRAL FOR PLAINTIFF LEFT EYE, NOT! THE "RIGHT EYE" IS PRETTY MUCH OF A NON SEQUITUR ON THE QUESTION ON THE MEDICAL CARE PROVIDED FOR THE SPECIFIC AILMENTS AND CONDITIONS OF WHICH PLAINTIFF HAS BEEN COMPLAINING, AND SERIOUS MEDICAL NEEDS ARE THE SUBJECT OF THIS LAWSUIT, HOUSER V. FOLINO 2014 U.S. DIST. LEXIS 101095 *52 (3d CR 2014) PLAINTIFF FACT, 000 #727 AT 11; 38; 41-45; 50-52; 58; 84; 96; 1449; EXH: 55 AT 4-8; 18; 19; 23; 41; EXH: 56 AT I — IX THESE ARE THE SAME ISSUES MEDICAL DEFENDANTS SUBMITTED IN DEFENDANTS BRIEF IN SUPPORT OF SUMMARY JUDGMENT, PAGE PER PAGE, A REPETITIVE, DUPLICATE -N- REDUNDANT PLEADING, SEE MEDICAL DEFENDANTS BRIEF IN SUPPORT OF SUMMARY JUDGMENT IN WASHINGTON V. BARNHART 3:17-CV-0070; COMPARE BRIEF IN SUPPORT OF SUMMARY JUDGMENT IN WASHINGTON V. ORLISMA, 3:19-CV-00196; PLAINTIFF WAS PENALIZED, WILL MEDICAL DEFENDANTS BE PENALIZED?

12. MEDICAL DEFENDANTS HAVE INVESTED A VERY LOT OF ENERGY IN CREATING A RED HERRING BY USING, WHIPPLES DISEASE, NO CLAIMS ARE ALLEGED BY PLAINTIFF ABAINST MEDICAL DEFENDANTS FOR NOT PROVIDING CARE FOR WHIPPLES

13. NOW IT APPEARS TO BE CHIC FOR THE LAW FIRM, "GOLD +FERRANTE, P.C." TO MOCK PLAINTIFF FOR PSYCHOLOGICAL PROBLEMS, MEDICAL DEFENDANTS HAVE HABITUALLY MOCKED PLAINTIFF FOR 6-PLUS YEARS, THIS COURT HAS ACTED AS IF EVERYTHING IS JUST HANKIE DOOREY, NOW "GOLD -N- FERRANTE, P.C." HAS JOIN IN ON WHAT APPEARS TO ACCEPTABLE ESPECIALLY WHEN THE PERSON BEING MOCKED IS BLACK, HAD PLAINTIFF DONE SO TO WHITES, ALL OF THE 3, MEDICAL DEFENDANT ARE WHITE, PLAINTIFF WOULD BE PENALIZED SEVERELY.

14. DEFENDANTS MEDICAL DEFENDANTS, REFER TO EXH C, THE DOCUMENT MEDICAL DEFENDANTS REFERS TO ARE DRAFTED BY MEDICAL DEFENDNTS, ARE ALLEGATIONS, AS THE MOVING PARTY, MEDICAL DEFENDANTS IS NOT ALLOWED MAKE ALLEGATIONS TO CREATE A GENUINE FACT, OR TO DEMONSTRATE THERE ARE NO FACTS IN DISPUTE, ANDERSON V. LIBERTY LOBBY INC. 477 U.S. 242, 255, 106 SCT 2505 (1986); FRCP 56 (A). ... THESE ALLEGATIONS ARE NOT FACT, MEDICAL DEFENDANT MUST PRODUCE FACTUAL SUPPORTIVE DOCUMENTATION AND HAS NOT

OPP: SJ 3:19-CV-00196

(12)

QUITE THE OPPOSITE TO MEDICAL DEFENDANT EXH C, PLAINTIFF UNDISPUTED STATEMENT OF FACTS, DOC #127 DETAILS HOW PLAINTIFF WAS NOT SEEN, AND OFTEN TOLD TO LEAVE, WITHOUT TOUCHING PLAINTIFF PHYSICALLY, PLAINTIFF DRAFTED EACH SICK CALL REQUEST PER DC-ADM 820, SEE DOC #127 AT ¶1, ¶6, 58       EXHS: 55 AT 4-6

15. MEDICAL DEFENDANTS REFER TO EXHS: D-I, VERIFICATION, THE DOCUMENTS ARE SELF SERVING. THESE DOCUMENTS ARE MEDICAL DEFENDANTS ALLEGATIONS, ALLEGATIONS ARE NOT FACTS, MEDICAL DEFENDANTS, THE MOVING PARTY; MUST NOT RELY ON UNSUBSTANTIATED ALLEGATION OR VERIFICATION TO CREATE A GENUINE FACT OR TO SHOW NO GENUINE FACT EXIST, ANDERSON, 477 U.S. 242, 255; FRCP: 56© THE MOVING PARTY, MEDICAL DEFENDANTS, MUST DO MORE THAN SUBMIT SELF SERVING VERIFICATIONS TO DEMONSTRATE NO GENUINE ISSUE EXIST.

16. MEDICAL DEFENDANTS MOTION FOR SUMMARY SHOULD BE DENIED IN LIGHT OF THE ADVERSE ACTION OF DENYING PLAINTIFF MEDICAL CARE, DIAZ-CRUZ V. SYMONS 2016 U.S. DIST. LEXIS 147918* 42,43 (M.D.PA. OCT 8 & 10, 2016) HUGHES V. SMITH 2015 U.S. DIST. LEXIS 2783*14 (E.D. PA. FEBRUARY 24, 2015)(DENIAL OF MEDICAL CARE CAN CONSTITUTE AN ADVERSE ACTION FOR THE PURPOSE OF A RETALIATION CLAIM) CORTLESSA V. COUNTY OF CHESTER, NO. 2005 U.S. DIST. LEXIS 25013*20 (E.D. PA. OCTOBER 24, 2005) (DENYING MOTION TO DISMISS RETALIATION WHERE PLAINTIFF ALLEGED HE WAS DENIED ADEQUATE MEDICAL ASSISTANCE BY PRISON OFFICIALS IN RETALIATION FOR ATTEMPTING TO FILE GRIEVANCES)

PLAINTIFF INDEED PROVIDE SUPPORTING EVIDENCE TO PLAINTIFF FACTS, DOC #127 THAT MEDICAL DEFENDANTS ACTIONS DEMONSTRATE DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS, AND NONSTOP PAIN-N-DISCOMFORT

PLAINTIFF FACTS, DOC #127 AT 6¶1-20, 38, 41-44, 48-63, 84-88, 91-96, 100-103, 110 EXH: 55 AT 5-8, 19, 35-4);      EXH: 56 AT I-IX.

SEE MEDICAL DEFENDANTS EXHS: ① 153-8, P.23, DEF 000373, RIGHT EYE; 20/200, ④ MAY NEED OPHTHALMOLOGIST, DOC #153-8, P.51, DEF 000371, ③ UNABLE TO SEE FROM RIGHT EYE, DOC #153-8, P.61, DE 000504; ④ SEE BELOW AT PP   AT 38,43, INFORMATION WITHHELD FROM PLAINTIFF-N-MEDICINE -N- THERAPY WITHHELD, FOR HYPERACTIVE BOWEL SOUNDS, EKG INDICATED LEFT VENTRICULAR HYPERTROPHY CONSISTENT WITH HYPERTENSION, CARDIAC MURMUR SUGGESTIVE OF MITRAL VALUE PROLAPSE WITH POSSIBLE MITRAL REGURGITATION, NO CARE AND/OR SEVERE VENOUS INSUFFICIENCY AND STASIS DERMOPATHY SEVERE ONYCHOMYCOSIS, HEART RATE OF 54, LEFT FOOT HAS LATERAL SOLE CALLUS; ALSO SEE DOC #153-8, P.102, DEF 000102; GASTRITIS, IF SO IT WAS KEPT IN SECRET FROM PLAINTIFF, AND THE MEDICINE WAS NOT PROVIDED, DEF 000303, AT 9,10,16; SECRET-N-DID NOT OCCUR, DEF 000290, AT 1,3,17.

17. N.B. MEDICAL DEFENDANTS MUST DO MORE THAN RELY ON HEARSAY, PLAINTIFF, THE NON MOVANT OBJECT TO MEDICAL DEFENDANTS, THE MOVING PARTY, HAS THROUGH OUT THEIR BRIEF IN SUPPORT OF SUMMARY JUDGMENT. REPEATED THE THEME, PLAINTIFF DOES NOT HAVE WHIPPLES' DISEASE, ALTHOUGH PLAINTIFF DID NOT ALLEGED A CLAIM AGAINST MEDICAL DEFENDANTS FOR NOT PROVIDING CARE FOR WHIPPLES' DISEASE; BECAUSE THE MOVANT CONTINUEOUSLY PROFESS WITHOUT PROOF, THAT PLAINTIFF DOES NOT HAVE WHIPPLES' DISEASE, MEDICAL

DEFENDANTS ARE IN VIOLATION OF FRCP 56, WHICH PROVIDES INTER ALIA "AN AFFIDAVIT OR DECLARANT USED TO SUPPORT OR OPPOSE A MOTION MUST BE MADE ON PERSONAL KNOWLEDGE, SET OUT FACTS THAT WOULD BE ADMISSIBLE IN EVIDENCE, AND SHOW THAT THE AFFIDANT OR DECLARANT THIS IS COMPETENT TO TESTIFY ON THE MATTERS STATED", SANNTRY STATE OIL CO. INC. V. TRAVELERS INS. CO., 928 F.SUPP 474, 482(D. N.J. 1996)(ONLY EVIDENCE WHICH IS ADMISSIBLE AT TRIAL MAY BE CONSIDERED IN RULING ON A MOTION FOR SUMMARY JUDGMENT). THIS RULE APPLIES WITH PARTICULAR FORCE TO PARTIES ATTEMPS TO RELY UPON HEARSAY STATEMENTS TO ESTABLISH MATERIAL ISSUES OF FACTS WHICH WOULD PRECLUDE SUMMARY JUDGMENT. . .

THE MERE POSSIBILITY THAT A HEARSAY STATEMENT WILL BE ADMISSIBLE AT TRIAL DOES NOT PERMIT ITS CONSIDERATION AT THE SUMMARY JUDGMENT STAGE ~~CARNEG~~ V. CARNEGIE MELLON UNIV. 205 U.S. DIST. LEXIS 18324 *9 (W.D. PA. AUGUST 29, 2005)


WHERE A PARTY SIMPLY PRESENTS INADMISSIBLE HEARSAY DECLARATIONS IN AN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL ISSUE OF FACT, COURTS HAVE TYPICALLY REBUFFED THOSE EFFORTS AND HELD INSTEAD THAT SUMMARY JUDGMENT IS APPROPRIATE, SYNTHES V. GLOBUS MEDICAL, INC. 2007 U.S. DIST. LEXIS 50812   (E.D. PA. JULY 12, 2007)


THEREFORE, IN A CASE WHERE THE PARTIES PLEADINGS REVEALS DISPUTES REGARDING THE ADMISSIBLY OF SPECIFIC EVIDENCE IN A THE PRINCIPLE GOVERNING CONSIDERATION OF SUMMARY JUDGMENT MOTIONS WHICH ENJOINS (THE COURT TO EXAMINE THE EVIDENCE IN A LIGHT MOST FAVORABLE TO THE PARTY OPPOSING THE MOTION ALSO UPON THE COURT TO RESOLVE ALL GENUINE DISPUTES CONCERNING THE ADMISSIBILITY OF SPECIFIC ITEMS OF EVIDENCE IN FAVOR OF THE PARTY OPPOSING THE MOTION. THE PRINCIPLES APPLIES WITH PARTICULAR FORCE TO FACTUAL DISPUTES WHICH RELATE TO MATTERS OF MOTIVE OR INTENT SINCE IT IS WELL SETTLE THAT: THE MOTIVE OR ABSENCE OF MOTIVE OF A PARTY TO ENGAGE IN CONDUCT ALLEGED BY ANOTHER PARTY IS RELEVANT TO DETERMINING WHETHER A GENUINE ISSUE OF FACTS MATSUSHITA ELEC. INDUS. CO. V. ZENITH RADIO CORP. 475 U.S. 574, 596, 104 S.CT. 1348 (1986)


HEARSAY: FIRST-N-FOREMOST BASED ON THE INFORMATION PROVIDED BY MEDICAL-DEFENDANTS IN EXHIBITS D-I, NONE OF THE MEDICAL PROFESS TO BE A CARDIOLOGIST, OR ONTOLARYNGOLOGIST: ENT - OPHTHALMOLOGIST, GASTROENTEROLOGIST, PODIATRISTS UROLOGIST, DERMATOLOGIST. YET ALL DECLARED TO PLAINTIFF ONLY

OPP: ??   3:19-CV-00196   (14)

SOMEONE WITH SPECIAL SKILLS CAN TREAT PLAINTIFF SERIOUS HEALTH PROBLEMS, PLAINTIFF FACTS, Doc# 127 AT 6, 15, 44, 93, 84, 95;

IT IS SELF EVIDENT THAT NO TWO MEDICAL DEFENDANTS PROVIDED PLAINTIFF CARE AT THE SAME TIME, SO FOR ONE MEDICAL DEFEND(ANT)TO STATE IN THEIR VERIFICATIONS OF SOME OTHER MEDICAL DEFENDANT OR SPECIALIST PERFORM SURGERY IS TESTIMONY NOT GIVEN FROM PERSONAL PARTICIPATION OR HAVING PERSONAL KNOWLEDGE OF THE EVENT STATED IN EACH VERIFICATION CANNOT BE. THIS IS A DIRECT VIOLATION OR FRCP 56, INTER ALIA "MUST BE MADE ON PERSONAL KNOWLEDGE" THERE FORE THE ALLEGATIONS TANTAMOUNT TO HEARSAY

DEFENDANTS, MEDICAL DEFENDANT THE MOVING PARTY SUBMITTED INADMISSIBLE EVIDENCE BY THE USE OF VERIFICATIONS TO SUPPORT MEDICAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT, THE NON MOVANT OBJECT TO THE MATERIAL CITED IN EXHIBITS, D-I e.g.① EXH D AT 3 INTER ALIA "I CONTINUE TO TREAT WASHINGTON TO THE PRESENT", THIS IS YET ANOTHER ASSERTION, HAVE KNOWLEDGE, ② EXH D AT 8 "THE OTHER MEDICAL PROVIDERS WOULD SEE WASHINGTON FOR ANY ACUTE ISSUES", THAT'S HEARSAY ③ EXH D AT 9th MEDICAL DEFENDANTS SHOULD <sup>NOT</sup> BE ALLOWED TO SAY ASSERT THINGS UNSUBSTANTIATED, i.e. ⟨???⟩ WASHINGTON DOES NOT HAVE WHIPPLES DISEASE, I AND OTHERS, HAVE INFORMED OF THIS", THIS IS HEARSAY, WHERE IS THE SIGNED DOCUMENT OF PLAINTIFF TAKING A TEST FOR WHIPPLES? N.B. A TEST FOR WHIPPLES REQUIRES A BIOPS, WHICH IS INVASIVE SURGERY, NO MEDICAL DEFENDANTS ARE GASTROENTEROLOGIST, A BIOPSY CANNOT BE DONE INSIDE OF SCI-SOMERSET MEDICAL DEPARTMENT AREA, THEREFORE, A SIGNED CONSENT IS A MUST. MEDICAL DEFENDANTS ARE NOT PATHOLOGIST, EITHER, THEREFORE, ALL OF MEDICAL DEFENDANTS ARE NOT COMPETENT TO TESTIFY ON THE MATTER STATED, PER FRCP 56, ④ EXH D AT 11 "THIS WOULD (EGD) (AND BIOPSY) HAVE DIAGNOSED WHIPPLES DISEASE, MORE HEARSAY, SEE PLAINTIFF EXH, 25 AT P.5 N.B. CELIAC DISEASE AND WHIPPLES ARE NOT ONE-N-THE SAME. N.B. PLAINTIFF WAS TOLD THAT PLAINTIFF WAS BEING TESTED FOR WHIPPLES, AND NO TEST FOR WHIPPLES' DISEASES WAS PROVIDED. N.B. FIRST-N-FOREMOST, NO CLAIMS FOR MEDICAL DEFENDANTS NOT PROVIDING CARE FOR WHIPPLES' DISEASE WERE MADE; NO CLAIM ARE MADE DATES AFTER 5.30.20, ARE ALLEGED. PLUS THE INFORMATION, SOLELY FOR THE SAKE OF ARGUMENTS, STILL WOULD BE HEARSAY, EVEN IF WAS ACTUALLY A TEST FOR WHIPPLES", AND DONE PRIOR TO 5.28.20; HOWEVER, IN ACTUALITY PLAINTIFF WAS NOT PROVIDED A TEST FOR WHIPPLES, NOR DID THE TEST FOR "CELIAC" OCCUR PRIOR TO 5.30.20; AND MEDICAL DEFENDANTS MISLED PLAINTIFF TO BELIEVE PLAINTIFF WAS TO UNDERGO A TEST FOR WHIPPLES' DISEASE, N.B. PLAINTIFF EXHIBITS 25 AT P.5 "UPPER GASTROINTESTINAL ENDOSCOPY AND ENTEROSCOPY" PROVIDE INTER ALIA "A SMALL FLEXIBLE TUBE WITH A LIGHT TO SEE THE UPPER GI TRACT", "A HEALTH CARE PROVIDER WILL PLACE AN INTRAVENOUS (IV) NEEDLE IN A VEIN IN THE ARM OR HAND TO ADMINISTER SEDATION", "A BIOPSY IS A PROCEDURE THAT INVOLVES TAKING A PIECE OF TISSUE FOR EXAMINATION WITH A MICROSCOPE, A PATHOLOGIST AND DOCTOR WHO SPECIALIZES IN EXAMINING TISSUE TO DIAGNOSE DISEASE-EXAMINE ⟨???⟩ TISSUE FROM THE STOMACH IN A LAB"

OIP:SW   3:19-CV-00196   ⑮

THE PATHOLOGIST APPLIES A SPECIAL STAIN TO THE TISSUE AND EXAMINE IT FOR T, WHIPPLEI INFECTED CELLS WITH A MICROSCOPE. ONCE THE PATHOLOGIST COMPLETES THE EXAMINATION OF THE TISSUE, HE OR SHE SENDS A REPORT TO THE GASTROENTEROLOGIST FOR REVIEW., TO DO THOSE PROCEDURE REQUIRE SURGERY. NO! PLAINTIFF WAS NOT RECEIVING TREATMENT FOR HIATAL HERNIA, UNTIL PLAINTIFF READ EXH'D AT 11 PLAINTIFF WAS NOT TOLD THAT PLAINTIFF HAD BEEN DISCOVERED TO HAVE SUFFERED A HIATAL HERNIA INJURY. ⑤

EXH:D AT 12. MEDICAL DEFENDANTS MUST DO MORE THAN MAKE BARE ALLEGATION, USE HEARSAY, SPECULATION IN A VERIFICATION TO SUPPORT MEDICAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT. FIRST, MEDICAL DEFENDANTS ADMIT THE BIOPSY DID REQUIRE SURGERY WHEN MEDICAL DEFENDANTS, STATE "THE SURGAL BIOPSY REPORT". AGAIN THIS IS HEARSAY. MEDICAL DEFENDANTS ARE NOT PATHOLOGIST OR GASTROENTEROLOGIST, WHAT FOLLOWS IS MEDICAL DEFENDANTS ARE NOT COMPETENT TO TESTIFY ON THE MATTER STATED, MEDICAL DEFENDANTS ALLEGATION IS TANTAMOUNT TO HEARSAY, FRCP 56 AGAIN A TEST FOR CELIAC DOES NOT EQUATE TO A TEST FOR WHIPPLES DISESE.

⑥ EXH D AT 13. "I HAVE TREATED HIM FOR THESE ISSUES (HEARING LOSS, POOR EYESIGHT) AS WELL AS FOOT AND STOMACH PROBLEMS, N.B, ALL MEDICAL DEFENDANT DIDN'T TOUCH PLAINTIFF PHYSICALLY-N-HABITUALLY THREW PLAINTIFF OUT, MEDICAL DEFENDANTS IN EACH VERIFICATIONS EXH: O-I, CONTINUOUSLY PROFESS ABOUT THE EXTRA AMOUNT OF CARE PROVIDED TO PLAINTIFF. PLAINTIFF HAS ALLEGED NO CLAIMS CONCERNING THE CARE MEDICAL DEFENDANTS PROVIDED, PLAINTIFF ALLEGED DELIBERATED INDIFFERENT BASED ON THE CARE PLAINTIFF WAS DENIED, PLAINTIFF FACTS AT 20,45,84-88, 93-96, 102,110 THE MOVANT ARE NOT COMPETENT TO TESTIFY ON THE MATTER STATED, FRCP 56 MOVANTS CONTINUOUSLY PROCLAIM TO PROVIDE CARE WITH NO SIGNED DOCUMENTS TO VERIFY SUCH PROFESSED PROVISION OF CARE, THESE ARE UNSUBSTANTIATED CLAIMS, MADE TO SHOWN NON MOVANT HAD NO ISSUE FOR TRIAL

⑦ EXH D AT 14 INTER ALIA, "I ALSO SET HIM UP TO SEE ME IN ONE MONTH TO REASSES HIS ABDOMINAL CONDITION." N.B. HERE IS THE EVIDENCE OF DELIBERATE INDIFFERENT. FIRST MEDICAL DEFENDANTS VOWED TO PENALIZE PLAINTIFF VIA DENIAL OF MEDICAL CARE, PLAINTIFF ON THE FEW OCCASIONS PLAINTIFF WAS ALLOWED TO APPEAR BEFORE MEDICAL DEFENDANTS, MEDICAL DEFENDANTS SENT PLAINTIFF AWAY WHILE IN NON-STOP PAIN-N-DISCOMFORT AS PLAINTIFF BEGGED FOR PAIN MEDICINES, THE PAIN-N-DISCOMFORT CONTINUED, SO PLAINTIFF SUBMITTED TWO-THREE SICK CALL REQUESTS PER WEEK ALL DRAFT IN ACCORDING TO DOC POLICY DC-ADM 820, MEDICAL DEFENDANTS SUMMARILY DISCARDED PLAINTIFF TIMELY SUBMITTED SICK CALL REQUESTS, LEAVING PLAINTIFF IN UNDUE PAIN-N-SUFFERING, THE ENTIRE TIME MEDICAL DEFENDANTS VISITED PLAINTIFF HOUSING UNIT, REFUSED TO SEE PLAINTIFF, MEDICAL DEFENDANTS TAUNTED PLAINTIFF AS DEFENDANTS SPOKE IN PASSING PLAINTIFF DOOR, PLAINTIFF FACTS: 20, 38, 41-44, 48-63, 88, 94-96, 102, 110, ESPECIALLY: 14,96,58,6,93 EXH: 55 AT 4,14,23,26,3-8,10,17

MEDICAL DEFENDANTS ALLEGATIONS AT EXH 14, ARE NOT FACTS AND DO NOT ESTAB-

OPP: ST 3:19-CV-00196                              ⑯

LISH THE ABSENCE OF A GENUINE DISPUTE, PER FRCP 56, ANDERSON V. LIBERTY LOBBY, INC
477 U.S. 247-248, 106 S.CT. 2505 (1986) (THE REQUIREMENT IS THAT THERE BE NO GENUINE ISS-
UE OF MATERIAL FACTS) A DISPUTED FACT IS "MATERIAL" IF PROOF OF ITS EXISTENCE OR NON-
EXISTENCE WOULD AFFECT THE OUTCOME OF THE CASE UNDER APPLICABLE SUBSTANTIVE LAW
ID. AT 248, GRAY V. YORK NEWSPAPERS, INC. 957 F.2d 1070, 1078 (3d CR. 1992), A DISPUTE
IS "GENUINE" IF THE EVIDENCE IS SUCH THAT A REASONABLE JURY COULD RETURN A VERD-
ICT FOR THE NONMOVING PARTY, ANDERSON 477 U.S. AT 257; BRENNER V. LOCAL 514 UNIT-
ED BHD. OF CARPENTERS AND JOINERS OF AMERICA 927 F.2d 1283, 1287-1288 (3RD CR. 1991)
GALLI V. NEW JERSEY MEADOWLANDS COMM'N 490 F.3d 265, 270 (3RD CR. 2007) (FRCP 56
E; WHILE THE EVIDENCE OF THE NON MOVING PARTY EITHER DIRECT OR CIRCUMSTANTIAL AND
NEED NOT BE AS     AS A PREPONDERANCE, THE EVIDENCE MUST BE MORE THAN A
SCINTILLA)
HOUSER V. FOLINO, 2014 U.S. DIST LEXIS 101095 *63 (3d CR. JUNE 24, 2014) (FAILURE TO ED-
UCATE PATIENT AS TO SIDE OF MEDICATION) ⑧
EXH: D AT 15; SAME AS AT 14 ⑨
EXH: D AT 16, NO CLAIMS ARE ALLEGED AGAINST MEDICAL DEFENDANTS FOR NOT PRO-
VIDING MEDICATION FOR WHIPPLES DISEASE
⑩ EXH: D AT 17.   N.B. MEDICAL DEFENDANTS REFERENCES MEDICAL RECORDS PP.
438-440, 430-433, 382-384, 370-375, 376-378; MEDICAL DEFENDANTS RECORDS ARE
SELF SERVING DOCUMENTS CONTAINING ASSERTIONS UNSUBSTANTIATED BY SIGNED CON-
SENT, INTRODUCE TO THIS ACTION FOR INTENT OF DEMONSTRATING THE ABSENCE OF A MAT-
ERIAL FACT, AND HAVING HEARSAY PURPORTED TO BE FACT, _ _ AGAIN MEDICAL DE-
FENDANTS OPENLY ADMITS DELIBERATE INDIFFERENT, i.e. "THESE WERE A LOSS OF VISION
IN HIS RIGHT EYE", FIRST-N-FOREMOST, NO CLAIMS CONCERNING PLAINTIFF EYE IS AL-
LEGED AGAINST MEDICAL DEFENDANTS ON OR NEAR 2, 8, 19. . . . FOR THE SAKE OF ARGU-
MENTO, FOR MEDICAL DEFENDANTS, HAVING PLAINTIFF, WHO EXPERIENCED PROBLEMS IN THE
PAST WITH PLAINTIFF RIGHT EYE, NOW PLAINTIFF HAVING LOSS SIGHT IN RIGHT EYE, TO SEND
PLAINTIFF AWAY WITH NO SIGHT IN RIGHT EYE, INSTEAD OF EMERGENCY MEDICAL CARE BY
OPHTHALMOLOGIST, MEDICAL DEFENDANT RECORDS ARE NOT FACTS, PLAINTIFF UNDISPUTED
STATEMENT OF FACTS PROVIDES A FACTUAL ACCOUNT OF MEDICAL DEFENDANTS CONDUCT,
⑪ EXH: D AT 18, MEDICAL DEFENDANTS, REFERENCES MEDICAL RECORDS CONTAINS HEARSAY,
AND SELF SERVING STATEMENTS DRAFTED BY DEFENDANTS WITH INTENTS OF DEMONS-
TRATING THE MOVING PARTY ESTABLISHED A MATERIAL FACT, AND MEDICAL DEFEND-
ANTS FAILED TO DO SO. GALLI 490 F.3d AT 270, DOC# 127 PROVIDES FACTUAL ACCOUNT
⑫ EXH: D AT 19, NO CLAIM IS ALLEGED AGAINST MEDICAL DEFENDANT ON OR NEAR 2,
28, 19, EXH D AT 19 INTERJECTS HEARSAY, WHICH FAILED TO ESTABLISH THE ABSENCE
OF A MATERIAL FACT, PER FRCP 56, ANDERSON 477 U.S. AT 248
⑬ EXH: D AT 20. NO CLAIMS ALLEGED AGAINST MEDICAL DEFENDANT FOR DENIAL OF
CARE FOR WHIPPLES DISEASE, THE REQUIREMENT OF MEDICAL DEFENDANTS IS TO EST-
ABLISH THE ABSENSE OF A GENUINE DISPUTE, AND FAILED TO DO SO
SEE DOC #127 AT 6, 9-20, 38, 39, 41-45, 48-63, 84-88, 93-97, 102, 110, 111,
OPP: SJ   3:19-CV-00196     ⑰

FOR THE SAKE OF ARGUMENT, BASED ON LABATORY TEST PLAINTIFF DOES EXIBIT SYMPTOM OF WHIPPLES DISEASE, SEE DOC #127 AT 6,13,53,VOI; EXH 56 AT I-IX EXH 56 AT I,I6, /EXH 56 AT I-IX

CELOTEX CORP, 477 U.S. 317, 323, 106 S.CT. 2548 (1986) (MOVING PARTY MUST DEMONSTRATE THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT) (14)

(⑭) EXH:D AT 21, MEDICAL DEFENDANTS DENIALS ARE NOT FACTS, AS THE MOVING PARTY MEDICAL DEFENDANTS ARE REQUIRED TO DEMONSTRATE A ABSENCE OF A GENUINE ISSUES OF MATERIAL FACT, AND FAILED (15)

(⑮) EXH:D AT 22, MEDICALLY DEFENDANTS VERIFICATIONS ARE SELF SERVING, FOR ACCURATE ACCOUNT OF MEDICAL DEFENDANTS CONDUCT SEE DOC #127, MEDICAL DEFENDANTS MUST DEMONSTRATE THAT NO GENUINE ISSUE OF MATERIAL FACT, AND FAILED (16)

(⑯) EXH:D AT 23, MEDICAL DEFENDANTS, THE MOVANTS MUST DO MORE THAN DENY, DEFENDANTS ARE REQUIRED TO PROVE, AS THE MOVANTS, THAT THE NON MOVANTS CASE IS ABSENT OF MATERIAL/GENUINE MATERIAL FACT, (CELOTEX 477 U.S. AT 323) AND FAILED (17)

(⑰) EXH:D AT 24, MEDICAL DEFENDANTS, MUST DO MORE THAN USE ALLEGATIONS, AND HEARSAY TO ESTABLISH A DISPUTED MATERIAL ISSUE OF FACT, SUMMARY JUDGMENT IS APPROPRIATE). MEDICAL DEFENDANTS THE MOVANTS MUST ESTABLISH THE ABSENT OF GENUINE MATERIAL FACT, AND FAILED TO DO SO COUNTRYSIDE OIL CO INC V. TRAVELERS INS CO, 928 F.SUPP 474, 482 (D. N.J. 1996) (ONLY ADMISSIBLE EVIDENCE AT TRIAL MAY BE CONSIDERED IN RULING ON A MOTION FOR SUMMARY JUDGMENT), SYNTHES V. GLOBUS MEDICAL, INC, 2007 U.S. DIST. LEXIS 50812 (E.D. PA, JULY 12, 2007) (18)

(⑱) EXH D AT 25, MEDICAL DEFENDANT, THE MOVANT, ARE OBLICATED TO DO MORE THAN DENY, AND MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT.

(⑲) EXH: D, MEDICAL DEFENDANTS (EXH D AT 26) CONSIST OF SELF SERVING COMMENTS AND ALLEGATIONS, AN ACCURATE ACCOUNT IS LOCATED AT DOC 27, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT

(⑳) EXH:D AT 27, MEDICAL DEFENDANTS ALLEGATIONS ARE NOT FACTS, A FACTUAL ACCOUNT IS LOCATED AT DOC #127, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, ID, 477 U.S. AT 323

(㉑) EXH:D AT 28, MEDICAL DEFENDANT, MOVANTS SELF SERVING VERIFICATIONS ARE NOT FACTS, THE ACCURATE ACCOUNT IS LOCATED AT DOC #127, MEDICAL DEFENDANTS MUST ESTABLISH THE NON EXISTENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED

(㉒) EXH:D AT 29, THE GRIEVANCE COORDINATOR DONO INVESTIGATE THE GRIEVANCES SEE EXH J AT GRN 801220, INITIAL REVIEW RESPONSE; GRN 80496 INITIAL REVIEW DEMONSTRATE DEFENDANT, DELISMA INDEED WAS AWARE OF GRIEVANCES AGAINST DEFENDANT, DELISMA WHO CONTACTED, SYNTHES V. GLOBUS MED INC, 2007 U.S. DIST LEXIS 50812 (E.D. JULY 12,2007) (WHERE A PARTY SIMPLY PRESENTS INADMISSIBLE HEARSAY DECLARATIONS IN AN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL ISSUE OF FACT, COURTS HAVE TYPICALLY REBUFFED THESE EFFORTS AND HELD INSTEAD THAT SUMMARY JUDGMENT IS APPROPRIATE) DEFENDANTS, THE MOVANTS MUST ESTABLISH THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT, AND FAILED. EXH: 56 AT I-IX ;EXH 55 AT 4, 23,26, 35,38-41,54 DOC #127 AT 42,43,48,51,56,57,62,81,84,68,110,111,60

OPP: SJ   3:19-CV-00196   (18)

PLAINTIFF, THE NON MOVANT ALLEGE AND INCORPORATE BY REFERENCE THE ENTIRE AMENDED COMPLAINT, MOTION FOR RECONSIDERATION; MOTION -N- BRIEF FOR SUMMARY JUDGMENT UNDISPUTED STATEMENT OF FACT -N- ALL EXHIBITS; PLAINTIFF REPLY TO DOC 154,155, PLAINTIFF OPPOSITION TO BOTH MEDICAL -N- DOC DEFENDANTS; MOTION FOR SUMMARY JUDGMENT; UNCONTESTED STATEMENT OF FACTS -N- BRIEFS IN SUPPORT OF SUMMARY JUDGMEN -N- APPEN DEXS, AND ALL OTHER PLEADINGS MADE BY PLAINTIFF THE NON MOVANT

(23) EXH III D AT 30; MEDICAL DEFENDANTS MUST DO MORE THAN DENY, MAKE ALLEGATION, WHERE ARE THE SIGNED DOCUMENT AT SICKCALL COST? MEDICAL DEFENDANT THE MOVANTS MUST ESTABLISH THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT, Doc 127 AT 4, 54    EXH 54 AT I-IX, EXH 5,14

(24) EXH D AT 31; MEDICAL DEFENDANTS MUST DO MORE THAN DENY, MEDICAL DEFENDANTS ARE OBLIGATED TO ESTABLISH THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT, AND FAILED, Doc 136,137 DESCRIBES MEDICAL DEFENDANTS CONDUCT FACTUALLY, Doc 127 AT 39,97,99,100    EXH 55 AT 2

(25) EXH D AT 32, MEDICAL DEFENDANTS MUST DO MORE THAN DENY, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, PLAINTIFF FACTS, Doc 127 AT 20,49,54,46,63,84,88,110    EXH 55 AT 6-8,10,14,19

(26) N, B, EXH E, LIKEN TO EXHS D, F-I ARE ESSENTIALLY CARBON COPIES, EXHS D, F,H, I, ARE ESSENTIALLY DUPLICATE OF THE DOCUMENTS MEDICAL DEFENDANTS, FILED AS THE MOVING PARTY IN WASHINGTON V. BARNHART 3:17-CV-0070, NEW ADDRESS EXH E, AT 3, THESE CLAIMS CANNOT BE SUBSTANTIATED, NO CLAIMS ARE ALLEGED AGAINST DEFENDANT, TESTA DURING 2018, AND 2020; AND UNLESS STATED OTHER WISE, ONLY ONE MEDICAL DEFENDANT WAS IN THE OFFICE AT THE SAME TIME DURING PLAINTIFF SICK CALL VISIT; THEREFORE, THE ALLEGATIONS OF HAVING KNOWLEDGE AND INFORMATION WAS OBTAINED VIA HEARSAY, THE SAME APPLIES EXHS E-I, e.g. DEFENDANTS, KAUFFMAN, ON ONE OCCASION DID PLAINTIFF ALLEGE AGAINST DEFENDANT, KAUFMAN IN 2019, AND TWICE IN 2020; SEE EXH F AT 3; DEFENDANT, FETTERMAN, NO CLAIMS ALLEGED AGAINST DEFENDANT, FETTERMAN IN 2019, 2020; SEE EXH G AT 3; ONLY ONE CLAIM IN 2018; NO CLAIMS ARE ALLEGED DEFENDANT, HUTCHINSON 2019, AND 2020; SEE EXH H; TWO CLAIMS 2018, ONE IN 2019 -N- 2020, ARE ALLEGED AGAINST DEFENDANT, PLAYSE, SEE EXH I AT THREE; IN EACH INSTANCE EXH D-I AT 3 CANNOT BE, THEREFORE MEDICAL DEFENDANTS VERIFICATIONS CONSIST OF HEARSAY, INADMISSIBLE EVIDENCE, SYNTHES V. GLOBUS MEDICAL, INC. 2007 U.S. DIST. LEXIS 50812   (E.D. PA. JULY 12, 2007)(INADMISSIBLE HEARSAY IN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL ISSUE OF FACT, SUMMARY JUDGMENT IS APPROPRIATE), DEFENDANTS, THE MOVANTS MUST ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACT, AND FAILED

(27) EXHS E-I AT 4, MEDICAL DEFENDANTS, THE MOVANT MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, CELOTEX CORP, 477 U.S. 317,323

(28) EXHS E-I AT 5, MEDICAL DEFENDANTS ASSERTIONS ARE NOT FACTS, THIS IS INADMISSIBLE EVIDENCE, CELOTEX, 477 U.S. AT 324    EXH 5 EAT 39

PLAINTIFF FACTS: Doc 127 AT 20,28,33,41-46,49,88,97,98,99    EXH 55 AT 5-8,10,17,23,35
OPP: S.J   3:19-CV-0096

MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED TO DO

(29) EXH E AT 6; EXH F-I; MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACTS, AND FAILED, (EXHS F-I AT 6) EXH: 55 AT 23,26,35,38-41,34 EXH 56 AT I-IX PLAINTIFF FACTS, Doc# 127 AT 6, 15, 20, 39, 41-45, 49, 59, 62,56, 57, 81, 86,88, 110,111, 60

(30) EXHS E AT 6. DENIAL IS INSUFFICIENT EVIDENCE TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, MEDICAL DEFENDANTS MUST DEMONSTRATE THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, Doc# 127 AT 6, 9-20, 38-39, 41-44, 848-63, 66, 84, 86-88, 91-98, 100-102, 110-111, 116; EXHS: 56 AT I-IX, EXH: 55 AT 3-10, 12, 14-19, 23, 25, 26,35-39 41; BIG APPLE BMW INC. V. BMW OF NORTH AMERICA INC, 974 F.2d 1358, 1363 (3rd Cir 1992)(WHERE THE NON MOVANTS EVIDENCE CONTRADICT THE MOVANT'S, THEN THE NON MOVANT'S MUST BE TAKEN AS TRUE), MEDICAL DEFENDANTS, FAILED THEIR MANDATE

(31) EXH E-H AT 7; DENIAL IS INSUFFICIENT FOR ADMISSIBLE EVIDENCE TO SUPPORT THE MOTION FOR SUMMARY JUDGMENT, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT, AND FAILED

(32) EXH I AT 7: MEDICAL DEFENDANT, PLAYSO; THE MOVANT, MUST DO MORE THAN RELY ON HEARSAY. WHERE ARE THE SIGNED DOCUMENTS VERIFYING THAT PLAINTIFF WAS TESTED FOR WHIPPLES' DISEASE? WHAT-N-WHEN WAS A PRESENTATION PRESENTED, WHO DRAFTED SUCH PRESENTATION? FOR A FACTUAL ACCOUNT SEE PLANIFF UNDISPUTED STATEMENT OF FACT, Doc# 127. TO DATE! PLAINTIFF HAS NOT BEEN TESTED FOR WHIPPLES DISEASE. N.B. NO CLAIM IS ALLEGED AGAINST MEDICAL DEFENDANTS FOR NOT PROVIDING PLAINTIFF TREATMENT FOR WHIPPLES DISEASE _ _ _ . HOWEVER, ALL LABATORY TEST, FAMILY HISTORY, ON GOING SYMPTOMS, THE OPINION OF THREE DOC DOCTORS, AND A GASTROENTEROLOGIST IDENTIFY WITH WHIPPLES DISEASE.
PLAINTIFF FACTS: Doc# 127 AT 6, 52, 61,102      EXHS: 55 AT 15, 16, 37-41; EXH 56 AT I-IX
CELOTEX 477 U.S. 5RPT 324 (ANY EVIDENCE USED TO SUPPORT A MOTION FOR SUMMARY JUDGMENT MUST BE ADMISSIBLE), PETERSON V. LEHIGH VALLEY DIST. COUNCIL, 676 F.2d 81, 84 (3rd Cir. 1992)(SUMMARY JUDGMENT SHALL NOT BE GRANTED WHEN THERE IS A DISAGREEMENT ABOUT THE FACTS OR PROPER INFERENCES THAT A FACT FINDER COULD DRAW FROM THEM) MEDICAL DEFENDANT, PLAYSO, THE MOVANT, MUST ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACT, AND FAILED

(33) EXHS: E-H: MEDICAL DEFENDANTS, MOVANTS MUST ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACTS, AND FAILED; EXHS E-H AT 8

(34) EXH: I AT 8; SEE EXH J AT GRNS @#: 638307, INITIAL REVIEW, 8,17,16; (2) 652393; 11,16,16; (3) 653812; DATED 11.21.16; (4) 681830; DATE 6.9.17, THAT DEMONSTATES DEFENDANT, PLAYSO WAS INDEED AWARE OF GRIEVANCES AGAINST DEFENDANT, PLAYSO

FIRST-N-FOREMOST EACH DEFENDANT MUST HAVE RECEIVED A U.S. MARSHALL FORM TO BE CONSIDERED A DEFENDANT, AND TO HAVE FILED A VERIFICATION, DEFENDANT, PLAYSO; VERIFICATION IS DATED -N-SIGNED 8,25,20 PERTAINING TO WASHINGTON V. BARNHART 3:17-CV-0070; FILED 5,18,17; MORE THAN TWO YEARS PRIOR TO WASHINGTON V. DELISMA 3:19-CV-00196; WHERE DEFENDANT, PLAYS SUBMITTED THE SAME VERIFICATION; AT OPP: SJ   3:19-CV-00196      (20)

I, WHICH DEFENDANT, PLAYSO SUBMITTED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN WASHINGTON V. BARNHART 3:17-CV-0070 AT H, ADDITIONALLY, DEFENDANT, PLAYSO NAME IS CITED AMONG THE LIST OF DEFENDANTS; THEREFORE, DEFENDANT, PLAYSO WAS INDEED WAS AWARE OF GRIEVANCE AND LAWSUIT

PLAINTIFF FACTS: Doc# 127 AT 38; 39; 41-43; 48; 49; 51; 56-63; 66; 81; 82; 83-88; 91-98; 100-102; 110; 116 ⊕, 9-20; EXH: 56 AT I-IX; EXH 55 AT 3-10; 12-19; 23; 25; 26; 34-41 MEDICAL DEFENDANTS, MOVANTS ARE REQUIRED TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.

BECAUSE OF THE OBVIOUS LACK OF PROOF IN MEDICAL DEFENDANTS ESSENTIAL ELEMENT OF MEDICAL DEFENDANT CLAIM OF HAVING NO KNOWLEDGE OF GRIEVANCES AND/OR LAWSUITS AGAINST DEFENDANT, PLAYSO. ANDERSON V. LIBERTY LOBBY INC. 477 U.S. 242, 248, 106 S. CT. 2505 (1986); GRAY V. YORK NEWSPAPERS, INC. 957 F. 2d 1070, 1078 (3d CR 1992) (A DISPUTED FACT IS MATERIAL IF PROOF OF ITS NON EXISTENCE WOULD AFFECT THE OUTCOME OF THE CASE UNDER APPLICABLE SUBSTANTIVE LAW)

(35) EXH E AT 9. NO CLAIM ALLEGED AGAIN DEFENDANT, D. TESTA CONCERN PLAINTIFF EYE ON OR NEAR 3.22.19. MEDICAL DEFENDANT, TESTA REFERENCE MEDICAL RECORD, WHICH WAS DRAFTED BY DEFENDANT, TESTA CONTAIN SELF SERVING COMMENT, AND ASSERT THING THAT NEVER TOOK PLACE. Doc# 127 IS PASSIM WITH MEDICAL DEFENDANT ACTS. AGAIN, NO CLAIM IS ALLEGED AGAINST DEFENDANT TESTA CONCERNING WHIPPLES. DEFENDANT, TESTA, IS NOT A GASTROENTEROLOGIST THEREFORE LACK THE SKILL TO MAKE SUCH CLAIM. DEFENDANT, TESTA OWN STATEMENT IMPLIES DELIBERAT INDIFFERENCE, i.e "HE COMPLAINED OF BLOATING AND INTERMITTEN DIARRHEA AND CONSTIPATION", "HE DID NOT REQUIRE ANY TREATMENT WHEN I SAW HIM". DENIAL, AND HEARSAY IS INSUFFICIENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, MEDICAL DEFENDANT, TESTA, MOUANT MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF FACT, AND FAILED

(36) EXH F AT 9, VERIFICATION OF DEFENDANT, E. KAUFFMAN, AS MENTIONED ABOVE NO TWO MEDICAL PROFESSIONAL WERE ALLEGED TO BE IN THE OFFICE AT THE SAME TIME DURING PLAINTIFF SICK CALL/VISIT, ALL MEDICAL DEFENDANTS ARE NOT SPECIALIST, THEREFORE ALL MEDICAL DEFENDANTS LACK THE KNOWLEDGE TO TESTIFY ON THIS MATTER. FRCP 56 (C)(4) DEFENDANT KAUFFMAN CLAIM OF A NEGATIVE BIOPSY IS HEARSAY, REFERENCE TO THE MEDICAL RECORD, WHICH IS SELF SERVING, CONTAINS ALLEGATIONS-N-HEARSAY, DEFENDANT NEVER TOUCHED PLAINTIFF PHYSICALLY. DEFENDANT, KAUFFMAN "CANNOT PRESENT IN A FORM THAT WOULD BE ADMISSIBLE IN EVIDENCE" FRCP 56 NO CLAIMS ALLEGED FOR A DENIAL OF CARE FOR WHIPPLES. Doc# 127 AT 86; 93; 102        EXH 55 AT 15; 16

DEFENDANT, KAUFFMAN, MOVANT IS REQUIRED TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF FACT, AND FAILED. CELOTEX, 477 U.S. 317, 323, 106 S. CT. 2548 (1986); BIB APPLE BMW INC. 974 F. 2d 1358, 1363 (3d CR 1992) (WHERE THE NON MOVING PARTY'S EVIDENCE CONTRADICTS THE MOVANT, THEN THE NON MOVANTS MUST BE TAKEN AS TRUE)

(37) N. B. THE NON MOVANT, PLAINTIFF ① HAS NOT TAKEN TEST FOR WHIPPLES DISEASE ② WHIPPLES DISEASE AND CELIAC DISEASE ARE TWO DISTINGUISHABLY DIFF
OPP: SJ  3:19-CV-00196        (21)

ERENT DISEASE, AND TESTING FOR CELIAC IS NOT AT THE SAME TIME A TEST FOR WHIPPLES FOR A PERSON TO SAY THE TWO ARE ONE-N-THE SAME ARE CATEGORICALLY INCORRECT. ③ ONLY ONE MEDICAL PROFESSIONAL WAS INSIDE OF THE OFFICE DURING PLAINTIFF SICK CALL VIST, SO FOR ONE DEFENDANT TO REFERENCE CARE ALLEGED TO HAVE BEEN PROVIDED BY A SPECIALIST, AND/OR BY OTHER MEDICAL DEFENDANTS ARE RELYING ON HEARSAY; ④ ALL MEDICAL DEFENDANTS ARE NOT SPECIALIST, i.e. GASTROENTROLOGIST, PATHOLOGIST, CARDEOLOGIST, ENT:ONTOLARYNGOLOGIST, OPHTHRALMOLOGIST, UROLOGIST, DERMATOLOGIST, PODIATRIST, AND NOT COMPETENT TO TESTIFY ON THE MATTER ⑤ NO CLAIM FOR A MEDICAL DEFENDANTS DENYING PLAINTIFF CARE FOR WHIPPLES DISEASE. ⑥ REFERENCES TO WHAT LABATORY TEST IMPLY WHIPPLES DISEASE, AND/OR SYMPTOMS, FAMILY HISTORY-N-DECISIONS OF OTHER MEDICAL PROFESSIONALS, OR SPECIALIST, ARE NOT CLAIMS ALLEGED AGAINST MEDICAL DEFENDANTS FOR A DENIAL OF CARE FOR WHIPPLES.

SEE FRCP 56 PROVIDES INTER ALIA "A PARTY MAY OBJECT TO THAT THE MATERIAL CITED TO SUPPORT OR DISPUTE A FACT CAN NOT BE PRESENTED IN A FORM THAT WOULD BE ADMISSIBLE IN EVIDENCE", FRCP 56©② AN "AFFIDAVIT OR DECLARATION USED TO SUPPORT OR TO OPPSE A MOTION MUST BE MADE ON PERSONAL KNOWLEDGE, SET OUT FACTS THAT WOULD BE ADMISSIBLE IN EVIDENCE, AND SHOW THAT THE AFFIDAVANT OR DECLARANT IS COMPETENT TO TESTIFY ON THE MATTER STATED" FRCP 56©④; CELOTEX CORP., 477 U.S. 317, 323, 106 S.CT.2548 (1986) (DEMONSTRATE THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT), BIG APPLE BMWS. INC. V. BMW OF NORTH AMERICA INC., 914 F.2d 1358, 1363 (3RD CR. 1992) (WHERE THE NON MOVING PARTY'S EVIDENCE CONTRADICTS THE MOVANT THEN THE NONMOVANT'S MUST BE TAKEN AS TRUE): PETERSON V. LEHIGH VALLEY DIST. COUNCIL 676 F.2d 81, 84 (3d CR 1992) (SUMMARY JUDGMENT SHALL NOT BE GRANTED WHEN THERE IS A DISAGREEMENT ABOUT THE FACTS OR PROPER INFERENCE THAT A FACT FINDER COULD DRAW FROM THEM): SYNTHES V. GLOBUS MEDICAL, INC., 2007 U.S. DIST. LEXIS 58812 (E.O. PA. JULY 12, 2007) (INADMISSIBLE HEARSAY IN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL ISSUE ISSUE OF FACT SUMMARY JUDGMENT IS APPROPRIATE); CELOTEX, 477 U.S. AT 324 (ANY EVIDENCE USED TO SUPPORT A MOTION FOR SUMMARY JUDGMENT MUST BE ADMISSIBLE) EXH: 55 AT 15-19, 34, 35, 41 PLAINTIFF FACTS DOC #127 AT 13-20, 51, 52, 59, 84, 86, 91-93, 102, 110

(38) EXH:G AT 9, DEFENDANT FETTERMAN REFERENCE THE MEDICAL RECORD, WHICH IS A SELF SERVING DOCUMENT. A FACTUAL ACCOUNT OF MEDICAL DEFENDANTS ACTION IS DETAILE IN DOC #127, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. CELOTEX 477 U.S. AT 323.

(39) EXH H AT 9, NO CLAIMS ARE ALLEGED CONCERNING THE CARE DEFENDANT, HUTCHINSON PROVIDE. PLAINTIFF ALLEGED CLAIM CONCERN THE CARE DEFENDANT HUTCHINSON DENIED DOC #127 AT 45, 6              EXH: 55 AT 3-10, 12-14, 17-19, 23, 34-41 MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. CELOTEX, 477 U.S. AT 323.

(40) EXH I AT 9, NO CLAIMS ARE ALLEGED AGAINST DEFENDANT, PLAXSO FOR "PREVENTING" FROM FILING ANY DOCUMENT OR, CLAIM. MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACTS AND FAILED. CELOTEX, 477 U.S AT 323

(41) EXH. E AT 10, DENIAL IS INSUFFICIENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, DEFENDANT, TESTA, MOVANT MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED.   PLAINTIFF FACTS, Doc# 127 AT 41; 43; 51; 56; 36; 39; 63
EXH 56 AT 7; 10; 14; 23; 24; 34-41.   CELOTEX 477 U.S. AT 323

(42) EXH F AT 10, DEFENDANT, KAUFFMAN REFERENCES MEDICAL RECORD, A SELF SERVING DOCUMENT, DRAFTED BY DEFENDANT, KAUFFMAN, WHICH CONTAINED ASSERTION THAT NEVER TOOK PLACE. DENIAL IS INSUFFICIENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT. A ACCURATE DETAIL OF ALL MEDICAL DEFENDANTS IS LOCATED AT Doc# 127 AT 6; 9-20; 38-45; 47-63; 60; 83-88; 91-98; 100-102; 110; 111
EXH: 56 AT I-IX; EXH: 55 AT 3-10; 12-19; 23; 25; 26; 34-41
BIG APPLE BMW INC. 974 F.2d 1358, 1363 (3rd cr. 1992) (WHERE THE NON MOVING PARTY EVIDENCE CONTRADICTS THE MOVANT, THEN THE NON MOVANT MUST BE TAKEN AS TRUE) PETERSON 674 F.2d 81, 84 (3d cr. 1982) (SUMMARY JUDGMENT SHALL NOT BE GRANTED WHEN THERE IS A DISAGREEMENT ABOUT THE FACTS OR PROPER INFERENCES THAT A FACT FINDER COULD DRAW FROM THEM) SYNTHES 2007 U.S. DIST. LEXIS 50812 (E.D. PA, JULY 12, 2007) (INADMISSIBLE HEARSAY IN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL FACT, SUMMARY JUDGMENT IS APPROPRIATE) CELOTEX 477 U.S. AT 324 (ANY EVIDENCE USED TO SUPPORT A MOTION FOR SUMMARY JUDGMENT MUST BE ADMISSIBLE)
MEDICAL DEFENDANTS, MOVANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. ID. 477 U.S. AT 323

(43) EXH G AT 10, DEFENDANT, FETTERMAN REFERENCES THE MEDICAL RECORD, A DOCUMENT, DEFENDANTS PERSONALLY DRAFTED, CONTAIN SELF SERVING NOTATION, MANY THAT NEVER TOOK PLACE. N.B. WHERE IS PLAINTIFF SIGNATURE? . . NOT CLAIM IS ALLEGED FOR THE CARE DEFENDANT, FETTERMAN CONCERNING THE CARE PROVIDED. PLAINTIFF CASE CONCERN THE CLAIMS ALLEGED AGAINST, DEFENDANT FETTERMAN FOR THE CARE DEFENDANT, FETTERMAN DENIED. ESTELLE V. GAMBLE 429 U.S. 97; 104-105, 97 S. CT 285 (1976), MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. CELOTEX 477 U.S. AT 323

(44) EXH H AT 10, DEFENDANT, HUTCHINSON REFERENCES THE MEDICAL RECORD, A DOCUMENT DRAFTED BY DEFENDANT, HUTCHINSON, CONTAINS NOTATIONS THAT ARE SELF SERVING AND/OR NEVER OCCURRED. CELOTEX 477 U.S. AT 323 (ANY EVIDENCE USED TO SUPPORT A MOTION FOR SUMMARY JUDGMENT MUST BE ADMISSIBLE) THE MEDICAL DEFENDANTS BEHAVIOR IS ACCURATELY DETAILED IN Doc# 127, MEDICAL DEFENDANT, HUTCHINSON IS NOT BEING SUED FOR THE CARE DEFENDANT, HUTCHINSON PROVIDED, THE CLAIM ALLEGED AGAINST, DEFENDANT, HUTCHINSON FOR THE CARE DENIED. ESTELLE V. GAMBLE, 429 U.S. 97, 104-105, 97 S. CT 285 (1976) Doc# 127 AT 6; 15; 16; 48-63; 84; 110; 111
EXH 56 AT I-IX; EXH 55 AT 6; 18  , MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACT; ISSUE, AND FAILED. CELOTEX 477 U.S. AT 323

(45) EXH. I AT 10, DENYING IS INADMISSIBLE-N-INSUFFICIENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, CELOTEX 477 U.S. AT 324 , PLAINTIFF FACTS, Doc# 127 AT 6; 9-20; 38-45; 47-63; 66; 83-88; 91-98; 100-102; 110; 111          EXH 56 AT I-IX; EXH 55 AT 3-10; 12-19; 23; 25; 26; 34-41
DFT 55   3:19-CV-00196        (23)

ESTELLE, 429 U.S. 97 104-105, 97 S.CT 285 (1976), MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACTS, AND FAILED, ID. 477 U.S. AT 323

(46) EXH: E, HEARSAY, BALL ASSERTION-AND-ALLEGATIONS ARE INADMISSIBLE EVIDENCE TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, ID. 477 U.S. AT 324. DEFENDANT, TESTA, NO ALLE-GATIONS MADE FOR THE CARE DEFENDANT, TESTA PROVIDED. THE CLAIMS ALLEGED AGAINST DE-FENDANT, TESTA CONCERN THE CARE DENIED, REFERENCES TO MEDICAL RECORDS, WHICH CON-TAIN NOTATIONS DRAFTED BY DEFENDANT, TESTA, AND/OR ACT THAT NEVER OCCURRED, ESTELLE 429 U.S. 97 104-105, 97 S.CT. 295, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT. ID. 477 U.S. AT 323 (EXH E AT 1)

(47) EXH F AT 11: FIRST-N-FOREMOST, AT NO TIME DID PLAINTIFF RECEIVE MEDICINE FOR RHEUMATIC CHRONIC ARTHRITIS, NOR WAS PLAINTIFF TOLD ABOUT THIS MEDICINE, REFER-ENCE TO MEDICAL RECORD, A SELF SERVING DOCUMENT CONTAINING NOTATIONS DRAFTED BY DE-FENDANT, KAUFFMAN, HEARSAY-N-ACT THAT DID NOT OCCUR, SEE ABOVE AT 37; ID. 477 U.S. AT 324, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATER-IAL FACT, AND FAILED. ID. 477 U.S. AT 323

(48) EXH G AT 11: N.B. NO CLAIMS ARE ALLEGED AGAINST DEFENDANT, FETTERMAN CON-CERNING THE CARE PROVIDED, PLAINTIFF ALLEGED CLAIMS AGAINST DEFENDANT, FETTER-MAN FOR THE CARE DENIED. ESTELLE, 429 U.S. AT 104-105, SEE DOC 127 AT 6,9,12,13, 17,20,38, 39,41-45,48-63, 81-84,86,88, 93,94,97,101,102, 110,111,116 EXH: 56 AT I-IX; EXH: 55 AT 3-10,12,23,26, 34-41 N.B. DEFENDANT FETTERMAN DID NOT TOUCH PLAINTIFF PHYSICALLY TO CONDUCT A CURSORY EXAM. . . . MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, ID. 477 U.S. AT 323

(49) EXH H AT 11: DENIAL IS INADMISSIBLE FOR THE SUPPORT OF MOTION FOR SUM-MARY JUDGMENT, ID. 477 U.S. AT 324. SEE DOC#127 AT 38,39, 41-44,48,51,53,54,58-63, 81-84,86,88, 93-98, 100-102, 110,111,116. EXH 56 AT I-IX, EXH 55 AT 3-10, 17, 23-26, 34-41 ID. 429 U.S. AT 104-125; ARMSTRONG V. FULLMAN, 2020 WL 3544270 *3 (W.D. PA, SEPTEMBER 16, 2020), WATSON V. ROZUM, 834 F.3d 417 423 (3d CR. 2016); RAUSER V. HORN, 241 F.3d 330, 333,334 (3d CR. 2001)(AN ADVERSE ACTION IS ONE THAT WOULD DETER A PERSON OF ORDINARY FIRMNESS FROM EXERCISING HIS AMENDMENT RIGHTS, CORTLESSA V. COUNTY OF CHESTER, 2005 U.S. DIST LEXIS 20512 *28 (E.D. PA. OCTOBER 26, 2005) (DENYING MOTION TO DISMISS RETALIATION CL-AIM WHERE PLAINTIFF ALLEGED THAT HE WAS DENIED ADEQUATE MEDICAL ASSISTANCE BY PRISON OFF-ICIALS IN RETALIATION FOR ATTEMPTING TO FILE GRIEVANCES) HUGHES V. SMITH, 2005 U.S. DIST LEXIS 2783 *14 (E.D. PA. FEBRUARY 24, 2005), DIAZ-CRUZ V. SYMONS, 2016 U.S. DIST LEXIS 147918 *42,43 (M.D. PA. OCTOBER 26 2016) (DENIAL OF MEDICAL CARE CAN CONSTI-TUTE AN ADVERSE ACTION FOR THE PURPOSE OF A RETALIATION CLAIM), MEDICAL DEFEND-ANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, ID. 477 US AT 323

(50) EXH I AT 11: DENYING PLAINTIFF AVERMENTS IS INADMISSIBLE TO SUPPORT MOTION FOR SUMMARY JUDGMENT, ID. 477 U.S. AT 324. DEFENDANT, PLAYSO REFERENCES THE MEDI-CAL RECORD, A SELF SERVING DOCUMENT CONTAINING NOTATIONS DRAFTED BY DEFEND-ANT, PLAYSO, AND ACTS THAT NEVER TOOK PLACE. MEDICAL DEFENDANTS MUST

ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT. I.D. 477 U.S. AT 323

(51) EXH D E AT 12 : DEFENDANT, TESTA REFERENCES THE MEDICAL RECORD A SELF SERVING DOCUMENT CONTAINING NOTATION DRAFTED BY DEFENDANT, TESTA ALLEGING THING THAT NEVER OCCURRED. PLAINTIFF FACTS, DOC#127 PROVIDES THE ACCURATE ACCOUNT OF ALL MEDICAL DEFENDANTS' CONDUCT. BIG APPLE BMW INC., 974 F. 2d 1358, 1363 (3d Cir. 1992) (WHERE THE NONMOVING PARTY'S EVIDENCE CONTRADICTS THE MOVANT THEN THE NON MOVANTS MUST BE TAKEN AS TRUE). SEE DOC#127 AT 6; 9-12; 20; 38; 39; 41-45; 48-63; 81-84; 88; 91-96; 98; 100-102; 110; 111; 116   EXH 56 AT I-IX; EXH 55 AT 5; 9; 10; 12; 13; 14; 23; 25; 26; 36-41 ESTELLE 429 U.S. 97, 104-105. SYNTHES, 2007 U.S. DIST. LEXIS 50812 (E. D. PA JULY 12, 2007) (INADMISSIBLE HEARSAY IN AN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL ISSUE OF FACT, SUMMARY JUDGMENT IS APPROPRIATE). MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. I.D. CELOTEX 477 U.S. AT 323

(52) EXH F AT 12 : DEFENDANT, KAUFFMAN REFERENCES THE MEDICAL RECORD, A DOCUMENT DRAFTED BY DEFENDANT, KAUFFMAN; SELF SERVING NOTATION THAT NEVER OCCURRED. DENIAL IS NOT ADMISSIBLE EVIDENT TO SUPPORT MOTION FOR SUMMARY JUDGMENT. CELOTEX 477 U.S. AT 324. THE ACCURATE DETAILS ARE CITED IN PLAINTIFF FACTS, AT DOC#127, AT 6; 9-12; 15; 20; 38; 39   EXH 56 AT I-IX; EXH 55 AT 6; 18   I.D. 429 U.S. AT 104-105 MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, I.D. 477 U.S. AT 323

(53) EXH G AT 12 : NO CLAIM IS ALLEGED AGAINST DEFENDANT, FETTERMAN FOR THE CARE PROVIDED. PLAINTIFF ALLEGED CLAIMS CONCERN CARE DENIED.   SEE DOC#127 AT 6; 13; 14; 20; 38; 39; 41-45 ,47-63; 81-84; 86; 88; 94-97; 100-102; 110; 111; 116   EXH:55 AT 3-10; 14-19; 23; 25; 26; 37-41   EXH: 56 AT I-IX  I.D. 429 U.S. AT 104-105 MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, I.D. 477 U.S. AT 323

(54) EXH H AT 12 : DENIAL IS INADMISSIBLE EVIDENCE TO SUPPORT A MOTION FOR SUMMARY JUDGMENT. I.D 477 U.S. AT 324 . . . MEDICAL DEFENDANTS, MOVANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED I.D. 477. U.S. AT 323

(55) EXH I AT 12 : DENIAL IS NOT ADMISSIBLE TO SUPPORT THE MOTION FOR SUMMARY JUDGMENT. CELOTEX 477 U.S. AT 323 . . . MEDICAL DEFENDANT, PLAYSO ALLEGED CONDUCT IS DETAILED IN DOC#127 AT 38; 39; 41-44; 43-63; 81-83; 97; 110; 111; 116; 86 EXH 56 AT I-IX; EXH: 55 AT 9; 10; 14; 23; 26; 25; 36-41   I.D. 429 U.S. AT 104-105 MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. I.D. 477 U.S. AT 323

(56) EXH E AT 13 : DENIAL IS NOT ADMISSIBLE EVIDENT TO SUPPORT A MOTION FOR SUMMARY JUDGMENT. I.D. 477 U.S. AT 324 . . . SEE DOC#127 AT 6; 9-12; 20; 38; 39; 41-44 ; 48-63; 83-84; 86; 88; 110; 111; 116   EXH:55 AT 6, 9-14   EXH: 56 AT I-IX   I.D 429 U.S. AT 104-105 MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. I.D. 477 U.S. 323

(57) EXH: F AT 13 : A MOTION FOR SUMMARY JUDGMENT IS NOT SUPPORTED WITH DENIALS. I.D. 477 U.S. AT 324   DOC#127 AT 6; 9-12; 20 38; 39; 41-44; 48-63 ; 83; 84; 86; 88; 110; 111;

OPP: SJ   3:19-CV-00196                                   (25)

116; . . . EXH 55 AT 3-6, 8-14, 19, 23, 25, 26, 36-41 EXH 56 AT I-IX ESTELLE ID, 429 U.S. AT 104
MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND
FAILED, ID, 477 U.S. AT 323

(58) EXH G AT 13: DENIAL IS NOT SUPPORTIVE EVIDENCE OF MOTION FOR SUMMARY JUDGMENT. ID. 477 U.S. AT 324. THE ACCOUNT OF ALL MEDICAL DEFENDANTS IS PROVIDED IN PLAINTIFF FACTS, DOC#127, PRISSM AT 4; 6, 9-20, 25; 38-39; 41-44; 47-63; 66; 81-88; 91-98; 100-102; 110; 111; 116; EXH 55 AT 3-10, 12-19; 23, 25, 26; 34-41; EXH 56 AT I-IX ID, 429 U.S. AT 104-105; MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. ID, 477 U.S. AT 323

(59) EXH H AT 13: BY DENYING IS NOT SUPPORT FOR MOTION OF SUMMARY JUDGMENT, ID! 477 U.S. AT 324. DEFENDANT, HUTCHINSON ALLEGED CONDUCT IS DESCRIBED AT DOC# 127 AT 39; 41-44; 99; 100; 101; 88; 97; EXH 55 AT 10; 14; 23; 37-41, ESTELLE 477 U.S. AT 104-105; MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID 477 U.S. AT 323

(60) EXH I AT 13: PLEASE SEE ABOVE AT 37, NO CLAIM IS ALLEGED CONCERNING PLAINTIFF EYE ON 3.22.19. FIRST-N-FOREMOST, THE OPHTHALMOLOGIST, REFUSED TO TOUCH PLAINTIFF RIGHT EYE BECAUSE THE OPHTHALMOLOGIST DIDN'T WANT TO BE BLAMED FOR ANOTHER OPHTHALMOLOGIST, MAXLED MISTAKE. PLAINTIFF VISIT FROM SCI-SOMERSET ON 3.22.19 WAS PROBABLY CONCERNING PLAINTIFF LEFT EYE. PLAINTIFF WAS SCHEDULE FOR SICK CALL ON 3.22.19. EVERY INMATE IMMEDIATELY AFTER RETURNING TO THE PRISON IS REQUIRED TO UNDER QUESTIONING BY MEDICAL PERSONNEL, ON THE RETURN OF 3.22.19, BECAUSE PLAINTIFF WAS EXPERIENCING SUCH PROBLEM WITH THE INTESTINAL TRACT THE STAFF ESCORT RUSHED PLAINTIFF IN TO BE SEEN BY DEFENDANT, TESTA. WHILE IN DEFENDANT, TESTA PRESENCE DEFENDANT, ABANDON PLAINTIFF. AGAIN, NO CLAIM IS ALLEGED FOR A DENIAL OF CARE ON 3.22.19, DEFENDANT, PLAYSO REFERENCES THE MEDICAL RECORD, A SELF SERVING DOCUMENT DRAFTED BY MEDICAL DEFENDANTS CITING THING THAT NEVER OCCURRED, DENIAL IS NOT ADMISSIBLE EVIDENCE TO SUPPORT A MOTION FOR SUMMARY JUDGMENT. ID. 477 U.S. AT 324. DEFENDANT, PLAYSO ALLEGED CONDUCT IS A PART OF THE CLAIM ALLEGED ON 3.22.19, DOC#127 AT 38, 41-44, 48 EXH 55; AT 10; 14; AND 23; 37-41; EXH 56 AT I-IX, ESTELLE, 429 U.S. AT 104-105, MEDICAL DEFENDANTS HAS THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. ID 477 U.S. AT 323

(61) EXH E AT 14: DENIAL IS NOT ADMISSIBLE SUPPORT FOR MOTION FOR SUMMARY JUDGMENT, CELOTEX, 477 U.S. AT 324. . . SEE DOC#127 AT 38, 39, 41-45, 48; EXH 55 AT 10; 14; 23; 37-41; EXH 56 AT I-IX; ESTELLE 429 U.S. AT 104-105, WOOD V. WILLIAMS, 568 F. APPX 100, 107 (3d CIR 2014) MINERAL CO. V. FOX ROTHSCHILD LLP, 615 F.3d 159, 179 (3d CIR 2010) (PLAINTIFF ALLEGED IN SPECIFIC TERMS THE APPROXIMATE TIME WHEN THE AGREEMENT WAS MADE, THE SPECIFIC PARTIES TO AGREEMENT THE PERIOD OF THE CONSPIRACY, OR THE OBJECT OF THE CONSPIRACY) DEFENDANT MEDICAL, MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE OPP: SJ   3:19-CV-0096

ISSUE OF MATERIAL FACT AND FAILED, ID, 477 U.S. AT 323

(62) EXH F AT 14: DENIAL IS NOT ADMISSIBLE EVIDENCE TO SUPPORT MOTION FOR SUMMARY JUDGMENT ID, 477 U.S. AT 324. DEFENDANT, KAUFFMAN REFERENCE TO THE MEDICAL RECORD, A SELF SERVING DOCUMENT DRAFTED BY DEFENDANT, KAUFFMAN, PLAINTIFF SIGNATURE OF CONSENT IS NOT FOUND, CONTAINS NOTATION CONCERNING THINGS THAT DID NOT OCCUR. DOC 127 PROVIDES A DIFFERENT ACCOUNT OF DEFENDANT, KAUFFMANS CONDUCT, AT 6,9-12, 15, 20, 73   EXH 55 AT 6,12,13,18 ; EXH 56 AT I-IX ; ESTELLE, 429 U.S AT 104-105
EXH 55 AT 9, 23,                         DOC 127 AT 41,48,51,53,56,62,65,81,85,88,107,116,110, III, MEDICAL DEFENDANTS MUST ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID, 477 U.S. AT 323

(63) EXH 8 AT 14: HEARSAY ALLEGATIONS-N-DENIALS ARE INADMISSIBLE EVIDENCE TO SUPPORT MOTION FOR SUMMARY JUDGMENT, ID, 477 U.S. AT 324. ALL MEDICAL DEFENDANT(S) OUT LINED IN DOC 127) CONDUCT ALLEGED, e.g. PASSIM, 4, 6, 9-20, 25, 38, 39, 41-44, 47-63, 66, 81-88, 91-98, 100-107, 110, 111, 116 ; EXH 55 AT 3-10, 12-19, 23, 25, 26, 34-41 ; EXH 56 AT I-IX ; ID, 429 U.S. AT 104-105. MEDICAL DEFENDANTS THE MOVANT HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAITLE, CELO-TEX, 477 U.S. 323

(64). EXH H AT 14: CONCLUSARY CLAIMS ARE INADMISSIBLE TO SUPPORT MOTION FOR SUMMARY JUDGMENT, ID, 477 U.S. AT 324, MEDICAL DEFENDANTS, HAVE THE DUTY AS MOVANTS TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID, 477 U.S. AT 323

(65). EXH I AT 14: DENIAL IS INADMISSIBLE TO USE AS EVIDENCE TO SUPPORT MOTION FOR SUMMARY JUDG, MENT, ID, 477 U.S. AT 324. MEDICAL DEFENDANTS HAS THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID, 477 U.S. AT 323. SEE DOC 127 AT 6, 33, 39, 41-44, 95, 94-97, 63, 110, 111 EXH 55 AT 6, 3-10, 14, 23, 35-41   EXH 56 AT I-IX ; ESTELLE, 429 U.S. AT 104-105;
(66) WOOD V. WILLIAMS 568 F. APPX 100, 107 (3d CR 2014); GREAT W. MINING + MINERAL CO V. FOX ROTHSCHILD LLP 615 F. 3d 159, 179 (3d CR 2010)(CONSPIRACY)

(66). EXH E AT 15: EXH F AT 14, I AT 17: DENYING AVERMENTS, BALL CONCLUSARY STATEMENT OR ALLEGATIONS, HEARSAY IS NOT ADMISSIBLE EVIDENCE TO SUPPORT A MOTION FOR SUMMARY, ID 477 U.S. 344, . . . DOC 127 AT 6, 6, 9-20, 25, 38, 39, 41-44, 47-63, 66, 81-88, 91-98, 100-107, 110, 111, 116, ; EXH 55 AT 3-10, 12-19, 23, 23, 26, 34-41 ; EXH 56 AT I-IX ; MEDICAL DEFENDANTS ARE MANDATED TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED. ID, 477 U.S. AT 323 ; ESTELLE, 429 U.S. AT 104-105

(67) EXH F AT 15. DEFENDANT, KAUFFMAN REFERENCES THE MEDICAL RECORDS, THE SELF SERVING DOCUMENT CONTAINING NOTATIONS DRAFTED BY DEFENDANT, KAUFFMAN CONCERNING CONDUCT THAT DID NOT OCCUR. N.B. WHERE IS PLAINTIFF SIGNATURE? MATSUSHITA ELEC. INDUS. CO. V. ZENITH RADIO, 475 U.S. AT 576 (MOTIVE), PLAINTIFF PROVIDES A FACTUAL ACCOUNT IN DOC 127 AT 6, 13, 15, 20, 38, 39, 41-44, 48-63, 81-88, 93-98, 100-102 110, 111, 116   EXH 55 AT 3-10, 12-19, 23, 26, 30-41, ESTELLE 429 U.S. AT 104-105, ; BIG APPLE BMW INC., 974 F. 2d 1358, 1363 (3d CR 1992)(NO N MOVANT MUST BE TAKEN AS TRUE) MEDICAL DE-

FENDANTS USE OF DENIALS-ALLEGATIONS-HEARSAY IS INADMISSIBLE TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, ID. 477 U.S. AT 324, . MEDICAL DEFENDANTS HAVE A DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID. 477 U.S. AT 323

(68) EXH G AT 15; EXHS E AT 11, F AT 20; MOTIVE IS A MATERIAL ISSUE, ID. 475 U.S. AT 596, DENIAL IS NOT ADMISSIBLE TO SUPPORT MOTION FOR SUMMARY JUDGMENT, ID. 477 U.S. AT 324. . . DEFENDANTS, TESTA, KAUFFMAN AND FETTERMAN, INDIVIDUALLY VIOLATED PLAINTIFF EQUAL PROTECTION RIGHTS, Doc 127 AT 37, 38, 41-44, 88, 97, 98-101; EXH 55 AT 10, 14, 13, 31-41 ESTELLE, 429 U.S. AT 104-105; CITY OF CLEBURNE, TEXAS V. CLEBURNE LIVING CENTER 473 U.S. 432, 440, 105 S. CT. 3249 (1985) CARTER V. MORRISON 2010 U.S. DIST. LEXIS 17887 *13 (3d CIR FEBRUARY 24, 2010) (INTENTIONAL MISCONDUCT BASED ON RACE, LEGITIMATE INTEREST). MEDICAL DEFENDANTS HAVE THE DUTY, AS MOVANTS, TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID 477 U.S. AT 323

(69) EXHS E G AT 10, E AT 13, F AT 22, H AT 15, I AT 20; DENYING AVERMENTS IS INADMISSIBLE FOR THE SUPPORT OF SUMMARY JUDGMENT, ID 477 U.S. AT 324. DEFENDANT, TESTA, KAUFFMAN, FETTERMAN, HUTCHINSON, AND PLAYS; ACTED IN CONCERT, AND INDIVIDUALLY ARE ALLEGED TO HAVE VIOLATED PLAINTIFF RIGHTS, Doc 127 AT 6, 9-13, 15, 17-20, 38, 39, 41-45, 47-63, 66, 81-88, 91-98, 100-102, 110, 111, 114; EXH 55 AT 3-10, 12-19, 23, 34-41 ESTELLE, 429 U.S. AT 104-105; EXH 56 AT I-IX; ARMSTRONG 2020 WL 5545270 *3 (N.D. PA. SEPTEMBER 16, 2020), WATSON, 834 F.3d 417, 422 (2d CIR 2016); RAUSER, 241 F.3d 330, 333, 334 (3d CIR 2001) (AN ADVERSE ACTION), ONTIESSA 2005 U.S. DIST. LEXIS 20513 *20 (E.D. PA, OCTOBER 26, 2005 (DENYING MOTION TO DISMISS RETALIATION CLAIM WHERE PLAINTIFF ALLEGED THAT HE WAS DENIED ADEQUATE MEDICAL ASSISTANCE BY PRISON OFFICIALS IN RETALIATION FOR ATTEMPTING TO FILE GRIEVANCES)"; HUGHES 2015 U.S. DIST. LEXIS 2793 *14 (E.D. PA, OCTOBER 26, 2015), DIAZ-CRUZ 2016 U.S. DIST. LEXIS 147918 *42, 43 (M.D. PA. OCTOBER 26 2016) (DENIAL OF MEDICAL CARE CAN CONSTITUTE AN ADVERSE ACTION FOR THE PURPOSE OF A RETALIATION CLAIMS) WOOD V. WILLIAMS, 568 F. APP'X 100, 107 (3d CIR 2014), GREAT W. MINING + MINERAL CO. V. FOX ROTHSCHILD LLP, 615 F.3d 159, 179 (3RD CIR 2010) (CONSPIRACY); MEDICAL DEFENDANTS MOVANT HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID. 477 U.S. AT 323

(70) EXH I AT 15; WHAT IS THE MOTIVE OF DEFENDANT, PLAYSO ? ID. 475 U.S. AT 596, 56 INTER ALIA 801 COMPETENT TO TESTIFY ON THE MATTER STATED; MEDICAL DEFENDANTS HAVE THE DUTY, AS MOVANTS TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID. 477 U.S. AT 323; HEARSAY IS INADMISSIBLE TO SUPPORT MOTION FOR SUMMARY JUDGMENT, ID. 477 U.S. AT 324

(71) EXHS E AT 17, F AT 21, G AT 16, I AT 19; PLAINTIFF, THE NON-MOVANT, OBJECTS TO WHAT IS CITED TO SUPPORT A FACT, CANNOT BE PERSONAL KNOWLEDGE, NOR IS THE DECLARANT COMPETENT TO TESTIFY ON THE MATTER STATED, FRCP 56 INTER ALIA, e.g. "RECTAL DISCHARGE", "RIGHT LEG SWOLLEN", "DIFFICULTY BREATHING", "HEART VALVE DISEASE", "DEFORMED FINGERS", "WEAKNESS", "FOOT FUNGUS", "LOSS OF HEARING" AND "EYE ISSUES"; LET COURT FIRST CONSIDER ALL MEDICAL DEFENDANTS ARE NOT SPECIALIST (Doc 127 AT 93) THEREFORE, NEITHER ONE

OPP: SJ    3:19-CV-00196                (28)

HAVE THE SKILL TO TREAT THE HEALTH PROBLEM CITED, AND FOR THE SAKE OF CLARITY THE CLAIMS ALLEGED ARE, DEFENDANT TESTA CONCERN DIGESTIVE TRACT-N-RIGHT EYE; DEFENDANT, KAUFFMAN — FEET, DIGESTIVE TRACT, UNABLE TO SPEAK ALOUD, WALKING WITH PAIN, URETHRAL STRICTURE -N-COVID 19 SYMPTOMS; DEFENDANT, HUTCHINSON — DEFORMED ANKLES-N-FEET; DEFEND, PLAYSO. ONLY ONCE WAS PLAINTIFF ALLOWED IN DEFENDANT, PLAYSO OFFICE; CONCERNING COVID 19 SYMPTOMS, BOTH LEG LIKEN TO RUBBER; OTHER ALLEGED VIOLATIONS AGAINST PLAYSO CONCERN CONSPIRACY. NO CLAIMS ALLEGED AGAINST DEFENDANTS, TESTA, KAUFFMAN, FETTERMAN, HUTCHINSON -N-PLAYSO CONCERN RECTAL DISCHARGE, DIFFICULTY BREATHING, NOSE BLEED, RIGHT LEG SWELLING; SITTING UP, HEART VALVE DISEASE, MEMORY LOSS, HEART ATTACK SYMPTOMS, CHEST PAIN, HEARING LOSS, THIS MAKES IT EVIDENT THAT DEFENDANT INDIVIDUALLY IN THEIR VERIFICATION PROVIDED TESTIMONY THAT DID NOT OCCUR AND OR EACH DEFENDANT DO NOT HAVE MEDICAL SKILL TO TREAT OR GIVE EXPERT KNOW HOW ON THE MATTER STATE.

N, B, MORE THAN ONCE MEDICAL DEFENDANTS PROFESSED CERTAIN CLAIMS THAT CANNOT BE, AND IT APPEARS MEDICAL DEFENDANT MADE SUCH ASSERTION WAS TO SUPPORT OR DISPUTE A ISSUE OF MATERIAL FACT. SYNTHES, 2007 U.S, DIST LEXIS 50812 (E.D, PA, JULY 12, 2007) (INADMISSIBLE HEARSAY IN ATTEMPT TO ESTABLISH A DISPUTED MATERIAL ISSUE OF FACT, SUMMARY JUDGMENT IS APPROPRIATE). Doc#127 AT 6; 9-13; 15; 17-20; 38, 39; 41-45, 47-63; 66; 81-88, 91-98; 100-102; 110; 111; 116; EXH 55 AT 3-10; 12-19; 23; 34-41; EXH; 56 AT I - IX; MEDICAL DEFENDANTS HAVE THE DUTY, AS MOVANT, TO ESTABLISH THE ABSENCE OF GENUINE MATERIAL FACT, AND FAILED, ID, 477 U.S. AT 323

(72) EHX F AT 16, A MOTION FOR SUMMARY JUDGMENT CANNOT BE SUPPORTED BY DENYING THE AVERMENT OF THE OPPOSING PARTY. ID, 477 U.S AT 324. NO CLAIM IS ALLEGED AGAINST DEFENDANT, KAUFFMAN DUE TO WHAT DEFENDANT, KAUFFMAN SAID. PLAINTIFF ALLEGED CLAIMS AGAINST DEFENDANT, KAUFFMAN, DUE TO CARE DENIED. ANY-N-ALL COMMENTS ARE TO DEMONSTRATE THE "STATE OF MIND". Doc#127 AT 6; 20; 38, 39; 41-45, 48-63; 81-88; 91-97; 98; 100-102; 110; 111; 116; EXH; 55 AT 3-10; 12-19; 23; 25; 26; 35-41; EXH; 56 AT I-IX ESTELLE, 429 U.S, AT 104-105; MEDICAL DEFENDANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, ID 477 U.S. AT 323

(73) EXHS G AT 18; H AT 16; I AT 21; E AT 19; F AT 23; "MOTIVE IS RELEVANT TO DETERMINING WHETHER A GENUINE ISSUE OF FACT EXISTS." MATSUSHITA, 475 U.S, AT 596. SEE DOC#127 AT 38; 39; 41-45; 48-63; 88; 100; 101; 116; 116; EXH 55 AT 10; 14; 23; 26; 34-41; ESTELLE, 429 U.S. AT 104-105. MEDICAL DEFENDANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT, AND FAILED, IB 477 U.S. AT 323

(74) EXHS H AT 17; I AT 22; E AT 20; F AT 24; G AT 19; NO CLAIM IS ALLEGED FOR THE CARE DEFENDANTS, HUTCHINSON; PLAYSO; TESTA, KAUFFMAN, -N-FETTERMAN PROVIDED, PLAINTIFF CLAIMS ARE ALLEGED FOR THE CARE EACH DENIED, ID, 429 U.S. AT 104-105. MEDICAL DEFENDANTS, MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT AND FAILED, ID, 477 U.S. AT 323

(75) EXH S I AT 23; E AT 21; F AT 25; G AT 20; H AT 18; SEE ABOVE AT 74

(76) EXHS, E AT 22; F AT 26; G AT 21; H AT 19; I AT 24; SEE ABOVE AT 34; ALL VERIFICAT-OPP: SJ   3:19-CV-00196      (29)

IONS (EXCEPTION OF KAUFFMAN, WHICH IS NOT DATED) WERE DATED AFTER HAVING BEEN SERVED MAR-
SHALL FORM -N- THE COMPLAINT, THEREFORE DEFENDANTS, TESTA, FETTERMAN KNEW PRIOR TO SIGN-
ING THE VERIFICATION THAT THEY WERE DEFENDANTS IN WASHINGTON V. DELISMA, 3:17-CV-00196, DE-
FENDANTS, KAUFFMAN, HUTCHINSON -N- PLAYSO, WERE DEFENDANTS IN WASHINGTON V. BARNHART, 3:
17-CV-00070, SUBMITTED VERIFICATION FOR THE SECOND TIME, ESSENTIALLY THE SAME VERIFI-
CATION, SIGNED DATED U.S. MARSHALL FORM MORE THAN A YEAR IN ADVANCE TO PLAINT-
IFF FILING WASHINGTON V. DELISMA; ALSO SEE ABOVE P.P. 8,9,; A GRIEVANCE AGAINST
DEFENDANT, KAUFFMAN DATED 4.3.18, GN# 730068; DEFENDANT TESTA 6.17.19, GN# 807334
WITHOUT INTERVIEW (WITH) DEFENDANTS, TESTA, KAUFFMAN, FETTERMAN, HUTCHINSON, -N- PLAYSO, IT
WOULDN'T BE AN INVESTIGATI(ON)THEREFORE THE CLAIMS OF HAVING NO KNOWLEDGE OF BEING
SUED, PASS LAWSUIT -N- GRIEVANCE AGAINST DEFEND(ANT)PERSONALLY CANNOT BE.
N.B. ONE OF THE CLAIMS ALLEGED WERE AGAINST, DEPENDANT, SROKA, FOR NOT PROCESS-
ING PLAINTIFF GRIEVANCES; WHICH EXPLAINS THE SILENCE ON PLAINTIFF TIMELY FILED
GRIEVANCES AGAINST, DEFENDANTS, R. HUTCHINSON -N- J. FETTERMAN.
N.B. MORE THAN ONCE OR TWICE MEDICAL DEFENDANT HAVE MADE ASSERTION TO EVENT
THAT SIMPLY CANNOT BE, AND THIS INFERS DEFENDANTS MADE SUCH ASSERTION TO CREATE
A DISPUTED MATERIAL FACT, OR TO SUPPORT OR DISPUTE A MATERIAL FACT. SYNTHES 2007
U.S. DIST. LEXIS 52812 (E.D. PA. JULY 13, 2007) (INADMISSIBLE HEARSAY IN ATTEMPT TO ESTA-
BLISH A DISPUTED MATERIAL ISSUE OF FACT SUMMARY JUDGMENT IS APPROPRIATE) DOC #
127 AT 38,39,41-43,49, 51; 56,57, 60,58, 62; EXH 55 AT 9,10; 14, 23; 37-41; MATSUSHITA 475
U.S. AT 596 (MOTIVE IS RELEVANT TO DETERMINING WHETHER A GENUINE ISSUE FACT EXISTS)
MEDICAL DEFENDANTS, MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE
ISSUE OF MATERIAL FACT, AND FAILED, ID. 477 U.S. AT 323
(77) EXHS: F AT 27; G AT 21; H AT 20; I AT 25; AND E AT 23; MOTIVE IS THE DRIVING FACTOR TH-
ROUGHOUT THE COMPLAINT MATSUSHITA, 475 U.S. AT 596. SEE DOC # 127 AT 54; EXHIBIT
55 AT 5, 10, 23. . . . MEDICAL DEFENDANTS HAVE THE DUT TO ESTABLISH THE ABSENCE
OF GENUINE ISSUE OF MATERIAL FACT, ID 477 U.S. AT 323
(78) EXHS: G AT 23; H AT 21; I AT 26; E AT 24; F AT 28; MEDICAL DEFENDANTS OWN
WORDS SHOULD BE BELIEVED. DOC # 127 AT 39, 49, 97, 98, 59; EXH 55 AT 10; 14; 23; 37; 39-41;
CITY OF CLEBURNE, TEXAS, 473 U.S. 432, 440 (LEGITIMATE INTEREST); CARTER, 2010 U.S. DIST.
17884 *93 (MISCONDUCT BASED ON RACE) MEDICAL DEFENDANTS, MOVANTS HAVE THE DUTY TO
ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT. ID. 477 U.S, 323
(79) EXH: I AT 27. MOTIVE SHOULD BE SERIOUSLY CONSIDERED. DOC # 127 AT 41-43, 60; 56;
59; 111; 86         EXH: 55 AT 9; 14; 23, 25; 37-41; GREAT W. MINING & MINERAL Co 615
F.3d 159, 179 (3d cir. 2010); WOOD, 568 F. APP'X 100, 107 (3d cir. 2014) (CONSPIRACY). DEFENDANT, THE
MOVANTS, HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL
FACT, AND FAILED. ID. 477 AT 323
(80) EXHS: E AT 26; F AT 29; G AT 24; NO CLAIM IS MADE AGAINST DEFENDANTS, TESTA,
KAUFFMAN -N- FETTERMAN FOR HAVING CURSED AT PLAINTIFF. PLAINTIFF ALLEGED CLAIMS
AGAINST EACH DEFENDANT, INDIVIDUALLY FOR CARE DENIED, ANY COMMENT DEMONST-
RATE DEFENDANTS STATE OF MIND. MEDICAL DEFENDANTS DENIAL OF CARE REINFORCED

OPP: SJ   3:19-CV-00196                    (30)

THE DEFENDANTS WORDS, Doc #127 AT 20, 49, 53, 55, 57, 11, 83, 100, 97, 98   EXH:55 AT 9, 10, 14, 23, 26, 37-41
CHESTNUT V. SMITH, 2019 U.S. DIST. LEXIS 90184 (3rd cr. JANUARY 18, 2019) (THREATS, REINFORCING
ACT ACCOMPANYING THEM, RETALIATION); ESTELLE V. GAMBLE, 429 U.S. 97, 104, 105, 97 S.CT. 285
(3rd cr. 1999) (INTENTIONALLY REFUSED TO PROVIDE CARE, KNOWS OF PRISONER'S NEED FOR MEDICAL
TREATMENT BUT DELAYS NECESSARY MEDICAL TREATMENT BASED ON NON MEDICAL REASONS, PRE-
VENT A PRISONER FROM RECEIVING NEEDED OR RECOMMENDED MEDICAL TREATMENT) (DELIB-
ERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF A PRISONER CONSTITUTES UNNECESS-
ARY-N-WANTON OF PAIN PRESCRIBED BY THE EIGHTH AMENDMENT) ROUSE V. PLANTIER, 182
F.3d 192, 197 (3d cr. 1999), ARMSTRONG 2020 WL 5545270 *3 (W.D. PA. SEPTEMBER 16, 2020) CORT-
LESSA 2005 U.S. DIST LEXIS 20513 73 (E.D. PA. OCTOBER 26, 2005) (DENYING MEDICAL CARE, RETALIAT-
ION FOR FILING GRIEVANCES); WOOD V. WILLIAMS, 568 F. APP'X 100, 107 (3rd cr. 2014), GREAT W. MIN-
ING + MINERAL CO. V. FOX ROTHSCHILD LLP, 615 F.3d 159, 179 (3d cr. 25b) (CONSPIRACY) MEDI-
CAL DEFENDANTS, MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE
OF MATERIAL FACT, AND FAILED, I.D. 477 U.S. AT 323.
N.B. MEDICAL DEFENDANTS KNEW THE DANGER DISREGARDED THE RISK; FARMER V. BREN-
NAN, 511 U.S. 825, 837, 114 SCT 1970 (1994); THAI JEMALLEE V. CORIZON HEALTH INC. 2020
U.S. DIST LEXIS 6505 42 (3rd JANUARY 14, 2020) (DENIED CARE AND ORDERED PLAINTIFF TO LE-
AVE WITHOUT TOUCHING OR OBSERVING PLAINTIFF); BIG APPLE BMW INC. 974 F.2d 1358,
1363 (3d cr 1992) (NON MOVANT TAKEN AS TRUE)

18. PLAINTIFF, NON MOVANT DEMONSTRATED MEDICAL DEFENDANTS FOR SUMMARY JUDGMENT MOTION SHOULD BE
DENIED, WHEREBY PLAINTIFF PROVED THAT MEDICAL PENALIZED PLAINTIFF FOR ENGAGING CONSTIT-
UTIONALLY PROTECT CONDUCT, Doc #127 AT 38, 41, 43, 48, 51, 56, 57, 60, 82, 86, 88, 119, 111, 116
EXH:55 AT 9, 10, 14, 23, 26, 34-37. (2) PLAINTIFF SUFFERED ADVERSE ACTION, DENIAL OF CARE, AND
OR DELAY, AND DENIAL OF ACCESS TO CARE, Doc #127 AT 6, 7-12, 14-20, 38, 39, 41-44, 48-63, 66,
87, 88, 94-97, 100, 101, 114, 115, 116   EXH 55 A: 3, 8, 12, 13, 18, 19, 23, 26, 34-41. ARMSTRONG 2020
WL 5545270 *3 (W.D. PA. SEPTEMBER 16, 2020), WATSON, 834 F.3d 417, 422 (3d cr 2016), KAUSER, 241
F.3d 330, 333, 334 (3d cr. 2001) AN ADVERSE ACTION IS ONE THAT WOULD DETER A PERSON OF
ORDINARY FIRMNESS FROM EXERCISING HIS FIRST AMENDMENT RIGHTS
Doc #127 AT 20, 44, 62, 63, 82, 84, 88, 89, 110, 111, 116   EXH:55 AT 9, 10, 12, 13, 8, 14, 23, 26, 34-41
CORTLESSA, 2005 U.S. DIST. LESS 45013 32 (E.D. PA. OCTOBER 26, 2005) (DENYING MOTION TO DIS-
MISS RETALIATION CLAIM WHERE PLAINTIFF ALLEGED THAT HE WAS DENIED ADEQUATE MEDI-
CAL ASSISTANCE BY PRISON OFFICIALS IN RETALIATION FOR ATTEMPTING TO FILE GRIEVAN-
CES); HUGHES, 2005 U.S. DIST LEXIS 2783 74 (E.D. PA. FEBRUARY 24, 2013); DIAZ-CRUZ 2016
U.S. DIST. LEXIS 147918 42, 43 (M.D. PA OCTOBER 26, 2016) (DENIAL OF MEDICAL CARE CAN
CONSTITUTE AN ADVERSE ACTION FOR THE PURPOSE OF A RETALIATION CLAIM (3) THE
CONSTITUTIONALLY PROTECTED CONDUCT WAS A SUBSTANTIAL OR MOTIVATING FACTOR OF
THE DECISION TO TAKE THE ADVERSE ACTION, Doc #127 AT 38, 43, 51, 48, 63, 100, 116
EXH:55 AT 9, 10, 26, 34-41
PLAINTIFF ALLEGED (1) AN UNUSUALLY SUGGESTIVE TEMPORAL PROXIMITY BETWEEN
THE PROTECTED ACTIVITY AND THE ALLEGEDLY RETALIATORY ACTION, OR (2) A PATTERN
OPP: SJ   3:19-CV-00196   (31)

OF ANTAGONISM COUPLED WITH TIMING TO ESTABLISH A CAUSAL LINK, LAUREN W.
V. DEFLAMINIS, 480 F.3d 259, 267 (3d CIR 2007), DOC 127 AT 20, 38 38, 39, 41-44, 48-63, 81,
83, 87, 86-88, 86-88, 64-79, 180, 101, 110, 111, 116     EXH 5+5: 4-10, 12-19, 23, 25, 26, 34-41

19  MEDICAL DEFENDANTS BRIEF IN SUPPORT OF SUMMARY JUDGMENT, DOC #139 AT P.20-
-21 AT P.00.  WHILE MEDICAL DEFENDANTS CONTINUE TO RELY ON DENIALS -N- HEARSAY,

WHICH IS NOT ENOUGH TO SUPPORT A MOTION FOR SUMMARY JUDGMENT, THEREFORE MEDI-
CAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.
GALLI V. NEW JERSEY MEADOWLANDS COMM'N, 490 F.3d 265, 370 (3RD CIR. 2007) (
(FRCP 56 E, WHILE THE EVIDENCE OF THE NON MOVING PARTY MAY EITHER BE DIRECT OR
CIRCUMSTANTIAL AND NEED NOT BE AS DIRECT AS A PREPONDERANCE, THE EVIDENCE MUST
BE MORE THAN A SCINTILLA) DOC 127 AT 20, 39, 47, 59, 97, 96, 103, 104, EXH 55 AT 14, 25, 36, 29-41
CITY OF CLEBURNE TEXAS V. CLEBURNE LIVING CENTER, 473 U.S. 437, 440, 105 S. CT.
3249 (1995) (LEGITIMATE INTEREST) CARTER V. MORRISON 2010 U.S. DIST LEXIS 17884 *93
(3d CIR FEBRUARY 24, 2010) (MISCONDUCT BASED ON RACE), PHILLIPS V. COUNTY OF ALLEGHENY, 515
F.3 224, 240 (3d CIR 2008) POLLACK V. CITY OF PHILA. 2007 U.S. DIST. LEXIS 11624    (3d CIR. FEB-
RUARY 16, 2007) (PLAINTIFF WAS INTENTIONALLY TREATED DIFFERENT FROM ALL OTHER SIMILAR-
LY SITUATED AND THAT THERE IS NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT),
PHILLIPS V. BRODEN, 408 F.3d 124, 117, 128 (3rd CIR. 2005) (BLATANT DISCRIMINATION BAS-
ED ON RACE) ARTWAY V. ATTY GEN., 81 F.3d 1235, 1267 (3d CIR 1996). MEDICAL DEFENDANTS,
MOVANT HAVE THE DUTY TO ESTABLISH THE ABSENCE OF GENUINE ISSUE OF MATERIAL FACT,
AND FAILED, ID 477 U.S. AT 323

20. DOC #139, P.21 AT 14 AND P.23: ONE OF THE ISSUES ALLEGE IN THIS LEGAL ACTION
WAS AGAINST, HEIDI - SROKA CONCERNING 1st, 8th, AND 14th AMENDMENT, AND RL-
LUIPA VIOLATIONS, WHICH ENTAILS DENIAL OF EXHAUSTION, AND LIABILITY FAILURE TO
ACT. AMONG THE GRIEVANCE TIMELY FILED WERE GRIEVANCE CONCERNING MEDI-
CAL DEFENDANTS, S. PUSKAR, HUTCHINSON, J. FETTERMAN, etc. THESE ISSUES WERE
DECIDED DURING THE MOTION TO DISMISS STAGE, SEE DOC 100 AT PP 25-36, NOTE 15
THE COURT ALSO NOTES THAT IT IS WELL-SETTLED THAT A PRISONER HAS NO DUE PROCESS
RIGHTS THAT ARE IMPLICATED BY THE PRISON GRIEVANCE SYSTEM, AS ACCESS TO A PRISON GRIE-
VANCE PROCEDURE IS NOT A CONSTITUTIONALLY MANDATED RIGHT AND CONFERS NO LIBERTY IN-
TEREST ON A PRISONER, ALLEGATIONS ABOUT MISHANDLING THE GRIEVANCE SYSTEM THUS
FAIL TO STATE A COGNIZABLE CLAIM, WILLIAM V. ARMSTRONG 5106 Appeal. TO 108-109 (3RD CIR.
2014), FEARS V. BERKS FED. APP'X 76, 81 (3d CIR. 2013)
    PURSUANT TO ROSS V. BLAKE 136 S. CT. 1850, 1860, N.3 (2016), ANDERSON CUATRA SILVA V.
U.S.P. LEWISBURG FOOD DIRECTOR MR. RAMIREZ 2018 U.S. DIST LEXIS 117119 *70 (3d CIR.
JULY 12, 2018) (WHEN ADMINISTRATOR'S THWART INMATES FROM TAKING ADVANTAGE OF A GRIE-
VANCE PROCESS THROUGH MACHINATION, MISREPRESENTATION OR INTIMIDATION), ROBIN-
SON V. SUPERINTENDENT ROCKVIEW SCI. 831 F.3d 148, 154 (3RD CIR 2016) (ADMINISTRAT-
IVE REMEDIES WERE UNAVAILABLE TO A PRISONER WHEN THE PRISON FAILED TO
OPP: SJ- 3:19-CV-0019b                    (32)

TIMELY RESPOND TO PRISONER'S GRIEVANCE, AND REATEDLY IGNORED HIS FOLLOW-UP REQUEST FOR A DECISION ON HIS CLAIM)

N.B. MEDICAL DEFENDANT IMPLY THAT THE CLAIMS IN THIS LEGAL ACT WERE NOT FULLY EXHAUSTED, AS MENTIONED FETTERMAN AND OTHERS WERE GRIEVANCES TIMELY, DEFENDANT, SROKA, WARDEN'S ASSISTANT REFUSED TO ASSIGN THE GRIEVANCES A TRACKING NUMBER WHICH EXPLAINS THE REASON WHY THOSE GRIEVANCE DO NOT APPEAR AMONG THE GRIEVANCES MEDICAL DEFENDANTS COMPILED TO BE USED AS THEIR EXH "J"

YES! PLAINTIFF SUCCESS UTILIZE THE PROCESS OUTLINED IN THE DC-ADM 804, BY USING -N-EXHAUSTING ALL AVAILABLE REMEDIES,

OF COURSE, IF GRIEVANCES CITING THE NAMES OF R. HUTCHINSON-N-J; FETTERMAN ARE AMONG THE GRIEVANCES THAT NO GRIEVANCE TRACKING WAS ASSIGNED THEN THEY WOULD BE GRIEVANCES ~~WERE OF THEIR~~ WHICH MEDICAL DEFENDANT HAVE CITED. DEFENDANT PLAYSO NAME IS CITED IN MORE THAN ONE GRIEVANCE AS MENTIONED ABOVE... HOWEVER THE <u>SPRUILL</u> COURT NOT PROVIDING THE NAME OF THE PERSON GRIEVED IN THE GRIEVANCE IS NOT AN AUTOMATIC PROCEDURAL DEFAULT, THIS THE EXCEPTION, THERE ARE ONLY A FEW FALL WITHIN THAT ECEPTION; <u>SPRUILL V. GILLIS</u>, 372 F.3d 218, 234 (3d CR, JANUARY 13, 2004) (THE PRISON CAN EXCUSE AN INMATES FAILURE TO DO SO BY IDENTIFYING THE UNIDENTIFIED PERSON AND ACKNOWLEDGING THAT THEY WERE FAIRLY WITHIN THE COMPASS OF THE PRISONER'S GRIEVANCE) GRIEVANCE OFFICER-FACILITY MANAGER-AND THE CHIEF GRIEVANCES OFFICER, RECOGNIZED THAT EVENTS PLAINTIFF COMPLAINED OF EXCUSED ANY PROCEDURAL DEFFECTS IN PLAINTIFF INITIAL GRIEVANCE. <u>TALLEY V. WETZEL</u>, 2020 U.S. DIST. LEXIS 15309*18 (3d CR. 2020) (FULLY EXHAUSTED, FULLY EXAMINED ON THE MERIT) <u>SPRUILL V. GILLIS</u> 372 F.3d AT 35 (IF THE WARDEN OR WHOEVER IS APPROPRIATE STATE OFFICIAL MAY BE; IS DISSATISFIED WITH THE PROCEDURAL DEFAULT RULING. (IN PART TWO) HE OR SHE MAY ALTER THE GRIEVANCE SYSTEMS TO REQUIRE MORE (OR LESS) OF INMATES BY THE WAY OF EXHAUSTION)

N.B. SCI-MEDICAL PROFESSIONALS -N-DOC STAFF DONOT WEAR NAME TAB ON THEIR CHEST, ON A REGULAR BASIS, AND INMATES THAT ASK THEIR NAME THE RESPONSE MOST OFTEN "NOT ALLOWED TO GIVE INMATES THEIR NAMES" "YOU DON'T NEED TO KNOW THEIR NAME, PLAINTIFF ONLY DISCOVERED THE NAMES OF DEFENDANT IN THE LEGAL ACTION THROUGH OTHER INMATES.

N.B. <u>ANDERSON COUTINO-SLIVA</u>, 2018 U.S. DIST LEXIS 117119*11 (THERE IS A GENUINE ISSUE OF MATERIAL FACTUAL DISPUTE ABOUT WHETHER THE CORRECTION OFFICERS THWARTED THE PLAINTIFF USE OF THE ADMINISTRATIVE-REMEDY PROCESS, AND THAT DISPUTE IS MATERIAL TO WHETHER THERE WERE ADMINISTRATIVE REMEDIES AVAILABLE TO HIM TO EXHAUST). <u>BIG APPLE BMW INC</u>, 974 F.2d 1358, (3d CR 1992) (WHERE THE NON MOVING PARTY'S EVIDENCE CONTRADICTS THE MOVANTS THEN THE NON MOVANTS MUST BE TAKEN AS TRUE). MEDICAL DEFENDANTS MOVANTS HAVE THE DUTY TO ESTABLISH THE ABSENSE OF GENUINE ISSUE OF MATERIAL FACT, I.D. 477 U.S. AT 323.

21. Doc #139, PP 22-23 AT RETALIATORY CONSPIRACY, MOTIVE IS RELEVANT TO DETERMINING WHETHER A ISSUE OF MATERIAL FACT EXIST, <u>MATSUSHIA</u>, 475 U.S. AT 596

OPP: SJ- 3:19-CV-00196                              ㉝

Wood v. Williams, 568 F. Appx 100, 107 (3d cr. 2014); Great W. Mining + Mineral Co. 615 F. 3d 154, 179 (Plaintiff alleged in specific terms the approximate time when the agreement was made, the specific parties to the agreement, the period of the conspiracy, or the object of the conspiracy). Doc# 127, Plaintiff facts at 38, 39, 41-45, 48, 51, 56, 57, 60, 62, 63, 81-84, 86, 88, 110, 111    Exh: 55 at at 9, 23, 25, 36-41

Plaintiff nonmovant successful alleged a claim of conspiracy against medical defendants, therefore, medical defendants, movant having the duty to establish the absence of genuine issue of material fact, ID 477 U.S. at 323

22. Doc# 139, P. 23 at J. No claim is alleged against medical defendants for RLUIPA violation, or denial of religious rights. However, each medical defendants professed that their conduct was to penalize plaintiff for having filed grievances against friends, coworker, neighbor, relatives, which entails defendant, MAUST. Doc# 66-68    Exh: 55 at 14, 27

Denial is insufficient to support a motion for summary judgment, a mere denial is insufficient to raise a disputed issue or fact." Id. Lockhart, 411 F. 2d 455, 458 (3rd cr. 1969) medical defendants movants have the duty to establish the absence of genuine issue of material fact. ID. 477 U.S. at 323

23. N.B. Pursuant to FRCP 56 inter alia, a party claiming that a fact cannot be showing that the material cited do not establish the absence or presence of a genuine despite. . . through medical defendants brief in support for summary judgment, the assertion of plaintiff having "a biopsy" "seen by a ENT" "tested for whipples". See the attached, a biopsy-is a intrusive surgerical procedure, where plaintiff would need to be given anesthesia, which demand plaintiff signed consent, plaintiff provided the court with a signed consent. Medical defendants failed to provide a signed consent for plaintiff having undergone the procedure medical defendant repeatedly asserted, without a signed consent form demonstrates medical defendants willingly-n-wontonly deceived the court for the sake of being granted the motion for summary judgment

24. CONCLUSION

In light of the foregoing, Defendant, Kansky Delisma, Dakota Testa, Ellis Kauffman, James Fetterman, Richard Hutchinson, and Roxanne Playso request (for motion) for summary judgment should be denied

Somerset Hospital
225 South Center Avenue
Somerset, PA 15501-2088
Phone: 814-443-5000

**DIVISION OF PATHOLOGY**
James J. Pisano, M.D., Medical Director
Phone: 814-443-5216
Fax:    814-443-5165

| | |
|---|---|
| **Patient:  WASHINGTON, HENRY** | **Accession No:   S-20-1470** |
| Medical Record Number:    000205152 | Date of Procedure:    9/3/2020 |
| Date of Birth:    3/13/1944 | Date Received:    9/3/2020 |
| Sex:    M      Age:    76 | Patient Type:    SDS |
| | Location:    SSS |
| | Ordering Clinician:    Salvatore  Lanasa, MD |
| Account No:    1002059337 | Copies To: KANSKY 289959-SCI SOMERSET DELISMA |

## SURGICAL PATHOLOGY REPORT

SPECIMEN(S):        A. JEJUNUAL BIOPSY RULE OUT CELIAC'S DISEASE

CLINICAL HISTORY: .    ANEMIA; POSSIBLE CELIAC'S DISEASE; ABDOMINAL PAIN

PRE-OP DIAGNOSIS:    ANEMIA; POSSIBLE CELIAC'S DISEASE; ABDOMINAL PAIN

POST-OP DIAGNOSIS:    SAME AS PRE-OP DIAGNOSIS

**FINAL DIAGNOSIS:**
   A.  Jejunal biopsy, rule out celiac disease:
       Small intestinal mucosa is seen with mild chronic inflammation.
       No significant eosinophilia seen.
       No villous atrophy, no increase in intraepithelial lymphocytes, no increase in crypt
       hyperplasia, Marsh score for celiac disease is 0.

GROSS DESCRIPTION:        Specimen labeled " Jejunal Biopsy Rule Out Celiac's Disease" is received in
formalin and consists of a single tan-pink fragment of tissue measuring 0.2 x 0.2 x 0.1 cm.  The specimen is
submitted in its entirety in one cassette.

The gross description is reviewed by the Pathologist and concurs with the final diagnosis on 9/3/2020.

Final Diagnosis performed by
Harold G. Ashcraft, M.D.
Pathologist
Electronically signed 9/4/2020

*Roxanne Playso, PAC*
*9/4/20*

**Billing CPT Codes:** 88305

All quality control and stains used in this case were found to be acceptable.

Disclaimer: The Pathology report was completed in part utilizing Dragon Speech Recognition Software. Random word insertion, pronoun errors,
and incomplete sentences are an occasional consequence of this system due to software limitations and ambient noise.

Salvatore  Lanasa, MD
Emergency Surgical Staff
226 E. Church Street
somerset Pa,

143

# VERIFICATION

I HAVE READ THE FOREGOING OPPOSITION TO MEDICAL DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND HEREBY VERIFY THAT THE RESPONSES THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEFS, AND TO THOSE, I BELIEVE THEM TO BE TRUE. PURSUANT TO 28 USC § 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 17 DAY OF JANUARY 2022, AT SCI-SOMERSET, SOMERSET, PA.

DATE:
1.17.22

"RESPECTFULLY SUBMITTED"
S/ Henry Unsell Washington
HENRY UNSELD WASHINGTON
AM 3086
PRO SE

OPP:SJ   3:19-CV-00196

(36)